UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,                          :

                            Plaintiff,         :

                                  Case No. 1:23-cv-09304

                        -v.-              :

                                  The Honorable Dale E. Ho

THE M/Y *AMADEA*, A MOTOR YACHT            :
BEARING INTERNATIONAL MARITIME
ORGANIZATION NO. 1012531, INCLUDING        :
ALL FIXTURES, FITTINGS, MANUALS,
STOCKS, STORES, INVENTORIES, AND           :
EACH LIFEBOAT, TENDER, AND OTHER
APPURTENANCE THERETO,                       :

                        Defendant-*In-Rem*.    :
-----------------------------------------------------------------x

## VERIFIED CLAIM OF EDUARD YURIEVICH KHUDAINATOV AND MILLEMARIN INVESTMENTS LTD.

Eduard Yurievich Khudainatov, the ultimate beneficial owner of the M/Y *Amadea*, International Maritime Organization No. 1012531, including all fixtures, fittings, manuals, stocks, stores, inventories, and each lifeboat, tender, and other appurtenance therefore (the "Defendant-In-Rem") through his ownership of Millemarin Investments Ltd. ("Millemarin"), the legal owner of the Defendant-In-Rem (Eduard Yurievich Khudainatov and Millemarin collectively, the "Claimants"), by and through the Claimants' attorneys, submit the following Verified Claim of Interest in the above-captioned matter, pursuant to Rule G of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"):

      1.      Mr. Khudainatov, a citizen of the Russian Federation, is and has always been the ultimate beneficial owner of the Defendant-In-Rem. From August 16, 2021 to the present, Millemarin has been the legal owner of the Defendant-In-Rem, and Mr. Khudainatov is the sole

shareholder of Invest International Finance Ltd. ("IIF"), which is the sole shareholder of Millemarin. The ownership of the Defendant-In-Rem from August 16, 2021 to the present is set forth below.

2. Millemarin was incorporated in the British Virgin Islands ("BVI") as a BVI Business Company on June 10, 2021 by its 100% shareholder IIF.

    a. Attached hereto as Exhibit 1 and incorporated herein is a copy of the Certificate of Incorporation of Millemarin.

    b. Attached hereto as Exhibit 2 and incorporated herein is a copy of the Memorandum of Association & Articles of Association of Millemarin.

3. On August 16, 2021, the ownership of the Amadea was transferred from another entity to Millemarin, and Millemarin has been the registered owner and titleholder of the Defendant-In-Rem ever since.

    a. Attached hereto as Exhibit 3 and incorporated herein is a copy of the Bill of Sale evidencing the transfer to Millemarin on that date.

    b. Attached hereto as Exhibit 4 and incorporated herein is the Transcript of British Registry for the Amadea listing Millemarin as the owner, as of August 16, 2021.

    c. Attached hereto as Exhibit 5 and incorporated herein is the Transcript of British Registry for the Amadea listing Millemarin as the owner, as of October 31, 2023.

4. From June 10, 2021, the date of Millemarin's incorporation, to the present, the sole shareholder of Millemarin has been IIF.

    a. Attached hereto as Exhibit 6 and incorporated herein is a copy of the share certificate identifying IIF as the shareholder of Millemarin dated June 10, 2021.

    b.  Attached hereto as Exhibit 7 and incorporated herein is a copy of the Certificate of Incumbency of Millemarin dated March 23, 2022.

    c.  Attached hereto as Exhibit 8 and incorporated herein is a copy of the Certificate of Incumbency of Millemarin dated November 17, 2023.

    d.  Attached hereto as Exhibit 9 and incorporated herein is a copy of the Millemarin Registry of Members dated March 30, 2022.

    e.  Attached hereto as Exhibit 10 and incorporated herein is a copy of the Certificate of Incorporation of IIF.

    f.  Attached hereto as Exhibit 11 and incorporated herein is a copy of the Memorandum of Association & Articles of Association of IIF.

  5.  IIF is presently owned by Mr. Khudainatov. From May 23, 2022 to the present, Mr. Khudainatov has been the sole shareholder of IIF, and thus the ultimate beneficial owner of the Defendant-in-Rem.

    a.  Attached hereto as Exhibit 12 and incorporated herein is a copy of a share certificate dated May 23, 2022.

    b.  Attached hereto as Exhibit 13 and incorporated herein is the Certificate of Incumbency of IIF dated June 7, 2022.

    c.  Attached hereto as Exhibit 14 and incorporated herein is the Certificate of Incumbency of IIF dated November 17, 2023.

  6.  From August 16, 2021 to May 23, 2022 (which includes the time of the Defendant-In-Rem's seizure by the United States government), Mr. Khudainatov was the ultimate beneficial owner of the Defendant-In-Rem through a trust structure, whereby IIF and Millemarin were held in the September Trust, a trust established by Mr. Khudainatov.

      a.      Attached hereto as Exhibit 15 and incorporated herein is a copy of the September Trust. As evidenced in Exhibit 15, Mr. Khudainatov served as the primary beneficiary (part 1.16(a)), the first appointor (part 16.1 and page 20) of the September Trust, and the settlor of the September Trust through his ownership of the named "Settlor" Stichting Energy Research Foundation ("Stichting") (title page and page 1, Parties: Item 1).

      i.      Attached hereto as Exhibit 16 and incorporated herein is a copy of the Articles of Association of Stichting.

      ii.      Attached hereto as Exhibit 17 and incorporated herein is a copy of The Netherlands Chamber of Commerce Business Register extract for Stichting.

      iii.      Attached hereto as Exhibit 18 is the Issue of Certificate Rights of Stichting, identifying Mr. Khudainatov as the Certificate Holder (p. 1 of the English version), meaning owner, of Stichting.

      b.      The trustee of the September Trust was the Boltenko Trust AG, a Swiss fiduciary company registered in Zurich, Switzerland, of which Ms. Olga Kroon (Boltenko) was the director. Ms. Kroon is qualified as a solicitor of England and Wales, and as a Russian lawyer. She has been advising on international tax and wealth planning matters for more than 25 years. She started her own legal practice, Boltenko Law GmbH, more than 6 years ago, to which her fiduciary practice Boltenko Trust AG has followed. Boltenko Law GmbH has advised Mr. Khudainatov on various legal matters, including the establishment of the September Trust.

      i.      Attached hereto as Exhibit 19 and incorporated herein is a copy of the Articles of Association of the Boltenko Trust AG.

      ii.      Attached hereto as Exhibit 20 and incorporated herein is a copy of the Commercial register for the Boltenko Trust.

     iii. Attached hereto as Exhibit 21 and incorporated herein is a copy of a letter from Ms. Kroon dated April 24, 2022 setting forth the ownership structure of the Defendant-In-Rem as of that date, in which Ms. Kroon states that to the best of her knowledge Suleiman Abusaidovich Kerimov has never held any interest in any of the companies and/or trust identified in her letter.

   c. As noted above, Mr. Khudainatov served as the settlor of the September Trust through his ownership of Stichting. Stichting's role as settlor was to transfer an asset (here, IIF, which later included its subsidiary Millemarin and thus the Defendant-In-Rem) to a trustee (here, the Boltenko Trust) to manage that asset on behalf of a beneficiary (here, Mr. Khudainatov). Accordingly, upon creation of the September Trust, Stichting transferred all of its assets, including IIF, to the September Trust, and upon that transfer, the sole shareholder of IIF became the Boltenko Trust AG, as the Trustee of the September Trust on Mr. Khudainatov's behalf, as evidenced by the documents described below:

     i. Attached hereto as Exhibit 22 and incorporated herein is a copy of the Share Transfer Form transferring the shares of IIF from Stichting to the Boltenko Trust.

     ii. Attached hereto as Exhibit 23 and incorporated herein is a copy of the Consent Actions of the Sole Director of IIF, evidencing the transfer of IIF's shares from Stichting to the Boltenko Trust effective December 20, 2019.

     iii. Attached hereto as Exhibit 24 and incorporated herein is a copy of the Register of Members reflecting the transfer of IIF's shares from Stichting to the Boltenko Trust.

          iv.      Attached hereto as Exhibit 25 and incorporated herein is a copy of the share certificate dated December 20, 2019 certifying that the Boltenko Trust was the shareholder of IIF.

          v.      Attached hereto as Exhibit 26 is the Certificate of Incumbency of IIF dated April 20, 2022, identifying Boltenko Trust AG (as the Trustee of the September Trust) as the registered shareholder of IIF.

      d.      As demonstrated above, when Millemarin was incorporated on June 10, 2021, IIF was its registered shareholder, and IIF was a trust asset of the September Trust, and whose shares were held by the September Trust's trustee Boltenko Trust AG, on Mr. Khudainatov's behalf. Upon the transfer of the Defendant-In-Rem to Millemarin on August 16, 2021, the Defendant-In-Rem also became an asset held in Mr. Khudainatov's trust, the September Trust, and stayed an asset of that trust until on or about May 23, 2022, when the shares of IIF were transferred from the Boltenko Trust AG to Mr. Khudainatov, as demonstrated above in paragraph 5.

    7.      Contrary to the government's allegations in the Verified Complaint for Forfeiture in this matter, particularly in paragraph 36, IIF never transferred its shares of Millemarin to any other entity. At all times relevant to this action, Mr. Khudainatov has always been and continues to be the ultimate beneficial owner of the Defendant-In-Rem through his ownership of Millemarin, as he is the sole shareholder of IIF, which is the sole shareholder of Millemarin.

8.      Claimants now respectfully submit this Verified Claim to the Court to challenge the forfeiture of the Defendant-In-Rem. Mr. Khudainatov has always been the ultimate beneficial owner of the Defendant-In-Rem, and is not sanctioned by the United States government. As such, the Defendant-In-Rem is not forfeitable, as it neither constitutes nor is derived from any unlawful activity.

Dated:  November 28, 2023
        New York, New York

                                                Respectfully submitted,
                                                FORD O'BRIEN LANDY LLP

                                                s/ Adam C. Ford
                                                Adam C. Ford
                                                Renée L. Jarusinsky
                                                275 Madison Avenue, 24th Floor
                                                New York, New York 10016
                                                aford@fordobrien.com
                                                (212) 858-0040
                                                *Attorneys for Eduard Yurievich Khudainatov and Millemarin Investments Ltd.*

## VERIFICATION

I, Eduard Yurievich Khudainatov, as ultimate beneficial owner of the Defendant-In-Rem and owner of Millemarin Investments Ltd., declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on: November 28, 2023

Eduard Yurievich Khudainatov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2023, a true and correct copy of the foregoing Verified Claim of Eduard Yurievich Khudainatov and Millemarin Investments Ltd. and all of the exhibits attached thereto, as well as the Rule 7.1 corporate disclosure statement were electronically filed through CM/ECF. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the foregoing is deemed served upon the filing of the foregoing with the court's electronic-filing system, on registered users who have appearing in this matter, including, but not limited to, Assistant United States Attorney Sarah Mortazavi.

By: /s/ Adam C. Ford