# EXHIBIT 15 (Part 1)

**Dated**        **20 December**        **2019**


**STICHTING Energy Research Foundation**

(Settlor)


**Boltenko Trust AG**

(Trustees)



_____

**The September Trust**

_____

# Contents

PART 1 - OPERATIVE PROVISIONS ................................................................................................ 1

1.     Definitions and construction ............................................................................................. 1

2.     Name ........................................................................................................................ 4

3.     Power to receive additional property and retention and sale of Trust Fund ...................... 4

4.     Power to add Discretionary Beneficiaries ........................................................................ 5

5.     Power of exclusion ....................................................................................................... 5

6.     Discretionary trust of capital and income ....................................................................... 6

7.     Income trusts in default of appointment .......................................................................... 6

8.     Power to apply capital for Beneficiaries .......................................................................... 6

9.     Transfer of Trust Fund to a new Trust ............................................................................ 6

10.    Trusts in default of appointment ..................................................................................... 7

11.    Power to determine Trust Period .................................................................................... 7

12.    Administrative powers ................................................................................................... 7

13.    Exercise of powers ....................................................................................................... 7

14.    Specified Assets ........................................................................................................... 8

15.    Removal and appointment of trustees ............................................................................ 8

16.    Appointor ..................................................................................................................... 9

17.    Appointment of Protector ............................................................................................ 10

18.    Effect of vacancy in Protector's office .......................................................................... 11

19.    Protector's indemnity ................................................................................................... 11

20.    Proper law, forum and place of administration .............................................................. 11

21.    Exclusion of Excluded Persons ................................................................................... 12

22.    Notices ...................................................................................................................... 12

23.    Power of investment ................................................................................................... 13

24.    Power to lend ............................................................................................................. 13

25.    Power to borrow ......................................................................................................... 13

26.    Power to give guarantees ............................................................................................ 13

27.    Power of management ................................................................................................ 13

28.    Powers in relation to land and chattels ......................................................................... 13

29.    Power to permit enjoyment of trust property ................................................................. 13

30.    Power to insure property .............................................................................................. 13

| 31. | Powers in relation to life insurance policies | 13 |
|---|---|---|
| 32. | Power to trade | 14 |
| 33. | Power to promote companies | 14 |
| 34. | Powers in relation to companies | 14 |
| 35. | Exclusion of apportionment | 14 |
| 36. | Power of appropriation | 14 |
| 37. | Payment of expenses | 14 |
| 38. | Powers in relation to minors | 14 |
| 39. | Payments to Charities | 14 |
| 40. | Power to appoint agents | 15 |
| 41. | Power to employ nominees | 15 |
| 42. | Powers to delegate | 15 |
| 43. | Power to give indemnities and other commitments | 15 |
| 44. | Legal proceedings | 15 |
| 45. | Compromise and settlement | 15 |
| 46. | Accounts and audit | 15 |
| 47. | Protector's power to make requests | 15 |
| 48. | Payment of taxes | 15 |
| 49. | Trustee and Protector charging | 16 |
| 50. | Indemnity insurance | 16 |
| 51. | Power to exercise powers notwithstanding personal interest | 16 |
| 52. | Disclosure of documents | 16 |
| 53. | Protection of the trustees in respect of distributions | 17 |
| 54. | Trustees' indemnity | 17 |
| 55. | Protection of the trustees generally | 17 |
| 56. | Release of powers | 17 |
| 57. | Power to vary administrative provisions | 17 |
| | SCHEDULE | 19 |



SETTLEMENT

THE SEPTEMBER TRUST

**DATE  20 December 2019**

PARTIES

1.   **STICHTING Energy Research Foundation** of Strawinskylaan 1431, 1077XX Amsterdam, Holland (the **'Settlor'**); and

2.   **Boltenko Trust AG**, a company incorporated under the laws of Switzerland and having its registered office at Freigutstrasse 8, 8002 Zurich, Switzerland (the **'Original Trustees'**).

RECITALS

(A)   The Settlor wishes to make this Settlement and has transferred or delivered to the Original Trustees or otherwise placed under their control the property specified in the Schedule.  Further money, investments or other property may be paid or transferred to the Trustees by way of addition.

(B)   It is intended that this Settlement shall be irrevocable.

PART 1 - OPERATIVE PROVISIONS

1.   **Definitions and construction**

     In this Deed, where the context admits, the following definitions and rules of construction shall apply.

1.1   the **'Appointor'** means the First Appointor or any successors appointed in accordance with sub-clause 16.2 and shall include the persons for the time being acting as Appointor.

1.2   **'Beneficiary'** means any person actually or prospectively entitled to any share or interest in the capital or income of the Trust Fund.

1.3   **'Business Day'** means any day which is not a Saturday, a Sunday or a bank or public holiday in England.

1.4   **'Business Hours'** means the hours of 9.00am to 5.00pm local time in the country of the addressee, on a Business Day.

1.5   **'Charity'** means any trust, foundation, company or other organisation whatsoever established only for purposes regarded as charitable under the laws of its establishment or the Proper Law of the Settlement.

1.6   **'company'** means any body, incorporated or established in any part of the world, which has a separate legal personality.

1.7   **'deed'** includes any instrument in writing which is signed, witnessed and dated by or on behalf of each of the parties to the instrument and shall also include any instrument executed under seal by a company.

1.8   The **'Discretionary Beneficiaries'** means:

      (a)   the Primary Beneficiaries;

(b)     the children and remoter issue of the Primary Beneficiaries;

(c)     Charities (in addition to those that are Primary Beneficiaries); and

(d)     such other objects or persons as are added under clause 4.

1.9     **'Excluded Action'** means any one or more of the following actions:

(a)     any legal proceedings in any part of the world bringing into question the validity of this Settlement or of the transfer of funds or assets into this Settlement;

(b)     any action in reduction brought without the prior written consent of the Protector against or in respect of the Trust Fund or against any recipient, directly or indirectly, of the whole or any part of the Trust Fund;

(c)     any action in which a claim (however formulated) is made in respect of damage to the interests of the person or persons on whose behalf such a claim is made by reason of the making of this Settlement or the transfer of any assets to the Trustees;

(d)     any legal proceedings in any part of the world which questions the capacity of any settlor, or seeks that the trustee, any beneficiary or any other person be subjected to any liability or deprived of any rights, by reason that –

(i)     the law of any another jurisdiction prohibits or does not recognise the concept of a trust;

(ii)    the trust or disposition avoids or defeats rights, claims or interests conferred by the law of another jurisdiction upon any person by reason of a personal relationship to the settlor or to any beneficiary or by way of heirship rights, or contravenes the law of another jurisdiction or any foreign judicial or administrative order or action intended to recognise, protect, enforce or give effect to any such rights, claims or interests;

(iii)   the trust or disposition avoids or defeats rights, claims or interests conferred by the law of another jurisdiction upon any person in respect of the protection of creditors in matters of insolvency.

1.10    **'Excluded Person'** means any person or class of persons or Charity by or in respect of whom or which a declaration under sub-clauses 5.1 or 5.5(b) has been made or treated as made but, in the case of a revocable exclusion, only during such time as the exclusion remains effective and unrevoked.

1.11    The **'First Appointor'** means the person named in sub-clause 16.1.

1.12    **'incapacity'** means incapacity caused by physical or mental handicap or deterioration resulting in an individual whose incapacity is being judged being unable to manage his own affairs or to understand the nature or consequences of his actions, as confirmed by the written opinion of two medical practitioners qualified to assess such matters, and 'incapacity' shall also mean any legal incapacity deriving from age or insolvency and 'incapacitated' shall have a corresponding meaning.

1.13    **'Incommunicado'** means, when describing an individual, that either,

(a)     has been kidnapped or incarcerated (which includes a house arrest) and as a result of which the Trustees are of the opinion (which they shall record in writing) that the individual is unable to communicate effectively and to exercise freely his powers under this Settlement; or

(b)     the Trustees have:

(i)     endeavoured, during a period of 21 consecutive days, and with all due diligence and by whatever means seem reasonable in the circumstances, to elicit a verbal response

from the individual to a request for consultation or instructions regarding the administration of the Settlement;

(ii)    received no response from the individual; and

(iii)   delivered notice in writing to the person's last known address informing the person that he will be treated as 'Incommunicado' for the purpose of this Settlement unless he makes a verbal response to the Trustees within 30 days of the delivery of the notice, and the individual does not make any response within that period of time;

Provided that the individual shall no longer be deemed 'Incommunicado' for the purposes of this Settlement (and without any further formal action) as soon as the Trustees and the individual have both declared in writing that he is no longer Incommunicado, and any such declaration shall be final and binding on all persons;

(c)    the Trustees shall not be liable for the consequence of any act, omission or decision taken or made in good faith under this sub-clause.

1.14    **'minor'** means any individual who has not attained the age of 18.

1.15    **'person'** includes any individual, company, organisation, institution, or other body of persons whether corporate or unincorporated and whether charitable or not.

1.16    The **'Primary Beneficiaries'** means:

(a)    Eduard Khudainatov; and

(b)    all Charities registered under the law of Russian Federation; and

(c)    such other objects or persons as are added under clause 4.

1.17    Subject to clause 20.3, the **'Proper Law of the Settlement'** shall mean the law of England.

1.18    The **'Protector'** means the person named in sub-clause 17.1 and any successor or additional person appointed in accordance with sub-clause 17.2 and shall include the persons for the time being acting as Protector.

1.19    **'Relevant Event'** means:

(a)    in relation to an individual, that individual becoming incapacitated;

(b)    in relation to any person, that person resigning in accordance with sub-clause 17.7;

(c)    in relation to any person, that person being removed in accordance with sub-clause 17.8;

(d)    in relation to an individual, that individual's death; or

(e)    in relation to a company, the dissolution of the company, or the passing of a resolution or the commencement of proceedings to wind up the company, or the appointment of a receiver or administrator to manage the affairs of the company.

1.20    **'securities'** means

(a)    any stocks or shares issued by any company;

(b)    debentures (including debenture stock, loan stock, bonds, certificates of deposit and any other acknowledgement of indebtedness) issued by or on behalf of any government, local authority, public authority or company;

(c)    units in a unit trust or other collective investment scheme; and

(d)    any options or warrants to subscribe for, and any other rights to acquire, any of the aforesaid.

1.21    **'Specified Assets'** means such securities or other assets as may from time to time comprise part or the whole of the Trust Fund as the Protector may designate in accordance with sub-clause 14.1.

1.22    **'this Settlement'** means the trusts constituted by this Deed.

1.23    The **'Trust Fund'** means:

    (a)    the property specified in the Schedule;

    (b)    all money, investments or other property paid or transferred by any person to, or so as to be under the control of, and, in either case, accepted by the Trustees as additions;

    (c)    all accumulations (if any) of income added to the Trust Fund; and

    (d)    the money, investments and property from time to time representing the above.

1.24    The **'Trust Period'** means the period from and including the date of this Deed and ending on the earlier of:

    (a)    the last day of the period of 125 years from the date of this Deed;

    (b)    such date upon which this Settlement shall terminate by reason of there ceasing to be any property or assets forming part of the Trust Fund or otherwise by operation of law; and

    (c)    such date as the Trustees may at any time specify by deed pursuant to clause 11.

1.25    **'Trustee Liabilities'** means any costs, expenses or any other liabilities of whatsoever nature (including any taxes and associated penalties and interest for which the Trustees are personally liable and any liability which may be payable to a retiring or removed Trustee) properly incurred by the Trustees in the professed execution of this Settlement other than those resulting from the fraud, dishonesty (or, in the case of a professional trustee or a corporate trustee in business as a trustee, reckless misconduct) of the Trustees.

1.26    The expression **'the Trustees'** shall include the Original Trustees and the trustees for the time being of this Settlement.

1.27    References to the children, grandchildren and issue of any person shall include his children, grandchildren and remoter issue, whether legitimate, legitimated, illegitimate or adopted.

1.28    Words denoting the singular shall include the plural and vice versa.

1.29    Words denoting any gender shall include both the other genders.

1.30    References to any statutory provision shall include any statutory modification to, or re-enactment of, such provision.

1.31    The clause headings are included for reference only and shall not affect the interpretation of this Deed.

2.    **Name**

This Settlement shall be known as **'The September Trust'** or by such other name as the Trustees may, from time to time, determine in writing.

3.    **Power to receive additional property and retention and sale of Trust Fund**

3.1    The Trustees may, at any time, during the Trust Period, accept additional money, investments or other property, of whatever nature and wherever situate, paid or transferred to them by any person,

Such additional money, investments or other property shall, subject to any contrary direction, be held upon the trust and with and subject to the powers and provisions of this Deed.

3.2 The Trustees shall hold the Trust Fund and any additions upon trust in their discretion either to allow the same to remain in the state in which it is received or held for so long as they shall think fit, or to sell or convert the same into money. The Trustees may, in their discretion, invest such money in their names or under their control in any of the investments authorised by this Settlement or by law, with power from time to time to vary or transpose any such investments for or into others so authorised.

## 4. Power to add Primary Beneficiaries and Discretionary Beneficiaries

4.1 The Trustees may, with the written prior consent of the Protector, at any time during the Trust Period, add to the Primary Beneficiaries and/or the Discretionary Beneficiaries such objects or persons or classes of objects or persons as the Trustees shall, subject to the application (if any) of the rule against perpetuities, determine.

4.2 Any such addition shall be made by deed:

(a) naming or describing the objects or persons or classes of objects or persons to be added; and

(b) specifying the date or event, not being earlier than the date of execution of the deed but before the end of the Trust Period, on the happening of which the addition shall take effect.

4.3 This power shall not be exercised so as to add to the Primary Beneficiaries and/or the Discretionary Beneficiaries any of the following:

(a) an Excluded Person; and

(b) any trust in which any Excluded Person is or may be interested.

## 5. Power of exclusion

5.1 The Trustees may, with the written prior consent of the Protector, declare that any person, class of persons or Charity shall (whether or not a Beneficiary) be an Excluded Person.

5.2 The Trustees may, with the written prior consent of the Protector, declare that any person, class of persons or Charity shall, if included in the class of Primary Beneficiaries or the class of Discretionary Beneficiaries, cease to be so included.

5.3 The powers conferred by sub-clauses 5.1 and 5.2 shall not be capable of being exercised so as to derogate from any interest to which any Beneficiary has or would, but for the provisions of this clause, have become indefeasibly entitled.

5.4 Any person who shall initiate or join in any Excluded Action shall be treated as if a revocable declaration pursuant to sub-clause 5.1 had been made in respect of him.

5.5 Any person (not being a minor) who may receive any benefit under this Settlement may, by declaration in writing:

(a) disclaim such benefit, either in whole or in part; or

(b) declare that he shall be an Excluded Person.

5.6 Any declaration made pursuant to sub-clauses 5.1, 2 or 5 shall be by deed (revocable to the extent permitted by the Proper Law of the Settlement or irrevocable), shall take effect in such circumstances or subject to such conditions and from such date (not being earlier than the date of such deed) specified in the deed and shall comply with the provisions of clause 13.

6. **Discretionary trust of capital and income**

6.1 The Trustees shall hold the capital and income of the Trust Fund upon trust for or for the benefit of all or such one or more exclusive of the others of the Discretionary Beneficiaries, at such ages or times, in such shares, upon such trusts (which may include discretionary or protective powers or trusts) and in such manner generally as the Trustees shall in their discretion revocably or irrevocably appoint. Any such appointment may include such powers and provisions for the maintenance, education or other benefit of the Discretionary Beneficiaries or for the accumulation of income and such administrative powers and provisions as the Trustees think fit.

6.2 No exercise of the power conferred by sub-clause 6.1 shall invalidate any prior payment or application of all or any part of the capital or income of the Trust Fund under the trusts of this Deed or made under any other power conferred by this Deed or by law.

6.3 Any trusts and powers created by an appointment under sub-clause 6.1 may be delegated to any extent to any person, whether or not including the Trustees or any of them.

6.4 The exercise of the power of appointment conferred by sub-clause 6.1 shall:

   (a) comply with the provisions of clause 13; and

   (b) be subject to the prior written consent of the Protector.

6.5 Notwithstanding clause 56, the Trustees may not release or restrict the power conferred by sub-clause 6.1 without the written prior consent of the Protector.

7. **Income trusts in default of appointment**

The provisions of this clause shall apply during the Trust Period until, subject to and in default of any appointment under sub-clause 6.1.

7.1 The Trustees shall pay or apply the income of the Trust Fund to or for the benefit of all or such one or more exclusive of the others of the Discretionary Beneficiaries as shall for the time being be in existence, in such shares and in such manner generally as the Trustees shall in their discretion from time to time think fit.

7.2 Notwithstanding the provisions of sub-clause 7.1, the Trustees may at any time during the Trust Period in their discretion accumulate the income by investing it in any investments authorised by this Deed or by law and, subject to sub-clause 7.3, shall hold such accumulations as an accretion to capital.

7.3 The Trustees may apply the whole or any part of the income accumulated under sub-clause 7.2 as if it were income arising in the then current year.

8. **Power to apply capital for Beneficiaries**

8.1 The provisions of this clause shall apply during the Trust Period notwithstanding the provisions of clause 7 but subject to any appointment made under sub-clause 6.1 and to the Protector's written consent.

8.2 The Trustees may pay or apply the whole or any part of the capital of the Trust Fund to, or for the benefit of, all or such one or more exclusive of the others of the Discretionary Beneficiaries, in such shares and in such manner generally as the Trustees shall in their discretion think fit.

9. **Transfer of Trust Fund to a new Trust**

9.1 The Trustees may, with the Protector's written consent, apply the whole or any part of the capital of the Trust Fund by paying or transferring the same to the trustees of any other trusts or settlement,

whether or not the proper law of such other trust or settlement shall be the Proper Law of the Trust, for the benefit of any one or more of the Discretionary Beneficiaries.

9.2     The exercise of the power conferred by sub-clause 9.1 shall be subject to the following provisions:

(a)     upon the payment or transfer of any money or other property to the trustees of any such trust or settlement, the Trustees shall not be bound to see to the further application of such money or property;

(b)     the Trustees may make such payment or transfer to the trustees of a discretionary trust, notwithstanding that the Discretionary Beneficiary for whose benefit the power is exercised is only a discretionary object of such trust;

(c)     the Trustees may make such payment or transfer notwithstanding that persons other than the Discretionary Beneficiary for whose benefit the power is exercised are or may become entitled to, or to the income of, the money or other property paid or transferred;

(d)     any exercise of the power shall comply with the provisions of clause 13; and

(e)     the power shall not be exercisable so as to permit any part of the income or capital of the Trust Fund to be paid or transferred to the trustees of any trust or settlement in which any Excluded Person is, or may be, interested.

10.     **Trusts in default of appointment**

From and after the expiration of the Trust Period, and if and so far as not wholly disposed of for any reason whatever by the above provisions, the capital and income of the Trust Fund shall be held upon Trust absolutely for such Charity or Charities as the Trustees in their discretion shall determine.

11.     **Power to determine Trust Period**

The Trustees shall have power, exercisable by deed, with the prior written consent of the Protector, at any time during the Trust Period to specify a date on which the Trust Period will terminate in relation to the whole or any part of the Trust Fund (so that different days may be specified for different parts of the Trust Fund), not being a date earlier than the date of such deed or later than a date previously specified in relation to that part of the Trust Fund.

12.     **Administrative powers**

The Trustees and the Protector shall, in addition and without prejudice to all the statutory powers, have the powers and immunities set out in Part 2 of this Deed. No power so conferred upon the Trustees or the Protector shall be exercised so as to conflict with the beneficial provisions of this Deed.

13.     **Exercise of powers**

13.1    Every power conferred by the provisions of Part 1 of this Deed shall be subject to the application (if any) of the rule against perpetuities and any applicable laws governing the permitted period of accumulations and shall (except for clauses 15 to 17) be exercisable only during, and so as to take effect during, the Trust Period. No power of revocation shall be exercisable except during the Trust Period.

13.2    Any written consents required under the terms of this Deed may be given either specifically in relation to any particular matter or by a general written consent referring to one or more matters. Any requirement as to prior written consent shall be satisfied by a written consent given simultaneously.



13.3    No power conferred upon any person by this Deed shall be capable of being exercised at any time during which that person is Incommunicado.

13.4    If there is more than one Protector in office, the Protectors shall act unanimously provided that, during any period when a Protector is Incommunicado and no Protector has been appointed in his place pursuant to sub-clause 17.5, those Protectors who are not Incommunicado (the **'Continuing Protectors'**) may exercise the powers of the Protector under this Settlement as though the Continuing Protectors constituted all the Protectors of this Settlement.

13.5    If there is more than one Appointor in office, the Appointors shall act unanimously provided that, during any period when an Appointor is Incommunicado, those Appointors who are not Incommunicado (the **'Continuing Appointors'**) may exercise the powers of the Appointor under this Settlement as though the Continuing Appointors constituted all the Appointors of this Settlement.

13.6    Any protector may join in exercising any of the powers of this Settlement or by law conferred on the Protector notwithstanding that he or it may have some other interests (either personally or in some fiduciary capacity) in the manner or result of exercising the power.

14.    **Specified Assets**

14.1    The Protector may, at any time or times by notice in writing to the Trustees designate any securities or other assets from time to time comprising the whole or any part of the Trust Fund as Specified Assets and may also at any time or times revoke any such designation by giving written notice to the Trustees.

14.2    Notwithstanding anything to the contrary contained in this Deed, the Trustees shall not acquire more, sell, charge, exchange, transfer or enter into any compromise or arrangement regarding any Specified Assets, or any interest in any Specified Assets, whether legal or equitable, without obtaining the prior written consent of the Protector.  This restriction shall not apply:

    (a)    to any transfer of any Specified Assets on the appointment of new or additional Trustees;

    (b)    to any transfer by the Trustees to a nominee appointed in accordance with the terms of this Settlement; or

    (c)    to any income arising, or gains realised, from any Specified Assets.

15.    **Removal and appointment of trustees**

15.1    A Trustee shall cease to be a Trustee on the happening of any of the following events:

    (a)    if an individual, on becoming incapacitated;

    (b)    on resigning in accordance with sub-clause 15.2;

    (c)    on being removed in accordance with sub-clause 15.3;

    (d)    if an individual, on death; or

    (e)    if a company, on dissolution.

15.2    A Trustee may resign by giving three months notice in writing to the person for the time being having power to appoint new or additional Trustees under the provisions of sub-clause 15.4.  Upon the expiration of such notice, or such shorter period as may be agreed in writing between the Trustee giving notice and the person for the time being having power to appoint new or additional Trustees, the Trustee who has given notice shall cease to be a Trustee.  If the Trustee so resigning is the sole Trustee and a new Trustee shall not have been appointed before the expiration of the specified

