January 3, 2024

**VIA CM/ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho,

      Pursuant to the Court's Order of October 25, 2023 (Dkt. 5), Plaintiff United States and Claimants Eduard Khudainatov and Millemarin Investments Ltd. submit the following joint letter in advance of the initial conference scheduled for January 10, 2024. A proposed Case Management Plan and Scheduling Order is attached.

      **Nature of the Action:** This is an *in rem* action seeking to civilly forfeit a 106-meter superyacht, the *M/Y Amadea*, the seizure of which was sought by Plaintiff in Fiji on or about April 13, 2022 and which was sailed by Plaintiff to the United States on or about June 7, 2022. Plaintiff alleges that the *Amadea* is forfeitable as proceeds of sanctions evasion under the International Emergency Economic Powers Act and as property involved in one or more money laundering transactions. Plaintiff contends that the *Amadea* is beneficially owned by Suleiman Kerimov, a sanctioned Russian oligarch, and that Kerimov or others have maintained the *Amadea* through monetary transactions with U.S. persons and/or the U.S. financial system in violation of the sanctions against Kerimov and his property. Claimants contend that Eduard Khudainatov, who is not sanctioned in the United States, is and has always been the ultimate beneficial owner ("UBO") of the *Amadea*, and prior to its seizure from Fiji, the vessel had never been in the United States. Claimants contend that Mr. Khudainatov commissioned the building of the vessel in or about 2012, and has always remained the UBO. A key issue in the case will be determining who is the UBO of the *Amadea*, Kerimov or Khudainatov.

      **Jurisdiction and Venue:** Plaintiff contends that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355(a). Plaintiff contends that venue is proper in this Court under 28 U.S.C. § 1355(b)(1)(A), as Plaintiff alleges that many of the financial transactions that purportedly violated sanctions were made to or through financial institutions in this District. Claimants reserve the right to make all appropriate arguments in a responsive pleading including those relating to jurisdiction and venue.

      **Discovery Deadlines:** No discovery deadlines have been set. The proposed Case Management Plan and Scheduling Order ("CMP"), attached hereto, proposes various discovery deadlines. The proposed deadlines in the CMP are, in some cases, longer than the suggested

The Honorable Dale E. Ho
January 3, 2024
Page 2

deadlines in the Court's form CMP. The reason is that this is a transnational case where many witnesses and documents are located abroad, including in Russia, the United Kingdom, Monaco, and elsewhere. It will take some time to employ Mutual Legal Assistance Treaty requests and/or requests under the Hague Convention to try to obtain this foreign evidence. The parties also propose that the discovery closure deadlines be keyed off the filing of Claimants' Answer, as this will be the point in time when the discoverable issues will be crystallized as both parties will have provided their pled positions on the issues in the Complaint. However, the parties believe discovery can and should begin as soon as possible, given the above-referenced timing issues associated with foreign discovery and consistent with Fed. R. Civ. P. 26(a)(1)(B)(ii) and 26(d)(1).

**Outstanding Motions:** There are no outstanding motions at this time.

**Discovery that has already taken place and/or discovery necessary to facilitate settlement discussions:** No litigation discovery has taken place. During three attorney proffers and additional settlement discussions, Claimants produced to Plaintiff nearly 1300 pages of materials, and Plaintiff shared with Claimants select documents and drafts of a civil forfeiture Complaint. No settlement was reached. While the parties are willing to further explore settlement (as detailed below), Plaintiff does not envision any particular discovery that is likely to advance settlement discussions at this time. Claimants, on the other hand, contend that production of Plaintiff's case file would likely advance settlement discussions at this time.[1]

**Prior Settlement Discussions:** The parties began discussions about the *Amadea* on or about September 8, 2022, after which the parties met for three attorney proffers: in December 2022, February 2023, and May 2023. Starting in or about mid-June 2023, the parties engaged in numerous (10+) settlement meetings and/or phone calls, during which concrete settlement proposals were made and documents were exchanged. These settlement discussions were all conducted between the parties' counsel and were unmediated.

**Alternative Dispute Resolution:** Given the substantial pre-litigation settlement discussions referenced above, the parties doubt that settlement is possible before discovery takes place. However, the parties are willing to explore alternative dispute resolution ("ADR"). Among the various ADR options available, the parties would most prefer a settlement conference before a Magistrate Judge. A Magistrate Judge seems preferable to a private mediator, both to keep down costs and because a Magistrate Judge is most likely to have experience with the legal issues that could inform the parties' settlement positions. The parties believe that a settlement conference would be most productive at the close of fact discovery.

---

[1] On the subject of discovery, Claimants asked that the parties' Rule 26(f) conference be deferred until after the January 10 initial pre-trial conference. Plaintiff acceded to this request. Because this case is exempt from initial disclosures under Rule 26(a)(1)(B), the timeline set forth in Rule 26(f)(1) does not apply to the Rule 26(f) conference in this case.

The Honorable Dale E. Ho
January 3, 2024
Page 3

**Other Issues:** As set forth in the proposed CMP, the parties have additional issues to flag for the Court.

First, after receiving Claimants' responsive pleading (Answer or motion to dismiss), Plaintiff expects to serve special interrogatories under Supplemental Rule G(6)(a). If Claimants file a motion to dismiss ("MTD"), the special interrogatories will affect Plaintiff's MTD response date under Supplemental Rule G(6)(c). Claimants contend that due to the detailed nature of the Verified Claim and the attachments that they filed in this matter demonstrating their ownership of the vessel, special interrogatories, which are intended to determine a claimant's standing in a forfeiture matter, are unnecessary here because the information that would be sought by special interrogatories has already been submitted with the Claim.

Second, Plaintiff may seek interlocutory sale of the *Amadea*, as it would be more economical for this litigation to proceed against a corpus of cash (*i.e.*, the *Amadea* sale proceeds) as compared to a physical ship that requires substantial maintenance costs every month. Plaintiff would like to discuss the possibility of interlocutory sale with Claimants and the Court as early as the initial pre-trial conference on January 10.

Third, Claimants had never previously been notified of the government's intention to seek such a sale and would oppose any attempt an interlocutory sale. Without conceding that the government is entitled to forfeit anything in this matter, even if the government were to succeed in proving its entitlement to forfeiture in this case, Claimants take the position that the potentially forfeitable amount is a small fraction of the total value of the *Amadea*. Plaintiff has valued the *Amadea* at $330 million, whereas the alleged payments that the Plaintiff contends constitute sanctions violation and/or money laundering equate to approximately one-half of one per cent of that value. Claimants wish to flag for the Court that they, therefore, intend to file a motion to substitute the seized assets such that Claimants would place in the Court's escrow account an amount sufficient to cover the total amount of the payments Plaintiff alleges constituted sanctions violations and/or money laundering, as this is the total amount Plaintiff could recover even if successful at trial. Claimant proposes that once these funds are placed in the Court's escrow account, the *Amadea* should be returned to Claimants. Claimants contend that whether the entire *Amadea* is forfeitable based on the allegations in Plaintiff's Verified Complaint for Forfeiture is a legal issue that can be determined by the Court at the outset. Claimants are prepared to file this motion as soon as practicable, potentially as early as January 26, 2024, and will be prepared to set a briefing schedule with the Court and Plaintiff during the January 10 conference.

Plaintiff would oppose Claimants' proposed motion to substitute assets, as Plaintiff contends that such a motion seeks to pre-judge the merits of the case. Specifically, Plaintiff contends that the *Amadea* is forfeitable *in toto* based on the millions of dollars of illegal payments used to maintain it from 2021 through 2022. Plaintiff understands that Claimants disagree with this position. But if Claimants were allowed to sail away with the *Amadea* in exchange for escrowing a dollar value equal to the maintenance payments, that would effectively limit this case to the value of the maintenance payments and constitute a *de facto* ruling that the

The Honorable Dale E. Ho
January 3, 2024
Page 4

entire *Amadea* is not forfeitable. Plaintiff contends that this important merits issue should not be decided at the outset of the case through a "motion to substitute assets." For example, the forfeitability of the *Amadea in toto* could hinge in part on the egregiousness of the sanctions-evasion conduct presented to the Court, and a holistic assessment of this conduct cannot be made before the close of discovery.

      Fourth, Claimants intend to demand a jury trial in this matter, and contend that they are entitled to do so. Plaintiff reserves the right to argue that no party has jury trial rights in this case given that the *Amadea* was seized in navigable waters. *See, e.g., C.J. Hendry Co. v. Moore*, 318 U.S. 133, 152 (1943) ("This Court in suits brought in admiralty sustained the admiralty jurisdiction over forfeitures prescribed by Congress for the violation of federal revenue and other laws where the seizure had occurred on navigable waters. Those decisions held that when the seizure occurred on navigable waters the cause was maritime and hence triable without a jury in the federal courts.") (internal citations omitted); *United States v. One 1976 Mercedes Benz*, 618 F.2d 453, 458-59 (7th Cir. 1980) ("It is difficult to imagine how a proceeding to enforce a statutory forfeiture can resemble in any respect a suit in equity. But how stands the matter with respect to admiralty? The simple truth seems to be that the proceeding is in admiralty when the seizure to which it relates takes place on water; but that when the seizure takes place on land it is a suit at common law."); 50A C.J.S. Juries § 101 (Aug. 2023 update) ("The Seventh Amendment right to a civil jury trial in federal court applies to an action for the forfeiture of property which was seized on land . . . However, if the seizure is made on navigable waters, the case belongs to the admiralty or maritime jurisdiction and is triable by the court without a jury."). Claimant has chosen not to pre-brief this legal issue in this letter and reserves their right to fully brief this issue at a later date. Given that the parties may disagree as to whether Claimants are entitled to a jury trial, this question is unanswered in the CMP.

      Lastly, given these substantive issues to be discussed, Claimants respectfully request that the January 10, 2024 conference be held in person. Plaintiff opposes this request.

                                  Respectfully Submitted,

                                  */s/ Joshua L. Sohn*
                                  Joshua L. Sohn
                                  Money Laundering and Asset Recovery Section
                                  U.S. Department of Justice
                                  Counsel for Plaintiff United States of America

                                  */s/ Adam C. Ford*
                                  Adam C. Ford
                                  Ford O'Brien Landy LLP
                                  Counsel for Claimants Eduard Yurievich
                                  Khudainatov and Millemarin Investments Ltd.