

February 2, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

  Pursuant to the Court's January 17, 2024 Order, the United States and Claimants Eduard Khudainatov and Millemarin Investments Ltd. ("Claimants") submit this joint letter to report on the status of efforts to reach agreement on the issue of maintenance fees. *See* Dkt. No. 18 at 1. While the parties have met and conferred about this issue, we have not been able to reach a resolution.

  As a result, the United States intends to file a motion for interlocutory sale of the property at issue in this case, and proposes the following briefing schedule for that motion:

- February 9, 2024: deadline for United States' motion
- February 23, 2024: deadline for Claimants' opposition
- March 1, 2024: deadline for United States' reply

  *Claimants' Position*: On February 1, 2024, the government informed Claimants that it plans to file an amended complaint in lieu of opposing Claimants' motion to dismiss. Given the government's acknowledgment that the current complaint requires amending, the threshold question of whether the government has set forth a cognizable claim to seek forfeiture of the *Amadea* remains undetermined. As such, Claimants contend that a motion for interlocutory sale is premature and cannot meet the legal standard necessary for the Court to grant this relief, which requires, in the first instance, the existence of a legally cognizable claim for forfeiture. Claimants submit this Court should deny the government's request to file a motion seeking interlocutory sale and the proposed briefing schedule until after an operative complaint has survived a motion to dismiss and this court has determined the seizure was constitutional—only at that point would a motion for interlocutory sale be ripe. If the Court grants the government's request to file the interlocutory sale motion, Claimants do not object to the above schedule.

  Moreover, if the court grants the government's motion schedule, Claimants request the following discovery schedule limited to the issues relevant to the interlocutory sale.

The Honorable Dale E. Ho
February 2, 2024
Page 2

      Claimants serve Requests for Production and Interrogatories: February 6, 2024
      Government Production and Responses: February 9, 2024

      For these same reasons, Claimants believe that any motion to substitute assets in this matter is also premature, and do not plan to file one on February 9, 2024 as previously discussed with the Court at the January 17, 2024 pretrial conference.

      *United States' Response*: Claimants may present their argument that interlocutory sale would be premature in their opposition to the United States' motion. It is not a proper basis to delay the filing of a time-sensitive motion. Further, the Court should deny Claimants' request for expedited discovery related to this motion. The United States' motion will be accompanied by a declaration from the U.S. Marshals Service ("USMS") providing full evidentiary support for the relief requested, as is customary. *See, e.g., United States v. One 2005 Lagoon 440 Sailing Catamaran Named Bohemian Rhapsody*, No. CV 13-9262-DMG (JCX), 2017 WL 10573808, at *1 (C.D. Cal. Sept. 22, 2017) (granting interlocutory sale based on "excessive" costs on strength of USMS declaration). If Claimants believe the declaration is insufficient (or otherwise wish to dispute the uncontroversial fact that monthly expenses to maintain a superyacht are sizeable), they may make that argument in their opposition.

      We thank the Court for its consideration of this submission.

      Respectfully Submitted,

      DAMIAN WILLIAMS
      United States Attorney
      Southern District of New York

By:   */s/ Jennifer Jude*
      JENNIFER JUDE
      MICHAEL LOCKARD
      Assistant United States Attorneys


      MARGARET A. MOESER
      Acting Chief
      Money Laundering and Asset Recovery
      Section, Criminal Division
      U.S. Department of Justice

By: */s/ Joshua L. Sohn*
     JOSHUA L. SOHN
     Trial Attorney
     Money Laundering and Asset Recovery
     Section

The Honorable Dale E. Ho
February 2, 2024
Page 3

                         JENNIFER KENNEDY GELLIE
                         Acting Chief
                         Counterintelligence and Export Control
                         Section, National Security Division
                         U.S. Department of Justice

                         By: /s/ *Yifei Zheng*
                         YIFEI ZHENG
                         Trial Attorney
                         Counterintelligence and Export Control
                         Section (CES)


                         */s/ Adam C. Ford*
                         Adam C. Ford
                         Renée L. Jarusinsky
                         Ford O'Brien Landy LLP
                         Counsel for Claimants Eduard Yurievich
                         Khudainatov and Millemarin Investments Ltd.


The parties' letter states that the Government intends to file an amended complaint and suggests that Claimant will file a motion to dismiss the amended Complaint.  Claimant's request for briefing of the Government's anticipated motion for interlocutory sale subsequent to a decision regarding Claimant's anticipated motion to dismiss any amended complaint is **DENIED**.  The Government may file its motion for interlocutory sale at its convenience.  The default briefing deadlines of Local Civil Rule 6.1(b), which align with the Government's proposal, shall apply to any such motion.  Claimant's request for expedited discovery into issues relevant to the interlocutory sale is **DENIED**, without prejudice to renewal.  The parties' letter provides no information regarding what information this discovery would seek or any basis to conclude such discovery is warranted.  So Ordered.

Dale E. Ho
United States District Judge
Dated: February 6, 2024
New York, New York