UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA,
:
        Plaintiff,
:
   - v. -
:
THE M/Y *AMADEA*, A MOTOR YACHT
BEARING INTERNATIONAL MARITIME   :   23 Civ. 9304 (DEH)
ORGANIZATION NO. 1012531, INCLUDING
ALL FIXTURES, FITTINGS, MANUALS,   :
STOCKS, STORES, INVENTORIES, AND
EACH LIFEBOAT, TENDER, AND OTHER   :
APPURTENANCE THERETO,
:
        Defendant-*In-Rem*.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF JOSHUA L. SOHN

    I, Joshua L. Sohn, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

    1.    I am a Trial Attorney in the U.S. Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section. I have personal knowledge of the facts set forth in this Declaration and, if called upon as a witness, could and would testify competently thereto.

    2.    Since early 2022, I have shared frontline responsibility for the Government's investigation and litigation over the M/Y *Amadea*, the Defendant Asset in this case.

    3.    In April 2022, while the *Amadea* was docked in Fiji, the Government obtained a seizure warrant for the vessel from a U.S. Magistrate Judge. After contested litigation in Fiji, the Fijian courts domesticated the seizure warrant in June 2022 and the Government sailed the *Amadea* to the United States. Shortly after the vessel reached the United States, the Government was approached by counsel for Eduard Khudainatov and his alleged holding company

Millemarin Investments Ltd., the current Claimants in this case. In a series of presentations in 2022 and early 2023, counsel stated to the Government their position that the yacht was not beneficially owned by Kerimov but rather was owned by their client, Khudainatov. By early summer 2023, the Government informed counsel that it was unpersuaded by their presentations and intended to move forward with a forfeiture case against the *Amadea*. The parties then conducted several months' worth of settlement negotiations, in which they explored whether there could be an agreed resolution of this matter to avoid contested litigation. The parties conducted these negotiations under cover of a litigation standstill agreement, under which both sides agreed not to file legal actions while negotiations were ongoing. On Friday, October 20, 2023, Khudainatov counsel informed the Government that no resolution was possible and that they would end settlement discussions.

4.      During January 2024, the parties to this case traded emails and had at least one in-person conversation about whether Claimants would be willing to assume carrying costs for the *Amadea*. Claimants ultimately stated that they were not willing to further discuss this issue until the motion-to-dismiss stage of this case was over.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Signed this 9th day of February, 2024, in Washington, DC.

                                                                         Joshua L. Sohn