

February 16, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

We represent Claimants in the above-referenced matter and write to request an expedited discovery schedule limited to one issue implicated by the government's motion for an interlocutory sale. As Your Honor is aware, last week on February 9, the government moved for an interlocutory sale of the Amadea, a vessel the government has alleged to be worth more than $300 million. Claimants' opposition brief is due next Friday, February 23, and to fully oppose the motion, Claimants need discovery from the government on a discrete issue. For that reason, we respectfully request that this Court (1) order production of the requested discovery within seven days, and (2) adjust the remainder of the briefing schedule to permit Claimants to file their brief in opposition seven days after the production of discovery. The basis for this limited discovery is set forth below.

Claimants oppose the government's motion for interlocutory sale on the merits, but also on the substantive ground that it is premature because the threshold issue of whether the government has set forth sufficient claims for forfeiture of the Amadea has yet to be decided, as Claimants' motion to dismiss is still pending, and the government only today filed an amended complaint. Second, and relevant to this letter, Claimants believe they have a basis to argue that the government's motion for a sale should be denied because the government seized the Amadea in violation of the Fourth Amendment, and thus the government should be prohibited from selling what it does not rightfully possess. In the alternative, Claimants will argue that a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) should be conducted first to ensure that the Court does not order the sale of an asset seized in violation of Fourth Amendment. Claimants base this argument on their belief that the Affidavit of Special Agent Timothy J. Bergen that was filed in support of the government's application to seize the Amadea ("Bergen Affidavit") may have contained false statements made knowingly and intentionally or with reckless disregard for the truth, as well as material omissions with the intent to mislead the magistrate judge. *See U.S. v. Lahey*, 967 F. Supp. 2d 698, 708 (S.D.N.Y. 2013) (finding that defendants made a "substantial preliminary showing" that false statements were included in the affidavit with reckless disregard for the truth and that were "necessary to the magistrate judge's finding of probable cause"). If in

fact the vessel was unconstitutionally seized, the remedy would be to return the vessel to Mr. Khudainatov during the pendency of the forfeiture action, as well as suppression of all evidence obtained from the vessel as a result of search warrants that were executed based on the same false statements.[1] As such, this Court cannot rule on the motion for interlocutory sale until after it has determined whether the initial seizure was constitutional.

In connection with this argument, Claimants need limited discovery, first and foremost the unredacted Bergen Affidavit. Claimants' current belief that the Bergen Affidavit may contain false and misleading information is based on an unredacted version that was filed in the Fiji proceeding on April 22, 2022, ten days after the Bergen Affidavit that was filed in the District Court for the District of Columbia. The two affidavits, based on paragraphs and length, appear substantially similar.[2] The affidavit filed in Fiji contains misleading statements (some of which contain material omissions), among others about what crew members said about the ownership of the vessel: "multiple crew members identified Kerimov as the true owner of the AMADEA," and "one crewmember explained that Kerimov had owned the AMADEA since Fall 2021 and that it had been transferred in a 'backdoor Russian deal.'" Exhibit B, ¶ 34 (a).

These statements provide the basis for the government's conclusion that Kerimov owned the vessel—and these statements appear to be false. In fact, the FBI interviewed a total of eight crew members on or about April 12, 2022, three at Los Angeles International Airport and five on board (or in the immediate vicinity of) the Amadea in Fiji. According to contemporaneous notes taken by all eight of the witnesses immediately after their interviews, each of them said that either Eduard Khudainatov owned the Amadea, did not know who owned the vessel, or declined to answer based on a nondisclosure agreement. The referenced notes are attached hereto and show that one crew member said that Mr. Khudainatov owned the vessel, another said it was "the same gentleman who always owned it" (i.e., Mr. Khudainatov), and each of the other crew members said they did not know or did not believe it was Kerimov. *See* Exhibits C–J. Assuming the Bergen Affidavit filed in the U.S. contains these same misstatements, Claimants intend to demonstrate their entitlement to a *Franks* hearing in their memorandum in opposition to the motion for sale. *See Marine Midland Bank, N.A., v. U.S.*, 11 F.3d 1119, 1125 (2d Cir. 1993). Claimants intend to argue that the alleged crew members' statements provide the basis for the allegation that Kerimov owned the Amadea, and without those statements (and with the statements that Mr. Khudainatov owned the vessel), there was no probable cause to seize it.

After receiving the government's motion on February 9, four days later, on February 13, Claimants served the government with three requests for documents that are directly related to

---

[1] Any evidence obtained as a result of an illegal seizure from the Amadea would be prohibited from use in this forfeiture proceeding, including the evidence subsequently used in the amended complaint filed today. *See U.S. v. $37,780 in U.S. Currency*, 920 F.2d 159, 163 (2d Cir. 1990) (an unlawful seizure "would only preclude the government from introducing any evidence gained by its improper seizure"). The Amended Complaint contains the same and additional knowingly false statements, making the need for a *Franks* hearing all the more exigent.

[2] Both affidavits are attached hereto as Exhibits A (U.S.) and B (Fiji). All documents attached to this letter are true and correct copies as declared pursuant to 28 U.S.C. § 1746 by the undersigned.

our opposition to the motion for interlocutory sale, a copy of which is attached here as Exhibit K. Specifically, Claimants requested an unredacted copy of the Bergen Affidavit. Also, because Claimants have reason to believe that the affidavit contains misstatements about what the crew members said as well as other misstatements, we requested all documents relied on by the agent in drafting the affidavit, including FBI 302s and Fiji police witness statements signed by the crew member witnesses after their interviews. Because these documents are necessary for our opposition to the government's motion and because the requests are limited in scope, Claimants requested expedited production by February 21, 2024, two days prior to Claimants' current deadline to file their opposition.

By email dated February 13, 2024, the government responded that it would respond to Claimants' document requests in 30 days, as provided for by the Federal Rules of Evidence. We then requested a meet and confer call to discuss the issue, which took place on February 14, 2024 at 3:00 p.m. During that call, the government refused to respond to our document requests or to produce any documents in advance of the standard 30 days provided for in the Federal Rules. Thereafter, the parties engaged in email communications, in which the parties sought to resolve the dispute without court intervention. Today, on February 16, 2024, Claimants informed the government that given the parties' impasse, Claimants would seek the Court's intervention. *See* Exhibit L.

During meet and confer, the government told us it believes a determination on the constitutionality of the seizure warrant should wait *until after a sale* of the Amadea. This is contrary to the law of this circuit. Indeed, the Second Circuit in *Marine Midland*, 11 F.3d at 1125 explained:

> There is no support for the government's contention that it is entitled to retain the illegally seized funds until a forfeiture trial… We also reject the government's contention that we may not order the release of funds prior to a forfeiture trial. On several occasions, we have reviewed the government's showing of probable cause prior to a full-fledged forfeiture trial.[] Other courts in this circuit have ordered the return of seized property before the commencement of a forfeiture trial on the ground that the government lacked probable cause to seize the property at the time of the seizure. *E.g., United States v. All Funds Presently on Deposit or Attempted to be Deposited in Any Accounts Maintained at American Express Bank,* 813 F.Supp. 180, 187 (E.D.N.Y.1993) (seized property ordered returned pursuant to a Rule 41(e) motion). We believe that release of the seized funds is especially appropriate here because the court found that the magistrate judge issued the seizure warrant without probable cause. . . . The magistrate judge's probable cause determination should be subject to judicial review. Since the warrant was not supported by probable cause to seize the entire interbank account, the order to release the funds was appropriate to effectuate the court's power of judicial review.

For the reasons set forth above, we respectfully request the Court order the discovery requested on an expedited schedule as set forth above, and prior to Claimants having to file their motion in opposition to the motion for interlocutory sale.

We thank the Court for its consideration of this submission.

Respectfully Submitted,

*/s/ Adam C. Ford*
Adam C. Ford
Renée L. Jarusinsky
Ford O'Brien Landy LLP
Counsel for Claimants Eduard
Yurievich Khudainatov and
Millemarin Investments Ltd.