

February 22, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

     We represent Claimants in the above-referenced matter and write to request a briefing schedule following the government's filing of its First Amended Complaint last Friday, February 16, 2024. [ECF # 37]. As Your Honor is aware, under Federal Rule of Civil Procedure 15(a)(3), Claimants are granted 14 days to respond to an amended pleading. As such, our motion to dismiss is currently due March 1. We write to respectfully request that the Court so-order a briefing schedule that gives Claimants an extra 14 days beyond what is allowed under the Federal Rules. We express no objection to the government having a corresponding extension in its time to oppose Claimants' motion. Claimants propose that their Motion to Dismiss the First Amended Complaint be due March 15, with the government's opposition due April 12, and Claimants' reply due April 26.

     As Your Honor is also aware, following our motion to dismiss the original forfeiture complaint setting forth the legal deficiencies in it the government elected to file an amended complaint setting forth entirely new factual allegations upon which it now seeks forfeiture. By way of limited example, the government had previously not named our client in the original complaint, but now alleges that he is a straw owner. The government also asserts new allegations of other individuals' misconduct and their purported statements which contradict those individuals' contemporaneous statements and current statements. Moreover, the government has altered some of its legal theories upon which it is entitled to forfeiture. These significant changes in the amended complaint require additional time so that our clients can fully set forth the reasons it should be dismissed.

     We have met and conferred with the government and the government takes the position that it will not consent to any extension unless we withdraw our position that any decision on interlocutory sale is premature prior to this Court ruling on our motion to dismiss, stating: "The government opposes Claimants' request for an extension of time because delaying resolution of

The Honorable Dale E. Ho
February 22, 2024
Page  2

Claimants' motion to dismiss would prejudice the Government to the extent that the Court accepts Claimants' argument that interlocutory sale should not be considered until after the complaint survives a motion to dismiss, *see* ECF No. 31 at 1."

      In response to the government's position, to be clear, as we will set forth in our brief opposing the government's motion for interlocutory sale, Claimants will argue that that motion must be denied because the government failed to meet the legal standard required for obtaining an interlocutory sale. That their motion is premature is a secondary argument. But Claimants cannot withdraw that argument because this Court must be appraised that Claimants are aware of no case where a motion for interlocutory sale was granted before an answer was filed in a contested forfeiture action. In any event, the government's position that it will be unduly delayed by a two-week extension rings hollow given that the government waited over 18 months to file its forfeiture action and chose to do so with a forfeiture complaint so legally infirm that it could not even defend it in opposing our motion to dismiss. A two-week extension in this briefing schedule is hardly prejudicial.

      We thank the Court for its consideration of this submission.

      Respectfully Submitted,

*/s/ Adam C. Ford*
Adam C. Ford
Renée L. Jarusinsky
Ford O'Brien Landy LLP
Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.