UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> THE M/Y AMADEA, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531, <br><br> Defendant. | 23-CV-9304 (DEH) <br><br> **ORDER** |

DALE E. HO, United States District Judge:

This is a civil forfeiture action brought pursuant to 18 U.S.C. §§ 981 and 983 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Specifically, the Government seeks forfeiture of the M/Y Amadea, International Maritime Organization ("IMO") No. 1012531, including all fixtures, fittings, manuals, stocks, stores, inventories, and each lifeboat, tender, and other appurtenance thereto (the "Amadea"). On January 26, 2024, Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd. filed a motion to dismiss the Government's Complaint. *See* ECF No. 25. On February 16, 2024, the Government filed a First Amended Complaint. *See* ECF No. 37.

On February 9, 2024, the Government filed a motion for an interlocutory sale of the Amadea, the property at issue in this forfeiture action. *See* ECF No. 32. In substance, the Government argues that the maintenance costs of the Amadea are excessive and notes that the Claimants—Eduard Yurievich Khudainatov and Millemarin Investments Ltd.—have themselves previously attempted to sell the Amadea. *See* ECF No. 33.

On February 16, 2024, Claimants filed a letter motion seeking an expedited discovery schedule for documents relevant to the interlocutory sale motion and an adjustment of the briefing schedule to allow Claimants to incorporate this discovery into their opposition. *See* ECF No. 38. Claimants argue that the seizure of the Amadea in Fiji may have violated the Fourth Amendment, because the affidavit of an FBI agent filed in support of the initial seizure may contain false or misleading statements regarding the ownership of the Amadea. Claimants seek an unredacted copy of the affidavit and any documents used by the agent to prepare the affidavit. On February 19, 2024, the Government filed a letter in opposition to the motion for expedited discovery. *See* ECF No. 39.

It is hereby **ORDERED** that Claimants' request for expedited discovery is **DENIED**. Claimants' request is denied because the basis of their argument—that the initial seizure of the property may have violated the Fourth Amendment and that Claimants should be allowed to gather evidence to develop this argument—fails because "the Fourth Amendment (and, in particular, its warrant requirement) does not apply extraterritorially . . . at least where the '[the defendant] was a citizen and resident of [of another country] with no voluntary attachment to the United States.'" *United States v. Hasbajrami*, 945 F.3d 641, 662 (2d Cir. 2019) (quoting *United States v. Verdugo-Urquidez*, 494 U.S. 259, 274-75 (1990)). Claimants' letter or presentation at oral argument present no reason to conclude that the Fourth Amendment would apply to the Amadea's seizure in Fiji. *Marine Midland Bank, N.A. v. United States*, 11 F.3d 1119 (2d Cir. 1993), upon which Claimants rely, does not compel a different result because there, the seized interbank account was located in New York City. *See id.* at 1121.

2

It is further **ORDERED** that the motion to dismiss the Complaint is **DENIED** as moot in light of the Amended Complaint filed on February 16, 2024.  *See* ECF No. 37.

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 25 and 38.

SO ORDERED.

Dated: February 22, 2024
       New York, New York

DALE E. HO<br>
United States District Judge