# EXHIBIT C



UNITED NATIONS
*Office on Drugs and Crime*

# UNITED NATIONS CONVENTION AGAINST TRANSNATIONAL ORGANIZED CRIME AND THE PROTOCOLS THERETO





UNITED NATIONS

be liable to the measures referred to in this article, in the same manner and to the same extent as proceeds of crime.

6. For the purposes of this article and article 13 of this Convention, each State Party shall empower its courts or other competent authorities to order that bank, financial or commercial records be made available or be seized. States Parties shall not decline to act under the provisions of this paragraph on the ground of bank secrecy.

7. States Parties may consider the possibility of requiring that an offender demonstrate the lawful origin of alleged proceeds of crime or other property liable to confiscation, to the extent that such a requirement is consistent with the principles of their domestic law and with the nature of the judicial and other proceedings.

8. The provisions of this article shall not be construed to prejudice the rights of bona fide third parties.

9. Nothing contained in this article shall affect the principle that the measures to which it refers shall be defined and implemented in accordance with and subject to the provisions of the domestic law of a State Party.

*Article 13.  International cooperation for purposes of confiscation*

1. A State Party that has received a request from another State Party having jurisdiction over an offence covered by this Convention for confiscation of proceeds of crime, property, equipment or other instrumentalities referred to in article 12, paragraph 1, of this Convention situated in its territory shall, to the greatest extent possible within its domestic legal system:

(a) Submit the request to its competent authorities for the purpose of obtaining an order of confiscation and, if such an order is granted, give effect to it; or

(b) Submit to its competent authorities, with a view to giving effect to it to the extent requested, an order of confiscation issued by a court in the territory of the requesting State Party in accordance with article 12, paragraph 1, of this Convention insofar as it relates to proceeds of crime, property, equipment or other instrumentalities referred to in article 12, paragraph 1, situated in the territory of the requested State Party.

2. Following a request made by another State Party having jurisdiction over an offence covered by this Convention, the requested State Party shall take measures to identify, trace and freeze or seize proceeds of crime, property,

equipment or other instrumentalities referred to in article 12, paragraph 1, of this Convention for the purpose of eventual confiscation to be ordered either by the requesting State Party or, pursuant to a request under paragraph 1 of this article, by the requested State Party.

3.   The provisions of article 18 of this Convention are applicable, mutatis mutandis, to this article. In addition to the information specified in article 18, paragraph 15, requests made pursuant to this article shall contain:

*(a)*   In the case of a request pertaining to paragraph 1 *(a)* of this article, a description of the property to be confiscated and a statement of the facts relied upon by the requesting State Party sufficient to enable the requested State Party to seek the order under its domestic law;

*(b)*   In the case of a request pertaining to paragraph 1 *(b)* of this article, a legally admissible copy of an order of confiscation upon which the request is based issued by the requesting State Party, a statement of the facts and information as to the extent to which execution of the order is requested;

*(c)*   In the case of a request pertaining to paragraph 2 of this article, a statement of the facts relied upon by the requesting State Party and a description of the actions requested.

4.   The decisions or actions provided for in paragraphs 1 and 2 of this article shall be taken by the requested State Party in accordance with and subject to the provisions of its domestic law and its procedural rules or any bilateral or multilateral treaty, agreement or arrangement to which it may be bound in relation to the requesting State Party.

5.   Each State Party shall furnish copies of its laws and regulations that give effect to this article and of any subsequent changes to such laws and regulations or a description thereof to the Secretary-General of the United Nations.

6.   If a State Party elects to make the taking of the measures referred to in paragraphs 1 and 2 of this article conditional on the existence of a relevant treaty, that State Party shall consider this Convention the necessary and sufficient treaty basis.

7.   Cooperation under this article may be refused by a State Party if the offence to which the request relates is not an offence covered by this Convention.

8.   The provisions of this article shall not be construed to prejudice the rights of bona fide third parties.

9. States Parties shall consider concluding bilateral or multilateral treaties, agreements or arrangements to enhance the effectiveness of international cooperation undertaken pursuant to this article.

### Article 14.   Disposal of confiscated proceeds of crime or property

1. Proceeds of crime or property confiscated by a State Party pursuant to articles 12 or 13, paragraph 1, of this Convention shall be disposed of by that State Party in accordance with its domestic law and administrative procedures.

2. When acting on the request made by another State Party in accordance with article 13 of this Convention, States Parties shall, to the extent permitted by domestic law and if so requested, give priority consideration to returning the confiscated proceeds of crime or property to the requesting State Party so that it can give compensation to the victims of the crime or return such proceeds of crime or property to their legitimate owners.

3. When acting on the request made by another State Party in accordance with articles 12 and 13 of this Convention, a State Party may give special consideration to concluding agreements or arrangements on:

   (a) Contributing the value of such proceeds of crime or property or funds derived from the sale of such proceeds of crime or property or a part thereof to the account designated in accordance with article 30, paragraph 2 *(c),* of this Convention and to intergovernmental bodies specializing in the fight against organized crime;

   (b) Sharing with other States Parties, on a regular or case-by-case basis, such proceeds of crime or property, or funds derived from the sale of such proceeds of crime or property, in accordance with its domestic law or administrative procedures.

### Article 15.   Jurisdiction

1. Each State Party shall adopt such measures as may be necessary to establish its jurisdiction over the offences established in accordance with articles 5, 6, 8 and 23 of this Convention when:

   (a) The offence is committed in the territory of that State Party; or

   (b) The offence is committed on board a vessel that is flying the flag of that State Party or an aircraft that is registered under the laws of that State Party at the time that the offence is committed.

punishing a person on account of that person's sex, race, religion, nationality, ethnic origin or political opinions or that compliance with the request would cause prejudice to that person's position for any one of these reasons.

15.   States Parties may not refuse a request for extradition on the sole ground that the offence is also considered to involve fiscal matters.

16.   Before refusing extradition, the requested State Party shall, where appropriate, consult with the requesting State Party to provide it with ample opportunity to present its opinions and to provide information relevant to its allegation.

17.   States Parties shall seek to conclude bilateral and multilateral agreements or arrangements to carry out or to enhance the effectiveness of extradition.

### Article 17.   Transfer of sentenced persons

States Parties may consider entering into bilateral or multilateral agreements or arrangements on the transfer to their territory of persons sentenced to imprisonment or other forms of deprivation of liberty for offences covered by this Convention, in order that they may complete their sentences there.

### Article 18.   Mutual legal assistance

1.   States Parties shall afford one another the widest measure of mutual legal assistance in investigations, prosecutions and judicial proceedings in relation to the offences covered by this Convention as provided for in article 3 and shall reciprocally extend to one another similar assistance where the requesting State Party has reasonable grounds to suspect that the offence referred to in article 3, paragraph 1 *(a)* or *(b),* is transnational in nature, including that victims, witnesses, proceeds, instrumentalities or evidence of such offences are located in the requested State Party and that the offence involves an organized criminal group.

2.   Mutual legal assistance shall be afforded to the fullest extent possible under relevant laws, treaties, agreements and arrangements of the requested State Party with respect to investigations, prosecutions and judicial proceedings in relation to the offences for which a legal person may be held liable in accordance with article 10 of this Convention in the requesting State Party.

3.   Mutual legal assistance to be afforded in accordance with this article may be requested for any of the following purposes:

    *(a)* Taking evidence or statements from persons;

    *(b)* Effecting service of judicial documents;

    *(c)* Executing searches and seizures, and freezing;

    *(d)* Examining objects and sites;

    *(e)* Providing information, evidentiary items and expert evaluations;

    *(f)* Providing originals or certified copies of relevant documents and records, including government, bank, financial, corporate or business records;

    *(g)* Identifying or tracing proceeds of crime, property, instrumentalities or other things for evidentiary purposes;

    *(h)* Facilitating the voluntary appearance of persons in the requesting State Party;

    *(i)* Any other type of assistance that is not contrary to the domestic law of the requested State Party.

    4.   Without prejudice to domestic law, the competent authorities of a State Party may, without prior request, transmit information relating to criminal matters to a competent authority in another State Party where they believe that such information could assist the authority in undertaking or successfully concluding inquiries and criminal proceedings or could result in a request formulated by the latter State Party pursuant to this Convention.

    5.   The transmission of information pursuant to paragraph 4 of this article shall be without prejudice to inquiries and criminal proceedings in the State of the competent authorities providing the information. The competent authorities receiving the information shall comply with a request that said information remain confidential, even temporarily, or with restrictions on its use. However, this shall not prevent the receiving State Party from disclosing in its proceedings information that is exculpatory to an accused person. In such a case, the receiving State Party shall notify the transmitting State Party prior to the disclosure and, if so requested, consult with the transmitting State Party. If, in an exceptional case, advance notice is not possible, the receiving State Party shall inform the transmitting State Party of the disclosure without delay.

    6.   The provisions of this article shall not affect the obligations under any other treaty, bilateral or multilateral, that governs or will govern, in whole or in part, mutual legal assistance.

    7.   Paragraphs 9 to 29 of this article shall apply to requests made pursuant to this article if the States Parties in question are not bound by a treaty of mutual legal assistance. If those States Parties are bound by such a treaty, the

corresponding provisions of that treaty shall apply unless the States Parties agree to apply paragraphs 9 to 29 of this article in lieu thereof. States Parties are strongly encouraged to apply these paragraphs if they facilitate cooperation.

8. States Parties shall not decline to render mutual legal assistance pursuant to this article on the ground of bank secrecy.

9. States Parties may decline to render mutual legal assistance pursuant to this article on the ground of absence of dual criminality. However, the requested State Party may, when it deems appropriate, provide assistance, to the extent it decides at its discretion, irrespective of whether the conduct would constitute an offence under the domestic law of the requested State Party.

10. A person who is being detained or is serving a sentence in the territory of one State Party whose presence in another State Party is requested for purposes of identification, testimony or otherwise providing assistance in obtaining evidence for investigations, prosecutions or judicial proceedings in relation to offences covered by this Convention may be transferred if the following conditions are met:

*(a)* The person freely gives his or her informed consent;

*(b)* The competent authorities of both States Parties agree, subject to such conditions as those States Parties may deem appropriate.

11. For the purposes of paragraph 10 of this article:

*(a)* The State Party to which the person is transferred shall have the authority and obligation to keep the person transferred in custody, unless otherwise requested or authorized by the State Party from which the person was transferred;

*(b)* The State Party to which the person is transferred shall without delay implement its obligation to return the person to the custody of the State Party from which the person was transferred as agreed beforehand, or as otherwise agreed, by the competent authorities of both States Parties;

*(c)* The State Party to which the person is transferred shall not require the State Party from which the person was transferred to initiate extradition proceedings for the return of the person;

*(d)* The person transferred shall receive credit for service of the sentence being served in the State from which he or she was transferred for time spent in the custody of the State Party to which he or she was transferred.

12. Unless the State Party from which a person is to be transferred in accordance with paragraphs 10 and 11 of this article so agrees, that person,

whatever his or her nationality, shall not be prosecuted, detained, punished or subjected to any other restriction of his or her personal liberty in the territory of the State to which that person is transferred in respect of acts, omissions or convictions prior to his or her departure from the territory of the State from which he or she was transferred.

13. Each State Party shall designate a central authority that shall have the responsibility and power to receive requests for mutual legal assistance and either to execute them or to transmit them to the competent authorities for execution. Where a State Party has a special region or territory with a separate system of mutual legal assistance, it may designate a distinct central authority that shall have the same function for that region or territory. Central authorities shall ensure the speedy and proper execution or transmission of the requests received. Where the central authority transmits the request to a competent authority for execution, it shall encourage the speedy and proper execution of the request by the competent authority. The Secretary-General of the United Nations shall be notified of the central authority designated for this purpose at the time each State Party deposits its instrument of ratification, acceptance or approval of or accession to this Convention. Requests for mutual legal assistance and any communication related thereto shall be transmitted to the central authorities designated by the States Parties. This requirement shall be without prejudice to the right of a State Party to require that such requests and communications be addressed to it through diplomatic channels and, in urgent circumstances, where the States Parties agree, through the International Criminal Police Organization, if possible.

14. Requests shall be made in writing or, where possible, by any means capable of producing a written record, in a language acceptable to the requested State Party, under conditions allowing that State Party to establish authenticity. The Secretary-General of the United Nations shall be notified of the language or languages acceptable to each State Party at the time it deposits its instrument of ratification, acceptance or approval of or accession to this Convention. In urgent circumstances and where agreed by the States Parties, requests may be made orally, but shall be confirmed in writing forthwith.

15. A request for mutual legal assistance shall contain:

*(a)* The identity of the authority making the request;

*(b)* The subject matter and nature of the investigation, prosecution or judicial proceeding to which the request relates and the name and functions of the authority conducting the investigation, prosecution or judicial proceeding;

*(c)* A summary of the relevant facts, except in relation to requests for the purpose of service of judicial documents;

(d) A description of the assistance sought and details of any particular procedure that the requesting State Party wishes to be followed;

(e) Where possible, the identity, location and nationality of any person concerned; and

(f) The purpose for which the evidence, information or action is sought.

16. The requested State Party may request additional information when it appears necessary for the execution of the request in accordance with its domestic law or when it can facilitate such execution.

17. A request shall be executed in accordance with the domestic law of the requested State Party and, to the extent not contrary to the domestic law of the requested State Party and where possible, in accordance with the procedures specified in the request.

18. Wherever possible and consistent with fundamental principles of domestic law, when an individual is in the territory of a State Party and has to be heard as a witness or expert by the judicial authorities of another State Party, the first State Party may, at the request of the other, permit the hearing to take place by video conference if it is not possible or desirable for the individual in question to appear in person in the territory of the requesting State Party. States Parties may agree that the hearing shall be conducted by a judicial authority of the requesting State Party and attended by a judicial authority of the requested State Party.

19. The requesting State Party shall not transmit or use information or evidence furnished by the requested State Party for investigations, prosecutions or judicial proceedings other than those stated in the request without the prior consent of the requested State Party. Nothing in this paragraph shall prevent the requesting State Party from disclosing in its proceedings information or evidence that is exculpatory to an accused person. In the latter case, the requesting State Party shall notify the requested State Party prior to the disclosure and, if so requested, consult with the requested State Party. If, in an exceptional case, advance notice is not possible, the requesting State Party shall inform the requested State Party of the disclosure without delay.

20. The requesting State Party may require that the requested State Party keep confidential the fact and substance of the request, except to the extent necessary to execute the request. If the requested State Party cannot comply with the requirement of confidentiality, it shall promptly inform the requesting State Party.

21. Mutual legal assistance may be refused:

23

 *(a)* If the request is not made in conformity with the provisions of this article;

 *(b)* If the requested State Party considers that execution of the request is likely to prejudice its sovereignty, security, *ordre public* or other essential interests;

 *(c)* If the authorities of the requested State Party would be prohibited by its domestic law from carrying out the action requested with regard to any similar offence, had it been subject to investigation, prosecution or judicial proceedings under their own jurisdiction;

 *(d)* If it would be contrary to the legal system of the requested State Party relating to mutual legal assistance for the request to be granted.

 22. States Parties may not refuse a request for mutual legal assistance on the sole ground that the offence is also considered to involve fiscal matters.

 23. Reasons shall be given for any refusal of mutual legal assistance.

 24. The requested State Party shall execute the request for mutual legal assistance as soon as possible and shall take as full account as possible of any deadlines suggested by the requesting State Party and for which reasons are given, preferably in the request. The requested State Party shall respond to reasonable requests by the requesting State Party on progress of its handling of the request. The requesting State Party shall promptly inform the requested State Party when the assistance sought is no longer required.

 25. Mutual legal assistance may be postponed by the requested State Party on the ground that it interferes with an ongoing investigation, prosecution or judicial proceeding.

 26. Before refusing a request pursuant to paragraph 21 of this article or postponing its execution pursuant to paragraph 25 of this article, the requested State Party shall consult with the requesting State Party to consider whether assistance may be granted subject to such terms and conditions as it deems necessary. If the requesting State Party accepts assistance subject to those conditions, it shall comply with the conditions.

 27. Without prejudice to the application of paragraph 12 of this article, a witness, expert or other person who, at the request of the requesting State Party, consents to give evidence in a proceeding or to assist in an investigation, prosecution or judicial proceeding in the territory of the requesting State Party shall not be prosecuted, detained, punished or subjected to any other restriction

of his or her personal liberty in that territory in respect of acts, omissions or convictions prior to his or her departure from the territory of the requested State Party. Such safe conduct shall cease when the witness, expert or other person having had, for a period of fifteen consecutive days or for any period agreed upon by the States Parties from the date on which he or she has been officially informed that his or her presence is no longer required by the judicial authorities, an opportunity of leaving, has nevertheless remained voluntarily in the territory of the requesting State Party or, having left it, has returned of his or her own free will.

28. The ordinary costs of executing a request shall be borne by the requested State Party, unless otherwise agreed by the States Parties concerned. If expenses of a substantial or extraordinary nature are or will be required to fulfil the request, the States Parties shall consult to determine the terms and conditions under which the request will be executed, as well as the manner in which the costs shall be borne.

29. The requested State Party:

*(a)* Shall provide to the requesting State Party copies of government records, documents or information in its possession that under its domestic law are available to the general public;

*(b)* May, at its discretion, provide to the requesting State Party in whole, in part or subject to such conditions as it deems appropriate, copies of any government records, documents or information in its possession that under its domestic law are not available to the general public.

30. States Parties shall consider, as may be necessary, the possibility of concluding bilateral or multilateral agreements or arrangements that would serve the purposes of, give practical effect to or enhance the provisions of this article.

*Article 19.   Joint investigations*

States Parties shall consider concluding bilateral or multilateral agreements or arrangements whereby, in relation to matters that are the subject of investigations, prosecutions or judicial proceedings in one or more States, the competent authorities concerned may establish joint investigative bodies. In the absence of such agreements or arrangements, joint investigations may be undertaken by agreement on a case-by-case basis. The States Parties involved shall ensure that the sovereignty of the State Party in whose territory such investigation is to take place is fully respected.