UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA,
:
      Plaintiff,
:
      - v. -                                      [PROPOSED] PROTECTIVE
:      ORDER
THE M/Y *AMADEA*, A MOTOR YACHT
BEARING INTERNATIONAL MARITIME    :      1:23-cv-9304 (DEH)
ORGANIZATION NO. 1012531, INCLUDING
ALL FIXTURES, FITTINGS, MANUALS,     :
STOCKS, STORES, INVENTORIES, AND
EACH LIFEBOAT, TENDER, AND OTHER    :
APPURTENANCE THERETO,
:
      Defendant-*In-Rem*.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order (the "Order") upon the joint motion of Plaintiff the United States of America (the "Government") and Claimants Eduard Khudainatov and Millemarin Investments Ltd. (together, "Claimants") (each referred to as a "Party" or collectively as the "Parties"), for the purpose of assuring the confidentiality of certain information that may be disclosed by the Parties and certain nonparties in the course of discovery.

      1.     Documents or other materials produced by a Party or nonparty (a "Producing Party") in this action may contain information that the Producing Party contends constitutes confidential commercial, proprietary, financial, or law enforcement sensitive information ("Protected Information").

      2.     Any Producing Party may designate as "Protected" any material produced in this

1

action that the Producing Party believes in good faith contains Protected Information. A Producing Party may designate material as Protected in one or more of the following ways:

    a.    Information set forth in an answer to an interrogatory may be so designated by including "Subject to Protective Order" in the answer.

    b.    Information contained in any document or part thereof may be so designated by marking "Subject to Protective Order" on the document or any copy of it (including in the filename) delivered to the opposing Party or its counsel.

    c.    Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition that the information is "Subject to Protective Order." A Party or witness may also designate any portion of the deposition transcript as Protected within 20 days after the deposition is taken.

    d.    The inadvertent failure to designate information as Protected by one of the above methods will not be deemed to waive a later claim as to its confidentiality, or to stop the Producing Party from designating such information as Protected at a later date by written notice. Where a Producing Party does so, the information must be treated by the Parties as Protected from the time notice is provided.

3. Except as otherwise provided herein, any material designated Protected shall be used for the sole purpose of conducting the litigation of the above-captioned action and any appeals thereto and for no other purpose, and shall not be disclosed to persons other than the persons designated in Paragraph 4 below; provided, however, that nothing in this Order shall prohibit the United States from utilizing and/or disclosing Protected Information for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

4. Except as otherwise provided herein, disclosure of material designated as Protected shall be restricted solely to the following persons, all of whom are deemed bound by the terms of this Order:

    a.    The Parties, their officers, employees and agents who are assisting in prosecuting or defending this action;

    b.    Counsel for the Parties in this action, and their employees who are working on this litigation;

    c.    Expert witnesses and consultants, and their employees, who are directly employed or retained in connection with this action by counsel for the Parties, to the extent that such disclosure is necessary for the prosecution or defense of this case, provided that they sign the Acknowledgement Form attached hereto as Exhibit A;

    d.    Potential fact witnesses who are current or former employees, agents, or representatives of the Parties, and/or their counsel, as necessary for the prosecution or defense of this litigation;

    e.    Any other potential fact witnesses and/or their counsel pursuant to the terms of paragraph 5 below;

    f.    Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony, provided that they sign the Acknowledgement Form attached hereto as Exhibit A;

    g.    The Court and court personnel, including court reporters at proceedings in this action; and

    h.    Such other person as hereafter may be agreed upon by the Parties or authorized by the Court upon motion of any Party.

5.    Disclosure under paragraph 4(e) above of material designated as Protected shall be made as follows:

    a.    Prior to the disclosure under paragraph 4(e) above of material designated as Protected, the Party intending to make such disclosure (the "Disclosing Party") shall provide a copy of this Order to the potential fact witness and his or her counsel, and request that they sign an Acknowledgement Form. Counsel for the Disclosing Party shall retain all executed Acknowledgement Forms, and shall provide copies of same to the Producing Party's counsel.

    b.    In the event that (i) any nonparty whose deposition has been noticed refuses to execute an Acknowledgement Form in accordance with

       paragraph 5(a) above and (ii) the Disclosing Party nevertheless contends that disclosure of material designated as Protected to such nonparty is necessary to conduct this litigation (including, without limitation, disclosure by deposition question or deposition exhibit), then the Disclosing Party shall notify in writing (via e-mail), at least 3 business days and no less than 72 hours prior to the deposition, counsel for the Producing Party of the following: (i) the identity of the nonparty witness that has refused to execute an Acknowledgement Form and the identity of its counsel, if any, and (ii) the specific Protected material that the Disclosing Party desires to disclose to such nonparty (including, without limitation, by reference to Bates number pages or portions thereof).

    c. If the Disclosing Party so notifies counsel for the Producing Party, and the Disclosing Party and the Producing Party are unable to resolve the dispute through a meet and confer, the Producing Party may move this Court on an expedited basis for appropriate relief under the Local Rules and Court's Individual Practices no less than 24 hours before the deposition.

    d. A failure by the Producing Party to move for appropriate relief under paragraph 5(c) on an expedited basis no less than 24 hours before the deposition will constitute waiver of the Protected status of the material at issue with regard to that specific nonparty whose deposition has been noticed, and counsel for the Disclosing Party may disclose the material designated as Protected to that nonparty and/or his or her counsel at the deposition.

    e. If the Producing Party informs the Disclosing Party that it intends to file a motion for appropriate relief under paragraph 5(c) on an expedited basis with the Court, the Disclosing Party shall not disclose material designated as Protected during the deposition until there is a final disposition on the expedited motion, including through immediate interlocutory appellate review, if applicable. The Disclosing Party has the option of:

        1. Postponing the deposition until final resolution of the expedited motion, or

        2. Conducting the deposition without disclosure of the Protected Information and subject to a reservation of the right to recall the deponent for questioning pertaining to the Protected Information after the resolution of an appropriate application by either side to this Court concerning the use of that Protected Information.

6. Witnesses shown Protected Information according to paragraphs 4(e) and 5 above

shall not be allowed to retain copies of the Protected Information. The portions of any deposition transcripts reflecting Protected Information shall be deemed "Protected" in accordance with paragraph 1 above.

7. Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of persons authorized by this Order to review the Protected Information. Any portion of deposition transcripts containing such questions and testimony shall be automatically subject to the same protections and precautions as the Protected Information.

8. Nothing in this Order shall prevent any disclosure of Protected Information by the Party or nonparty that designated the information as such.

9. Before any Party or nonparty may file publicly with the Court any material designated as Protected under this Order or portions of pleadings, motions, or other papers that disclose such material, they shall make an application to the Court requesting that the filings disclosing such information be filed with redactions and under temporary seal for a period of 14 days during which time the Producing Party may file a motion to seal such information. The Parties, however, may provide to the Court any material designated Protected without waiting 14 days or providing notice to the Producing Party, if the Party providing such material to the Court requests that the material designated Protected not be publicly docketed. In the event that the relevant Producing Party is not a Party, the filing party shall serve a copy of its application on the Producing Party on the same day that it files such application with the Court.

10. This Order shall not: (a) operate as an admission by any Party that any particular discovery material contains or reflects proprietary, commercial, law enforcement sensitive or

other confidential matter; (b) prejudice in any way the right of a Party to object to the production of documents it considers not subject to discovery, or to otherwise oppose any discovery request as unreasonable or inappropriate in nature or scope; (c) prejudice in any way the right of a Party to seek a Court determination as to (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Order; or (d) prejudice any Party from seeking amendments broadening or restricting the rights of access to and use of Protected Information, or other modifications, subject to order by the Court.

11. Nothing in this Order shall preclude any Party or its attorneys from showing any document designated Protected to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face. Nor shall anything in this Order restrict the disclosure or use of any information that is known or becomes known through means or sources outside of this litigation.

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the Parties receiving the at-issue Protected Information a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(j) of this Court's Individual Practices.

13. Upon the conclusion of this litigation, all material designated as Protected Information and all copies thereof shall be returned to the Producing Party or such material shall be certified to have been destroyed. Nothing in this Order, however, shall prohibit the United States from retaining any material designated as Protected as necessary for any criminal

investigation or proceeding, or as otherwise permitted under federal law. Documents required to be maintained by the Department of Justice's record retention policy need not be destroyed or returned provided that all materials retained for this purpose continue to be maintained in accordance with the provisions of this Order. Further, outside litigation counsel may keep one copy of court submissions containing Protected Information for archival purposes. Nothing in this Order requires the return or destruction of attorney work-product or attorney-client communications of either Party that is maintained and stored by counsel in the regular course of business. Furthermore, nothing in this Order requires the return of Protected Information filed with the Court.

      14.    All designations must be based upon a good faith belief that the designated material contains Protected Information. If any Party believes that any documents or other materials have been inappropriately designated, the Party shall provide written notice to counsel for the Producing Party. Within 30 days after receiving such notice, and after meeting and conferring with the Party that has provided such written notice, the Producing Party may seek a ruling from the Court as to whether the material is Protected and subject to the protections of this Order. The Parties shall make a good faith attempt to resolve the matter before involving the Court. The Producing Party asserting confidentiality shall bear the burden of proving that the material is Protected and protected by this Order. Until any dispute under this paragraph is ruled upon by the Court, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Order. If the Producing Party asserting confidentiality does not seek a ruling from the Court within the aforementioned 30-day period, the document(s) at issue shall no longer be considered Protected.

15. Nothing in this Order shall preclude a Party from offering any material designated Protected into evidence at the trial of this action or shall prejudice any Party's right to use Protected Information in open court, provided that reasonable notice of such potential use of the Protected Information is given to the Producing Party so that the Producing Party may move to seal the document or otherwise seek to prevent the disclosure of the material in open court. The Parties reserve the right, if any, to seek a pretrial ruling from the Court regarding the treatment of specific Protected Information at trial, and further reserve the right to oppose any such application.

16. If any Party is required by law or court order to disclose, disseminate, or transmit Protected Information to any person or entity not identified herein in paragraph 4, the name of that person or entity and the reason access is required shall be provided to the Producing Party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the Producing Party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.

17. Inadvertent disclosure of information or documents subject to a claim of privilege or work product protection shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, as modified by paragraphs 18 and 19 below.

18. The production or disclosure of any information (including documents) in this action that a Party or nonparty later claims should not have been produced due to a privilege or protection from discovery—including, but not limited to, any attorney client privilege, work product protection, joint defense privilege, or deliberative process privilege—shall not constitute

a waiver of, or estoppel as to, any such privilege or protection, regardless of whether reasonable steps were taken to prevent such inadvertent disclosure. A Producing Party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return, and the timeliness of such a request will be governed by Federal Rule of Evidence 502(b). If a Party receives information that it believes may be subject to a claim of privilege or protection from discovery, the Party receiving such information shall promptly identify the information to the Producing Party.

19.  When a Party identifies privileged or protected information that was inadvertently disclosed, the recipient of such information: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to whom the party disclosed the information; (3) shall, within five business days of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies thereof; and (4) shall confirm to the Producing Party the destruction, under (3) above, of all copies of the information not returned to the Producing Party. No Party or nonparty shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Within 30 days after a Party identifies the information, and not after that time period has elapsed, the Party that received the information may file a motion to compel the production of the inadvertently disclosed information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or protection has been waived by some act other than the inadvertent disclosure of the information in the Action. The Parties shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel.

20. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the Government to produce information that otherwise would be prohibited from disclosure under the Privacy Act of 1974 without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information.

21. In order to permit discovery to proceed without further delay, the Parties agree that this Order shall be effective from the date on which it is executed by counsel for the Parties and shall apply to all materials produced at any time during the pendency of this action, with any modifications that may be made by the Court upon Court approval, or until this Order is superseded by another stipulation and order agreed to by the Parties and ordered by the Court.

The parties are apprised that the Court retains discretion as to whether to afford information marked confidential such treatment in its opinions and orders.

SO ORDERED:

Dated: New York, New York
       __April 11__, 2024

_____
HON. DALE E. HO
United States District Judge

10