

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

May 3, 2024

By ECF
The Honorable Dale E. Ho
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

Pursuant to Local Civil Rule 37.2 and Rule 4 of Your Honor's Individual Rules, the Government respectfully requests a conference to discuss its motion to compel responses to certain of the discovery requests it served on Eduard Khudainatov and Millemarin Investments Ltd. ("Claimants").

## A.  The Government's Discovery Requests and Claimants' Objections

At issue are two interrogatories and four requests for production of documents ("RFPs") in the Government's first set of discovery requests, which it served on Claimants on February 26, 2024. In Claimants' responses and objections to that set of requests, served on March 29, 2024, Claimants stated that, on the basis of their objections, they would not provide any answers or documents in response to Interrogatory Nos. 2 and 3 and RFP Nos. 26-29. Exhibit A. Following a meet and confer, Claimants decided to stand on their objections. Exhibit B at 3, 9-10. As the parties are currently at an impasse with respect to these interrogatories and RFPs, the Government respectfully requests a conference to discuss its anticipated motion to compel responses.[1]

The requests at issue concern Claimant Khudainatov's finances and purported ownership of numerous other yachts, an issue discussed in the First Amended Complaint. *See* FAC ¶¶ 15, 45-49. Interrogatory No. 2 asks Claimants to identify all yachts that Khudainatov owns or has owned and to provide certain information about each such yacht. Exhibit A at 6. Interrogatory No. 3 asks Claimants to identify all persons with knowledge concerning Khudainatov's purported ownership of each of the yachts identified in response to Interrogatory No. 2. *Id.* at 7. RFP Nos. 26, 27, and 28 request documents about any person's ownership of the M/Y *Crescent*, the M/Y *Scheherazade*, and the other "yachts or yacht projects referenced in paragraph 46 of the [FAC]," respectively. *Id.*

---

[1] The parties met and conferred about these (and other) discovery requests on April 9, 2024, and the Government wrote Claimants that it believed the parties were at an impasse with respect to these requests later that day, and again on April 25 after additional back and forth. *See* Exhibit B at 2, 9-10. The parties are continuing to meet and confer about several of the other requests in this set. *See id.* at 1.

at 25-26. Finally, RFP No. 29 requests "[d]ocuments sufficient to show Khudainatov's assets, liability, net worth, and financial liquidity at all times since January 1, 2012," *id.* at 26, the year in which Khudainatov claims to have begun financing the construction of the M/Y *Amadea*, *Khudainatov, et al. v. United States*, No. 23-cv-01946-W-SBC, ECF No. 1-2, at 6-7 (S.D. Cal. Oct. 22, 23) ("Rule 41(g) Mot.").

While Claimants make various objections to these requests, their primary objection to each is that Mr. Khudainatov's potential ownership of yachts other than the *Amadea* is not relevant to this case. As to RFP No. 29, Claimants initially agreed (during the parties' April 9 phone conference) to produce information demonstrating that Mr. Khudainatov had sufficient wealth and liquidity to purchase and maintain ownership of the *Amadea* (but not information demonstrating that his finances permitted him to purchase, own, or maintain the other yachts), consistent with their relevance objection to producing "other yachts" related information. *See* Exhibit B at 9-10. However, in a subsequent email, Claimants reverted back to fully objecting to producing any documents responsive to this RFP based on overbreadth, burden, and relevance objections. *See id.* at 3; Exhibit A at 26.

## A. Claimants Must Produce the Requested Information, Which Is Relevant to the Government's Claims

The information the Government has requested about Khudainatov's finances and his purported ownership of yachts other than the *Amadea* easily meets the relevance standard of Federal Rule of Civil Procedure 26(b)(1).

Information about Khudainatov's finances is relevant to the issue of ownership of the *Amadea*, a key disputed issue in this case that goes to both the Government's claims and Claimants' anticipated defenses. Although it goes without saying, most people, including most wealthy people, cannot afford to own or maintain a 348-foot superyacht like the *Amadea*. *See* ECF Nos. 34, 58-1. Khudainatov has taken the position that he is one of the rare individuals with sufficient wealth and liquidity to do so and that he has owned and maintained the *Amadea* for more than a decade. *See* Rule 41(g) Mot. at 5-6. The Government is entitled to collect information about his finances to determine if that is true. A claimant's ability to afford the defendant asset is a common issue of exploration in asset forfeiture cases and can be dispositive on the issue of straw ownership. *See, e.g.*, *United States v. One 1982 Porsche 928*, 732 F. Supp. 447, 450-52 (S.D.N.Y. 1990) (claimants lacked standing where they "could not have afforded to purchase the vehicle from earnings" based on their joint tax returns and their allegation that they purchased the vehicle with other funds was not credible where bank records showed "none of these funds apparently passed through any of claimants' bank accounts"); *United States v. One Parcel of Real Est. Commonly Known as 2030 E. Monroe St., Springfield, Ill.*, 884 F. Supp. 1218, 1223 (C.D. Ill. 1995) (concluding claimant lacks standing based in part on analysis of claimant's financial records). *Cf. U.S. v. 11,640.00 in U.S. Currency*, No. 7:13-CV-184 TWD, 2014 WL 4217389, at *8 (N.D.N.Y. Aug. 25, 2014).

Information about Khudainatov's purported ownership of other yachts is also relevant to the Government's claims in this case for multiple reasons.[2] First, such information is relevant to the issue of whether Khudainatov could afford to own and maintain the *Amadea*, as he would have needed to have sufficient assets and liquidity to do so while simultaneously owning and maintaining several other yachts collectively worth more than $1 billion. *See* FAC ¶ 46. Second, such information is relevant to the Government's allegation that Imperial Yachts and its president Evgeny Kochman "set up shell companies through which Kochman would nominally purchase a luxury yacht on behalf of a buyer who wished to shield his identity and/or involvement in the yacht purchase," and that Khudainatov "has functioned as a straw owner" for such yachts on multiple occasions. FAC ¶¶ 13-15, 46. Evidence that Khudainatov acted as a straw owner for other yachts is relevant to the issue of the *Amadea's* ownership as "other acts" evidence admissible under Federal Rule of Evidence 404(b)(2). *See In re 650 Fifth Ave. & Related Properties*, 830 F.3d 66, 92 (2d Cir. 2016) ("Such evidence of Bank Melli's pre-1995 intent to conceal its ownership of Assa behind straw entities and purchasers is probative, though not determinative, of Bank Melli's similar intent in seeming to transfer Assa ownership for trivial consideration to even more remote straw purchasers in 1995.") (citing Fed. R. Evid. 404(b)(2)). Third, evidence that Khudainatov has served as a serial straw owner is also relevant to any Eighth Amendment challenge that Claimants may bring at the conclusion of this case as it will bear on their culpability. *See von Hofe v. United States*, 492 F.3d 175, 182 (2d Cir. 2007) (discussing factors considered in Excessive Fines Clause challenge, including "the culpability of the claimant").

Finally, as the Court will see from the parties' correspondence, the Government has promptly met and conferred with Claimants to attempt to resolve discovery disputes. *See* Exhibit B. However, Claimants have yet to respond to many of the Government's requests, including those that are typically answered at the outset of discovery because they provide information necessary to determine what additional third-party discovery is needed. *See* Exhibit A at 6 (declining to respond to Interrogatory No. 1, which requests the identity of potential witnesses that Claimants may rely on trial, until after a protective order is entered).[3] The Government requested that Claimants provide the missing responses by May 6 but they have refused to do so, stating that the Court's discovery deadlines do not create "any exigency," and indicating they will respond by May 23. Exhibit B at 1-3. Given that fact discovery is currently set to close on June 24, Claimant's offer of a May 23 response date is wholly inadequate. While the Government expects to join in Claimants' anticipated request for an extension of the discovery deadlines at the appropriate time, should the Court not be open to granting such an extension, the Government would also like to discuss compelling timely responses to its outstanding requests at any discovery conference that is scheduled.

---

[2] Claimants have also objected to Interrogatory No. 2, which requests a list of the yachts that Khudainatov owns or has owned and information about each, on the ground that this interrogatory "calls for information beyond the scope of Local Civil Rule 33.3(a)." Exhibit A at 6-7; Exhibit B at 3. However, because fact discovery closes on June 24, the parties are now in the middle of discovery and no longer at its "commencement" and therefore Local Civil Rule 33.3(b) is the applicable provision. Claimants must respond to this interrogatory because it is a far "more practical method of obtaining the information sought than a request for production or a deposition." *See* Local Civil Rule 33.3(b)(1).

[3] The Court entered a protective order for this case on April 11, 2024. ECF No. 83.

We thank the Court for its consideration of this request.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney
        Southern District of New York

By: */s/ Jennifer Jude*
        JENNIFER JUDE
        Assistant United States Attorneys


        MARGARET A. MOESER
        Acting Chief
        Money Laundering and Asset Recovery
        Section, Criminal Division
        U.S. Department of Justice

        By: */s/ Joshua L. Sohn*
        JOSHUA L. SOHN
        Trial Attorney
        Money Laundering and Asset Recovery
        Section


        JENNIFER KENNEDY GELLIE
        Executive Deputy Chief
        Counterintelligence and Export Control
        Section, National Security Division
        U.S. Department of Justice

        By: */s/ Yifei Zheng*
        YIFEI ZHENG
        Trial Attorney
        Counterintelligence and Export Control
        Section

cc: Claimants' counsel (by ECF)