**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

      Plaintiff,

        v.

THE M/Y *AMADEA*, A MOTOR YACHT
BEARING INTERNATIONAL MARITIME
ORGANIZATION NO. 1012531,
INCLUDING ALL FIXTURES, FITTINGS,
MANUALS, STOCKS, STORES,
INVENTORIES, AND EACH LIFEBOAT,
TENDER, AND OTHER
APPURTENANCE THERETO,

      Defendant-*In-Rem*,

        and

EDUARD YURIEVICH KHUDAINATOV,
MILLEMARIN INVESTMENTS LTD.,

      Claimants.

Case No. 1:23-cv-09304

The Honorable Dale E. Ho

---

**CLAIMANTS EDUARD YURIEVICH KHUDAINATOV AND
MILLEMARIN INVESTMENTS LTD.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

      Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 and

33.3 of the Local Rules of the United States District Court for the Southern and Eastern Districts

of New York (the "Local Rules"), Claimants Millemarin Investments Ltd. ("Millemarin") and

Eduard Khudainatov ("Khudainatov") (together, "Claimants"), hereby object and respond to the

First Set of Requests for Production, dated February 26, 2024 (the "Discovery Requests"), of

Plaintiff the United States of America (the "government"), as follows.

## **GENERAL OBJECTIONS**

Each of Claimants' responses to the Discovery Requests is subject to the following General Objections, and such General Objections are incorporated by reference in Claimants' specific responses to each Interrogatory and Document Request as if fully set forth therein, unless such response specifically states that it is made notwithstanding such objections (in which case such objections are reserved but not specifically relied upon to withhold documents and/or information). The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Claimants from raising that objection at a later time. These General Objections form a part of the response to each individual Interrogatory and Document Request and are set forth herein to avoid the repetition of restating them for each response.

1. Claimants object to the Discovery Requests at this time, as the government has served Claimants with Special Interrogatories, which are limited to the issue of Claimants' identity and relationship to the defendant property pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G(6)"), questioning Claimants' standing in this matter. As a result, the government's service of the Discovery Requests on Claimants at this time, which go beyond the scope of Rule G(6), and while the government is simultaneously questioning the threshold matter of Claimants' standing is improper.

2. Claimants object to the Discovery Requests at this time, as a protective order is not yet in place in this matter prohibiting the sharing of documents and information produced during discovery outside of this litigation.

3. Claimants object to all definitions, instructions, and Interrogatories and/or Document Requests that purport to impose obligations beyond those required or permitted by

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions ("Rule G"), Rule 33 of the Federal Rules of Civil Procedure, Rules 26.3 and 33.3 of the

Local Rules, and/or any order of this Court governing the exchange of documents and/or

information in this action.

4.      Claimants object to each and every Interrogatory, Document Request, definition,

and instruction to the extent that they contain inaccurate, incomplete, or misleading descriptions

of the facts, persons, relationships, events, or pleadings underlying this action. Claimants'

response to any specific Discovery Request is not, and shall not be construed to be, an agreement

or admission by Claimants of the propriety of that Discovery Request, nor shall any such

response be construed to mean that Claimants agree with the characterization of the facts or

allegations contained in the specific Discovery Request, or that any such description is accurate

or correct.

5.      Claimants object to the Discovery Requests to the extent they call for information

not relevant to a claim or defense in this litigation, are vague or ambiguous, are unduly

burdensome or oppressive to answer, and/or are not proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit.

6.      Claimants object to the Discovery Requests to the extent that they purport to

require Claimants to provide "all" or "any" information relating to a given subject matter, as

such Discovery Requests are overbroad, unduly burdensome, and improper.

7.     Claimants object to the Discovery Requests to the extent that they seek information, documents, and/or data located in foreign jurisdictions subject to confidentiality, data privacy, and/or other laws that limit or prohibit the transfer or disclosure of such information, documents, and/or data.

8.     Claimants object to the Discovery Requests to the extent that they seek to circumvent the provisions of any applicable convention or treaty.

9.     Claimants object to the Discovery Requests to the extent they seek the disclosure of information subject to the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"). Claimants will not produce such information in the absence of an appropriate Court order satisfying the requirements of these statutes and sufficiently protecting confidential information.

10.     Claimants object to the Discovery Requests to the extent that they require legal argument, a legal determination or conclusion, and/or are susceptible to differing legal interpretations.

11.     Claimants object to the Discovery Requests to the extent that they are internally repetitive, and seek the same information or documents and/or ask the same question in more than one Interrogatory or Document Request, or are repetitive with the Special Interrogatories served by the government on Claimants dated February 9, 2024.

12.     Claimants object to the Discovery Requests to the extent they seek information that is that is already in the public domain and/or publicly available to, has previously been provided to, is otherwise within the possession, custody or control of, or is readily obtainable by, the government, their agents, and/or their counsel.

13.     Claimants object to the Discovery Requests to the extent that they seek information outside of Claimants' possession, custody, or control, or that is more reasonably

likely to be in the possession, custody, or control of other parties to this action or third parties, or available from a more convenient, more efficient, less burdensome, or less expensive source.

14.    Claimants object to the Discovery Requests to the extent that they seek information that is non-public, confidential, personal, proprietary, financial, customer, client or commercially sensitive, based on confidential trade secrets or non-public research, and/or information that is subject to other protective orders, non-disclosure agreements, or other confidentiality obligations to a third party that restrict or prohibit disclosure of such information by Claimants.

15.    Claimants object to the Discovery Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common-interest privilege, or any other applicable privilege or protection recognized by law (whether foreign or domestic). No information covered by any privilege, protection, immunity, or limitation will be intentionally disclosed. In the event that any such information is disclosed, the disclosure is inadvertent and will not constitute a waiver of any privilege, immunity, claim of confidentiality, or of Claimants' rights to object to the use of any such information in this action or in any other proceeding.

16.    The Discovery Requests are being answered subject to the limitation that investigation and discovery in this case are ongoing. Claimants expressly reserve their rights to supplement, clarify, revise, or correct any or all of the responses herein at any time. By making the following responses to the Discovery Requests, Claimants do not waive, and hereby expressly reserve, the right to assert any and all objections as to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

Furthermore, Claimants are providing the responses herein without in any manner implying or admitting that any of the Discovery Requests, or any of the responses thereto, is relevant or material to the subject matter of this action, and without conceding their admissibility.

17.    The General Objections above are incorporated into each of the Specific Responses and Objections set forth below as if fully set forth therein.


### SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

#### INTERROGATORY NO. 1:

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that Claimants may use to support their claims or defenses in this case. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

**Response to Interrogatory No. 1:** Claimants incorporate by reference General Objections 1, 2, 3, 7, 8, 9, 12, 13, 14, and 16, set forth above.

Subject to and without waiving the foregoing General and Specific Objections, Claimants will respond to this Interrogatory once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.


#### INTERROGATORY NO. 2:

Identify all yachts that Khudainatov owns or has owned, directly or indirectly, and for each, provide (a) the yacht's specification, including make, manufacturer, and length, (b) the date Khudainatov purchased the yacht, (c) the price Khudainatov paid to purchase the yacht, (d) any other persons (including holding companies) involved in the ownership of the yacht, (e) the current value of the yacht (if Khudainatov still owns it), (f) the price Khudainatov received to sell the yacht (if he no longer owns it), and (g) any persons involved in the management of the yacht.

**Response to Interrogatory No. 2:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, set forth above, and further object on the grounds that this Interrogatory calls for information beyond the scope of Local Civil Rule

33.3(a) and the time period relevant to the government's allegations in the First Amended

Complaint; is overbroad, unduly burdensome, irrelevant to whether the *Amadea* is forfeitable in

this case; and the following terms are subjective, vague, ambiguous, undefined, susceptible to

multiple meanings, interpretations, and/or differing legal interpretations: "indirectly,"

"specification," "any persons involved in the management," and "current value." Claimants

further object on the grounds that Claimants have already responded to questions, and provided

information, regarding Claimants' ownership of the *Amadea*, the vessel at issue in this litigation,

including but not limited to, in Claimants' Verified Claim, and the exhibits attached thereto, and

Claimants' Amended Responses and Objections to Plaintiff's Special Interrogatories.


**INTERROGATORY NO. 3:**

Identify all persons with knowledge concerning Khudainatov's ownership of any of the yachts
identified in response to Interrogatory No. 2, including the *Amadea*, and specify for which yachts
each person has knowledge.

 **Response to Interrogatory No. 3:** Claimants incorporate by reference General

Objections 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, set forth above, and further object

on the grounds that it calls for information outside of the scope of Local Civil Rule 33.3(a) and

the time period relevant to the government's allegations in the First Amended Complaint; is

overbroad, unduly burdensome, and irrelevant to whether the *Amadea* is forfeitable in this case;

and the following term is subjective, vague, ambiguous, undefined, susceptible to multiple

meanings, interpretations, and/or differing legal interpretations: "knowledge."

 Subject to and without waiving the foregoing General and Specific Objections, Claimants

refer the government to their response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Identify all persons who have been guests on the *Amadea* since January 1, 2017, and for each person, provide the dates on which they were a guest and whether the person stayed overnight on the *Amadea*.

    **Response to Interrogatory No. 4:** Claimants incorporate by reference General

Objections 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, set forth above, and further object on

the grounds that it calls for information outside of the scope of Local Civil Rule 33.3(a) and the

time period relevant to the government's allegations in the First Amended Complaint, and calls

for information that is protected by an applicable privilege; and is overbroad, unduly

burdensome, and irrelevant to whether the *Amadea* is forfeitable in this case.

**INTERROGATORY NO. 5:**

Identify all persons who have chartered the *Amadea* since January 1, 2017, and for each person, provide the dates of their charter(s), the amount they paid for their charter(s), and to whom they made such payment.

    **Response to Interrogatory No. 5:** Claimants incorporate by reference General

Objections 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, set forth above, and further object on

the grounds that it calls for information outside of the scope of Local Civil Rule 33.3(a) and the

time period relevant to the government's allegations in the First Amended Complaint, and calls

for information that is protected by an applicable privilege; and is overbroad, unduly

burdensome, and irrelevant to whether the *Amadea* is forfeitable in this case.


**INTERROGATORY NO. 6:**

Identify all dates on which Khudainatov personally used the *Amadea* and, for each date, identify the geographic location of the *Amadea* and state whether Khudainatov stayed overnight on the *Amadea*.

    **Response to Interrogatory No. 6:** Claimants incorporate by reference General

Objections 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, set forth above, and further object on

the grounds that it calls for information outside of the scope of Local Civil Rule 33.3(a) and the time period relevant to the government's allegations in the First Amended Complaint; and is irrelevant to whether the *Amadea* is forfeitable in this case.

Subject to and without waiving the foregoing General and Specific Objections, Claimants will respond to this Interrogatory once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.


**INTERROGATORY NO. 7:**

Identify all persons who paid, directly or indirectly, for the costs of operating and maintaining the *Amadea* (including insurance) since January 1, 2017, and for each person state which costs they paid and during what time period.

**Response to Interrogatory No. 7:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, set forth above, and further object on the grounds that it calls for information outside of the scope of Local Civil Rule 33.3(a) and the time period relevant to the government's allegations in the First Amended Complaint, and calls for information that is protected by an applicable privilege; and is overbroad, unduly burdensome, and irrelevant to whether the *Amadea* is forfeitable in this case; and the following term is subjective, vague, ambiguous, undefined, susceptible to multiple meanings, interpretations, and/or differing legal interpretations: "indirectly."

Subject to and without waiving the foregoing General and Specific Objections, Claimants will respond to this Interrogatory once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.


**INTERROGATORY NO. 8:**

Identify all persons who paid, directly or indirectly, for any services related to renovations, improvements, or alterations (together, "alterations") to the *Amadea*, including planning, design,

and preparatory work for any alterations that ultimately were not undertaken, since January 1, 2017, including but not limited to the alterations described in paragraphs 41 and 42 of the First Amended Complaint, and for each person state for which service they paid.

**Response to Interrogatory No. 8:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, set forth above, and further object on the grounds that this Interrogatory calls for information outside of the scope of Local Civil Rule 33.3(a) and the time period relevant to the government's allegations in the First Amended Complaint, and calls for information that is protected by an applicable privilege; is overbroad, unduly burdensome, and irrelevant to whether the *Amadea* is forfeitable in this case; and the following term is subjective, vague, ambiguous, undefined, susceptible to multiple meanings, interpretations, and/or differing legal interpretations: "indirectly."

Subject to and without waiving the foregoing General and Specific Objections, Claimants will provide a response to this Interrogatory once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

All documents, electronically stored information, and tangible things that Claimants have in their possession, custody, or control, and may use to support their claims or defenses in this case. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

**Response to Document Request No. 1:** Claimants incorporate by reference General Objections 1, 2, 3, 6, 7, 8, 9, 13, 14, 15, and 16, set forth above.

Subject to and without waiving the foregoing General and Specific Objections, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 2:**

All documents and communications that You received from any third party, whether pursuant to a subpoena, letter of request (pursuant to the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters), or otherwise, related to the Investigation or the Action.

**Response to Document Request No. 2:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 12, 13, 14, 15, and 16, set forth above, and further object to this request on the grounds that it is overbroad, unduly burdensome, and to the extent it seeks information protected by an applicable privilege or doctrine.

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 3:**

All documents prepared or obtained by You during the course of the Investigation, including transcripts, records, or recordings of any interviews or communications concerning or relating to the Investigation or this Action, interview notes, reports or summaries, or memoranda prepared by You.

**Response to Document Request No. 3:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 12, 13, 14, 15, and 16, set forth above, and further object to this request on the grounds that it is overbroad, unduly burdensome, and to the extent it seeks information protected by an applicable privilege or doctrine.

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 4:**

All documents concerning any crew member of the *Amadea*.

  **Response to Document Request No. 4:**  Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 13, 14, 15, and 16, set forth above, and further object to this request on the grounds that it calls for information beyond the scope of the time period relevant to the government's allegations in the First Amended Complaint and/or protected by an applicable privilege or doctrine; and is overbroad, unduly burdensome, and irrelevant to whether the *Amadea* is forfeitable in this case.

**DOCUMENT REQUEST NO. 5:**

All documents concerning Imperial Yachts, including all contracts or agreements and communications.

  **Response to Document Request No. 5:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 12, 13, 14, 15, and 16, set forth above, and further object to this request to the extent it calls for information beyond the scope of the time period relevant to the government's allegations in the First Amended Complaint and/or protected by an applicable privilege or doctrine; and is overbroad and unduly burdensome.

  Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 6:**

All documents concerning Kerimov, any member of Kerimov's family, any employee or agent of Kerimov (including Dinar Khalikov), any property of Kerimov, and any entity controlled or owned by Kerimov.

**Response to Document Request No. 6:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 12, 13, 14, 15, and 16, set forth above, and further object to this request to the extent it calls for information beyond the scope of the time period relevant to the government's allegations in the First Amended Complaint and/or protected by an applicable privilege or doctrine; and is overbroad and unduly burdensome.

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 7:**

All documents concerning Millemarin, including all documents concerning who owns or has any interest in Millemarin, and any transactions involving Millemarin.

**Response to Document Request No. 7:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, set forth above, and further object to this request to the extent it calls for information beyond the scope of the time period relevant to the government's allegations in the First Amended Complaint and/or protected by an applicable privilege or doctrine, and/or is duplicative of other requests herein including but not limited to Document Requests No. 9; on the grounds that it is overbroad and unduly burdensome; and the following terms are subjective, vague, ambiguous, undefined, susceptible to multiple meanings, interpretations, and/or differing legal interpretations: "interest" and "transactions."

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

## DOCUMENT REQUEST NO. 8:

All documents concerning Errigal, including all documents concerning who owns or has any interest in Errigal, and any transaction involving Errigal.

**Response to Document Request No. 8:** Claimants incorporate by reference General

Objections 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, and 16, set forth above, and further object to

this request to the extent it calls for information protected by an applicable privilege or doctrine;

on the grounds that it is overbroad and unduly burdensome; and the following terms are

subjective, vague, ambiguous, undefined, susceptible to multiple meanings, interpretations,

and/or differing legal interpretations: "interest" and "transactions."

Subject to and without waiving the General and Specific Objections set forth in response

to this Request, Claimants will produce responsive, non-privileged documents, if any, located,

based upon a reasonable search, once a protective order is in place in this matter, and upon the

determination that Claimants have standing in this matter.

## DOCUMENT REQUEST NO. 9:

All documents concerning the following assertions made in Claimants' Memorandum in Support of Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) in *Khudainatov, et al. v. United States*, No. 3:23-cv-1946, ECF No. 1 (S.D. Cal. Oct. 22, 2023) (the "Rule 41(g) Motion"):

> a. "Mr. Khudainatov commissioned the building of the Amadea in 2012 and has been its ultimate beneficial owner ('UBO') ever since." (Rule 41(g) Motion at 5);

> b. "[Khudainatov's] investments include over $1 billion in megayachts alone, a fraction of his overall wealth." (*id.* at 5-6);

> c. "Mr. Khudainatov is a long-time boating enthusiast. In the past, he has owned and chartered smaller yachts, typically 30 meters in length." (*id.* at 6);

> d. "Mr. Khudainatov paid €212,824,677 for the Amadea in multiple installments between 2012 and 2017." (*id.* at 7);

> e. "During the Amadea's construction, which took five years, Mr. Khudainatov was heavily involved in the design process, and hand-selected many design elements to reflect his personal vision and style, with an eye towards possibly selling the vessel." (*id.* at 7);

f. "Mr. Khudainatov built the Amadea not only to use it himself, but also because of the prospect of making large profits from selling the vessel." (*id.* at 7);

g. Khudainatov "effectuated this transfer [of the owning company of the Amadea from Nereo to Millemarin] for his personal wealth and estate planning purposes." (*id.* at 8);

h. "After the ownership of the Amadea was transferred from Nereo to Millemarin, Mr. Khudainatov continued to push his brokers to sell the Amadea." (*id.* at 8);

i. "[Khudainatov] instituted a strategy, frequently used for selling real estate that has been on the market for a long time, to take the vessel off the mass viewing market to prevent the drain of the yacht's perceived market value after being publicly marketed for so long." (*id.* at 8);

j. "In the fall of 2021, as sales efforts continued, Mr. Khudainatov agreed to let the Amadea's yacht management company offer the Amadea for charters." (*id.* at 8);

k. "[Gulnara] Kerimova had previously chartered similar yachts, not owned by Mr. Khudainatov." (*id.* at 8);

l. "Her father [Suleiman Kerimov] was not present during these trips." (*id.* at 9);

m. "At the time she signed this charter agreement, Ms. Kerimova had been vetted and approved to pay for this charter with her own funds by outside counsel for the Amadea's management company and charter broker, and had also been previously vetted by her own yacht broker, Burgess." (*id.* at 9 n.10);

n. "The charter agreement also confirmed Ms. Kerimova's intention to charter the Amadea for 20 weeks during 2022-2023 for approximately €900,000 per week plus expenses." (*id.* at 9);

o. "The video also went viral among the crew, some of whom expressed concern and asked the Captain if the owner of the Amadea was sanctioned." (*id.* at 11);

p. "In addition, around this time, about a week after President Biden's pronouncement, vendors of the Amadea began asking for confirmation that the owner was not sanctioned. While the Captain knew that Mr. Khudainatov was the owner, he needed documents confirming as such. As a result, the Captain asked the Amadea's yacht management company for those documents." (*id.* at 11);

q. "In response, on March 8, 2022, a representative from the yacht management company sent an email to the Amadea's Captain that explained that Mr. Khudainatov owned the Amadea through the holding company Millemarin, which was held in Mr. Khudainatov's trust. Corroborating documents demonstrating Mr. Khudainatov's ownership of the Amadea were attached to the email." (*id.* at 11);

r. "For example, after Gulnara Kerimova signed the charter agreement in September 2021, Burgess sent a letter to the Amadea's management company demanding a commission on a sale of the Amadea to Ms. Kerimova." (*id.* at 24 n.25);

s. "It is true that Ms. Kerimova made requests for changes to the Amadea, given that she was planning to pay almost $20 million to charter it for several months. But none of these requested changes: (1) were outside a reasonable budget given the value of the charter payments; (2) were required to be completed; (3) could be completed without approval from the owner, Mr. Khudainatov; or (4) had to be approved by Mr. Khudainatov, but could be if determined they would further increase the value and appeal of the yacht for a possible future sale." (*id.* at 27-28);

t. "Kerimov did tour the vessel, and decided not to purchase it because, among other things, he did not like its interior and various technical aspects." (*id.* at 28);

u. "[Kerimov] also visited it in October 2021, prior to his daughter's long-term charter, to provide his thoughts on ways to improve her experience while chartering it, and was critical of certain aspects of the vessel during this visit." (*id.* at 28); and

v. "Lastly, the Amadea was personally designed by Mr. Khudainatov with great care. It was his first commissioned megayacht, and he spent five years making his vision for the vessel come to life." (*id.* at 34).

**Response to Document Request No. 9:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, set forth above, and further object to this request to the extent that it calls for information beyond the scope of the time period relevant to the government's allegations in the First Amended Complaint and/or protected by an applicable privilege or doctrine, and is duplicative of other requests herein; and on the grounds that it is overbroad, unduly burdensome, and certain portions thereof are irrelevant to whether the *Amadea* is forfeitable in this case.

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 10:**

All documents concerning the commissioning, building, and design of the *Amadea*, including documents concerning payment for such services.

**Response to Document Request No. 10**: Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, set forth above, and further object to this request on the grounds that it is overbroad, unduly burdensome, irrelevant to whether the *Amadea* is forfeitable in this case, calls for information beyond the scope of the time period relevant to the government's allegations in the First Amended Complaint, and to the extent it is duplicative of other requests herein including but not limited to Document Request No. 9.

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 11:**

All documents concerning Khudainatov's use of the *Amadea*.

**Response to Document Request No. 11**: Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, set forth above, and further object to this request to the extent that it calls for information beyond the scope of the time period relevant to the government's allegations in the First Amended Complaint and/or protected by an applicable privilege or doctrine; and on the grounds that it is overbroad, unduly burdensome, and irrelevant to whether the *Amadea* is forfeitable in this case.

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 12:**

All documents concerning Claimants' sale of or attempts to sell the *Amadea*, including contracts and agreements with yacht brokers or other agents; communications with buyers and potential buyers; documents concerning tours, viewings, and sea trials; marketing, sales, and other promotional materials; yacht market analyses and forecasts; sales agreements and proposed sales agreements (including drafts, negotiation documents, and due diligence materials); and documents concerning Claimants' purported decision to take the *Amadea* off the sales market.

**Response to Document Request No. 12:** Claimants incorporate by reference General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, set forth above, and further object to this response to the extent it calls for information beyond the scope of the time period relevant to the government's allegations in the First Amended Complaint and/or protected by an applicable privilege or doctrine; and on the grounds that it is overbroad, unduly burdensome, and irrelevant to whether the *Amadea* is forfeitable in this case.

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 13:**

All documents concerning Claimants' charters of and attempts to charter the *Amadea*, including contracts and agreements with yacht brokers or other agents; communications with charterers and potential charterers; documents concerning tours, viewings, and sea trials; marketing, sales, and other promotional materials; yacht market analyses and forecasts; charter agreements and proposed charter agreements (including drafts, negotiation documents, and due diligence materials); and documents concerning payment for charter voyages.

**Response to Document Request No. 13:** Claimants incorporate by reference General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, and further object to this request to the extent it calls for information beyond the scope of the time period relevant to the government's allegations in the First Amended Complaint and/or protected by an applicable

privilege or doctrine, and/or is duplicative of other requests herein including but not limited to

Document Requests Nos. 6 and 9; on the grounds that it is overbroad, unduly burdensome, and

irrelevant to whether the *Amadea* is forfeitable in this case.

Subject to and without waiving the General and Specific Objections set forth in response

to this Request, Claimants will produce responsive, non-privileged documents, if any, located,

based upon a reasonable search, once a protective order is in place in this matter, and upon the

determination that Claimants have standing in this matter.

## DOCUMENT REQUEST NO. 14:

All documents concerning the October 2021 voyage of the *Amadea* described on page 9 of the
Rule 41(g) Motion.

**Response to Document Request No. 14:** Claimants incorporate by reference General

Objections 1, 2, 3, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, set forth above, and further object to this

request to the extent that it calls for information that is protected by an applicable privilege or

doctrine and is duplicative of other requests herein including but not limited to Document

Requests Nos. 6 and 9.

Subject to and without waiving the General and Specific Objections set forth in response

to this Request, Claimants will produce responsive, non-privileged documents, if any, located,

based upon a reasonable, once a protective order is in place in this matter, and upon the

determination that Claimants have standing in this matter.

## DOCUMENT REQUEST NO. 15:

All documents concerning the January-February 2022 voyage of the *Amadea* described on page
9 of the Rule 41(g) Motion.

**Response to Document Request No. 15:** Claimants incorporate by reference General Objections 1, 2, 3, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, and further object to this request to the extent it calls for information protected by an applicable privilege or doctrine and is duplicative of other requests herein including but not limited to Document Requests Nos. 6 and 9.

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 16:**

All documents concerning Kerimov's use of, presence on, or viewing of the *Amadea*.

**Response to Document Request No. 16:** Claimants incorporate by reference General Objections 1, 2, 3, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, set forth above, and further object to this request to the extent that it is duplicative of other requests herein including but not limited to Document Requests Nos. 6 and 9, and on the grounds that it calls for information protected by an applicable privilege or doctrine.

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 17:**

All documents concerning the July 20, 2021 Memorandum of Agreement described in paragraph 31 of the First Amended Complaint, or the August 16, 2021 transfer described in paragraph 32 of the First Amended Complaint, including all drafting and negotiation documents, all communications, and all documents concerning payments related to this agreement.

 **Response to Document Request No. 17:** Claimants incorporate by reference General Objections 1, 2, 3, 4, 6, 7, 8, 9, 11, 13, 14, 15, and 16, set forth above, and further object to this request to the extent it calls for information protected by an applicable privilege or doctrine.

 Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 18:**

All documents concerning the September 14, 2021 Memorandum of Agreement (the "Sept. Memorandum") described in paragraph 33 of the First Amended Complaint, including all drafting and negotiation documents, all communications, and all documents concerning payments related to this agreement.

 **Response to Document Request No. 18:** Claimants incorporate by reference General Objections 1, 2, 3, 4, 6, 7, 8, 9, 11, 13, 14, 15, and 16, set forth above, and further object to this request to the extent it calls for information protected by an applicable privilege or doctrine.

 Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 19:**

All documents concerning the March 7, 2022 Amendment to the Sept. Memorandum described in paragraph 37 of the First Amended Complaint, including all drafting and negotiation documents, all communications, and all documents concerning payments related to this agreement.

   **Response to Document Request No. 19:** Claimants incorporate by reference General

Objections 1, 2, 3, 4, 6, 7, 8, 9, 11, 13, 14, 15, and 16, set forth above, and further object to this

request to the extent it calls for information protected by an applicable privilege or doctrine.

   Subject to and without waiving the General and Specific Objections set forth in response

to this Request, Claimants will produce responsive, non-privileged documents, if any, located,

based upon a reasonable search, once a protective order is in place in this matter, and upon the

determination that Claimants have standing in this matter.


**DOCUMENT REQUEST NO. 20:**

All documents concerning the creation of or any transaction involving any of the entities referenced in Your Verified Claim, dated November 28, 2023.

   **Response to Document Request No. 20:** Claimants incorporate by reference General

Objections 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, set forth above, and further object to

this request to the extent it calls for information beyond the scope of the time period relevant to

the government's allegations in the First Amended Complaint and/or protected by an applicable

privilege or doctrine, and is duplicative of other requests herein including but not limited to

Document Request No. 7; and on the grounds that it is overbroad and unduly burdensome.

   Subject to and without waiving the General and Specific Objections set forth in response

to this Request, Claimants will produce responsive, non-privileged documents, if any, located,

based upon a reasonable search, once a protective order is in place in this matter, and upon the

determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 21:**

A copy of the September 21, 2021 charter agreement referenced on pages 8-9 of the Rule 41(g) Motion, and all drafts, negotiation documents, due diligence documents, and communications related to this agreement.

**Response to Document Request No. 21:** Claimants incorporate by reference General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, and further object to this request to the extent it calls for information protected by an applicable privilege or doctrine, and/or is duplicative of other requests herein including but not limited to Document Requests No. 9 and 13; and on the grounds that it is overbroad and unduly burdensome.

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located, based upon a reasonable search, once a protective order is in place in this matter, and upon the determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 22:**

A copy of the February 24, 2012 Shipbuilding Agreement referenced on page 7 of the Rule 41(g) Motion and all documents concerning that agreement, and all drafts, negotiation documents, due diligence documents, and communications related to this agreement.

**Response to Document Request No. 22:** Claimants incorporate by reference General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, and further object to this request to the extent it calls for information beyond the scope of the time period relevant to the government's allegations in the First Amended Complaint, and/or is duplicative of other requests herein including but not limited to Document Request No. 9; and on the grounds that it is overbroad, unduly burdensome, and irrelevant to whether the *Amadea* is forfeitable in this case.

Subject to and without waiving the General and Specific Objections set forth in response to this Request, Claimants will produce responsive, non-privileged documents, if any, located,

based upon a reasonable search, once a protective order is in place in this matter, and upon the

determination that Claimants have standing in this matter.


**DOCUMENT REQUEST NO. 23:**

All documents concerning the renovations, improvements, and alterations (together, the
"alterations") to the *Amadea* described in paragraphs 41 and 42 of the First Amended Complaint,
including all documents concerning payment for, consultation regarding, and approval regarding
the alterations.

      **Response to Document Request No. 23:** Claimants incorporate by reference General

Objections 1, 2, 3, 4, 6, 7, 8, 9, 11, 13, 14, 15, and 16, set forth above, and further object to this

request to the extent it calls for information protected by an applicable privilege or doctrine,

and/or is duplicative of other requests herein including but not limited to Document Requests

Nos. 9 and 10; and on the grounds that it is overbroad and unduly burdensome.

      Subject to and without waiving the General and Specific Objections set forth in response

to this Request, Claimants will produce responsive, non-privileged documents, if any, located,

based upon a reasonable search, once a protective order is in place in this matter, and upon the

determination that Claimants have standing in this matter.


**DOCUMENT REQUEST NO. 24:**

All documents concerning any operating and maintenance costs (including insurance) for the
*Amadea* after July 1, 2021.

      **Response to Document Request No. 24:** Claimants incorporate by reference General

Objections 1, 2, 3, 6, 7, 8, 9, 11, 13, 14, 15, and 16, set forth above, and further object to this

request to the extent it calls for information protected by an applicable privilege or doctrine.

      Subject to and without waiving the General and Specific Objections set forth in response

to this Request, Claimants will produce responsive, non-privileged documents, if any, located,

based upon a reasonable, once a protective order is in place in this matter, and upon the

determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 25:**

All documents demonstrating that Claimants were financially responsible for the *Amadea* after
July 1, 2021.

      **Response to Document Request No. 25:** Claimants incorporate by reference General

Objections 1, 2, 3, 6, 7, 8, 9, 11, 13, 14, 15, and 16, and further object on the grounds that it is

overbroad and unduly burdensome.

      Subject to and without waiving the General and Specific Objections set forth in response

to this Request, Claimants will produce non-privileged documents, if any, located, based upon a

reasonable search, once a protective order is in place in this matter, and upon the determination

that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 26:**

All documents concerning any person's ownership of the M/Y *Crescent*.

      **Response to Document Request No. 26:** Claimants incorporate by reference General

Objections 1, 2, 3, 5, 6, 7, 8, 9, 12, 13, 14, 15, and 16, and further object to this request on the

grounds that it is overbroad, unduly burdensome, and irrelevant to whether the *Amadea* is

forfeitable in this case.

**DOCUMENT REQUEST NO. 27:**

All documents concerning any person's ownership of the M/Y *Scheherazade*.

      **Response to Document Request No. 27:** Claimants incorporate by reference General

Objections 1, 2, 3, 5, 6, 7, 8, 9, 12, 13, 14, 15, and 16, and further object to this request on the

grounds that it is overbroad, unduly burdensome, and irrelevant to whether the *Amadea* is forfeitable in this case.

**DOCUMENT REQUEST NO. 28:**

All documents concerning the yachts or yacht projects referenced in paragraph 46 of the First Amended Complaint.

    **Response to Document Request No. 28:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 12, 13, 14, 15, and 16, and further object to this request on the grounds that it is overbroad, unduly burdensome, and irrelevant to whether the *Amadea* is forfeitable in this case.

**DOCUMENT REQUEST NO. 29:**

Documents sufficient to show Khudainatov's assets, liability, net worth, and financial liquidity at all times since January 1, 2012.

    **Response to Document Request No. 29:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 12, 13, 14, 15, and 16, and further object to this request on the grounds that it is overbroad, unduly burdensome, irrelevant to whether the *Amadea* is forfeitable in this case, and calls for information beyond the scope of the time period relevant to the government's allegations in the First Amended Complaint.

**DOCUMENT REQUEST NO. 30:**

All documents You relied on in creating in Your February 9, 2023 presentation entitled "The Amadea DOJ Presentation."

    **Response to Document Request No. 30:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, and further object to this request on the

grounds that it is overbroad, unduly burdensome, and to the extent that it calls for information

protected by an applicable privilege or doctrine.

**DOCUMENT REQUEST NO. 31:**

All documents You relied on in creating Your May 31, 2023 presentation entitled "The Amadea
DOJ Presentation Addendum re: Other Vessels."

  **Response to Document Request No. 31:** Claimants incorporate by reference General

Objections 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, and further object to this request on the

grounds that it is overbroad, unduly burdensome, and to the extent that it calls for information

protected by an applicable privilege or doctrine.

**DOCUMENT REQUEST NO. 32:**

All documents identified in your response to any interrogatory served by the Government,
including in your response to Special Interrogatory No. 23.

  **Response to Document Request No. 32:** Claimants incorporate by reference General

Objections 1, 2, 3, 6, 7, 8, 9, 12, 13, 14, 15, and 16, set forth above, and further objects to this

request to the extent that it seeks information protected by an applicable privilege or doctrine.

  Subject to and without waiving the General and Specific Objections set forth in response

to this Request, Claimants will produce responsive, non-privileged documents, if any, located,

based upon a reasonable search, once a protective order is in place in this matter, and upon the

determination that Claimants have standing in this matter.

**DOCUMENT REQUEST NO. 33:**

All documents You received from Imperial Yachts, Robert Henoch, Tom Firestone, or Andrew
Feldman.

**__Response to Document Request No. 33__:** Claimants incorporate by reference General Objections 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 16, and further object to this request on the grounds that it is overbroad, unduly burdensome, and to the extent that it calls for information protected by an applicable privilege or doctrine.

Dated: March 29, 2024

Respectfully submitted,

FORD O'BRIEN LANDY LLP

By: */s/ Adam C. Ford*
  Adam C. Ford
  Renée L. Jarusinsky
  Anjula S. Prasad
  275 Madison Avenue, 24th Floor
  New York, New York 10016
  (212) 858-0040 (main)
  aford@fordobrien.com
  rjarusinsky@fordobrien.com
  aprasad@fordobrien.com

  *Attorneys for Claimants Eduard Yurievich*
  *Khudainatov and Millemarin*
  *Investments Ltd.*