UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>THE M/Y AMADEA, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531,<br><br>　　　　　　Defendant-*In-Rem*. | 23 Civ. 9304 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

　　In this action, Plaintiff the United States (the "Government") seeks forfeiture of the *Amadea*, a motor yacht, claiming that it is beneficially owned by Suleiman Kerimov, an individual subject to sanctions issued under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq*. Eduard Khudainatov and Millemarin Investments Ltd. (together, "Claimants") contest the forfeiture, arguing that they are the actual owners of the *Amadea*. The *Amadea* was seized in Fiji in or around April 2022, and is currently located in San Diego, California. *See* First Am. Compl. ¶ 4, ECF No. 37.

　　On February 9, 2024, the Government moved for interlocutory sale of the *Amadea*. *See* ECF No. 32. On February 16, 2024, Claimants filed a letter motion seeking expedited discovery relevant to the motion for interlocutory sale. *See* ECF No. 38. In substance, Claimants argued that the seizure of the *Amadea* in Fiji may have violated the Fourth Amendment and that the Court should grant leave to take discovery relevant to this argument prior to ruling on the motion for interlocutory sale. *See id*. The parties then filed further briefing and appeared at a conference before the Court. *See* ECF Nos. 39-41. An order issued February 22, 2024, denied Claimants' request, holding that the underlying Fourth Amendment argument failed "because the Fourth Amendment (and, in particular, its warrant requirement) does not apply extraterritorially

at least where the . . . defendant was a citizen and resident of . . . another country with no voluntary attachment to the United States." ECF No. 44, at 2 (cleaned up) (citing *United States v. Hasbajrami*, 945 F.3d 641, 662 (2d Cir. 2019)).

Claimants move for reconsideration of the February 22, 2024, order. *See* ECF No. 62. On May 24, 2024, a conference was held regarding various pending motions in this matter, including Claimants' motion for reconsideration.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. Of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019).[1] "[T]he . . . standard for a district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

Claimants do not meet this standard. Claimants spend much of their briefing arguing over the precedential weight of *United States v. Verdugo-Urquidez*, 494 U.S. 259 (1990). As a threshold matter, Chief Justice Rehnquist's opinion in *Verdugo-Urquidez* refers to itself as "the opinion of the Court," and its prefatory material states "REHNQUIST, C.J., delivered the

---

[1] In all quotations from cases, internal quotation marks, brackets, ellipses, footnotes, citations, and emphases are omitted, unless otherwise indicated.

opinion of the Court, in which WHITE, O'CONNOR, SCALIA, and KENNEDY, JJ., joined." *Id.* at 261. Even if Claimants had a colorable argument that *Verdugo-Urquidez* and/or its relevant portions were only a plurality opinion, which they do not, the Second Circuit, whose decisions are also binding on this Court, has interpreted *Verdugo-Urquidez* as holding that "the Fourth Amendment does not apply to extraterritorial actions by law enforcement, at least where the defendant was a citizen and resident of [a foreign country] with no voluntary attachment to the United States, and the place searched was located [abroad]." *Hasbajrami*, 945 F.3d at 662; *see also id.* at 662-63 (noting that the Circuit "has since extended *Verdugo-Urquidez*'s holding" and stating directly that "the Fourth Amendment (and, in particular, its warrant requirement) does not apply extraterritorially"); *In re Terrorist Bombings of U.S. Embassies of E. Afr.*, 552 F.3d 93 , 168 (2d Cir. 2008) ("Relying on the text of the Fourth Amendment, its history, and the Court's cases discussing the application of the Constitution to aliens and extraterritorially, the Supreme Court held [in *Verdugo-Urquidez*] that the Fourth Amendment affords no protection to aliens searched by U.S. officials outside of our borders."). Claimants do not offer any authority—controlling or otherwise—to the contrary. Indeed, they do not cite a single case in which a court held that the Fourth Amendment's warrant requirement applies extraterritorially to a noncitizen with no voluntary attachment to the United States—let alone one in which a court invalidated a search and seizure as unconstitutional in such circumstances. Finally, Claimants were offered the chance to present these exact arguments, when the Court asked Claimants "how do you get around *Verdugo*[*-Urquidez*]?" at the February 22, 2024, conference. *See* Feb. 22, 2024, Tr. at 15:34:430. Without any new authority or compelling argument, the instant motion attempts to "present[] the case under new theories, secur[e] a rehearing on the merits, or otherwise tak[e] a second bite at the apple." *Analytical Survs., Inc.*, 684 F.3d at 52.

Claimants also argue that, even if the Fourth Amendment would not independently apply to the seizure of the *Amadea* in Fiji, the Fijian court authorized the seizure in reliance on a warrant issued in the United States, without conducting any independent analysis. Claimants' Mot. for Reconsideration 10, ECF No. 62. They continue that because the issuance of that warrant violated the Fourth Amendment, the seizure (and the Government's continued possession) of the *Amadea* is impermissible. *Id.* at 11. As noted, Claimants do not present cases, controlling or otherwise, applying the Fourth Amendment in analogous circumstances or any reason to suggest that the direct statements from the Supreme Court and Second Circuit regarding the extraterritoriality of the Fourth Amendment should not control here. As with Claimants' arguments under *Verdugo-Urquidez*, these arguments strike the Court as an attempt to present new theories and argument, rather than calling attention to overlooked binding authority.

In the alternative, Claimants move for certification under 28 U.S.C. § 1292(b). This provision allows a district judge to state that one of its otherwise unappealable orders "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (further allowing the appropriate Court of Appeals to exercise its discretion to take an appeal of such order). As discussed, Claimants do not establish that there is a substantial ground for differences of opinion on their Fourth Amendment argument, so the Court declines to certify the February 22, 2024, order for interlocutory appeal.

For the reasons given above, it is hereby **ORDERED** that Claimants' motion is **DENIED.**  The Clerk of Court is respectfully directed to close the motion at ECF. No. 61.

SO ORDERED.

Dated: May 31, 2024
New York, New York

DALE E. HO
United States District Judge