UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>         Plaintiff,<br><br>    v.<br><br>THE M/Y AMADEA, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531,<br><br>         Defendant. | 23-CV-9304 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On May 29, 2024, Claimants filed motions for the issuance of five letters rogatory, seeking judicial assistance from three foreign governments in taking discovery in this matter. *See* ECF Nos. 106, 107, 108, 110, 111, 112.  The same day, the Government filed a motion for issuance of a letter rogatory, similarly seeking judicial assistance from two foreign governments in taking discovery.  *See* ECF Nos. 114, 117.

Three of the letters rogatory that Claimants request seek evidence from individuals referred to pseudonymously in the operative Complaint.  In connection with their motion for letters rogatory, Claimants filed a letter motion seeking to maintain the names of the three individuals under seal.  *See* ECF No. 105.  The Government does not oppose the sealing request. *See id.*  On June 10, 2024, Chambers received a letter from two of the witnesses subject to Claimants' requested letters rogatory in support of ongoing sealing.  That letter is attached to this order.

In connection with its request for issuance of letters rogatory, the Government also filed a letter motion seeking to file its motion papers under temporary seal, to protect the names and addresses of the foreign witnesses from which it seeks to take testimony.  *See* ECF No. 115.  The

Government's motion states that it will provide these witnesses with the protective order and allow them to file an application for further sealing after fourteen days have elapsed. *See id.* On June 7, 2024, the Government filed a letter motion seeking further sealing of forty-five days for the name of one of the witnesses.

It is hereby **ORDERED** that Claimants' motion to seal is **GRANTED IN PART** and the Government's motion to temporarily seal is **GRANTED IN PART**. To the extent that the parties seek to file the names of certain crew members and witnesses under seal, the motions are granted. The requests for issuance of letters rogatory relate to discovery, rather than a dispositive motion. Although materials submitted in connection with discovery motions are subject to a public right of access, that right is qualified and may be overcome by competing considerations, such as protecting the personally identifying information of non-parties. *See Brown v. Maxwell*, 929 F.3d 41, 48 n.22, 53 (2d Cir. 2019). The Court finds that the redactions in the Claimants' and the Government's memoranda of law in support of their requests are narrowly tailored to serve the interest of protecting the personal information of these non-parties. *See Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Court has previously allowed for the sealing of this information. *See, e.g.*, ECF No. 55. Accordingly, the memoranda of law in support may be maintained under seal.

Although the Government's motion seeks only temporary sealing to allow the target witnesses to seek further sealing themselves, the Court finds that the diminished public right of access at issue, its prior holdings allowing indefinite sealing of third-party witnesses' identifying information, the nature of the information at issue, and the likely delays inherent in the Mutual Legal Assistance request and retention of U.S. counsel by witnesses located abroad supports sealing beyond fourteen (or forty-five) days. The names and identifying information of the witnesses may be maintained under seal pending further order. The Court makes no holding

with respect to confidential treatment of these witnesses' names in documents filed in connection with dispositive motions, which are subject to a greater public right of access.

The Court cannot find anything in the notices of motion at ECF Nos. 106, 107, 108, and 117 that would tend to identify these individuals. The parties' motions to file these documents under seal are therefore **DENIED**.

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 105, 115, and 120. The Clerk of Court is further directed to unseal the documents at ECF Nos. 106, 107, 108, and 117, and to maintain the documents at ECF Nos. 109 and 118 under seal.

SO ORDERED.

Dated: June 12, 2024
New York, New York

_____
DALE E. HO
United States District Judge

**BRUNE**

Brune Law P.C.
450 Park Avenue
New York, NY 10022

212 668 1900
www.brunelaw.com

June 10, 2024

**VIA EMAIL**

The Honorable Dale E. Ho
*U.S. District Judge*
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
HoNYSDChambers@nysd.uscourts.gov

    Re:   *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

    This firm represents two non-parties who served as crew members on the *Amadea*.

    On May 29th, the parties filed their motions and supporting papers seeking testimony from our clients pursuant to 28 USC §1781 and the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. Claimants filed an unopposed letter motion seeking to file their papers in redacted form [ECF No. 105], and simultaneously filed their papers under seal [ECF Nos. 108, 109] and in redacted form [ECF Nos. 113, 113-1, 113-12-17 (our clients are the subject of Claimants' fourth and fifth letters rogatory)]. The government requested leave to file documents under temporary seal [ECF No. 115], also filing their papers under seal [ECF Nos. 117, 118] and in redacted form [ECF No. 116 (referring to our clients as "[t]he first UK witness" and "[t]he second UK witness")].

    We write to ask that the documents filed under seal pertaining to our clients remain permanently sealed and to ask that our clients' names and personal information remain redacted in those documents that are publicly-available.[1] We have conferred with counsel to the claimants and counsel for the United States, and they do not oppose our request.

    As Your Honor has observed, "[a]lthough materials submitted in connection with discovery motions are subject to a public right of access, that right is qualified and may be overcome by competing considerations, such as protecting the personally identifying information of non-parties." [ECF Nos. 43, 55 (citing *Brown v. Maxwell*, 929 F.3d 41, 48 n. 22, 53 (2d Cir. 2019)).]

---

[1] This request is made without prejudice to our clients' rights to contest the Motions for Issuance of Letters Rogatory, as appropriate.

The Honorable Dale E. Ho
June 10, 2024
Page 2

      Here, the personally identifying information of our clients should be protected for the reasons previously identified by the parties in their filings in support of their requests for sealing and redaction, cited above.

      We appreciate the Court's consideration.

                                                  Respectfully submitted,

                                                  Susan E. Brune

cc:   Counsel of Record (via email):
      Adam C. Ford (aford@fordobrien.com)
      Robert S. Landy (rlandy@fordobrien.com)
      Renée L. Jarusinsky (rjarusinsky@fordobrien.com)
      Joshua L. Sohn (Joshua.sohn@usdoj.gov)
      Jennifer Jude (jennifer.jude@usdoj.gov)
      Yifei Zheng (yifei.zheng@usdoj.gov)