UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>      v.<br><br>THE M/Y AMADEA, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531,<br><br>        Defendant. | 23-CV-9304 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

  On May 29, 2024, Claimants filed motions for the issuance of five letters rogatory, seeking judicial assistance from three foreign governments in taking discovery in this matter. *See* ECF Nos. 106, 107, 108, 110, 111, 112.  The same day, the Government filed a motion for issuance of a letter rogatory, similarly seeking judicial assistance from two foreign governments in taking discovery.  *See* ECF Nos. 114, 117.

  28 U.S.C. § 1781 authorizes the Department of State to receive letters rogatory issued by a court in the United States and transmit them to foreign or international bodies, and further allows courts in the United States to transmit letters rogatory (also referred to as letters of request) directly to such bodies.  Rule 28(b)[1] authorizes litigants in the United States to take depositions in a foreign country under letters of request and allows courts to issue such letters "on appropriate terms."  *See* Fed. R. Civ. P. 28(b)(1)-(2).  "In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contain in Rule 26[] [and] [t]he decision of whether to issue letters rogatory is within the discretion of the court."  *In re Turquoise Hill Resources Ltd. Secs. Litig.*, No. 20 Civ. 8585, 2023 WL 4362933, at *1 (S.D.N.Y. July 6, 2023).

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, all footnotes, citations, ellipses, parentheses, brackets, and other modifications are omitted unless otherwise indicated.

"Although the party seeking the application of the Hague Convention procedures bears the burden of persuasion, that burden is not a heavy one." *Villella v. Chem. & Mining Co. of Chile Inc.*, No. 15 Civ. 2106, 2018 WL 2958361, at *3 (S.D.N.Y. June 13, 2018).

It is hereby **ORDERED** that the parties' motions for the issuance of letters rogatory are **GRANTED**. The universe of evidence to be produced in response to the letter of request satisfies the Rule 26 standard. *See* Fed. R. Civ. P. 26(b)(1) (allowing discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). The parties seek evidence from witnesses who are part of Claimant Millemarin Investments Limited, who worked on the *Amadea* or participated in its construction and interior design. This is plainly relevant to the question of the actual ownership of the *Amadea*, a key issue in this suit. It is also proportional to the needs of the case, as the parties seek evidence from a limited universe of witnesses on discrete topics. Claimants further argue that letters of request are necessary to compel document production and testimony due to European Union and Swiss sanctions, *see* Mem. of L. in Supp. 3, ECF No. 109, an additional consideration supporting the issuance of the letters rogatory.

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 106, 107, 108, 110, 111, 112, 114, and 117.

SO ORDERED.

Dated: June 17, 2024
       New York, New York

                                                DALE E. HO
                                       United States District Judge