

July 2, 2024

Application **GRANTED.** Claimants shall file their sur-reply, not to exceed ten pages, by **July 12, 2024.** So Ordered.

Dale E. Ho
United States District Judge
Dated: July 2, 2024
New York, New York

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

    We represent Claimants in the above-referenced matter. The government filed its reply memorandum in further support of its Motion to Strike late on Thursday, June 27, 2024. In its reply, the government attached and relied on new factual exhibits as well as the declaration of a purported expert in response to facts that the government knew when it initially filed its Motion to Strike. In particular, the government could, and should, have foreseen that Claimants would argue that the parties involved in the Errigal Arrangement, as defined in Claimants' opposition to the government's motion to strike, had agreed to cancel such arrangement based on Claimants' Amended Response to Special Interrogatory No. 4, in which Claimants made clear that the events of February 24, 2022 had frustrated the goals of the Errigal Arrangement, and the parties ultimately agreed not to complete the transaction. On reply, the government has now submitted the declaration of an English Law professor, in support of its new argument that a certain aspect of the Errigal Arrangement could not have been terminated under English Law. In addition, the government attached new factual evidence, evidence that it could have included in its opening memorandum.

    As a result, Claimants now seek permission from the Court to file a sur-reply to not exceed ten pages by Friday, July 12, 2024, in order to address this new evidence. Courts in this district permit the filing of sur-replies when new evidence is presented in a reply in response to arguments made by the party that opposes the motion, and particularly where, as here, the opposition party's arguments are foreseeable by the movant. *See, e.g., Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.*, No. 11 Civ. 3130 (DLC), 2012 WL 4049955, at *6 (S.D.N.Y. Sept. 13, 2012).

    We have conferred with counsel for the government and they do not object to our request to file a sur-reply by July 12, 2024, and have requested that we include the following language in this letter:

The Honorable Dale E. Ho
July 2, 2024
Page 2

In response to Claimants' request for the Government's consent to a sur-reply, the Government requested that Claimants identify the arguments made in its reply brief that were 'new,' in order to understand the scope of the proposed sur-reply. In response, Claimants refused to identify any specific arguments stating conclusorily that their sur-reply would 'respond to documents and arguments that appear for the first time in your reply memo' and arguing that the Government should have anticipated Claimants' argument that the September MOA was terminated and submitted the McKendrick Declaration with its opening brief. The Government disagrees that this is the case but does not object to a sur-reply limited to a discussion of the McKendrick Declaration and the exhibits to the Supplemental Jude Declaration.

We respectfully request that Your Honor grant our request to file a sur-reply in further opposition to the government's Motion to Strike, as requested above, and thank the Court for its consideration of this submission.

Respectfully Submitted,

*/s/ Adam C. Ford*
Adam C. Ford
Renée L. Jarusinsky
Ford O'Brien Landy LLP
Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.