

July 22, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

    This firm represents Claimants in the above-referenced matter. We write with respect to the upcoming conference on Friday, July 26, to update the Court on the progress of discovery and respectfully request that the Court entertain two items regarding the remainder of discovery in this case, both of which the government oppose: (1) a request for a protective order permitting Claimant Eduard Khudainatov (or any other resident of the Russian Federation) to appear for depositions either remotely or, at the government's option, in person at a mutually-agreeable location in the United Arab Emirates; and (2) an extension of the discovery period for the purposes of fact depositions and non-party document discovery until November 22, 2024. As set forth in the parties' joint status letter filed with the Court on July 3, 2024, Claimants complied with the party document discovery deadline of July 3, 2024.

<u>Remote Deposition of Parties and Non-Parties are Presumptively Permitted</u>

    The government takes the position that Claimant Eduard Khudainatov must travel to New York for his deposition on the ground that he is a party to this action. However, since the court system as a whole adjusted to the COVID-19 pandemic, numerous courts in this district have found that the technology allowing for remote depositions is a presumptively acceptable alternative to in-person depositions, especially when a party has a legitimate basis to resist appearing in the district. We have provided this authority, discussed below, to the government, but they have rejected it relying on pre-pandemic decisions from other circuits, and insist that Khudainatov appear in person either in the United States or within the territory of close U.S. allies that have similarly hostile relations with the Russian Federation. Claimants have offered to produce Khudainatov remotely or in person for a deposition in several neutral locations, which all involved can easily travel to (and leave from) and which are rated as "1" or "2" by the U.S. Department of State in terms of danger levels, namely: Dubai (2), Abu Dhabi (2), Baku,

Hon. Dale E. Ho, U.S.D.J.  2
Case No. 23-cv-9304 (DEH)
July 22, 2024

Azerbaijan (2), Tashkent, Uzbekistan (2), or Bishkek, Kyrgyztan (1). Of course, the U.A.E. locations are safe and modern cities that can be reached by direct flight from New York and offer ample business accommodations.

The key decision on this issue is *In re Terrorist Attacks on September 11, 2001*, 337 F.R.D. 575, 576 (S.D.N.Y. 2020), in which the Court considered the arguments by a plaintiff demanding in-person depositions and dismissed them, noting that remote testimony is now commonplace and even trials have been held entirely remotely. *See also D'Arezzo v. Appel*, 1:22-CV-00177 (SDA), 2024 WL 538538, at *1 (S.D.N.Y. Feb. 8, 2024) (refusing to order in-person deposition where the party demanding them failed to show that in a remote deposition "obstruction" is so likely or would be so disruptive as to overcome the presumptive validity of remote depositions and require in-person depositions") (quoting *In re Terrorist Attacks on September 11, 2001*); *PC-41 DOE v. Poly Prep Country Day School*, 20-CV-03628-DG-SJB, 2022 WL 420619, at *1 (E.D.N.Y. Jan. 20, 2022) (granting plaintiff's motion for a protective order requiring that his own deposition be conducted remotely, and stating that "pre-pandemic cases about a plaintiff selecting the forum, and thereby not being able to complain about an in-district deposition" are no longer relevant or informative).

Here, Claimants did not choose New York as a forum, nor did they choose to have the M/Y Amadea seized. Mr. Khudainatov is the executive of a large Russian oil company (who has been accused by the U.S. Government of acting as a straw owner for Suleiman Kerimov, who is sanctioned). In addition, on June 12, 2024, two of Mr. Khudianatov's companies (a Siberian coal mine and a coal trading company) were added to OFAC's Russia-Related sanctions. Moreover, numerous documents in the Government's production contain language indicating possible ongoing criminal investigations involving Mr. Khudainatov's assets. The Government's position appears to be that Mr. Khudainatov must either roll the dice with his personal safety or walk away from the Amadea. But they have made no argument as to how they could be prejudiced with a remote deposition, or a deposition in Dubai, U.A.E., beyond a simple claim of entitlement to a deposition in this district. To permit this would frustrate adjudication on the merits, as Mr. Khudainatov cannot reasonably be expected to travel to New York irrespective of the personal burden; and should he refuse, the government would swiftly turn to Rule 37 and seek default.

Discovery Update

As noted above, Claimants substantially completed their production of all records producible under their responses and objections by the deadline set in the most recent scheduling order.[1] In addition, on July 16, 2024, Claimants produced all non-privileged/responsive records

---

[1] Claimants received subsequent request for documents in counsel's possession generated in connection with this litigation on June 28, 2024 (with a response due Monday, July 29). Claimants also served additional two interrogatories and two document requests on the government on July 19, 2024 based on questions that arose from a review of part of the government's production.

Hon. Dale E. Ho, U.S.D.J.  3
Case No. 23-cv-9304 (DEH)
July 22, 2024

in their counsel's custody, which had been shared by non-party Imperial Yachts. Altogether, Claimants have produced 8,774 documents comprised of 32,708 pages from their own custody and from materials received from Imperial Yachts.

In addition, Claimants sought international judicial assistance with respect to five witnesses, and those have been sent to the appropriate authorities. Claimants are communicating with non-party Olga Kroon (the Zurich-based independent director of Millemarin Investments Ltd.) to see if she can produce documents in her unique possession and testify prior to completion of the Hague convention process. The Government also sought international judicial assistance with respect to two additional witnesses, for a total of seven outstanding requests.

During the period of May 1, 2024, through July 16, 2024, the government produced approximately 3.4 million records comprised of more than 5.4 million pages (more than 50% of which was produce on June 12, 2024, or later).

The Need for Additional Time to Complete Fact Depositions

Claimants anticipate that there will be least 13 depositions: Khudainatov, Millemarin, the seven witnesses that are the subjects of Hague Convention requests, one of Mr. Khudainatov's assistants, at least one FBI agent, and a captain of one of Mr. Khudainatov's other vessels. Other than the FBI agent, none of these witnesses (with the potential exception of Ms. Kroon) will be available for a deposition in the United States and some are not available until September.

In addition, the sheer volume of material recently produced by the government makes preparing for a fast-paced series of depositions impossible in a compressed timeframe (even if the witnesses were all available). The Hague Convention requests are still working their ways through the machinery of foreign systems, and Claimants' lead counsel, Mr. Ford, is in the second week of what is anticipated to be a five-week trial before Judge Garaufis in the E.D.N.Y. and needs ample time to become familiar with the government's production and to prepare and advise Mr. Khudainatov.

Though discovery in this matter formally began in January, the parties did not commence document productions until late spring and did not substantially complete such productions until last week. While the Government had most if its 3.4 million records for up to two years before production, Claimants received much of it in the last six weeks.

Claimants respectfully request that the discovery schedule be enlarged to allow for fact depositions to take place at a prompt but achievable pace, culminating on November 22, 2024 (17 work weeks from the date of this letter, meaning a bit less than one deposition per week including the remainder of the summer when scheduling conflicts abound).[2]

---

[2] Claimants are unaware of any formal study of the average time discovery takes in complex civil cases in this district but submit that the presumptive timeframe of 15 months in the Supreme

Hon. Dale E. Ho, U.S.D.J.  4
Case No. 23-cv-9304 (DEH)
July 22, 2024

        Respectfully Submitted,

        */s/ Robert S. Landy*
        Adam C. Ford
        Robert S. Landy
        Renée L. Jarusinsky
        Ford O'Brien Landy LLP

        *Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.*

---

Court of the State of New York (Uniform Rules Part 202.12) is instructive. Under those rules, based on the date of the preliminary conference, fact and expert discovery would end in April of 2025. Thus, Claimants' request for an extension of time until November 22, 2024, with expert discovery to follow, is reasonable given the subject matter and complexity of this case.