

July 24, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

      This firm represent Claimants in the above-referenced matter. We write in response to the government's letter of July 23, 2024 (ECF No. 152). The government's request to designate a proposed upcoming expert report as "attorneys' eyes only" buries the lede. The request, as their letter makes clear, is a mere preamble to their anticipated motion to file a sur-sur reply in connection with their pending motion to strike, and proffer, for the first time, a purported expert on the dealings of Russian oligarchs, commencing an entirely new argument on the underlying merits of the case in connection with the pending motion that is supposed to simply consider whether a claimant has sufficient indicia of standing. Therefore, the Court need not rule on the appropriateness of an "attorneys' eyes only" designation, because the entire submission is inappropriate. The relevant inquiry on the motion is narrow, and it is already *sub judice*.

      On Monday, the government made a request by email to designate a planned expert report as "attorneys' eyes only" based on a concern the expert had expressed for their safety. The government did not ask for consent to file a sur-sur-reply, nor indicate that they intended to submit one. Understanding that the current date for the exchange of expert reports on matters on which the parties bear the burden of proof is coming up in a number of weeks, we responded as follows:

> As you know, it is our position that reasonable accommodations should be made to witnesses (expert or otherwise). Your expert wishes to hide his identity due to a fear (whether founded or not) of reprisal from a foreign government hostile to the United States. Our client wishes to testify remotely out of fear of a politically expedient arrest in the United States, or at the hands of one of its allies that is similarly hostile to the Russian Federation. These are similar concerns that can and should be accommodated without prejudicing the parties' abilities to prepare a[nd] present [their] case on the merits.
>
> While we are inclined to agree . . . [w]e would also like to set a time to discuss our requests for additional protections under the protective order . . . .

Hon. Dale E. Ho, U.S.D.J. 2
*Case No. 23-cv-9304 (DEH)*

Rather than set a time to meet and confer, the government filed its letter with the Court, alerting Claimants to their true motive of further expanding the record on their motion to strike.

The government seeks to file a sur-sur reply so that they can further reiterate the contested position that the Errigal transaction closed (though no party to the transaction claims as much) and now add arguments that Suleiman Kerimov was the purchaser, which is the underlying dispute in this case and not appropriate for the motion to strike. For the sake of argument, even were Kerimov the *intended* purchaser under the Errigal transaction—which Claimants dispute—the transaction did not close, so the contention is not relevant to the outcome of the case, and certainly not this motion. Clearly, if the government seized the Amadea before the purchaser (whom they claim is Kerimov) closed the transaction, their claims of pre-seizure sanctions violations (and case) evaporate. But this is a motion to strike, meant only to determine whether Claimants (here both Mr. Khudainatov and the uncontested legal owner Millenarian Investments) have a "colorable claim" sufficient to satisfy the case-or-controversy requirement of Article III. We are long past that.

"Motions for leave to file sur-reply information are subject to the sound discretion of the court. A sur-reply is appropriate only where the party against whom the sur-reply will be filed raises new arguments in its reply." *Ramon v. Corp. City of New York*, 2019 WL 1306061, at *2 (EDNY Mar. 21, 2019) *citing Anghel v. New York State Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013), aff'd, 589 F. App'x 28 (2d Cir. 2015). Since the proffered new filing addresses the merits of the contested issues in the case (in this case a dispute over the identity of the intended of the purchaser the vessel in a transaction that did not close), *and not the simple question of standing* (i.e. whether either Khudainatov or the undisputed legal owner Millemarin have enough of a "colorable claim" to participate in this litigation) the Court should not allow the filling and return to the issue properly on summary judgement, after the completion of full and fair discovery. *See United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 959 F. Supp. 2d 81, 94 (D.D.C. 2013) (stating that "courts must not conflate the standing inquiry with the merits determination that comes later") (citation omitted). As such, the question of an "attorneys' eyes only" designation should be denied as not yet ripe.

    Respectfully Submitted,

    */s/ Robert S. Landy*
    Adam C. Ford
    Robert S. Landy
    Renée L. Jarusinsky
    Ford O'Brien Landy LLP
    Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.