

950 Pennsylvania Avenue NW
Washington, D.C. 20530

July 23, 2024

**VIA CM/ECF**
Hon. Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

> Decision is **RESERVED** on the Government's request for a protective order designating the identity of their expert as attorneys' eyes only. The parties shall be prepared to discuss the need for any supplemental briefing regarding the motion to strike at the July 26, 2024, conference. No letter motions regarding supplemental briefing are necessary prior to the conference.
>
> Dale E. Ho
> U.S. District Judge
> Dated: July 25, 2024
> New York, New York

Dear Judge Ho,

Pursuant to Paragraph 12 of the Court's Protective Order (ECF No. 83), Plaintiff United States ("the Government") respectfully submits this letter motion to seek the Court's urgent resolution of a dispute that conceivably threatens the physical safety of one of the Government's experts.

As the Court is aware, the Protective Order allows for confidential treatment of documents but does include any Attorneys Eyes Only designation. However, Paragraph 12 of the Protective Order states that "[a]ny Party who requests additional limits on disclosure (such as 'attorneys' eyes only' in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the Parties receiving the at-issue Protected Information a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(j) of this Court's Individual Practices."

The Government is preparing to file a letter motion attaching a proposed supplemental brief to the Motion to Strike, addressing newly-discovered documents proving that Suleiman Kerimov purchased the *Amadea* under the Errigal transaction and that Claimants' characterization of that transaction is false. To help contextualize these documents, the Government plans to submit a Declaration from an expert witness on Russian oligarchs who could identify a key individual in the subject documents. However, our expert fears for the safety of himself and his family if his identity were disclosed to a person such as Claimant Eduard Khudainatov, who has connections to powerful Kremlin insiders.[1] We cannot dismiss our expert's fear—after all, there is a long history of violence against persons who oppose the Russian power structure, some of the expert's

---

[1] Khudainatov is the long-time deputy to Igor Sechin, widely regarded as the second-most powerful and second-most feared person in Russia.

family live in Russia, and the expert has seen many of his Russian friends arrested on political grounds.

Accordingly, the Government wrote to Claimants' counsel on July 22, asking "that our expert's identity be treated as attorneys-eyes-only and not shared with your client. We have no objection with your providing your client with copies of the report and/or Declaration that redact our expert's name and biographical information, and we would furnish a redacted version for that purpose." Claimants' counsel responded the next day, seeking to link this issue to the location of Khudainatov's deposition and suggesting that they would only agree to attorneys-eyes-only designation of our expert's identity if the Government dropped its request for Khudainatov's deposition to take place in New York. This sort of linkage is not proper, and Claimants are positing a false equivalence where none exists. As the Government will explain in its forthcoming letter brief on the deposition issue, it can and will offer Khudainatov a safe-passage letter if he travels to New York for deposition. By contrast, there is no equivalent to a safe-passage letter that would protect our expert and his family from the threat of violence if his name were disclosed to someone like Khudainatov.

Accordingly, pursuant to Paragraph 12 of the Protective Order, the Government respectfully requests that the identity of its expert be designated as Attorneys-Eyes-Only. The Government further requests that—if at all possible—the Court rule on this issue by this Thursday, as the Government may wish to file its proposed supplemental brief as soon as Thursday night so that the brief is before the Court for the Friday teleconference.

    Respectfully Submitted,

    DAMIAN WILLIAMS
    United States Attorney
    Southern District of New York
    U.S. Department of Justice

    By: */s/ Jennifer Jude*
    JENNIFER JUDE
    DOMINIKA TARCZYNSKA
    Assistant U.S. Attorney
    Southern District of New York

    MARGARET A. MOESER
    Acting Chief
    Money Laundering and Asset Recovery
    Section, Criminal Division
    U.S. Department of Justice

By: /s/ *Joshua L. Sohn*
JOSHUA L. SOHN
Trial Attorney
Money Laundering and Asset Recovery Section

JENNIFER KENNEDY GELLIE
Executive Deputy Chief
Counterintelligence and Export Control Section, National Security Division
U.S. Department of Justice

By: /s/ *Yifei Zheng*
YIFEI ZHENG
Trial Attorney
Counterintelligence and Export Control Section

cc: Claimants' counsel (by ECF)