August 2, 2024

**VIA CM/ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

                      Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho,

      Pursuant to the Court's July 26 Order (ECF No. 159), the parties submit their respective scheduling proposals for an evidentiary hearing on standing, should the Court decide to set one.

The Government's Proposal

      The Government proposes that the Court reserve three days for an evidentiary hearing on standing.[1] An early hearing is appropriate given that Claimants' standing is a threshold issue that must be determined in order to establish the Court's jurisdiction to hear their claim. *In re 650 Fifth Ave. & Related Properties*, No. 08 CIV. 10934 (LAP), 2021 WL 1226594, at *4 (S.D.N.Y. Mar. 31, 2021), aff'd sub nom. *Levin v. Miller*, No. 21-1116, 2022 WL 17574574 (2d Cir. Dec. 12, 2022). "'Before a claimant can contest a forfeiture, he must demonstrate standing.'" *Id.* (quoting *Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 644 (2d Cir. 1989)). At an evidentiary hearing on a motion to strike, Claimants will have the burden to prove their standing by a preponderance of the evidence. Supp. R. G(8)(c)(ii)(B); *see United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 57 (1st Cir. 2013); *see also United States v. $31,000.00 in U.S. Currency*, 774 F. App'x 288, 293 (6th Cir. 2019) (claimants "must demonstrate standing for each stage of litigation").[2] Further, where a claimant bases its standing on an assertion of ownership of the defendant asset, as Claimants do here, *see* ECF No. 9, it must prove ownership. *See United States v. $138,381.00*, 240

---

[1] The Government will endeavor to make such a hearing as efficient as possible, including by working with Claimants to stipulate to facts that are not in dispute. Further, should the Court determine that there is no genuine dispute as to certain facts based on the parties' summary judgment briefs, such a determination could further narrow the scope of any evidentiary hearing.

[2] The Government believes that the evidence is clear that Claimants cannot establish standing at summary judgment and that its motion to strike should be granted, which would obviate the need for an evidentiary hearing. If oral argument would assist the Court in its determination of that motion, the Government can be available in August or September at the Court's convenience following adjudication of the Government's letter motion for leave to file a supplemental memorandum (ECF No. 160) and any resulting submissions by the parties.

F. Supp. 2d 220, 231 (E.D.N.Y. 2003) (striking claim where claimant "can prove no set of facts which would establish her ownership of the defendant in rem"); *see also United States v. 110 Firearms*, No. CV-09-243-PHX-MHB, 2010 WL 1408892, at *5 (D. Ariz. Apr. 7, 2010) ("Establishing ownership of property, without an exercise of dominion and control over the property is insufficient to establish standing to challenge a forfeiture.") (internal quotation marks and citation omitted). Requiring Claimants to prove ownership does not constitute improper burden-shifting; rather, standing and ownership are concepts that "overlap . . . [and] are sometimes co-extensive." STEFAN D. CASSELLA, ASSET FORFEITURE LAW IN THE UNITED STATES, 505 (3d ed. 2022) ("[W]hile establishing ownership of the defendant property is not necessary to establish Article III standing, a person who bases his standing on a claim of ownership must satisfy the statutory definition of 'owner' in 18 U.S.C. § 983(d)(6) to establish standing.").

Mindful that expert and fact discovery is set to close on October 18, 2024, the Government proposes that the parties exchange hearing witness lists, exhibit lists, deposition designations, and proposed stipulated facts by October 28, 2024. The parties then would submit their joint witness lists, exhibit lists, deposition designations and counter-designations, and stipulated facts to the Court by November 4, 2024. And the hearing would commence a week later, on Tuesday, November 12, 2024 (after the Veterans Day holiday). Given that the hearing would be before the Court without a jury, there is no need for motions *in limine*, *Daubert* motions, or other pre-trial motions. Rather, the Court may rule on evidence admissibility and other issues during the hearing itself. *See, e.g., In re Genesis Glob. Holdco, LLC*, No. 23-10063, 2024 WL 2264719, at *51 (Bankr. S.D.N.Y. May 17, 2024) (motions *in limine* are unnecessary where the Court is the finder of fact); *Serby v. First Alert, Inc.*, No. 09-CV-4229, 2015 WL 4494827 (E.D.N.Y. July 22, 2015) (similar conclusion as to *Daubert* motions).

<u>Claimants' Proposal</u>

As the Court is aware, Claimants maintain that an evidentiary hearing is not warranted, as Claimants have established their standing in the submissions Claimants have already demonstrated its "facially colorable interest" in the Amadea to satisfy the case-or-controversy requirement of Article III. *See United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 79 (2d Cir. 2002) (Sotomayor, J.). Claimants have done so by asserting much more than a mere claim of ownership, as the government contends above, but by coming forward with substantial documentary evidence that corroborates their claim of ownership.[3] In addition, contrary to the government's claim that the Claimants must "prove" their standing, Claimants are not required to prove their ownership of the vessel in order to establish standing. *Id.* Moreover, as Claimants have stated in their letter filed yesterday, permitting such an evidentiary hearing would constitute improper burden-shifting. *See United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*,

---

[3] Thus, the cases and treatise the government cites above are inapposite, as they concern situations where a claimant has made an assertion of ownership without corroborating that assertion in any way. In addition, the government's quotation from the treatise is from a section about establishing statutory standing, not Article III standing. The government has not challenged Claimants' statutory standing, and thus this quotation should be disregarded.

The Honorable Dale E. Ho
August 2, 2024
Page 3

959 F. Supp. 2d 81, 94 (D.D.C. 2013) (warning that "courts must not conflate the standing inquiry with the merits determination that comes later") (citation omitted)

Claimants object to the government's proposal of starting the hearing on November 11, 2024, just three weeks after the close of discovery. After what will surely be a marathon deposition schedule between over the next several weeks until October 18, 2024, with the parties likely traveling internationally for depositions, the parties will need time to digest and analyze the discovery and deposition testimony that will have just been completed. Therefore, the exchange of hearing witness lists, exhibit lists, deposition designations, and proposed stipulated facts by October 28, 2024, just six business days after the close of discovery, is patently unreasonable. Indeed, during the July 26, 2024 telephonic conference, Your Honor stated:

> [W]hen you are proposing some deadlines, I am trying to be mindful of the existing discovery schedule and the obligations that that is going to put on everyone, so proposing October 19 for the hearing probably doesn't make a lot of sense given that you have to do a lot of work before the actual hearing in terms of exchanging lists, motions, and the like. I am just trying to get this engine running a little earlier because I know there might be some logistics with some witnesses and what not that you might need to work out in advance, if we get to this point where it becomes necessary.

Following the Court's lead, Claimants' propose a hearing date of December 9, 2024. Claimants propose that the parties exchange hearing witness lists, exhibit lists, deposition designations, and proposed stipulated facts by November 11, 2024. This date gives the parties three weeks after the end of the deposition schedule to analyze the deposition testimony and other discovery in order to properly prepare their hearing strategy and preparation of these documents. The parties then would submit their joint witness lists, exhibit lists, deposition designations and counter-designations, and stipulated facts to the Court two weeks later by November 25, 2024. And the hearing would commence two weeks later (with the Thanksgiving holiday falling during those two weeks) on December 9, 2024. This proposal permits this case to proceed in an orderly fashion and at a reasonable pace for all parties.

Respectfully Submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
U.S. Department of Justice

By: */s/ Jennifer Jude*
JENNIFER JUDE
DOMINIKA TARCZYNSKA
Assistant U.S. Attorneys
Southern District of New York

The Honorable Dale E. Ho
August 2, 2024
Page 4

        MARGARET A. MOESER
        Chief
        Money Laundering and Asset Recovery
        Section, Criminal Division
        U.S. Department of Justice

        By: /s/ *Joshua L. Sohn*
        JOSHUA L. SOHN
        D. HUNTER SMITH
        Trial Attorneys
        Money Laundering and Asset Recovery
        Section


        JENNIFER KENNEDY GELLIE
        Executive Deputy Chief
        Counterintelligence and Export Control
        Section, National Security Division
        U.S. Department of Justice

        By: /s/ *Yifei Zheng*
        YIFEI ZHENG
        Trial Attorney
        Counterintelligence and Export Control
        Section

        Counsel for Plaintiff United States of
        America


        */s/ Adam C. Ford*
        Adam C. Ford
        Renée L. Jarusinsky
        Robert S. Landy
        Ford O'Brien Landy LLP

        Counsel for Claimants Eduard Yurievich
        Khudainatov and Millemarin Investments Ltd.