UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>         Plaintiff,<br><br>      v.<br><br>THE M/Y AMADEA, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531,<br><br>         Defendant. | 23-CV-9304 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

  On July 29, 2024, the Government filed a letter motion seeking leave to file a supplemental brief in support of its motion to strike Claimants' claim.  *See* ECF No. 160.

  It is hereby **ORDERED** that the Government's request is **DENIED**, without prejudice to renewal.  Sur-replies are disfavored under this Court's Individual Rules.  *See* Individual Rule 4(c)(v).  In this case, permitting a sur-reply based on newly-discovered evidence, while discovery remains ongoing, would likely result in seriatim filings, preventing efficient adjudication of the pending motion.  Moreover, the Government's proposed supplemental brief appears to raise factual issues inappropriate for resolution in the current summary judgment-like posture of the motion to strike.  If the motion to strike is denied in its current posture, the Government will not be barred from introducing the evidence described in the motion for leave at an evidentiary proceeding.

  On July 31, 2024, Claimants filed a letter seeking an order sealing a letter filed by the Government on July 23, 2024, under seal.  *See* ECF No. 161.  The letter states that the Government's July 23 letter, available at ECF No. 152, "contains statements that are inappropriate for the public docket," but does not provide any further argument in support of sealing.  *See* ECF No. 161.  In a second letter filed concurrently with the sealing motion,

Claimants explain the basis for sealing, namely that the Government's letter at ECF No. 152 contains inflammatory ad hominem attacks on Khudainatov. *See* ECF No. 162. The letter providing full argument regarding sealing was itself filed under seal. *See id.*

It is hereby **ORDERED** that Claimants' request to seal the Government's letter is **DENIED**, because "[c]ourts in this Circuit routinely deny sealing requests where . . . the information to be sealed is already publicly available." *United States v. Paduch*, No. 23 Crim. 181, 2024 WL 167198, at *2 (S.D.N.Y. Jan. 16, 2024). Claimants allowed the relevant document to appear on the public docket for more than a week prior to seeking confidential treatment and they do not provide an explanation for their delay. Even if the request had been timely presented, Claimants' request would be denied because the Government's allegations regarding Khudainatov are central to its request for attorneys'-eyes-only treatment of its expert's identity, which is subject to a presumption of public access, albeit a diminished one. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) ("[A]ll documents submitted in connection with, and relevant to, . . . judicial decision-making [on evidentiary and discovery matters] are subject to at least some presumption of public access."). The Court further finds that Claimants' letter at ECF No. 162, which provides the substantive basis for sealing and Claimants' response to the Government's allegations, was not appropriately filed under seal. It is therefore **ORDERED** that the document at ECF No. 162 is **UNSEALED**. Claimants are also reminded of Individual Rule 6(d)(ii), which states that a letter motion requesting the sealing of a document and explaining the reasons for sealing should itself by filed in public view.

On August 7, 2024, the parties filed a joint letter regarding sealing of filings related to the location of Claimant Khudainatov's deposition. *See* ECF No. 169. In accordance with a prior order regarding sealing, *see* ECF No. 168, the document currently filed at ECF No. 170-1 may be filed under seal. However, the parties' letter does not establish why sealed treatment is

appropriate for most of the parties' letter at ECF No. 170 or the entirety of the Government's proposed safe passage letter at ECF No. 170-2.  Accordingly, it is **ORDERED** that by **August 16, 2024,** Claimants shall file a new copy of the parties' August 7 joint letter on the public docket on ECF, with redactions to any sentences that directly reference or substantively incorporate the document at ECF No. 170-1.  Claimants shall attach the proposed safe passage letter as an exhibit to this public filing.

On August 2, 2024, the parties filed a joint status letter regarding the scheduling of an evidentiary hearing relevant to the Government's motion to strike Claimants' claim.  *See* ECF No. 164.  It is hereby **ORDERED** that any such evidentiary hearing will be held beginning on **December 9, 2024, at 10:00 A.M.**  The parties shall exchange proposed witness and exhibit lists, deposition designations, and proposed stipulated facts by **November 11, 2024.**  The parties shall provide joint witness and exhibit lists, deposition designations and counter-designations, and stipulated facts by **November 27, 2024.**

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 160, 161, and 169, and to unseal the document at ECF No. 162.

SO ORDERED.

Dated: August 13, 2024
New York, New York

DALE E. HO
United States District Judge