

August 13, 2024

<u>**VIA ECF**</u>
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>*United States v. M/Y Amadea*</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

This firm represents Claimants in the above-referenced matter. We write in response to the government's letters dated and filed yesterday (ECF Nos. 173 & 174). In the letters, the government informed the Court without any supporting authority (such as references to the Mutual Legal Assistance Treaties between the United States and the countries listed in the government's letters—to the extent the United States has such treaties with the listed countries), that an MLA request would be required for a voluntary remote deposition in a civil case where the deponent is located in those countries. Regardless of whether the government's assertions are actually correct, whether an MLA request is required should not weigh heavily into the Court's analysis—which does not involve the need for any foreign assistance in collecting information, but would merely be a notice of a voluntary deposition taking place in the country's territory.

As the caselaw makes clear, there is a rebuttable presumption that the deposition of a defendant will be held where the defendant resides, particularly because, like here, the defendant did not choose the forum. *SEC v. Aly,* 320 F.R.D. 116, 118 (S.D.N.Y. 2017). Given that Mr. Khudainatov's location of residence is not a viable option for counsel on both sides, the Court is to weigh the relative burdens on Mr. Khudainatov and the government to travel to a particular location for his deposition.

The undue burden on Mr. Khudainatov should the Court order Mr. Khudainatov to appear for a deposition within the territory of the United States or its allies cannot be overstated. Mr. Khudainatov cannot travel to such locations given the current political climate. If the Court were to order his deposition in such a location, Mr. Khudainatov would be forced to choose between either giving up his claim to the Amadea or facing the repercussions articulated in the expert declaration and the Claimants' position in the joint letter of August 7, 2024. He should not have to face that choice.

The government has issued multiple MLA requests and requests for assistance in this matter to several countries around the world, and has traveled internationally in connection with this case and its preceding investigation. In addition, Claimants doubt the necessity of such a

Hon. Dale E. Ho, U.S.D.J.                                                                 2
*Case No. 23-cv-9304 (DEH)*

request for a voluntary deposition in a civil matter, particularly given the government's lack of citation to any authority and the fact that the government would not be requesting any assistance from local law enforcement to assist with a criminal investigation. Under the circumstances presented here, Claimants imagine that the contents of such request would simply provide notice that a deposition will take place in that country relating to a civil matter pending in the United States.

Moreover, in *United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No. VPCES*, 304 F.R.D. 10 (D.D.C. 2014), a civil forfeiture case the government here refuses to acknowledge—let alone attempt to distinguish—the government there argued against an in-person deposition of the claimant in Equatorial Guinea in part because ". . . Equatoguinean government officials, including its Minister of Justice, Culture and Corrections, have submitted declarations making clear that Equatorial Guinea would not provide assistance to the United States in pursuing its case against the Gulfstream Jet." U.S. Opp. to Claimant's Mot. Prot. Ord., *One Gulfstream*, No. 1:11-cv-018874-RC (D.D.C. Apr. 22, 2014) [ECF No. 43]. But Judge Contreras rejected the notion that this would necessarily preclude a voluntary deposition in a civil matter and ordered the deposition to occur in person in Equatorial Guinea (or by videoconference), observing that "if the Equatorial Guinean government intervenes to prevent the deposition, the Government is free to return to this Court for reconsideration at that time." *One Gulfstream*, 304 F.R.D. at 17.

Clearly, the government is attempting to convince the Court that the United Kingdom or the Bahamas are more appropriate locations because, as the government contends, an MLA is not required in those jurisdictions. However, as stated during yesterday's telephone conference, the United Kingdom and the Bahamas are not viable options for Mr. Khudainatov's deposition. The United Kingdom is part of the Russian Elites, Proxies, and Oligarchs Task Force (REPO), a task force made up of the United States, the European Union, the United Kingdom, and several other countries that was created in response to Russia's military action in Ukraine. After its launch meeting, REPO members, including the United States and the United Kingdom, "commit[ted] to prioritizing their resources and working together to take all available legal steps to find, restrain, freeze, seize, and, where appropriate, confiscate or forfeit the assets of those individuals and entities that have been sanctioned in connection with Russia's premeditated, unjust, and unprovoked invasion of Ukraine and the continuing aggression of the Russian regime," and encouraged other countries to "take up this critical effort."[1] Thus, given the above, the same concerns as articulated in the Claimants' position of the parties' joint letter filed under seal dated August 7, 2024 (ECF No. 170), as well as the supporting expert declaration submitted therewith, apply equally to the United Kingdom as they do to the United States.

Similar concerns apply to the Bahamas, which was a British colony from 1717 to 1973.[2] While the Bahamas became a sovereign nation in 1973, according to the United States Department

---

[1] *Russian Elites, Proxies, and Oligarchs Task Force Ministerial Joint Statement*, DOJ (March 17, 2022), https://www.justice.gov/opa/pr/russian-elites-proxies-and-oligarchs-task-force-ministerial-joint-statement.

[2] The Bahamas (12/05), DEPT. OF STATE, https://2009-2017.state.gov/outofdate/bgn/bahamas/58506.htm (last visited Aug. 13, 2024).

Hon. Dale E. Ho, U.S.D.J.                                                                    3
*Case No. 23-cv-9304 (DEH)*

of State, "[t]he Bahamas recognizes the British monarch as its formal head of state, while an appointed Governor General serves as the Queen's representative in The Bahamas." *Id.* In addition, the United States and the Bahamas have been close allies since 1973.[3]

Whatever burden the government argues that an MLA request for Mr. Khudainatov's deposition would present certainly does not outweigh the undue burden that a deposition in an unviable location would impose upon Mr. Khudainatov. Accordingly, we respectfully request the Court order the deposition to occur at a mutually convenient location for all parties, or permit the deposition to go forward via videoconference.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Adam C. Ford*

Adam C. Ford
Robert S. Landy
Renée L. Jarusinsky
Stephen R. Halpin III
Bryan W. McCracken
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com

*Counsel for Claimants Eduard*
*Yurievich Khudainatov and*
*Millemarin Investments Ltd.*

---

[3] *U.S. Relations with The Bahamas*, DEPT. OF STATE (July 10, 2024), https://www.state.gov/u-s-relations-with-the-bahamas/.