UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>                         Plaintiff,<br><br>        v.<br><br>THE M/Y AMADEA, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531,<br><br>                         Defendant. | 23 Civ. 9304 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On July 22, 2024, Claimants filed a letter motion seeking a protective order permitting Claimant Eduard Khudainatov to appear for a deposition remotely or in person in a mutually-agreeable "neutral" location. *See* ECF No. 149. Claimants have offered locations in the United Arab Emirates, Azerbaijan, Uzbekistan, Kyrgyzstan, Vietnam, and Tunisia. *See* ECF Nos. 149, 170. The Government represents that it cannot take a voluntary deposition in these particular countries without a mutual legal assistance treaty ("MLAT") request, and that such a process may be prohibitively time-consuming, if not impossible, to complete. A conference was held regarding this issue on August 12, 2024. The parties' presentation at the conference indicated that Claimants did not sufficiently appreciate the effect of the Government's role as a party in this case on the MLAT process, and that the Parties may not have exhausted all possible options for an in-person deposition location.

It is hereby **ORDERED** that the parties shall meet and confer in good faith to identify a location (1) where the Government can take a voluntary deposition of Claimant Khudainatov in person without an MLAT request and (2) that is acceptable to Claimants. To the extent that there are any locations where the Government has successfully completed the MLAT request process for a deposition in a timely manner, and which is otherwise acceptable to the Government, the

Government shall propose such locations as well.  If there are no such locations, the Government shall so state in the status letter required by this Order.

The parties shall file a status letter by **August 20, 2024**.  Such letter shall state whether the parties are in agreement about a location for the deposition.

- If all of the countries where the Government can take a voluntary deposition without an MLAT request (or can complete the MLAT request process in a timely manner) are unacceptable to Claimants, Claimants shall state the reasons for their objections to the countries proffered with specificity.

- If the Government's only objection to one or more of the locations offered by Claimants is the MLAT request process, the Government shall state with specificity why the MLAT request process for that country or countries is impracticable in the context of this case.

- If the parties can identify one or more location where the Government can take a voluntary deposition without an MLAT request that is acceptable to Claimants but is unacceptable to the Government, the Government shall state the reasons for its objections to the countries proffered with specificity.

SO ORDERED.

Dated: August 13, 2024
New York, New York

DALE E. HO
United States District Judge