

U.S. Department of Justice

*950 Pennsylvania Avenue NW*
*Washington, D.C.  20530*

August 16, 2024

**VIA CM/ECF**
Hon. Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho,

The Government respectfully seeks reconsideration of the portion of the Court's August 13 Order (ECF No. 175) denying the Government leave to submit a supplemental brief regarding its motion to strike Claimants' claim for lack of standing. The Government recognizes that reconsideration is sparingly granted and, especially given the Court's concern about serial filings, does not make this request lightly. But the Court's Order precludes the Government from presenting critical new evidence Claimants produced after briefing which shows that their entire summary judgment story—namely, that the Errigal sale was just a "temporary use arrangement" between Khudainatov and Kochman—is a falsehood. The new evidence shows that, contrary to Claimants' representations, Kochman did not pay a dime under the Errigal transaction. Instead, the entire €225M was paid by Suleiman Kerimov's niece, Alisa Gadzhieva. The Government believes no reasonable factfinder could credit Claimants' story of events once the Gadzhieva evidence is put before the Court, which means it is both proper and critically important for the Court to consider this evidence in determining whether to grant summary judgment. As the Supreme Court has explained, evidence showing that one party's narrative is "blatantly contradicted by the record" should be considered at summary judgment:

> Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis in original, internal citations and quotation marks omitted). As such, the proposed supplemental brief would not require adjudication of new contested issues of fact, but rather would show that Claimants' narrative does not present a *genuine* dispute of fact and could not be credited by a *reasonable* factfinder.

The Government recognizes the Court's concern about avoiding serial supplemental submissions and is not seeking additional supplemental briefing beyond this current request. The Government would also omit all new evidence from its supplemental brief except the Gadzhieva evidence, which would cut the size of the brief down to a mere two pages.[1] The Government further would not oppose a brief by Claimants to respond to the Gadzhieva evidence.

For all these reasons, the Government respectfully seeks reconsideration so that it can present the new Gadzhieva evidence for the Court's consideration. Claimants oppose this request.

Respectfully Submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
U.S. Department of Justice

By: */s/ Jennifer Jude*
JENNIFER JUDE
DOMINIKA TARCZYNSKA
Assistant U.S. Attorneys
Southern District of New York

MARGARET A. MOESER
Chief
Money Laundering and Asset Recovery
Section, Criminal Division
U.S. Department of Justice

By: */s/ Joshua L. Sohn*
JOSHUA L. SOHN
D. HUNTER SMITH
Trial Attorneys
Money Laundering and Asset Recovery
Section

---

[1] The Gadzhieva documents themselves are a mere eight pages collectively, though the Government does wish to also include one or two Declarations to explain who Gadzhieva is.

                                              JENNIFER KENNEDY GELLIE
Executive Deputy Chief
Counterintelligence and Export Control
Section, National Security Division
U.S. Department of Justice

By: /s/ *Yifei Zheng*
YIFEI ZHENG
Trial Attorney
Counterintelligence and Export Control
Section

cc: Claimants' counsel (by ECF)