

August 20, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

This firm represents Claimants in the above-referenced matter. We write in opposition to the government's motion for reconsideration of the Court's order denying the government leave to file a sur-sur-reply in support of its Motion to Strike Claimants' Verified Claim. *See* Mot. Recon. (ECF No. 181). The Court should deny the government's request.

The Court's Local Rules provide that a motion for reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3. "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *E.g.*, *Saidin v. New York City Dep't of Educ.*, 245 F.R.D. 175, 176 (S.D.N.Y. 2007) (denying motion for reconsideration) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

On August 13, 2024, the Court denied the government's initial request for leave to file a sur-sur-reply in support of its Motion to Strike. *See* Ord. (ECF No. 175). The Court explained:

> Sur-replies are disfavored under this Court's Individual Rules. *See* Individual Rule 4(c)(v). In this case, permitting a sur-reply based on newly-discovered evidence, while discovery remains ongoing, would likely result in seriatim filings, preventing efficient adjudication of the pending motion. Moreover, the Government's proposed supplemental brief appears to raise factual issues inappropriate for resolution in the current summary judgment-like posture of the motion to strike. If the motion to strike is denied in its current posture, the Government will not be barred from introducing the evidence described in the motion for leave at an evidentiary proceeding.

*Id.* at 1.[1]

---

[1] Previously, on May 8, 2024, when the government advised the Court that it anticipated filing its motion to strike by May 17, 2024, the government explained that it "does not need any further information or discovery before it can make that motion" (ECF No. 91). On May 17, 2024, the

Hon. Dale E. Ho, U.S.D.J.
August 20, 2024
Page 2

      The government's motion for reconsideration does not address the Court's reasoning above. It also fails to satisfy the strict requirements of Local Civil Rule 6.3 and the case law that provides for reconsideration only in "extraordinary" circumstances. Indeed, the government acknowledges that "reconsideration is sparingly granted" and that the Court in this case is "concern[ed] about serial filings." *See* Mot. Recon. 1. The government points to no "matters or controlling decisions" that it believes the Court overlooked. The Court was previously apprised of what the government believes its sur-sur-reply would demonstrate—which Claimants vigorously dispute—and denied the government's request for leave to make such a filing.

      Discovery is well underway. The first deposition in the case is scheduled for this Wednesday, August 21, 2024—and the parties are still developing "the record . . . as a whole," *see* Mot. Recon. 1 (citation omitted), including through several other depositions between now and the discovery cutoff. The Court should not reconsider its well-reasoned decision to preclude further briefing on the government's Motion to Strike that "would likely result in seriatim filings, preventing efficient adjudication of the pending motion." *See* Ord. 1. As the Court has explained and Claimants have acknowledged, all parties will have the opportunity to put additional factual evidence before the Court after the close of discovery. The government should not be allowed to pick and choose what pieces of discovery it claims constitute the record "as a whole" well before the entire evidentiary record is developed. This is particularly so, given Claimants' low burden on the issue of standing, as further described in Claimants' letter to the Court dated August 1, 2024 (ECF No. 163).

Respectfully submitted,

Adam C. Ford
Robert S. Landy
Renée L. Jarusinsky
Stephen R. Halpin III
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com

*Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.*

---

government filed its motion (ECF No. 97), which included a Rule 56.1 Statement (ECF No. 99) and attached over 20 exhibits (ECF No. 100). Claimants filed their opposition on June 13, 2024 (ECF No. 123) along with their own Rule 56.1 Statement (ECF No. 124), and on June 27, 2024, the government filed its reply (ECF No. 137), which attached eleven additional exhibits (ECF No. 140), necessitating a sur-reply by Claimants on July 12, 2024 (ECF No. 147). The government initially requested leave to file a sur-sur-reply on July 29, 2024 (ECF No. 160).