August 23, 2024

**VIA CM/ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho,

    Pursuant to the Court's August 13 Order (ECF No. 177), the parties have continued to confer regarding a mutually agreeable location for Khudainatov's deposition. The parties' positions are reported below.

<u>Government's Position</u>

    The Government has diligently canvassed the globe to identify countries where Khudainatov's deposition could be taken without approval from the host country, as well as countries where approval would be required but where the Government is optimistic such approval could be obtained in short order. The Government has engaged all five Associate Directors of the DOJ Criminal Division's Office of International Affairs ("OIA") for this task, each of which heads regional teams of country-specific OIA attorneys. The Government has also conferred with DOJ's Civil Division's Office of Foreign Litigation as well as made inquiries of DOJ and FBI representatives stationed at embassies around the world.

    These extensive efforts were required because no two countries have identical rules and expectations as to what form of notice the United States must give or approval it must seek to conduct a deposition on its territory. Further, countries' rules and expectations often depend on whether a case is civil or criminal, but may take different positions as to how to classify a U.S. civil forfeiture proceeding (a form of a legal proceeding with which many countries are not familiar). In some instances, countries may require a formal mutual legal assistance ("MLA") request, which generally take several months to process. In other instances, countries may require a less formal memorandum or notification and, in some instances, may not require case-by-case approval or expect any such notice.

    To identify a suitable location for a deposition in this case, the Government has focused on countries to which it understands Khudainatov may be willing to travel. It has therefore excluded members of the European Union and non-EU countries that have joined EU sanctions on Russia (e.g., Switzerland) as well as members of NATO and other countries with close military alliances with the United States. The Government has also excluded countries that may

The Honorable Dale E. Ho
August 23, 2024
Page 2

require a deposition to take place on embassy or consular premises, to which it understands Khudainatov also objects.

After excluding such countries, the Government has proposed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Government understands that the deposition could proceed without any need for further approvals from those countries' governments.[1] For the remaining four (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), the United States understands that some form of further consultation or approval is required, but is optimistic that such consultations or approval could take place within a few weeks. The Government believes that each of these countries (in addition to the United States itself) would be appropriate locations for Khudainatov's deposition.

If the Court does not order that the deposition take place in the United States, the Government requests that the Court direct that the deposition be held ▮▮▮▮▮▮▮▮▮▮▮▮. Because no further approvals would be required from ▮▮▮▮▮▮▮▮▮▮▮ authorities, the Court and parties could have a relatively high degree of confidence that the deposition could take place in those countries on a schedule consistent with the Court's discovery schedule. Further, given their locations, ▮▮▮▮▮▮▮▮▮ are both reasonably convenient location for all counsel, as well as for the court reporter, videographer and interpreter, who will likely also be required to travel from the United States at the government's expense. Further, both ▮▮▮▮▮▮▮▮ are members of the Non-Aligned Movement (*i.e.*, not aligned with any major power) and neither country appears on the Russian Federation's list of "unfriendly countries."[2] Thus, Khudainatov cannot credibly claim to be afraid of reprisal from the Russian government for travel to those countries. In addition, the Government understands that Russian citizens do not require a visa for short-term stays in either ▮▮▮▮▮▮▮▮▮▮. Finally, to the extent it is relevant, the UK monarch is not the nominal head of state of ▮▮▮▮▮ (a consideration that Khudainatov identified as relevant in opposing a deposition in the Bahamas).

The Government understands that Claimant is opposed to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As stated above, however, the United States would need to consult with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ before participating in a deposition on those countries' territory. The United States is willing to engage in such consultations, if Khudainatov would commit to attending a deposition once and if it is approved. Khudainatov, however, has

---

[1] The parties jointly request that portions of this letter be filed under seal because they contain sensitive discussions of the United States's relations with foreign governments and may undermine efforts to obtain approval of the deposition. In addition, as described below, Khudatainov has expressed concerns about his safe passage to certain countries and drawing public scrutiny to his potential future destination may contribute to those concerns.

[2] For background, see https://en.wikipedia.org/wiki/Unfriendly_countries_list as well as sources cited therein.

The Honorable Dale E. Ho
August 23, 2024
Page 3

to date not made any such commitment. Instead, he has stated his willingness to travel to the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ depends on being ensured safe passage. While the Government has no information that suggests Khudainatov would not be granted safe passage to ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ (or any other host country it has identified), the United States is unable to control the actions of foreign governments and therefore is unable to guarantee him safe passage there. The United States has, however, represented that it will not <u>request</u> that any host country arrest or otherwise serve criminal process on Khudainatov on behalf of the United States while he is in the country to attend the deposition, but it cannot control what another country does of its own accord.³ In any event, even if Khudainatov committed to attending an approved deposition in ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, the outcome of consultations with ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ government is uncertain and travel there would be time consuming and expensive. Therefore, the Government requests that the Court order that deposition take place in the United States, ▓▓▓▓▓▓▓▓▓▓.

The Government disagrees with Claimants' characterizations of the parties' discussions in Claimants' statement of position below. The Government does <u>not</u> agree that ▓▓▓▓▓▓▓▓ is the most appropriate location for the deposition for the reasons stated above, including uncertainty as to whether that country's government would permit the deposition, and Claimants' stated requirement that the United States request that ▓▓▓▓▓▓▓▓ assure him safe passage (which would require the United States to send a mutual legal assistance request and take several months, if not more, to be considered).

Claimants' Position

In the Court's Order of August 13, 2024, the Court ordered the parties to "meet and confer in good faith to identify a location (1) where the Government can take a voluntary deposition of Claimant Khudainatov without an MLAT request and (2) that is acceptable to Claimants." (ECF No. 177). Having done that, both parties have to come to an agreement that ▓▓▓▓▓▓▓▓ is an acceptable location to hold Mr. Khudainatov's deposition. As stated in numerous communications with the government today, Claimants do not understand the purpose of the government's lengthy description of other possible locations that the government believes is appropriate to hold his deposition, or the government's arguments that the Court should order the deposition to take place somewhere other than where both parties have agreed.

Mr. Khudainatov will not agree to travel to any of those other countries, but he will agree to travel to ▓▓▓▓▓▓▓▓, which the government explicitly offered as a suitable location. Having come to this agreement on ▓▓▓▓▓▓▓▓, the remainder of the government's letter is irrelevant. The government's position above entirely mis-states the current status of the parties' discussions. Mr. Khudainatov is not demanding a safe passage letter from ▓▓▓▓▓▓▓▓, but he is demanding the safe passage letter that the government has represented to this court it would agree to provide in conjunction with his agreement to be deposed in a mutually acceptable location. Now that he

---

³ The Government is, by contrast, able to provide more robust guarantees of safe passage to the United States. *See, e.g.*, ECF No. 179-2 (draft safe passage letter).

The Honorable Dale E. Ho
August 23, 2024
Page 4

has agreed, the government must live up to its end of the bargain by providing the requisite safe passage letter for his review and consent. That the government argues for locations other than the mutually acceptable one is in conflict the spirit and letter of this Court's August 13 Order directing the parties to find a mutually acceptable location, and only to provide arguments for why other locations are not acceptable if no agreement as to any location was reached. We informed the government earlier this week that ▇▇▇▇ was likely to be approved, and we confirmed this approval earlier this morning. Because the parties have agreed on a location pursuant to this Court's Order, we respectfully request that Court not order Mr. Khudainatov to attend a deposition in any of the other countries the government has proposed, but to order that it take place in the agreed upon country.

    The sole remaining issue is that, as the Court is aware, the government had promised a safe passage letter in connection with his travel for a deposition. The government had since August 13, 2024 when the Court directed the parties to negotiate in good faith as to the location of Mr. Khudainatov's deposition to provide a draft safe passage letter to Claimants. Claimants' counsel reiterated their request that a safe passage letter would be required as recently as Monday of this week. Claimants never sent us a proposed letter for our consideration, despite advising the Court on Tuesday that the parties needed additional time to address this issue.

    Claimants sent the government a proposal for a safe passage letter this morning. The draft we proposed used language from the government's safe passage letter it proposed for Mr. Khudainatov to travel to the United States and added some additional protections to ensure his safe passage to, and while ▇▇▇▇ The government refused to negotiate the terms we proposed or provide Claimants with its counter-proposal for such a letter today, stating that it would require several approvals. Mr. Khudainatov stands prepared to negotiate in good faith over the language once the government sends its draft proposal. For avoidance of any doubt, Mr. Khudainatov is not requesting that the government make any promises or representations as to any other government, only the United States.

    With respect to the other countries that each side has proposed, these issues are moot. Indeed, while Mr. Khudainatov had proposed ▇▇▇ and ▇▇, both countries that are viable options, given that the parties have agreed to ▇▇▇ he notified the government that he was withdrawing such proposals. For this reason, the Court should ignore the bulk of the government's position set forth above. In the Court's August 13, 2024 Order (ECF No. 177), the Court ordered that only if none of the locations proposed by the government was acceptable to Claimants, Claimants should provide specific reasons as to why those locations are unacceptable. The parties have identified a mutually-agreeable location, ▇▇▇, and no further discussion on any proposals that the parties have put forth is required. Given that Mr. Khudainatov has agreed to one of the government's proposed locations, and the parties reached agreement, the Court's August 13, 2024 Order does not require Claimants to provide specific reasons for his rejection of the other

The Honorable Dale E. Ho
August 23, 2024
Page 5

countries.[4]

      Given the above, Claimants respectfully request that the Court order (i) the parties to identify a mutually agreeable date for Mr. Khudainatov's deposition in ▮▮▮▮▮▮▮▮▮ ii) the government to provide a proposed safe passage letter to Claimants, and (iii) that the parties negotiate in good faith over its terms.

      We thank the Court for its attention to this matter.

                                  Respectfully Submitted,

                                  DAMIAN WILLIAMS
                                  United States Attorney
                                  Southern District of New York
                                  U.S. Department of Justice

                                  By: */s/ Jennifer Jude*
                                  JENNIFER JUDE
                                  DOMINIKA TARCZYNSKA
                                  Assistant U.S. Attorney
                                  Southern District of New York

                                  MARGARET A. MOESER
                                  Chief
                                  Money Laundering and Asset Recovery
                                  Section, Criminal Division
                                  U.S. Department of Justice

                                  By: */s/ Joshua L. Sohn*
                                  JOSHUA L. SOHN
                                  D. HUNTER SMITH
                                  Trial Attorney
                                  Money Laundering and Asset Recovery
                                  Section

                                  JENNIFER KENNEDY GELLIE
                                  Executive Deputy Chief

---

[4] If for some reason, the Court were to find that the location the parties have agreed to should not be the location set for his deposition, Claimants respectfully request the opportunity to provide the specific arguments as to why these other locations are not possible.

The Honorable Dale E. Ho
August 23, 2024
Page 6

                               Counterintelligence and Export Control Section, National Security Division
U.S. Department of Justice

By: /s/ *Yifei Zheng*
YIFEI ZHENG
Trial Attorney
Counterintelligence and Export Control Section

Counsel for Plaintiff United States of America


*/s/ Adam C. Ford*
Adam C. Ford
Renee Jarusinsky
Robert Landy
Ford O'Brien Landy LLP

Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.