

September 6, 2024

**<u>VIA ECF</u>**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

    We represent Claimants in the above-referenced matter. We write to compel compliance with the subpoena served on the Witness discussed in the parties' recent filings (ECF Nos. 208 and 213). As the Court is aware, the government noticed the deposition of the Witness for September 10, informing Claimants there was no other date the deposition could take place. Wanting to ensure that Claimants had the ability to fully examine the Witness, as well obtain relevant documents from the Witness prior to his examination, Claimants served a subpoena on counsel for the Witness on August 29, which counsel for the Witness agreed to accept. (Ex. 1, 1A).

    After serving the Subpoena, counsel for the Witness expressed objections to the scope of the request for documents in Schedule A of the Subpoena, and as a result counsel, the Witness and the undersigned had a meet and confer on September 4 to address those concerns.[1] Following the meet and confer, the next day Claimants' counsel emailed a revised Schedule A, greatly reducing the scope of documents requested, with the intention of reflecting the discussion had the day before. (Ex. 2, 2A) Today, counsel for the Witness informed us that they did not agree to produce any documents requested in the revised subpoena, and that the Witness was now refusing to appear for his deposition scheduled for September 10. (Ex. 3).

    The Witness's recalcitrance cannot be countenanced by this Court. Several rulings are in order. First, the government had submitted a declaration by this witness in connection with its sur-sur reply memorandum to its motion to strike. As a result of the Witness's refusal to be deposed by Claimants, this declaration must be stricken from the record. Additionally, all arguments in the government's sur-sur reply relying on the Witness' declaration must also be stricken. Because the

---

[1] Counsel for the Witness also curiously asserted that he had not agreed to accept service of a document subpoena, only a testimony subpoena, even though the correspondence plainly does not include any such limitation. (Ex. 1).

Hon. Dale E. Ho, U.S.D.J.
September 6, 2024
Page 2

thrust of the sur-sur reply was based on the Witness' declaration, the entire sur-sur reply should be stricken.

Second, the Court should order the witness to comply with the subpoena served on his by the undersigned to appear for testimony and produce the documents requested, as his counsel agreed to accept service of the subpoena on his behalf.

Third, as this Court is aware, we had filed a letter requesting a protective order regarding the date of the deposition because the government surprised us with over 25,000 documents from this Witness just a day go. These documents are still not up on our database for review. Morever, the Witness should be ordered to produce the documents sought by the subpoena in advance of his deposition. As such, we request that the Court order the Witness to appear for his deposition in New York City on a mutually acceptable date in October.

Respectfully submitted,

*Adam C. Ford*

Adam C. Ford
Robert S. Landy
Renée L. Jarusinsky
Stephen R. Halpin III
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com

*Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.*