AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| United States of America *Plaintiff* <br> v. <br> The M/Y Amadea, a Motor Yacht Bearing International Maritime Organization No. 1012531 *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:23-cv-09304-DEH |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: ▮▮▮▮▮▮▮▮▮
c/o Greg Paw, Esq., 630 Fifth Avenue, Suite 2310, New York, NY

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: New York City, as noticed by the US DOJ | Date and Time: 09/10/2024 9:00 am |
|---|---|

The deposition will be recorded by this method: Audio/Visual and Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Adam C. Ford |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Claimaints Eduard Yurievich Khudainatov and Millemarin Investments Ltd. , who issues or requests this subpoena, are:

Adam C. Ford, 275 Madison Ave, Fl 24, New York, NY 10016, aford@fordobrien.com, (212) 858-0040
Renée Jarusinsky, 275 Madison Ave, Fl 24, New York, NY 10016, rjarusinsky@fordobrien.com, (212) 858-0040

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:23-cv-09304-DEH

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____             _____
                                    *Server's signature*

                                    _____
                                    *Printed name and title*

                                    _____
                                    *Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3, Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd., by their undersigned counsel, hereby request that You, ███████████████, produce in advance of your deposition scheduled for September 10, 2024 in New York City, or bring for inspection and copying on that date, the documents and things requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below.

## DEFINITIONS

1. This document incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3

2. "Amended Complaint" means the Amended Complaint in the above-captioned action filed in the United States District Court for Southern District of New York.

3. "You," or "Your" shall mean ███████████████ and his agents, including entities owned by him and any its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

4. The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

1. All objections to the production of documents requested herein shall be made in writing and delivered to the office of Ford O'Brien Landy LLP on or before the scheduled deposition date, September 10, 2024.

2. All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, You shall state so in writing.

3. Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. For example:

    (a) documents created using Microsoft Word must be produced as .DOC [or .DOCX] files; [and]

    (b) emails must be produced in a form that readily supports import into standard email client programs, or the form of production should adhere to the conventions set out in the internet email standard[./; and]

**OR**

Electronically stored information (ESI) must be produced in [.PDF/[FILE FORMAT]] with corresponding load files containing the document's text and [all available metadata/[SPECIFIC METADATA]].

4. These requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody or control of your agents, employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

5. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

6. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    (a) identifying the document;

    (b) describing where the document is now;

    (c) identifying who has control of the document;

    (d) describing how the document became lost or destroyed or was transferred; and

    (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product

doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

      (a)    the ground of privilege or protection claimed;

      (b)    every basis for the privilege or protection claimed;

      (c)    the type of document;

      (d)    its general subject matter;

      (e)    the document's date; and

      (f)    other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

9.    If You objects to any document request on any ground other than privilege, You must specify:

      (a)    the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

      (b)    whether any responsive materials are being withheld on the basis of an objection.

10.    To the extent You asserts that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document

must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED [AS [BASIS FOR PROTECTION]]" on the document in an appropriate location that does not obscure the remaining text.

11. If there are no documents in response to any particular request, You shall state so in writing.

12. Unless otherwise stated herein, all documents requested cover the period from the earliest date mentioned in Your July 26, 2024 Declaration filed in this matter through the present.

13. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

14. Requests for production should be read to encompass any and all items responsive to the request.

15. These requests are continuing, and Your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:** Any and all documents referred to and/or relied on in the drafting of the Declaration of ▮▮▮▮▮ dated July 26, 2024 filed in the above referenced matter (the "▮▮▮▮▮ Declaration").

**DOCUMENT REQUEST NO. 2:** All communications between You and/or Your Counsel and any lawyer or agent from the US Department of Justice, including those communications about the ▮▮▮▮▮ Declaration, including all drafts of the ▮▮▮▮▮ Declaration.

**DOCUMENT REQUEST NO. 3:** Any and all documents reflecting any agreement entered into between You and the US Department of Justice, including but not limited to any cooperation agreement, non-prosecution agreement, proffer agreement, or any other agreement formal or informal, written or oral with the US Department of Justice.

**DOCUMENT REQUEST NO. 4:** Any and all documents related to Your being designated on OFAC's SDN list on or around November 2022, including notices received and communications with third parties about your being designated as an SDN and Your Deslisting in June 2024.

**DOCUMENT REQUEST NO. 5:** Copies of any OFAC submission made on Your behalf, including but not limited to all submission and correspondence with OFAC and specifically any and all OFAC questionnaires and any responses to any such questionnaire. This request encompass all submissions and responses for each of the eight entities associated with You including: MG International AG (MG International), ▮▮▮▮▮ International Group AG (▮▮▮▮▮ Group), Swiss International Advisory Group AG (SwissIAG), Papa Oscar Ventures GmbH (Papa Oscar Germany), Eurimo Holding SA (Eurimo), Papa Oscar Ventures SE

SL (Papa Oscar Spain), Swiss International Real Estate Portfolio AG (SwiREP), SCI AAA Properties (SCI),

**DOCUMENT REQUEST NO. 6:** All communications between you and Suleiman Kerimov, Nariman Gadzhiev, Gulnara Kerimova, Alisa Gadzhieva discussing the matters referred to in the ▇▇▇ Declaration.

**DOCUMENT REQUEST NO. 7:** Any and all documents submitted to the French Court in connection with the investigation into You and Suleiman Kerimov, including but not limited to your written statement to ICIJ about not being a front or straw owner for Mr. Kerimov, and Your statement that You were "never the straw man for my Russian friend."

**DOCUMENT REQUEST NO. 8:** Any and all documents about Fren Global Corp. including documents related to Your sale of Fren Global Corp in 2014 "as a shell company without assets" to Nariman Gadzhiev, including Any and all documents related to Your claim that the document contained a "distorted electronic signature."

**DOCUMENT REQUEST NO. 9:** Any and all documents related to the ownership structure of Swiru Holding AG from its foundation until You sold the company in 2019, including any and all documents regarding assets attributed to Swiru Holding You have claimed You are ultimate beneficial owner of, and any and all documents supporting Your statement in the French Court that "documents held by the bank and signed by Suleyman Kerimov or Nariman Gadzhiev… were forgeries:"

**DOCUMENT REQUEST NO. 10:** Any and all documents related to the ownership of MG International from its foundation to the present.