## SCHEDULE A

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3, Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd., by their undersigned counsel, hereby request that You, ▇▇▇▇▇▇▇▇▇▇▇▇▇, produce in advance of your deposition scheduled for September 10, 2024 in New York City, or bring for inspection and copying on that date, the documents and things requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below.

## DEFINITIONS

1. This document incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3

2. "Amended Complaint" means the Amended Complaint in the above-captioned action filed in the United States District Court for Southern District of New York.

3. "You," or "Your" shall mean ▇▇▇▇▇▇▇▇▇▇▇▇▇ and his agents, including entities owned by him and any its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

4. The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

1. All objections to the production of documents requested herein shall be made in writing and delivered to the office of Ford O'Brien Landy LLP on or before the scheduled deposition date, September 10, 2024.

2. All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, You shall state so in writing.

3. Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. For example:

   (a) documents created using Microsoft Word must be produced as .DOC [or .DOCX] files; [and]

   (b) emails must be produced in a form that readily supports import into standard email client programs, or the form of production should adhere to the conventions set out in the internet email standard[./; and]

   **OR**

   Electronically stored information (ESI) must be produced in [.PDF/[FILE FORMAT]] with corresponding load files containing the document's text and [all available metadata/[SPECIFIC METADATA]].

4. These requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody or control of your agents, employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

5.      In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

6.      If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    (a)    identifying the document;

    (b)    describing where the document is now;

    (c)    identifying who has control of the document;

    (d)    describing how the document became lost or destroyed or was transferred; and

    (e)    identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7.      Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8.      If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product

doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

   (a) the ground of privilege or protection claimed;

   (b) every basis for the privilege or protection claimed;

   (c) the type of document;

   (d) its general subject matter;

   (e) the document's date; and

   (f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

  9. If You objects to any document request on any ground other than privilege, You must specify:

   (a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

   (b) whether any responsive materials are being withheld on the basis of an objection.

  10. To the extent You asserts that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document

must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED [AS [BASIS FOR PROTECTION]]" on the document in an appropriate location that does not obscure the remaining text.

11. If there are no documents in response to any particular request, You shall state so in writing.

12. Unless otherwise stated herein, all documents requested cover the period from the earliest date mentioned in Your July 26, 2024 Declaration filed in this matter through the present.

13. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

14. Requests for production should be read to encompass any and all items responsive to the request.

15. These requests are continuing, and Your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:** Any and all documents referred to and/or relied on in the drafting of the Declaration of ▓▓▓▓ dated July 26, 2024 filed in the above referenced matter (the "▓▓▓▓ Declaration").

**DOCUMENT REQUEST NO. 2:** All communications between You and/or Your Counsel and any lawyer or agent from the US Department of Justice, including those communications about the ▓▓▓▓ Declaration, including all drafts of the ▓▓▓▓ Declaration.

**DOCUMENT REQUEST NO. 3:** Any and all documents reflecting any agreement entered into between You and the US Department of Justice, including but not limited to any cooperation agreement, non-prosecution agreement, proffer agreement, or any other agreement formal or informal, written or oral with the US Department of Justice, including any agreement made by You personally to cooperate with the government even if the government has not also agreed.

**DOCUMENT REQUEST NO. 4:** Any and all documents related to Your being designated on OFAC's SDN list on or around November 2022, including notices received and communications with third parties about your being designated as an SDN and Your Deslisting in June 2024.

**DOCUMENT REQUEST NO. 5:** Copies of any OFAC submission made on Your behalf, including but not limited to all submission and correspondence with OFAC and specifically any and all OFAC questionnaires and any responses to any such questionnaire. This request encompass all submissions and responses for Your two children and each of the eight entities associated with You including: MG International AG (MG International), ▓▓▓▓ International Group AG (▓▓▓▓ Group), Swiss International Advisory Group

6

AG (SwissIAG), Papa Oscar Ventures GmbH (Papa Oscar Germany), Eurimo Holding SA (Eurimo), Papa Oscar Ventures SE SL (Papa Oscar Spain), Swiss International Real Estate Portfolio AG (SwiREP), SCI AAA Properties (SCI). This submission may be redacted to exclude any (1) purely personal information, (2) information not related to the Amadea or topics addressed in the ▇▇▇ Declaration, (3) information not related to the use of "straw owners" or "front men" by You, or any member of the Kerimov family.

**DOCUMENT REQUEST NO. 6:** All communications between you and Suleiman Kerimov, Nariman Gadzhiev, Gulnara Kerimova, Alisa Gadzhieva discussing the matters referred to in the ▇▇▇ Declaration to the extent not already produced to the government.

**DOCUMENT REQUEST NO. 7:** Any and all documents submitted to the French Court (ICIJ) bearing on your statements and position that you did not act as a front or straw owner for Suleiman Kerimov.

**DOCUMENT REQUEST NO. 8:** Documents related to Your sale of Fren Global Corp in 2014 "as a shell company without assets" to Nariman Gadzhiev, including any and all documents related to Your claim in the French Court (ICIJ) that a document contained a "distorted electronic signature."

**DOCUMENT REQUEST NO. 9:** Documents sufficient to show the ownership structure of Swiru Holding AG from its foundation until You sold the company in 2019, including any and all documents regarding assets attributed to Swiru Holding You have claimed You are ultimate beneficial owner of, and any and all documents supporting Your statement in the French Court that "documents held by the bank and signed by Suleyman Kerimov or Nariman Gadzhiev… were forgeries:"

**DOCUMENT REQUEST NO. 10:** Any and all documents related to the ownership of MG International from its foundation to the present not already produced to the government.