**FSS** Freeh
Sporkin
& Sullivan LLP

**Gregory A. Paw**
630 5th Ave, Suite 2310
New York, NY 10111
paw@fsslaw.com
267-421-7033

September 10, 2024

The Hon. Dale E. Ho
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse - 40 Foley Square
New York, New York  10007

Re:  *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

We are counsel to the Witness at the core of a September 6, 2024 letter brief from claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd. ("Claimants") seeking to compel compliance by the Witness with an undated subpoena, provided to counsel for the Witness on September 3, 2024.  We enter an appearance for the limited purpose of opposing the Claimants' request to enforce a subpoena against the Witness.

The Claimants' subpoena is invalid under Rule 45(c) of the Federal Rules of Civil Procedure as it seeks to force a foreign national to appear in a U.S. judicial proceeding and compel attendance at a deposition more than 100 miles from that person's place of residence.  The subpoena also would require the Witness, a Swiss national with no ties to the United States, to violate Swiss and French law on producing data in a foreign civil proceeding.  The subpoena further is unduly burdensome and intended to harass.

For all of these reasons, the subpoena should be quashed in full.

### A.  <u>Background</u>.

The Witness is a Swiss national with no physical ties to the United States.  The Witness' business is exclusively in Switzerland and other European nations, and the Witness has lived in the same corner of a village in Switzerland for over 20 years.

The Witness voluntarily provided a declaration to the United States concerning the experience of the Witness in conducting business with Suleiman Kerimov and Nariman Gadzhiev.  The United States asked Witness to come voluntarily to a deposition in the United States, which the Witness agreed to do without any subpoena.

On August 29, 2024, Claimants' counsel confirmed that he also wanted time to question the Witness at the deposition but did not state that a document request also would be made.  Counsel for the Witness agreed to accept a subpoena for a deposition.

On September 3, 2024, Claimants' counsel provided a subpoena for both a deposition of the Witness and a document request.  The document request sought data going back to 2000.  On September 3, 2024, counsel for the Witness advised Claimants' counsel of our objections to the nature of the subpoena and the data sought.  During a meet and confer on September 4, 2024, counsel for the Witness explained the records sought by the

subpoena were voluminous, contained highly sensitive personal information, and were unlikely in any event to contain any significant information sought by the Claimants.  On September 5, 2024, Claimants' counsel provided a revised subpoena that failed to meaningfully narrow the breath of the data requested.

On September 6, 2024, counsel for the Witness advised Claimants' counsel that the revised subpoena did not properly address the issues raised during the meet and confer, and that the requests were "designed more to intimidate and burden" rather than to discover relevant information.  Accordingly, counsel for the Witness advised that the Witness would not travel to the United States for the September 10, 2024 deposition.

### B.  Claimants' Subpoena is Invalid as to the Witness

The Claimants' subpoena to the Witness seeks discovery not permitted under Rule 45 of the Federal Rules of Civil Procedure.  Rule 45 does not provide litigants with global jurisdiction to seek evidence anywhere in the world, but limits discovery so that a third party cannot be compelled to attend a deposition or produce documents at a place more than 100 miles from the person's residence.  *See* Fed. R. Civ. P. 45(c)(1)(A) & (2)(A).  This Court must quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c).  *See* Fed. R. Civ. P. 45(d)(3)(A)(ii).

Here, the Witness lives and works in Switzerland, well over 100 miles from New York City, the location set for subpoena compliance.  The Witness has no business or personal ties with New York City or the United States  No modification of the subpoena would bring it into compliance with the geographical limits of Rule 45(c).

For these reasons, the subpoena should be quashed.

### C.  Swiss Law Limits the Data that Can Be Shares outside of Switzerland

In addition to the infirmities of the subpoena under Rule 45, the laws of Switzerland also require that the subpoena be quashed.  Article 271 of the Swiss Criminal Code prohibits carrying out activities on behalf of a foreign state on Swiss territory without lawful authority, where such activities are the responsibility of a public authority or public official.  Article 273 prevents the provision of confidential business information of third parties.  Obtaining of evidence for court proceedings abroad constitutes the exercise of public powers pursuant to Swiss case law requiring that any such evidence must be sought through the rules on international judicial assistance.

Further, the requests for data from a French investigation would require the Witness to violate the French "secret d'instruction" prohibition against the giving of information on the French investigation.

These reasons further require that the Claimants' subpoena be quashed.

### D.  Claimants Have Failed to Seek Production from the Government

Nowhere in the submission to this Court have Claimants indicated that any attempt was made first to obtain the data requested from the Witness from the Government before

burdening non-parties with discovery requests. *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012). When a requesting party has "not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party." *Id.*

Here, many of the categories of documents sought by the Claimants are likely already in the custody of the United States, a party to the litigation, including Request 2.

Because of Claimants' failure to attempt to obtain the requested documents from the United States prior to seeking them from the Witness, the Claimants' subpoena is an undue burden on the Witness and should be quashed.

### E. The Burden Created by Claimants' Subpoena is Burdensome and Harassing

Under Rule 45, a court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance" with the subpoena. Fed. R. Civ. P. 45(d)(2)(B)(ii). The Witness (who is neither a party nor a party's officer) would incur significant burden and expense in complying with the Claimants' subpoena. Some of the requests, such as Number 6, seek production of correspondence dating back over 20 years with multiple people. *See* Claimants' Subpoena at ECF 215-4 at 7 ¶ 6. The burden and cost of reviewing and producing such material cannot be understated.

These expenses and burdens are far beyond what is typically required of a non-party witness. For these reasons, the Claimants' subpoena should be quashed.

### F. Conclusion

For the reasons stated, the Claimants' subpoena to the Witness should be quashed.

Respectfully Submitted,

By:    /s/ Thomas McC. Souther
Thomas McC. Souther
Gregory A. Paw *
FREEH SPORKIN & SULLIVAN LLP
630 Fifth Avenue, Suite 2310
New York, New York 10111
souther@fsslaw.com
267-421-7033

*Counsel for the Witness*

---

* Mr. Paw is seeking *pro hac vice* admission in this matter before the Court.