UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>The M/Y Amadea, a Motor Yacht Bearing International Maritime Organization No. 1012531,<br><br>       Defendant. | 23-CV-9304 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

  Before the Court are various motions related to a deposition that had previously been scheduled to take place on September 10, 2024. In particular,

- The Government moves for a protective order limiting the scope of Claimant's cross-examination of the witness, *see* ECF No. 208;

- Claimants cross-move for a protective order to adjourn the date of the deposition, *see* ECF No. 213;

- Claimants ask the Court to: (1) order compliance with a subpoena by the deponent; and (2) strike a declaration by the deponent and the Government's supplemental brief citing it, *see* ECF No. 215;

- The Government asks that its Letter responding to Claimant's cross-motion for a protective order, *see* ECF No. 218, be placed under seal temporarily for 14 days, until Claimants can formally move for permanent sealing of the document, *see* ECF No. 217.

The Court rules as follows:

  The Government's motion for a protective order, ECF No. 208, is **DENIED**. While the Court has considerable discretion to limit the extent of discovery under Rule 26, the Government does not cite pertinent authority indicating that the exercise of such discretion to enter the Government's requested protective order would be appropriate in this case. *See generally* ECF No. 208. Moreover, on the record before the Court, including Claimants' representation that

they will "not . . . question the Witness about his statements to law enforcement that do not bear on the factual disputes relevant to this case," ECF No. 213, the Government's requested relief appears unnecessary. The parties are advised that the Court's denial of the Government's requested protective order is not license to ask any questions that otherwise would not be permitted under Rule 26, and/or to inquire into unrelated criminal investigations.

The Court instead adopts in part Claimants' proposed course of action and **ORDERS** that the entire deposition be conducted under a protective order and sealed, with any transcript or recording designated for Attorneys' Eyes Only ("AEO"). After the conclusion of the deposition, the Government may authorize, in writing, de-designation and disclosure of some or all portions of the deposition transcript or recording that the parties seek to use. Continued designation of portions of the transcript or recording as AEO is appropriate for materials of a highly sensitive nature that raise a significant risk of affecting the privacy and safety of witnesses, or the confidentiality of ongoing investigations. Counsel shall not share any AEO material or the content of the AEO Material with any other persons, including the Claimants, except for any personnel for whose conduct defense counsel is responsible. The Government's designation will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over AEO designations, after which the Claimants may seek de-designation by the Court as to any portions of the transcript or recording of the deposition that they seek to use, prior to its use.

Claimant's cross-motion for a protective order to adjourn the date of the deposition, ECF No. 213, is **DENIED** as moot, in light of its anticipated rescheduling for a later date. *See* ECF No. 222 at 2.

Claimant's motion to strike the deponent's declaration and the Government's supplemental brief, ECF No. 215, is **DENIED**. Claimant's motion is premature in light of the

2

parties' ongoing efforts to reschedule the deposition in question. Moreover, as a general matter, "there is no specific requirement in Rule 56 that an affiant be cross-examined in order for his or her affidavit to be used on summary judgment." *Eli Lilly & Co. v. Arch Ins. Co.*, No. 13 Civ. 1770, 2017 WL 2930571, at *6 (S.D. Ind. July 10, 2017).

As to Claimant's request that the Court order compliance with its subpoena, ECF No. 215, counsel for the witness has appeared and filed an opposition to that request, *see* ECF Nos. 223-25. The Court is in receipt of Claimant's Reply. *See* ECF No. 226. The Court **RESERVES** decision on this issue and will issue a decision in due course.

The Government's request at ECF No. 217 to temporarily seal ECF No. 218 is **GRANTED**. Claimants shall file their request to permanently seal ECF No. 218 no later than **September 26, 2024**. If no request is filed by that date, ECF No. 218 will be unsealed. If any such request is received, ECF No. 218 will remain temporarily sealed until the Court rules on the request for permanent sealing.

The Clerk of the Court is respectfully directed to close ECF Nos. 208 and 217.

SO ORDERED.

Dated: September 12, 2024
       New York, New York

DALE E. HO
United States District Judge