UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>The M/Y Amadea, a Motor Yacht Bearing International Maritime Organization No. 1012531,<br><br>                      Defendant. | 23-CV-9304 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

      Before the Court are various motions to designate, redact, or seal certain documents. In particular,

- ECF No. 152, which, pursuant to Paragraph 12 of the Protective Order in this case, ECF No. 83, seeks an Attorneys' Eyes Only ("AEO") designation for the identity of a witness contained in a document filed under seal, ECF No. 200;

- ECF No. 189, which seeks to seal ECF Nos. 199 and 200, and which further seeks temporary sealing of various documents subsequently filed at ECF Nos. 198 through 198-5;

- ECF No. 191, which seeks to seal ECF No. 192;

- ECF No. 195, which seeks to redact portions ECF No. 196 (which is filed under seal in unredacted form, and is filed separately in redacted form at ECF Nos. 195-1), and to seal ECF No. 196-1;

- ECF No. 205, which seeks to seal ECF No. 206;

- ECF No. 211, which seeks to redact portions of ECF No. 212 (which is filed under seal in unredacted form, and is filed separately in redacted form at ECF No. 211-1);

- ECF No. 219, which seeks to seal ECF No. 220.

These various requests are **GRANTED**, for the following reasons:

      **Request for Attorneys' Eyes Only Designation (ECF No. 152).** The request is **GRANTED**. Courts in this District have routinely entered protective orders permitting AEO

1

designations for materials of such a highly sensitive nature that they present a risk of seriously affecting the privacy or safety of victims or witnesses. *See, e.g.*, *United States v. Menendez*, No. 23 Crim. 490, 2023 WL 6533493, at *2 (S.D.N.Y. Oct. 6, 2023); *United States v. Espinal*, No. 23 Crim. 619, 2024 WL 244392, at *1 (S.D.N.Y. Jan. 23, 2024). While AEO designations are typically ordered for such reasons in criminal matters, they are also common in civil matters merely to protect important commercial interests. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.").

Here, based on the Government's representations in its letter-motion, *see* ECF No. 152, the Court finds a sufficient showing of good cause for the requested AEO designation. Accordingly, the identity of the witness in ECF No. 200 shall be designated as AEO. Counsel shall not disclose the identity of the witness, or share any version of ECF No. 200 with any other persons, including the Claimants, except for any personnel for whose conduct defense counsel is responsible, unless the witness's name is redacted.

**Request for Temporary Sealing (in ECF No. 189).** The Government requests that various documents, including ECF Nos. 198-1 through 198-5, be temporarily sealed until the Claimants can request permanent sealing of them. That request is **GRANTED**. Claimants shall have until **September 26, 2024** to request that these documents be permanently sealed. If no such motion is filed by that date, they will be unsealed. If any such request is received, the documents in question will remain temporarily sealed until the Court rules on the request for permanent sealing.

**Requests for Redaction or Permanent Sealing (ECF Nos. 189, 191, 205, 211, and 219).** In these motions, one or both of the parties seek permanent redaction or sealing of various documents. For the reasons stated below, the requests are **GRANTED**.

The Court applies a three-part inquiry to determine whether to seal or redact a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).[1] First, a court determines whether a document is a "judicial document," subject to a presumptive public right of access. *See id.* at 87. Second, a court determines the weight of the presumption of public access that attaches to the document, looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 87-88. "Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Id.* at 88.

First, there is no question that the documents in question are judicial documents, as they are submitted in connection with motions or active disputes between the parties. Second, several of the documents are submitted in connection with the Government's case-dispositive motion to strike the claim,[2] and a strong presumption of public access attaches to them; the other documents are submitted in connection with an ongoing discovery dispute,[3] and for these documents, the presumption of public access remains, although it is slightly reduced. *See Olson*, 29 F.4th at 89 (explaining that the "strongest presumption attaches where the documents

---

[1] In all quotations from cases, citations, footnotes, brackets, ellipses, and emphases are omitted unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

[2] *See* ECF Nos. 199, 200.

[3] *See* ECF Nos. 192, ECF No. 196 (in redacted form at ECF no. 195-1), 196-1, 206, 212 (in redacted form at ECF No. 211-1), 220.

3

determine litigants' substantive rights" but "is weaker where the documents play only a negligible role in the performance of Article III duties").

With respect to all these documents, however, the parties have adequately articulated countervailing interests that justify the redaction or continued sealing of the documents in question. In each case, the parties submit that redaction or sealing are warranted to protect the United States' relations with foreign governments and/or the safety and security of witnesses. These are valid interests justifying redaction or sealing of documents. *Cf. Halpern v. F.B.I.*, No. 94 Civ. 365, 2002 WL 31012157, at *7 (W.D.N.Y. Aug. 31, 2001) (finding redactions proper under FOIA, because revealing redacted information would "impair relations between the United States and a foreign government"); *Walker v. City of New York*, No. 15 Civ. 500, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017) (holding that "the safety of the complaining witness and his family constitutes a higher value which should be protected by filing of redacted versions of the summary judgment papers"). The Court has reviewed the documents in question, and finds that the redactions and sealing proposed by the parties are appropriate, and are narrowly tailored to serve the asserted interests.

For the reasons stated above, the motions referenced in this Order are **GRANTED**. The Clerk of Court is respectfully directed to leave ECF Nos. 198 through 198-5 under temporary seal pending further order of the Court, and to permanently seal EFC Nos. 192, 196, 196-1, 199, 200, 206, 212, and 220. The Clerk of the Court is also respectfully directed to close ECF Nos. 189, 191, 195, 205, 211, and 219.

SO ORDERED.

Dated: September 13, 2024
New York, New York

DALE E. HO
United States District Judge