UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | 23-CV-9304 (DEH) |
| The M/Y Amadea, a Motor Yacht Bearing International Maritime Organization No. 1012531, | ORDER |
| Defendant. | |

DALE E. HO, United States District Judge:

 Before the Court is Claimant's motion to compel a subpoena for production of documents from a third party witness (the "Witness") under Rule 45.[1] *See* ECF No. 215. "The Witness is a Swiss national with no physical ties to the United States," whose "business is exclusively in Switzerland and other European nations." *See* ECF No. 223. For the reasons stated below, Claimant's motion is **DENIED**.

 Rule 45(c)(2)(A) provides for a subpoena to command "production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45(d)(3)(A) provides that "the district where compliance is required *must* quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." (emphasis added). "The purpose of the territorial limitation is to protect [non-party] witnesses from being subjected to excessive discovery burdens in litigation in which they have little or no interest." *In re Application for Ord. Quashing Deposition*

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

1

*Subpoenas, dated July 16, 2002*, No. M8-85, 2002 WL 1870084, at *3 (S.D.N.Y. Aug. 14, 2002) (Lynch, J.) (internal quotation marks and citation omitted).

Here, there is no dispute that the Witness lives and works more 100 miles from this District; and there is no allegation that the Witness has any business or personal ties in this District (or anywhere else in the United States). Under Rule 45(d)(3)(A), this Court *must* modify or quash the subpoena. As Claimants have not suggested any modification of the subpoena that could bring it into compliance with Rule 45, the Court lacks discretion to do anything but quash it.

Claimants note that the Witness's attorney accepted service of the subpoena, *see* ECF No. 226, but valid service is only the beginning of the analysis. Even if service of the subpoena is valid, that does not establish that this Court has authority to enforce compliance with it. *See In re Application for Ord. Quashing Deposition Subpoenas, dated July 16, 2002*, 2002 WL 1870084, at *3-*5 (finding service of Rule 45 subpoena on foreign nationals proper, but quashing subpoena pursuant to Rule 45's territorial limits). Claimants also appeal to equitable considerations, noting that the Witness has produced some documents to the Government and apparently will be voluntarily appearing for a deposition in this District. But "[t]here are no equitable considerations at issue here, because there is no . . . discretion in this application of Rule 45." *Great Lakes Reinsurance (UK) SE v. Herzig*, No. 16 Civ. 9848, 2023 WL 4406149, at *3 (S.D.N.Y. July 7, 2023) (cleaned up). To the extent that any documents that the Witness has produced to the Government have not yet been produced to Claimants, they are available through party discovery under Rule 34.

Accordingly, for the reasons stated above, Claimant's motion to compel compliance, ECF No. 215, is **DENIED**.

SO ORDERED.

Dated: September 16, 2024  
New York, New York

DALE E. HO  
United States District Judge