

September 17, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

    This firm represents Claimants in the above-referenced matter. We write to respectfully request an extension of the discovery deadline, as the current schedule does not permit the parties to take all necessary discovery prior to the cut-off date, even with the parties continuing to work around the clock and travel around the world as they have been doing since this summer. For the reasons set forth herein, this Court should order discovery to extend until January 15, 2025, with caveats explained below. We note at the outset that we have met and conferred with the government, and the government does not oppose an extension from October 18 until November 15, 2024. While the government told us they do not believe any further extension is warranted, even the government has to admit that neither the October 18 or even the November 15 deadline is workable given the number and location of already scheduled depositions and the number and location of depositions that the parties are still working together to schedule. Our proposed extension assumes the parties will take at least 1.5 depositions a week every week from now until the end of discovery (excluding the week of Thanksgiving and Christmas/New Years).[1] In addition to extending discovery, Claimants also seek an order from this court that any deposition of an international witness may be taken remotely by either (or both) party(ies).

    As detailed below, the deposition schedule from now until the current deadline of October 18, 2024 is already full. With the schedule now full, the parties have collectively noticed their intention to take the depositions of at least 13 additional witnesses, for which there is simply no time within the current deadline. In addition, the current schedule includes extensive international travel, and disputes relating to depositions exist requiring Court intervention before further scheduling can take place, leaving the depositions of this case's most important

---

[1] Finalizing all depositions by November 15 would require the parties to take 3 depositions a week every week from now until November 15. We submit this is not a reasonable schedule for either party, considering the work and travel involved. The Court issuing a ruling that all depositions can be attended remotely by either party would help alleviate this burden.

witnesses—those refenced throughout the Amended Complaint—in limbo at the moment. Moreover, and critically, there are several witnesses for whom the parties have filed Hague requests, and those requests remain outstanding, outside the control of either party or the Court. One of these witnesses is among the most critical in the case, and both parties filed Hague requests for him. As such, discovery will have to be extended to obtain—at the very least—the deposition of these witnesses which will certainly take place after October 18. Since discovery must be extended for these witnesses, there is no prejudice to either party if the discovery deadline is extended coterminously to the last deposition noticed under the Hague requests.

*The Parties Have Engaged in Extensive Discovery Since July 26, 2024*

As of today, the government has noticed the depositions of ten[2] fact witnesses and three expert witnesses. (This number of witnesses is in sharp contrast to the impression that the government gave to the Court and Claimants during the last conference when it argued against an extension of the discovery deadline at that time, based on a limited amount of discovery that it needed.) One of these depositions is of a witness that the government sought via a Hague Convention request and who is going to be made available pursuant to that request on September 20, 2024 in the Outer Hebrides Islands in Scotland. This deposition requires a day-and-a-half of travel in each direction, and is scheduled for this Friday. On Friday, the government noticed the deposition of yet another witness, requesting dates for this Wednesday, Thursday, or Friday. Of course, since Claimants' counsel will be en route to and in the Outer Hebrides, Scotland, this week will not work, and another date will need to be found.[3] In addition, the government has advised Claimants' counsel that it intends to call three expert witnesses, all of whom will be required to be deposed (and rebutted, with three more depositions of the rebuttal experts). During our meet and confer the government disclosed it might notice at least one additional deposition of a so-far-unnamed witness.

As of today, Claimants have noticed the depositions of six[4] fact witnesses in addition to the FBI agents involved in investigating this case, and excluding Hague requests. We are currently in the process of determining whether additional international witnesses will agree to be deposed voluntarily, and if so, the location. The parties also have four outstanding Hague request witnesses. All told, the parties have noticed 25 depositions to date. Excluding the FBI agents, the government has noticed twice the number of depositions as Claimants.

Since the last conference on July 26, 2024, three of those 25 depositions have taken place, leaving 22 remaining. The first took place on August 19, 2024 in Exeter, England. That

---

[2] One of these witnesses was a crew member for whom Hague requests were made by both parties, and who agreed to sit voluntarily without waiting for the Hague process to play out.
[3] Last night, the government informed us that this deposition could possibly move to Saturday in Glasgow—Claimants counsel did not object so long as the plans were finalized today so that flights and hotels could be arranged.
[4] One of these witnesses overlaps with a witness the government also noticed. *See* fn. 1.

deposition was of a witness who was the subject of a Hague request submitted both by the government and Claimants, who subsequently agreed to sit for a deposition voluntarily without waiting for the Hague process to complete on its own. The second and third depositions took place on September 11 and 13, 2024, respectively, both of witnesses noticed by the government from the Cayman Islands, but both of whom appeared for remote depositions, with counsel for both sides appearing from New York.[5]

The government continues to produce voluminous documents to us and informs us that more documents are coming for witnesses whose depositions have been noticed. The government produced 109,000 pages of documents for one witness, which were just able to be uploaded to our review platform last week. For other witnesses, the government intends to produce 6,000 documents for one, and another 800 for another. We are awaiting those productions to be able to review them before scheduling dates.

*The Deposition Schedule Until the Current Deadline is Already Full*

As of today, of the 22 remaining, nine depositions have been scheduled or tentatively scheduled, with some disputes pending. The current deposition schedule is as follows with the party seeking each deposition appearing in parentheses:

- September 20, 2024, a witness in the Outer Hebrides Islands, Scotland (government);
- September 24, 2024, a witness in Florida (government);
- September 27, 2024, FBI Special Agent Timothy Bergen in New York (Claimants);
- September 27, 2024, one of the government's experts in New York (Claimants);
- October 2, 2024, a witness in London (Claimants);
- October 8, 2024, a witness remotely from UAE DIFC (Claimants);
- October 11, 2024, 30(b)(6) witness remotely in UAE DIFC (government);
- Week of October 7 or 13, 2024, Mr. Khudainatov's assistant, either remotely from UAE DIFC, or an international location to be determined (Claimants); and
- Week of October 13, 2024, Mr. Khudainatov, an international location to be determined (government).

The above schedule requires a Herculean amount of work. Assuming they will be in person for at least one of the parties, it requires a tremendous amount of international travel. Even if the depositions were all taken remotely—which they are not—the parties simply cannot complete discovery within the current discovery schedule. Indeed, the government is insisting

---

[5] While the government had produced documents relevant to these witnesses in June 2024, Claimants emailed the government on August 21, 2024 notifying the government that documents were missing from that production. The government did not produce the 1,422 pages of missing documents until September 4, 2024, a week before the first deposition took place.

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
September 17, 2024
Page 4

some depositions being taken in person, and at least one witness has purportedly on his own declared he will only agree to an in-person deposition. However, many of these depositions require long-haul international travel with little time to prepare in between, not to mention that disputes have been arising as depositions approach, as detailed below.

*The Depositions that have been noticed and need to be Scheduled Require Several Weeks to Complete*

Given the above, at least 13 depositions have yet to be scheduled, including (i) the government's second and third expert witnesses; (ii) Claimants' rebuttal experts; (iii) an IT witness that the government noticed last week; (iv) a bank witness that the government noticed who were not on their list of individuals who have relevant information served in May 2024; (v) a deposition of a witness the government has called who declined to appear for a deposition on September 10, 2024 in the United States but which the government is seeking to reschedule, possibly in Switzerland; (vi) at least one FBI agent that Claimants have noticed; and (vii) the four remaining Hague witnesses. We understand from counsel for one of the outstanding Hague witnesses that the witness may be willing to sit for a deposition voluntarily, but is available at the earliest at the end of the October, after the current discovery deadline. In addition, during yesterday's meet and confer, both parties indicated to each other that also have one or two additional depositions that each side may notice, to be determined.

*The Outstanding Discovery Disputes Support a Discovery Extension*

In addition, there are currently four disputes that have been raised with the Court regarding the depositions listed above, and the above schedule is therefore far from settled. The parties, and the Court need additional time to resolve these disputes and reschedule the depositions:

- *The September 24, 2024 deposition* – Given the September 20, 2024 deposition in the far reaches of Scotland, Claimants' counsel requested that they be permitted to attend the deposition of a witness subpoenaed by the government in Florida remotely. That request was denied by the witness's counsel, and Claimants have sought a protective order relating to that deposition, and the Court has given the witness's counsel until tomorrow to respond (ECF Nos. 230 and 234). In the government's response to Claimants' motion for a protective order, the government stated that it had no objection to Claimants' request to participate remotely, and stated that it was amenable to adjusting the date of the deposition to permit Claimants to digest the government's production of documents relating to this witness, which the government intends to produce this week. Those documents have not yet been produced.

- *The October 8 deposition of a fact witness who is a Russian national and the October 11 deposition of Millemarin's Rule 30(b)(6) witness* – The parties are seeking to find an agreeable location for the government to participate remotely. Claimants' counsel has

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
September 17, 2024
Page 5

- conferred with counsel in the United Arab Emirates, who has advised that the process for taking voluntary depositions of witnesses who are third-party nationals in the "economic free zones" that exist in Dubai and Abu Dhabi is relatively straightforward and entails providing the court there with an order from the Court here, which Claimants intend to obtain. The parties have met and conferred on this issue. However, the government has insisted that Emirati authorities require that an MLA request be made even though UAE lawyers have advised Claimants that the economic free zone is a different jurisdiction and is not "in" the UAE. The government has refused to provide us with the actual communications from the Emiratis, making it impossible for Claimants to understand the apparent disconnect between the advice received.

- *Mr. Khudainatov's deposition* – It is still unclear where and how this deposition will take place. As set forth in the parties' joint letters to the Court dated September 6, 2024 (ECF No. 220) and September 13, 2024 (ECF No. 237), the parties have agreed in principle to conducting Mr. Khudainatov's deposition in one of two countries. As set forth in the latter joint letter, the government has been informed that one country intends to respond to the government's request this week, and that while the other country has acknowledged receipt of the government's request, it has not stated when it will respond. The Court has ordered that the parties submit another status update on September 20, 2024 (ECF No. 244).

Given the above, Claimants have demonstrated that compelling circumstances exist to extend discovery beyond October 18, 2024.[6] Claimants respectfully request that discovery be extended until January 15, 2024, with caveats.

The first caveat is that if the government insists on seeking mutual legal assistance requests to appear remotely at the 30(b)(6) deposition of Millemarin Investments Ltd. and other depositions of international witnesses that Claimants notice, the Court permit the government the time it needs to secure these requests. The second caveat is that the parties should be permitted to continue to pursue any outstanding Hague requests, and specifically those that both parties sought.

The Court should recall that after seizing the Amadea using FBI affidavits containing materially misleading statements, the government first began its investigation, which lasted 18 months prior to filing the Complaint. During these 18 months, the government utilized various forms of mutual legal assistance for more than a year and half to gather evidence prior to filing this case. The government then continued to use this international assistance to have the

---

[6] It bears disclosing that Ms. Jarusinsky has surgery scheduled for October 3, 2024, related to a health issue that arose in June 2024 and resulted in two emergency room visits in July and August and a hospital stay from August 7-10. It is anticipated that this surgery will require her to recover for at least four weeks before she is able to return to work in any capacity. Another senior lawyer on the case is taking paternity leave for four weeks starting October 9.

authorities of other countries collect documents and interview multiple witnesses. The use of international assistance which the government used in its investigation is now the same process that it now decries is taking too long and is the basis to prevent fulsome discovery from being taken in this case.

While the government acknowledges that discovery in this case requires additional time by virtue of it not agreeing to oppose an extension until November 15, that extension is still not realistic. There is no reason this Court should not permit both parties to take the necessary discovery required for a case of this magnitude. The government has claimed prejudice from adjourning the discovery deadline in this case, but their prejudice solely arises from the amount of fees that the government is paying to maintain the Amadea, a burden the government knowingly took on when it decided to seize the Amadea without first having conducted any meaningful investigation. To the extent the government opposes a discovery extension beyond November 15, but still short of a realistic discovery period, the government is plainly seeking to hamstring Claimants, and prevent a determination on the merits. Claimants, however, would be unduly prejudiced if they are not permitted to take evidence from key witnesses in this case based on an unusually compressed discovery schedule, particularly for a matter like this that requires international processes that take time to conduct discovery. The key factors in determining how much discovery to allow are proportionality and the complexity of a case. This is a complex, international dispute regarding a roughly $260 million asset. Discovery in complex financial matters routinely takes more than a year, and sometimes several years—particularly where witness are around the globe, as they are here. Here, with the extension requested, the total discovery calendar is still less than a year, and due to extensive motion practice, neither side began its discovery efforts in earnest until April of this year. Respectfully, the parties are nowhere near the point where the discovery permitted (in both time and material) is disproportional to the case at hand.

For the above compelling reasons, Claimants respectfully request that the fact and expert discovery schedule be extended until January 15, 2025, with the two caveats set forth above. This schedule would permit approximately 1.5 depositions to take place per week for the remaining weeks, a reasonable pace that allows for preparation and travel time. As noted above, an extension to November 15, 2024, which the government would not oppose, is unworkable given the number of depositions that remain to be scheduled.[7]

Respectfully Submitted,

*/s/ Adam C. Ford*
Adam C. Ford
Robert S. Landy
Renée L. Jarusinsky
Ford O'Brien Landy LLP

*Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.*

---

[7] The Court has set aside December 9 as the start date for a possible hearing on the motion to strike, in the event the Court were to decide one is necessary. As previously argued, Claimants do not believe a hearing should be ordered as Claimants have plainly come forward with "some evidence" of a facially colorable claim, sufficient to establish standing. Indeed, the government's recent filings on standing only address Mr. Khudainatov's standing, not Millemarin Investment's standing, for which there is no doubt that it is the owner and has standing, even under the government's theory of the case. Because no hearing has been ordered at this time, Claimants take no position on the December 9 date, but reserve all arguments.