

**Gregory A. Paw**
630 5th Ave, Suite 2310
New York, NY 10111
paw@fsslaw.com
267-421-7033

September 18, 2024

The Hon. Dale E. Ho.
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007

     Re:  *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

We are counsel to the Witness subject to two recent Orders issued by the Court on September 12, 2024 (ECF No. 227) and September 16, 2024 (ECF No. 243).  We respectfully request that papers filed on the record leading to the issuance of these orders, as well as the Orders themselves, be sealed on the docket so as to protect the safety and privacy of the Witness.

In determining whether to grant a motion to seal, a court must weigh the presumption in favor of public access to judicial documents against "higher values" which may include witness safety and the "privacy interests" of those resisting disclosure.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("Such countervailing factors include but are not limited to … 'the privacy interests of those resisting disclosure.'"); *Walker v. City of New York*, 15 Civ. 500, 2017 WL 2799159, at *6 (E.D.N.Y. June 26, 2017) (witness safety is "a higher value" justifying redaction of docket filings).  Where sealing is necessary to protect such higher values, any sealing order must be narrowly tailored to achieve that aim.  *Lugosch*, 435 F.3d at 120.

Here, the safety and privacy of the Witness and the Witness' family constitutes a "higher value" which should be protected by sealing the papers concerning the terms and conditions of any deposition for the Witness.  These filings reveal private information concerning the Witness.  The Witness has an important concern about safety and physical security, as well as an interest in maintaining privacy.  Indeed, the Witness has already received unwanted attention that the Witness perceived as threatening from persons relevant to this litigation and who are named in a declaration previously submitted to the Court.  The Witness has reported this unwanted attention to law enforcement in the United States and in the home nation of the Witness.  Having details about the Witness' role in this litigation on the public docket only furthers the risk of similar future unwanted attention.

While public access to the docket is important, these "higher values" of witness security and privacy justify the sealing of these limited documents on the docket.

We therefore request the sealing of documents concerning the government's request for a protective order concerning the Witness, as follows:

> ECF No. 208
> ECF No. 213
> ECF No. 217
> ECF No. 218
> ECF No. 227

We also request the sealing of documents concerning the request by claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd. to enforce a subpoena concerning the Witness, as follows:

> ECF No. 215
> ECF No. 222
> ECF No. 223
> ECF No. 226
> ECF No. 243

We have asked consent of counsel for the Claimants and the government to this request.

Counsel for the government had no objection to this request.

Counsel for Claimants requested additional details about the threats to the Witness and whether the Witness "has relayed these threats to law enforcement here in the states." Claimants' counsel also asked for the specific roles of his clients in "this unwanted attention." Counsel for the Witness confirmed that the Witness has been threatened, that the threat has been reported to law enforcement in the United States and the home nation of the Witness, and that "[a]ny further details will be provided to the Court only."

    Respectfully Submitted,

By: /s/ Thomas McC. Souther
Thomas McC. Souther
Gregory A. Paw *
FREEH SPORKIN & SULLIVAN LLP
630 Fifth Avenue, Suite 2310
New York, New York 10111
souther@fsslaw.com
267-421-7033

*Counsel for the Witness*

---

\* Admitted *pro hac vice* to practice before the Court.