**WILMERHALE**

**David S. Cohen**

+1 202 663 6205 (t)
+1 202 663 6363 (f)
david.cohen@wilmerhale.com

April 24, 2019

**By E-mail and First Class Mail**

Nariman Gadzhiev
c/o Dayton Advisors AG
St. Leodegarstrasse 2
6006 Lucerne, Switzerland

Re:  Heritage Trust and HWE Sub-Trust

Dear Mr. Gadzhiev:

I, along with Julia Beskin of Quinn Emanuel Urquhart & Sullivan, represent Mr. James C. Langdon, Jr., in his capacity as Protector, Investment Advisor, Designated Representative, and Distribution Advisor to the Heritage Trust and the HWE Sub-Trust (collectively, "the Trust"). I am writing to reiterate and confirm certain critical points that have been previously conveyed to you by Ms. Beskin and Mr. Langdon's law partner, Paul Butler, of Akin Gump Strauss Hauer & Feld.

As you know, on April 6, 2018, the Office of Foreign Assets Control of the United States Department of the Treasury designated Suleiman Kerimov as a specially designated national under Executive Order 13661. As a result, all property and interests in property of Mr. Kerimov subject to U.S. jurisdiction are blocked; no U.S. person may deal in any such blocked property; and no U.S. person may provide services of any kind, directly or indirectly, to Mr. Kerimov.

I understand that you have a business and familial relationship with Mr. Kerimov, and that before Mr. Kerimov's designation you occasionally acted on Mr. Kerimov's behalf. I also understand that you have signed a document dated December 13, 2018, entitled "Representations and Warranties," in which you "affirm, represent and warrant" that, among other things, you "have not, and will not, take instruction from any SDN in relation to Trust property."

In an abundance of caution to ensure compliance with the law and regulations of the United States relating to economic and financial sanctions, I want to reinforce that Mr. Langdon, and those acting on his behalf, will continue to refuse to consider, accept or act on any advice, input or direction from you, or anyone acting or purporting to act your behalf (*e.g.*, Dayton Advisors AG), with respect to Mr. Langdon's conduct as the Protector, Investment Advisor, Designated Representative, or Distribution Advisor of the Trust. This special focus on scrupulous compliance with U.S. sanctions law is, of course, in the best interests of the Trust and its beneficiaries.

**WilmerHale**

Nariman Gadzhiev
April 24, 2019
Page 2

Please understand that this is not an accusation or assertion of any kind that you or anyone else has acted improperly or unlawfully. Nor is this a repudiation of whatever rights you, as a potential future beneficiary, or the Grantor (on whose behalf I understand you occasionally communicate) may have under the Trust now or in the future. Moreover, Mr. Langdon, or those acting on his behalf, from time to time may ask you to perform certain administrative tasks related to the Trust that Mr. Langdon believes are necessary or appropriate for the operation of the Trust, such as assisting in the "de-layering" process and facilitating payment on bills incurred by the Trust. Nonetheless, because of the unusual circumstances brought about by the designation of Mr. Kerimov, prudence dictates that Mr. Langdon and those acting on his behalf will not seek from you any suggestions, advice or direction regarding the operation of the Trust, nor will he or anyone acting on his behalf act on any such suggestions, advice or direction that may be received from you.

If you would like to have a phone call to discuss any of these matters, we will make ourselves available.

Best regards,

David S. Cohen

cc: Julia Beskin, Esq.