I am writing to follow-up and provide further background on the letter you received from my counsel xxxx, Esq. of xxx dated April 16, 2019. As you know from our prior discussions, there are a number of issues that have arisen since October 2018 that have raised compliance issues for the trust including:

-the pre-payment of mortgages and penalties on Swiss commercial properties without the prior notice or approval of the Trustee;

-failure to meet capital calls from OEP and RizviTraverse on a timely basis which led to the return of funds sent to OEP and a letter from OEP withdrawing the trust from the fund on the grounds of failure to comply with anti-money laundering due diligence;

-the resignation of Morgan Stanley as fund administrator to Mantle Ridge and Ernst & Young's refusal to provide an audit to the fund which has led Mantle Ridge to terminate our investment early and to attempt to return that investment to the trust;

-Mantle Ridge's request to OFAC for written confirmation that the trust is not blocked property that has gone unanswered to this point; and

-communications with investment managers bypassing the primary trustee causing concerns by third party investment managers that the trust is not following appropriate compliance procedures.

We now find ourselves in a situation where certain important transactions on behalf of the trust are not moving forward. Morgan Stanley and Mantle Ridge will not return the investments without further assurances that the trust is not blocked property. The Administrative Trustee has failed to open bank accounts to permit Mantle Ridge and RizviTraverse to transfer investment returns back to the trust so approximately $100 million in liquidity remains in limbo.

To address these issues, and the increasingly challenging political and regulatory environment surrounding U.S. sanctions on Russian entities and individuals, I retained xxxx to provide an assessment of the current situation and advice on necessary steps to keep the trust compliant and protect the interests of the family. As you know, xxx is a highly-regarded and very experienced lawyer in this area and we are confident that an opinion from him that the trust is compliant with OFAC sanctions (subject to additional recommendations he may make) will satisfy third party investment managers such as Mantle Ridge that funds can be transferred back to the trust and also allow the administrative trustee to open accounts to complete pending transactions with investment managers.

Of course, protecting the trust will require full and strict compliance by all parties involved with the existing compliance procedures and any additional procedures xxx may recommend. That is why I asked xxxx to send the letter of April 16 to remind everyone of these critical obligations. I am also enclosing with this letter a more in-depth summary of the relevant OFAC regulations and how they relate to the trust that xxxxx has provided to me. I request that everyone involved or related to the trust familiarize themselves with this summary. I will be requesting that all parties involved with the establishment and administration of the trust represent that they have read the summary and warrant that they agree to adhere to policies necessary to comply with the regulations discussed in the summary.

Given OFAC's failure to confirm the status of the trust in writing to Mantle Ridge, the Primary Trustee, Administrative Trustee and investment managers will be relying on the legal opinion from xxxx to continue to oversee and administer the trust. This will require all parties involved in the trust to remain fully compliant. Recently, I have become generally aware of a potential dispute with the trust that could raise serious compliance issues and result in adverse collateral consequences to the trust. I believe it is in the best interest of the trust to attempt to resolve this dispute so that the trust can remain compliant while the legal review is pending. I have asked xxx, as counsel to your son, to discuss these issues in his upcoming trip to Moscow.