I am writing to follow-up on the letter you received from David Cohen, Esq. of WilmerHale dated April 16, 2019. Per our prior communications, there have been a number of issues that have arisen since October 2018 that have raised compliance issues for the trust including:

-the pre-payment of mortgages without the prior notice or approval of the Trustee;

-failure to meet capital calls from OEP and RizviTraverse on a timely basis which led to the return of funds sent to OEP and a letter from OEP withdrawing the trust from the fund on the grounds of failure to comply with anti-money laundering due diligence;

-the resignation of Morgan Stanley as fund administrator to Mantle Ridge and Ernst & Young's refusal to provide an audit to the fund which has led Mantle Ridge to terminate our investment early and to attempt to return that investment to the trust;

-Mantle Ridge's request to OFAC for written confirmation that the trust is not blocked property that has not been answered to date; and

-communications with investment managers bypassing the primary trustee causing concerns by third party investment managers that the trust is not following appropriate compliance procedures.

The trust is now in a situation wherein important activities cannot move forward. Morgan Stanley and Mantle Ridge will not return the funds without a new level of assurance that the trust is not blocked property. The Administrative Trustee has not opened bank accounts to permit Mantle Ridge and RizviTraverse to transfer funds of approximately $100 million back to the trust.

To address these issues, and the increasingly challenging political and regulatory environment surrounding U.S. sanctions on Russian entities and individuals, I have retained David Cohen to provide advice on necessary steps to keep the trust compliant and protect the interests of the family. A legal opinion from Mr. Cohen will be essential for third party investment managers and the Administrative Trustee to allow the trust to function normally.

Protecting the trust will require strict compliance by all parties with OFAC regulations as noted in the April 16 letter. I am also enclosing to this letter a summary of the OFAC regulations relevant to this trust. I request that everyone involved with the trust familiarize themselves with this summary and sign a representation that they have read the summary and warrant that they agree to adhere to the regulations set out therein.

Given that OFAC has not confirmed formally the status of the trust to third party investment managers, Morgan Stanley and Ernst & Young, the Primary Trustee, Administrative Trustee and investment managers will need to rely on a legal opinion from Mr. Cohen to continue to be in the position to continue overseeing and administering the trust.

Such an opinion will require that matters that could call into question compliance of the trust be resolved in advance of an opinion being issued. Such matters would have to resolved in full compliance with OFAC regulations. I have asked Paul Butler, as counsel to your son, to discuss issues that will need to be resolved in his upcoming trip to Moscow.