UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                       Plaintiff,

v.

The M/Y Amadea, a Motor Yacht Bearing International Maritime Organization No. 1012531,

                       Defendant.

23 Civ. 9304 (DEH)

**OPINION AND ORDER**

---

DALE E. HO, United States District Judge:

    Witness 2,[1] alleged to have knowledge of Suleiman[2] Kerimov's financial affairs, moves to quash the government's subpoena for deposition testimony and to permanently seal the unredacted version of his motion. *See* ECF Nos. 259, 261. For the reasons set forth below, the motion to quash is **DENIED** and the motion to seal is **GRANTED**.

## BACKGROUND

    In this action, Plaintiff the United States (the "Government") sues the Amadea, a 106-meter superyacht, *in rem*. *See* ECF No. 33 at 1; *see also* First Am. Compl. ¶ 5, ECF No. 37. The Government seeks forfeiture of the *Amadea*, claiming that it is beneficially owned by Kerimov, an individual subject to sanctions issued under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 et seq. *See* First Am. Compl. ¶¶ 5-6. Eduard Khudainatov and

---

[1] The Court refers to the movant as "Witness 2" to differentiate this witness from other witnesses whose deposition testimony is currently or may be at issue in this matter. ▮

[2] The parties' pleadings spell this individual's name two ways; the Government refers to him as "Suleiman Kerimov" and the Witness refers to him as "Suleyman Kerimov." The Court spells Mr. Kerimov's first name as it appears in the Complaint: "Suleiman."

Millemarin Investments Ltd. (together, "Claimants") contest the forfeiture, arguing that they are the actual owners of the *Amadea*. *See generally* Claim for Prop., ECF No. 9. Following seizure and transport by the Government in or around April 2022, the *Amadea* is currently in the Government's custody in San Diego. First Am. Compl. ¶ 4.

The Government seeks to elicit testimony from Witness 2 regarding individuals who have connections to Kerimov. *See* ECF No. 263 at 6. Witness 2 seeks to quash the Government's subpoena for deposition testimony on the grounds that it jeopardizes the safety of Witness 2 and his family. *See id.* at 1. For the same reasons, Witness 2 also seeks to have his motion and its concomitant papers permanently sealed. *Id.*

## LEGAL STANDARDS

Under Rule 45,[3] a party may command a non-party to produce documents and provide deposition testimony. *See* Fed. R. Civ. P. 45(a). But this power is not absolute: information requested in discovery must be relevant and proportional to the needs of a case, *see* Fed. R. Civ. P. 26(b)(1), and "[a] party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *see also Delta Air Lines, Inc. v. Lighthouse Grp.*, No. 21 Misc. 374, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021) ("Motions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26."). On a subpoenaed party's timely motion, the district court "must quash or modify a subpoena that[] subjects a person to undue burden." *See* Fed. R. Civ. P. 45(d)(3)(A); *see also Pandora Jewelry, LLC v. Blue Time,*

---

[3] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

*Inc.*, No. 22 Misc. 238, 2024 WL 2279197, at *3 (S.D.N.Y. Feb. 14, 2024) ("A subpoena may be quashed . . . because, among other grounds, it imposes undue burden."). This decision—whether to grant or deny a motion to quash a subpoena—is left to the district court's sound discretion. *Pandora Jewelry, LLC.*, 2024 WL 2279197, at *3; *see also John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012).

"Undue burden" discovery disputes are subject to a burden-shifting framework: if the party seeking discovery proves the requested information is relevant and proportional, the party opposing discovery must show that compliance subjects him to undue burden. *See* Fed R. Civ. P. 26(b); 45(d)(3)(A)(iv); *see also Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) ("The movant bears the burden of persuasion in a motion to quash a non-party subpoena."). "When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed." *Lelchook v. Lebanese Canadian Bank*, 670 F. Supp. 3d 51, 55 (S.D.N.Y. 2023).

## DISCUSSION

Witness 2 advances two arguments in his motion to quash: that his proposed deposition testimony is "immaterial" to the Government's case and that he would be subject to undue burden in complying with the Government's subpoena. *See* ECF No. 263 at 1. The Court addresses each argument in turn.[4]

---

[4] Witness 2 does not argue that the Government's subpoena is not "proportional" within the meaning of Rule 26, so the Court assumes the Government's compliance with this requirement is undisputed. To the extent that Witness 2 might argue that the burdens placed on him by compliance with the subpoena would render it disproportionate to the needs of the case, the Court addresses those arguments below, in its discussion of whether compliance would be unduly burdensome for the Witness.

I. **Motion to Quash**

   A. **Relevance**

The Court construes Witness 2's argument that his proposed deposition testimony is "immaterial" to the Government's case as a challenge to its relevance. As noted, *supra*, the Government, as the party seeking discovery, bears the burden of demonstrating relevance. For the reasons stated below, the Court concludes that the Government has met its burden in proving that the testimony sought is relevant.

"Relevancy is an extremely broad concept and needs only be reasonably calculated to lead to the discovery of admissible evidence." *Delta Air Lines, Inc.*, 2021 WL 2117247, at *2. "There is a relatively low threshold for a party to show that the material sought is relevant to any claim or defense in the litigation." *Id.* Here, the Government easily meets this "relatively low threshold." The Government seeks to depose Witness 2 because he purportedly possesses information regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Witness 2 does not dispute that his deposition testimony would contain the information sought by the Government. Instead, he argues that there are "a variety of other, more knowledgeable sources of evidence . . . who are not subject to the same level of threat and impairment as [he is]." ECF No. 263 at 6. The Court acknowledges that it has an obligation to "limit the frequency or extent of discovery otherwise allowed if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Lynch v. City of New York*, No. 16 Civ. 7355, 2021 WL 5140728, at *2 (S.D.N.Y. Nov. 4, 2021). But the fact that discovery may be duplicative does not render it *irrelevant*, and Witness 2 cites no cases to that effect. As noted, *supra*, whether

4

a witness's testimony is duplicative goes to the issue of undue burden, which the Court addresses below.

Witness 2—as well as the Claimants in this case[5]—also argues that Witness 2's deposition testimony does not contain relevant information because Witness 2's knowledge of the persons involved in managing Kerimov's financial affairs "substantially diminished in 2017 and ended entirely in 2018." ECF No. 260-1, ¶ 2. The Government, however, explains that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Witness 2 does not dispute the Government's contention in this regard. Therefore, the Government clears the "low threshold" for establishing that the Witness's deposition testimony is "relevant" under Rules 26 and 45.

### B. Undue Burden

As the Government has met its burden of establishing that Witness 2's deposition testimony is relevant, the burden shifts to the Witness to establish that compliance with the Government's subpoena would impose an undue burden on him within the meaning of Rule 45(d). At the outset, the Court acknowledges Witness 2's allegations with respect to the suffering his family has endured. The Court is troubled by these allegations and also appreciates that Witness 2 understandably remains fearful for his and his family's safety. Ultimately, however, Witness 2 has failed to establish that compliance with the Government's subpoena subjects him to "undue burden" as contemplated by Rule 45(d).

"The Court engages in a balancing test to determine whether undue burden exists." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009).

---

[5] *See* ECF No. 271.

"The determination of a subpoena's reasonableness requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source."  9A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008). When a party moves to quash a subpoena on the basis of undue burden, he must do more than simply allege that compliance will be inconvenient.  *See Aristocrat*, 262 F.R.D. at 300.  Instead, he must "set[] forth the manner and extent to the burden and the probable negative consequences of insisting on compliance."  *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *3 (S.D.N.Y. May 19, 2005).  "Due to the importance of context in gauging the propriety of a Rule 45 subpoena, assessing undue burden is a highly case specific inquiry."  *In re Novartis and Par Antitrust Litig.*, No. 18 Civ. 4361, 2020 WL 3317203, at *5 (S.D.N.Y. June 18, 2020).

Here, on one side of the equation, the Court considers Witness 2's assertion that compliance with the Government's subpoena would further subject him and his family to "threat of severe harm," that he and his family are "already traumatized" based on past threats from which he narrowly escaped, and that "[o]ther U.S. sources of evidence, including within the government's direct control, are far better positioned to provide evidence than Witness and would suffer none of the undue burden that Witness would endure by doing so." ECF No. 263 at 2, 7.  On the other side of the equation, the Court considers the Government's assertion that the information sought ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

On the record before the Court, Witness 2 has not satisfied his burden. Witness 2's description of past threats to his and his family's safety while abroad does not substantiate his assertion that he is currently subject to the "threat of severe harm" domestically, and therefore does not, by itself, satisfy the requirement that he "set[] forth the manner and extent to the burden *and the probable negative consequences* of insisting on compliance." *Kirchner,* 2005 WL 1214330, at *2 (emphasis added). Again, the Court has no reasons to doubt the hardships Witness 2 and members of his family suffered while living abroad. But these hardships do not support a finding by this Court that compliance with the Government's subpoena subjects Witness 2 to danger or other burden here in the United States. Witness 2's speculation about potential future harm that may be committed against him and his family is simply not enough to warrant granting his motion to quash on "undue hardship" grounds.

As to duplicativeness, the record does not establish that the contents of Witness 2's testimony are obtainable via other, equally available witnesses. Witness 2 alleges that the government "could seek testimony from a current government employee with deeper and more recent knowledge of the subject than Witness" and also points to a press statement made by United States Secretary of State Anthon Blinken as evidence that there are other, better witness for the Government to depose. ECF No. 263 at 6. However, Witness 2 does not point to a specific individual who has "deeper and more recent knowledge" than he does. On the record before the Court, ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Absent evidence contradicting the Government's representations regarding potential deponents'

7

knowledge of Kerimov's financials, this Court concludes that Witness 2 has not shown that there is an alternate, viable source of the information the Government seeks to elicit in his deposition. *Cf. Cohen v. City of New York*, 255 F.R.D. 110, 122 (S.D.N.Y. 2008) (holding, in relevant part, that defendant need not provide duplicative discovery materials). In sum, Witness 2 has failed to demonstrate that compliance with the Government's subpoena would subject him to "undue hardship" within the meaning of Rule 45.

## II.     Sealing

The Court is satisfied that Witness 2's motions papers should be sealed, with access limited to the applicable parties in this case. Although materials submitted in connection with discovery motions are subject to a public right of access, that right is qualified and may be overcome by competing considerations, such as protecting the personally identifying information of non-parties. *See Brown v. Maxwell*, 929 F.3d 41, 48 n.22, 53 (2d Cir. 2019). The information Witness 2 seeks to protect—personally identifiable information about him and his family—is unnecessary to the adjudication of this matter. Further, Witness 2 seeks only redaction of personally identifying information in his motion papers. This is sufficient to override the public's qualified right of access to the unredacted motion papers. Therefore, access to the papers shall be limited to the applicable parties in this case.

## CONCLUSION

For the foregoing reasons, Witness 2's motion to quash is **DENIED**. Witness 2's motion to seal is **GRANTED.**

The Clerk of Court is respectfully requested to terminate ECF Nos. 259 and 261, and to leave ECF Nos. 261 and 268[6] under seal with access restricted to applicable parties in this matter. The Clerk of the Court is further respectfully directed to place the unredacted version of this Order under seal with access limited to relevant parties in this matter.

SO ORDERED.

Dated: October 11, 2024

New York, New York

*signature*

DALE E. HO

United States District Judge

---

[6] The Court previously ordered that the Government's Opposition, ECF No. 268, be placed under seal, *see* ECF No. 272, but erroneously neglected to direct the Clerk of the Court to permit access to applicable parties in this matter. The Court hereby clarifies that ECF No. 268 should be placed under seal, but with access restricted to applicable parties in this matter.