October 18, 2024

<u>By ECF</u>
The Honorable Dale E. Ho
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

Pursuant to the Court's order (ECF Dkt. No. 284), the parties write regarding the location of the depositions of Khudainatov, Khalikov, and Millemarin Investments Ltd.

<u>Government's Position</u>

For the reasons stated in previous letters (ECF Dkt. Nos. 192, No. 220, 240), the Government remains unaware of any valid reason that the relevant depositions cannot take place in the United States and has expended tremendous efforts to accommodate Claimants' preference that they take place elsewhere. The delay in scheduling the depositions is costly because the Government is spending nearly $1 million a month to maintain the defendant *in rem*. For the reasons stated in previous letters, the Government requests that the Court order that the relevant depositions take place in the United States before the currently-scheduled end of discovery on November 15, 2024. If the Court declines to issue such an order, however, the Government reports below on the current efforts to schedule the depositions on mutual consent.

*Khudainatov and Khalikov Depositions*: As noted in previous correspondence (ECF Dkt. No. 281), the parties have identified one additional country in which the depositions of Khudainatov and Khalikov may take place, provided that country approves. The Government has sought such approval, but it does not know when (or even if) it will receive a response. The Government has no objection to continue to wait for a response, provided that: (1) doing so does not jeopardize the potential hearing date of December 9, 2024, and (2) the two individual witnesses at issue are not permitted to provide live testimony at the hearing if their depositions have not occurred.

*Millemarin 30(b)(6) Deposition*: It appears that the Rule 30(b)(6) deposition of Millemarin Investments Ltd. may take place in the United Kingdom on mutual consent of the parties. Claimants have stated, however, that the proposed deponent is only available for a deposition in the United Kingdom in "late November / early December," which is after the currently scheduled close of discovery on November 15, 2024.[1] The Government noticed the deposition on August 6,

---

[1] Claimants have offered to make the deponent available in the United Arab Emirates or Serbia before that date, but as the Government has explained, the deposition cannot take place in those

2024, to take place on August 26, 2024, in New York and Millemarin never filed a motion for a protective order as to that noticed deposition. The Government remains unaware of any reason that Millemarin Investments Ltd. is unable to produce a corporate representative in the United States (the proposed corporate representative is not a Russian national) or of any valid reason that this party deposition cannot take place before the close of discovery.

Finally, a few words are necessary in response to Claimants' false, tangential attacks below. First, the Government did not "accidentally fail[]" to produce documents. Rather, the Government's expert—on his own initiative—located and pulled additional documents off the ship in August 2024 while inspecting the ship. When the Government learned of this, it promptly de-duped these documents against existing productions, produced the full set of documents that were non-duplicative, and separately produced (for Claimants' convenience) the small sliver of documents the expert is actually relying on. As to Claimants' insinuation that the Government's case is weak on the merits, the Government's response to that is provided in its summary judgment papers and will be further detailed at the evidentiary hearing if the Court denies summary judgment. As detailed in those papers, there is overwhelming evidence that Kerimov is the true beneficial owner of the *Amadea* and that Claimants' ownership story is not plausible.

*Claimants' Position*

The Court should not credit the government's argument that the November 15, 2024 deadline is a basis for the parties to abandon their efforts to find a mutually acceptable location for depositions, as the parties are in the midst of a discussion to extend that deadline. Yesterday, prior to receiving the government's draft of this joint status letter, we raised the government the need to extend discovery so that both parties could have the opportunity to take all the necessary discovery. This proposal, came on the heels of the government producing to us an additional terabyte of documents—telling us they accidently failed to produce it earlier, and just last week identifying an additional ten fact witnesses that have information relevant to the parties' claims and defense. Even putting aside these late discovery disclosures, which Claimants are entitled to time to review and investigate, the parties still collectively have 16 depositions to take, all but two of which will be overseas, and several likely in locations requiring a full day of travel making the current discovery deadline impossible to meet for either party. The government asked until early next week to provide us with their position on our intended formal motion for an extension of discovery, and we agreed to hold off on our request to the Court hoping the parties may come to some common ground.

Regarding the place of depositions, the parties have continued to negotiate in good faith regarding all depositions and Claimants do not believe that court intervention is necessary at this time while the process plays out. That said, if the Court believes it must now rule on the question of where depositions can take place, Claimants respectfully submit that the Court rule that all depositions can take place remotely for all witnesses as Claimants have previously argued in prior filings. Indeed, the parties have taken several remote depositions already without any

---

countries without approval via a mutual legal assistance request, which cannot be obtained before the end of discovery (if at all). The Government also reiterates that, where MLA approval is required, it is typically required for both in-person *or* remote depositions.

issue and another remote deposition is scheduled for Monday. Recently, regarding a witness to be deposed in France, when the parties proposed alternative dates for the in-person deposition, the French Court asked the parties if they could appear remotely. The government consented to either party being permitted to appear remotely. As such, there is no reason remote depositions could not be ordered for any witness for whom the parties cannot agree as to location.

      Regarding the Khalikov and Khudainatov depositions, Claimants agree that the Court should permit the requested state time to respond. But the government's proposal that if the state does not respond before any hearing the witnesses should be precluded from testifying at the hearing is meritless for several reasons: primarily because this Court has not actually ordered a hearing as such it is premature to rule on any questions as to witness testimony. To the extent it matters, Claimants continue to assert that no hearing is warranted as Claimants' standing has been conclusively established by the documentary record.

      Regarding the 30(b)(6) witness, there is again no reason the government cannot take this deposition remotely. As this court is well-aware, a 30(b)(6) witness is a corporate representative who will be prepared by counsel to respond to questions on specific pre-identified topics. As such, credibility is not a key issue with a corporate representative who is only tasked with testifying from corporate and not personal knowledge. In addition to the offer for a remote deposition, Claimants have offered the UAE (where the witness resides), Serbia (where the witness is a national, and where the government had previously indicated as acceptable for another witness), and now London. That the London date is later than the current discovery cut off should be without consequence, as there is no realistic possibility that all currently-planned depositions can be completed by November 15, and because several alternatives had been offered. Claimants are aware of 16 likely depositions that have yet to occur (including both fact and expert witnesses).

      The government once again raises the amount of money it is paying in maintenance costs as a justification for substantive relief without establishing the merits of its case. The government made a calculated decision to seize the vessel without having conducted a sufficient investigation. Since discovery has started the parties have taken seven depositions, five of which the government noticed. Every single witness has confirmed that the vessel was owned by Claimants. Not a single witness suggested they have first-hand knowledge of the vessel having been sold or Suleiman Kerimov owning the vessel. The government is stuck paying these maintenance fees because it did not follow standard DOJ policy of conducting an investigation prior to seizing Claimants' vessel. The government's assertion that it has any admissible evidence regarding Suleiman Kerimov owning the AMADEA is demonstrably false.

      For the foregoing reasons, the Court should either defer decision on deposition locations until the parties agree there is no potential for a mutually agreeable solution, or order at this time that no witness can be compelled to travel for a deposition and all depositions can take place with the government remote.

      Respectfully submitted,

      DAMIAN WILLIAMS

        United States Attorney
        Southern District of New York

By: */s/ Jennifer Jude*
        JENNIFER JUDE
        DOMINIKA TARCZYNSKA
        RACHAEL DOUD
        Assistant United States Attorneys


        MARGARET A. MOESER
        Chief
        Money Laundering and Asset Recovery
        Section, Criminal Division
        U.S. Department of Justice

By: */s/ D. Hunter Smith*
        JOSHUA L. SOHN
        D. HUNTER SMITH
        Trial Attorneys
        Money Laundering and Asset Recovery
        Section


        JENNIFER KENNEDY GELLIE
        Executive Deputy Chief
        Counterintelligence and Export Control
        Section, National Security Division
        U.S. Department of Justice

By: */s/ Yifei Zheng*
        YIFEI ZHENG
        Trial Attorney
        Counterintelligence and Export Control
        Section


*/s/ Adam C. Ford*
Adam C. Ford
Renee L. Jarusinsky
Robert S. Landy
Anjula S. Prasad
Ford O'Brien Landy LLP

Counsel for Claimants Eduard Yurievich
Khudainatov and Millemarin Investments Ltd.