

October 21, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

This firm represents Claimants in the above-referenced matter. We write to provide the Court with a status update as to discovery that has taken place since the Court's September 15, 2024, Order extending discovery until November 15 (Dkt. 255), and to respectfully request a discovery extension until January 24, 2025, so that the parties can complete discovery in this case.

The parties have met and conferred. The government opposes any further discovery extensions. Rather, the government seeks to cut off discovery mid-stride in an attempt to preclude Claimants from gathering all evidence to establish their ownership of the Amadea.[1]

The extension Claimants propose is warranted. The government produced over one million pages of additional documents that were purportedly recently discovered on the Amadea by one of its experts. Claimants have been reviewing these documents, but there are limits to any party's ability to review and analyze such a volume of documents, particularly to digest them for potential use in depositions. Moreover, just this past week the government amended its interrogatory responses to identify an additional ten witnesses that might have relevant information that the government may use in this case, several of whom were previously unknown to Claimants who we now need to investigate.

More significantly, the parties have collectively noticed sixteen additional witnesses for depositions, many of which have not yet been scheduled because of the logistical difficulties involved in deposing foreign witnesses overseas. The parties have been working in good faith to find a mutually suitable overseas location for each deposition to take place. Claimants have

---

[1] The government claims that its position to seek to cut off discovery prior to the parties having had an opportunity to complete it is based on the amount of the maintenance costs it chose to incur when it seized the Amadea without first conducting an investigation, and the optics of those continuing costs.

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
October 21, 2024
Page 2

agreed to several of the government's proposals, have put off depositions that were scheduled so that the government could obtain necessary permissions, and otherwise acted in good faith to select dates and locations for critical witnesses.

Even if all legal approvals for these overseas depositions were to be obtained this week, it is unlikely that the parties could schedule even the most critical of these depositions to take place in the next few weeks, given the far-flung locations being considered. Indeed, out of the 16 depositions anticipated, only a handful will take place in the United States, with several in Europe and some even farther away. The current discovery schedule is as follows:

**Depositions that are set in the calendar (4):**

Witness 1 (noticed by government, in Miami/remote on 10/21)
Witness 2 (noticed by Claimants, in London on 10/23)
Witness 3 (government expert, in Washington DC on 11/7)
Witness 4 (government expert, in Washington DC on 11/8)

**Depositions that the parties have noticed, but with no set date (12):**

Eduard Khudainatov (noticed by government, current proposed location 22-hour flight from NYC and 29-hour flight return)
Witness 5 (noticed by Claimants, current proposed location 22-hour flight from NYC and 29-hour flight return)
Witness 6 (noticed by Claimants, current proposed location 22-hour flight from NYC and 29-hour flight return)
Millemarin 30(b)(6) (noticed by government, proposed locations of London, Serbia, or UAE)
Witness 7 (noticed by government - Hague request received by France, but no date set)
Witness 8 (noticed by Claimants, NYC or Washington D.C.)
Witness 9 (Claimants' expert, London)
Witness 10 (Claimants' expert, London)
Witness 11 (Claimants' expert, London)
Witness 12 (noticed by government, Miami/Remote)
Witness 13 (noticed by government, Switzerland)
Witness 14 (noticed by Claimants - Hague request outstanding, Germany)

To be clear, the parties have been working exceedingly hard for the last month since our last correspondence with the Court and since the Court's last order. By way of limited example, in just the past four weeks, the parties have taken a witness deposition in Glasgow, Scotland; have deposed two witnesses in London, England; another deposition scheduled for today in Miami; and another deposition is scheduled on Wednesday to take place back in London.

In addition to the depositions already taken, Claimants' counsel has been traveling internationally extensively, preparing some of the witnesses that are set to be deposed during

discovery, all the while continuing to review the consistent stream of new documents from the government, as well as responding to new government interrogatories, requests to admit, and other matters of discovery. Just last month, our firm expended several hundred hours in attorney and paralegal time pushing forward discovery in this case.

    As this Court is aware, this is a case involving an approximate $250 million asset that the government chose to seize prior to conducting a sufficient investigation. Every witness that has testified to date (including five noticed by the government) has affirmed that Claimants own the vessel, and not a single witness has suggested that they have any knowledge of Kerimov purchasing or ever owning the Amadea. Indeed, given how depositions have gone to date, the government informed us that it no longer wishes to depose one of the Captains that the government itself alleged in the Amended Complaint to have knowingly committed sanctions evasion upon which the forfeiture claim is based, even though the Captain agreed to sit for a deposition voluntarily (following service of a Hague Convention request from both sides).

    It is not uncommon for discovery in a litigation of this size, with witnesses and documents located in far-reaching places, to span years. Simple logistics precludes the parties from completing discovery just seven months after discovery started in earnest, and while the government is still producing millions of pages and identifying new witnesses as of last week.

    For the reasons set forth above and in our original motion for an extension of discovery, Claimants respectfully request that the Court extend discovery until January 24, 2025. Claimants have established their diligence in conducting discovery, and the compelling circumstances warranting such an extension, and the denial of such an extension before the parties are able to complete the necessary discovery, would be highly prejudicial to Claimants, and to the overall fact-finding that this case requires. We request this extension be granted without prejudice for additional extensions, if necessary (and upon a showing of continued diligence and progress), particularly as the government is still producing voluminous records to Claimants and noticing additional witnesses.

    We appreciate the Court's attention to this matter.

    Respectfully Submitted,

*/s/   Adam C. Ford*
Adam C. Ford
Robert S. Landy
Renée L. Jarusinsky
Ford O'Brien Landy LLP
*Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.*