

October 31, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

      We represent Claimants in the above-referenced action. We write to supplement the existing record in connection with the government's pending motion to strike with additional material establishing each of Claimants' standing in this case. The material provided herewith was all obtained or developed following the close of briefing on the motion, and is therefore proper for the Court to consider.[1]

      First, we respectfully request that the Court consider the deposition testimony of the government's own expert, Prof. Ewan McKendrick KC, who submitted a declaration that the government relied upon in its motion to strike. Prof. McKendrick's testimony plainly contradicts the propositions that the government ascribes to him, and establishes beyond dispute that Claimant Millemarin has standing in this action to challenge the government's forfeiture claim (rendering any threshold review of Claimant Khudainatov's independent standing unnecessary, because it will have no impact on whether the dispute proceeds to the merits of the government's case). Second, we respectfully request that the Court consider the declarations of three witnesses that respond to the government's Sur-Sur reply in which the government argued it had "bombshell" evidence and proof that Suleiman Kerimov purchased the Amadea. The declarations of the very three witnesses who the government claims were involved in the sale to Suleiman Kerimov all explain that the government's fabricated story of a sale of the Amadea to Mr. Kerimov is devoid of any evidentiary support. While Claimant Khudainatov has already met his minimal burden of coming forward with "some evidence" of a "colorable claim" to the assets sought to be forfeited, these declarations actually prove the government's theory is false, and that Claimant Khudainatov owns the Amadea. As such, this Court should deny the motion to strike, remove the December 9, 2024 hearing dates from the calendar, rule on Claimants' pending

---

[1] Because the material presented here would be appropriate for a motion under Fed. R. Civ. P. 60(b)(2) had the Court already decided the motion to strike, there is no question that it is appropriate to supplement the record with them *prior* to any decision.

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
October 31, 2024
Page 2

motion to dismiss, and, if necessary, and following the completion of merits and expert discovery, allow the parties to present their arguments on summary judgment.[2]

The government's motion to strike relies heavily on an argument grounded in the Declaration of Prof. Ewan McKendrick KC, with which the government argues that the September 14, 2021 Memorandum of Agreement between Claimant Millemarin Investments Ltd. and non-party Errigal Ltd. (the "September 2021 MOA") terminated Millemarin's interest in the Amadea (and consequently Claimant Eduard Khudainatov's interest as Millemarin's owner), depriving them both of standing. However, in his deposition earlier this month, Professor McKendrick testified that, based on the agreements and other evidence he was provided: (i) Millemarin remains the owner of the Amadea, (ii) under English law, Millemarin retains standing to argue its position in any dispute regarding the Amadea, and (iii) all that Errigal obtained via the September 2021 MOA and its subsequent payment of funds would be a claim against Millemarin for damages arising out of Millemarin's inability to deliver the Amadea, as opposed to any legal interest in the vessel.

Prof. McKendrick admitted that: (1) Under the September MOA, the parties contemplated a future completion of the sale and delivery of the vessel with specific requirements, and that Errigal's assumption of risk while in temporary possession of the vessel in no way relieved Millemarin from its obligations to deliver the vessel as contemplated under the agreement; (2) Millemarin's inability to deliver the vessel after receipt of payment would result in no more than a claim for damages by Errigal; (3) none of the material provided to Prof. McKendrick indicated that either (a) the vessel was delivered to Errigal as contemplated under the September 2021 MOA, or (b) the shares of Millemarin itself were delivered to Errigal as was contemplated under the March 7, 2022 amendment to the September 2021 MOA, which released Millemarin of its obligations under the September 2021 MOA and instead required Invest International Finance Ltd. to transfer the shares of Millemarin to Errigal; and (4) due to the March 7, 2022 amendment's conversion of the corpus of the parties' agreement from the Amadea itself to the shares of Claimant Millemarin, under English law, Claimant Millemarin retained standing to assert its position in any future dispute regarding the Amadea, irrespective of whether the transfer contemplated by the March 7, 2022 amendment was competed or not. (Ex. A).

Therefore, there is no longer any meaningful/non-frivolous dispute as to whether Claimant Millemarin maintains standing to challenge the government's forfeiture complaint. As such, this case must go forward to address the merits of the government's claims regardless of whether Claimant Khudainatov has independent standing, and any hearing on Claimant Khudainatov's standing alone would be a waste of judicial and party recourses. Millemarin has

---

[2] "[T]here is no specific requirement in Rule 56 that an affiant be cross-examined in order for his or her affidavit to be used on summary judgment." *Eli Lilly & Co. v. Arch Ins. Co.*, No. 13 Civ. 1770, 2017 WL 2930571, at *6 (S.D. Ind. July 10, 2017).

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
October 31, 2024
Page 3

unassailable standing to argue that it still owns the Amadea, and that the Amadea was not involved in any violations of U.S. sanctions.

     As importantly, the government has asked this Court to strike Claimants' claim on the allegation that Claimants do not own the Amadea because they sold it to Suleiman Kerimov, who—the government alleges—purchased it by having his niece, Alisa Gadzhieva, use his funds to purchase it. This allegation is now flatly contradicted by a declaration from Alisa Gadzhieva herself. Ms. Gadzhieva explains in her declaration that the loan she made to Mr. Kochman was not so that she or anyone else in her family could buy the Amadea, but rather she was investing in Mr. Kochman's business. Specifically, Ms. Gadzhieva explains that Suleiman Kerimov had no involvement in her personal decision to lend €225 million to Mr. Kochman, and that she based her loan on her "view and knowledge of the EU financial market, the value of the Amadea and Mr. Kochman's reputation in the superyacht market, the expected return from the loan relative to other investment opportunities. . . and the low risk of default. . ." (Ex. B).

     The government also alleged in its Complaint that Suleiman Kerimov's ownership of the Amadea is shown by the fact that his daughter, Gulnara Kerimova, was on the Amadea during January and February 2021. Ms. Kerimova has now submitted a declaration explaining that she was on the vessel as a charterer only, pursuant to a charter agreement, and that she did not buy the Amadea, nor did any member of her family. (Ex. C).

     Finally, the government baselessly alleged that Mr. Kochman was the key architect involved in this purported sale to Suleiman Kerimov. Mr. Kochman too submits a declaration explaining that the Errigal arrangement was exactly what Claimants have consistently explained it to be—a temporary use deal that did not involve the transfer of ownership at any time, had nothing to do with Suleiman Kerimov, and was otherwise not completed—which is what resulted in Claimants retaining complete ultimate beneficial ownership of the Amadea. (Ex. D).

     Claimants established their standing by filing their claim. But if there was any doubt cast on that by the evidence and arguments made by the government in its motion to strike, the evidence attached to this letter firmly establishes standing. There is now no dispute that Claimants have met their minimal burden to establish "some evidence" of a colorable claim to the Amadea, and as such, this Court should deny the government's motion to strike and remove from the calendar the place holder of December 9, which the Court had asked the parties to reserve in the event the Court orders a hearing on the issue of standing. Because there is no evidence that could eliminate Claimants' evidence of standing being tendered, this Court must deny the motion to strike and permit fulsome discovery to proceed. We thank the Court for its attention to this mater.

```
```

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
October 31, 2024
Page 4

          Respectfully Submitted,

          */s/   Adam C. Ford*
          Adam C. Ford
          Robert S. Landy
          Renée L. Jarusinsky
          Anjula S. Prasad
          Ford O'Brien Landy LLP
          *Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.*

*cc: all parties of record (Via ECF)*