



October 7, 2024

**VIA CM/ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH) – Renewed Motion to Seal

Dear Judge Ho:

      As Your Honor is aware, we represent Claimants in the above-referenced matter. By letter dated September 26, 2024 (ECF No. 264) we requested the permanent sealing of the name and email address of a non-party citizen and resident of the Russian Federation who had not agreed to participate a witness in this action (the "Individual"). This information is identified in ECF No 198-5. By order dated October 1, 2024 (ECF No. 273), the Court denied the request without prejudice.

      As noted in *Walker v. City of N.Y.*, "[i]n determining whether to grant a motion to seal, a court must weigh the presumption in favor of public access to judicial documents against 'higher values' which may include witness safety. 15 CV 500 (NG) (ST), 11 (E.D.N.Y. Jun. 26, 2017) citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Morgan v. Bennett*, 204 F.3d 360, 367 (2d Cir. 2000). "Where sealing is necessary to protect higher values, any sealing order must be narrowly tailored to achieve that aim. *Id.* quoting *In re New York Times Co.*, 828 F.3d 110, 116 (2d Cir. 1987).

      However, not all material appended to a filing is subject to the presumption in favor of public access. Whether the presumption applies turns on whether the material at issue constitutes a "judicial document". Under the law of this Circuit, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal citation omitted).

      Here, in Exhibit OO to the now voluminous records on the government's motion to strike (ECF No. 198-5), an email relating to a payment (the occurrence of which is not contested)

copied the Individual at issue in the "cc" line. The email itself is unlikely to be a "judicial document" as it one of many documents that evidence an uncontested event. However, the identity and email address of one individual listed on the "cc" line is certainly not the type of information that is "relevant to the performance of the judicial function and useful in the judicial process". Moreover, the document itself will be available to the public. As such, the Individual's name and email are not subject to the presumption of the public right of access under *Lugosch*.

As the Court is aware, this is a high-profile matter that is set in the middle of a substantial geopolitical conflict. An individual involved in the private business dealings of a well-known owner of a Russian oil company who is (1) subject to sanctions and (2) alleged by the U.S. Government to have acted as a "straw owner", may themselves become the subject of undesirable scrutiny, both in the Russian Federation and other jurisdictions. Public association with a person described in the manner that the government describes claimant Khudainatov may have negative unintended consequences that the Individual legitimately wishes to avoid.

Because there should be no presumption of access to the name and email address of the Individual (a non-party cc'd on an email included in voluminous exhibits), the concerns set forth above should be sufficient to permanently keep the Individual's name and personal details off of the public record. Moreover, by keeping only the name and email address from the public filing, Claimants' request is narrowly tailored.

Application GRANTED IN PART AND DENIED IN PART. The document in question, ECF No. 198-5, is submitted in connection with what is essentially a dispositive motion (the Government's motion to strike), rendering it a judicial document. *Brown v. Maxwell,* 929 F.3d 41, 49 (2d Cir. 2019) (a document filed with the court is a judicial document "if it would reasonably have the tendency to influence a district court's ruling on a motion" regardless of "whether the document ultimately in fact influences the court's decision"). Claimants' vague reference to "negative unintended consqeuences" from disclosure insufficient to overcome the presumption of public access. There is limited public interest, however, in personally identifiable information such as email addresses, particularly in light of the privacy interests of non-parties. *Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021). By November 22, 2024, the Government shall re-file ECF No. 198-5 document and may redact the email address, but not the name, of the person in question. SO ORDERED.

cc: all counsel of record (via CM/ECF)

Respectfully submitted,

*/s/ Robert S. Landy*
Adam C. Ford
Robert S. Landy
Renée L. Jarusinsky
Anjula S. Prasad
275 Madison Avenue, 24th Floor
New York, New York 10016
(212) 858-0040 (main)
aford@fordobrien.com

*Attorneys for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.*

DALE E. HO
United States District Judge

Dated: November 13, 2024
New York, New York