

U.S. Department of Justice

*950 Pennsylvania Avenue NW*
*Washington, D.C. 20530*

November 8, 2024

**VIA CM/ECF**
Hon. Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

    In accordance with Section 4.k of the Court's Individual Rules and Practices, the Government writes to raise a discovery issue to the Court. As the Court is aware, the Government previously served a deposition subpoena on the witness referred to in prior filings as Witness 2. *See* Dkt. Nos. 268, 282. Witness 2 moved to quash the subpoena, and the Court denied the motion. Dkt. No. 282. Despite the Court's order, Witness 2 now refuses to schedule or appear for his deposition. The Government respectfully requests that the Court issue an order compelling Witness 2 to appear.

**Factual Background**

    On September 4, 2024, the Government served Witness 2 with a subpoena requiring him to appear for a deposition on September 24, 2024. On September 24, 2024, Witness 2 filed a motion to quash the subpoena, arguing that appearing for the deposition would impose an "undue burden" on him due to concerns for his family's safety and because the Government could obtain similar evidence from other sources and his testimony was therefore "immaterial[]." Dkt. No. 262. On October 11, 2024, the Court denied Witness 2's motion. Dkt No. 282. The Court held that the Government had met its burden to show that the testimony it sought was relevant, and that, while the Court found Witness 2's allegations with respect to his family "troubl[ing]," Witness 2 had failed to establish that compliance with the Government's subpoena would subject him to an undue burden. *Id.* at 4, 5.

    After the Court issued its order, Witness 2's counsel informed the Government that Witness 2 was willing to appear for his deposition, and the deposition was scheduled for November 1. On October 30, Witness 2's counsel informed the Government that Witness 2 would have to postpone the deposition as Witness 2's father had passed away earlier that

morning but stated that he would be back in touch with additional dates. The Government agreed to postpone the deposition. Having not received proposed dates from Witness 2's counsel, the Government contacted Witness 2's counsel on November 4 in an effort to schedule the deposition prior to the end of discovery, which is scheduled for November 15. Witness 2's counsel informed the Government that his client "remain[ed] extremely distraught following his father's death" and that he is no longer willing to appear for his deposition. While the Government expressed a willingness to delay the deposition until Witness 2 is in a better state, his counsel conveyed that at this point Witness 2 is unwilling to schedule or appear for the deposition at all.

As the Government noted in its opposition to Witness 2's motion to quash, the Government has had difficulty obtaining testimony from witnesses in this case. *See* Dkt. No. 268 at 2. Many witnesses are located abroad and are thus outside of the Court's subpoena power, and one witness who initially agreed to be deposed subsequently refused after Claimants' counsel served an overbroad and improper document subpoena on him. *Id.* Meanwhile, Claimants repeatedly assert in their filings that the Government supposedly lacks witnesses who will testify in support of its case. *See, e.g.*, Dkt. No. 286.

**The Court Should Require Witness 2 to Appear for His Deposition**

Witness 2 tried and failed to quash the Government's deposition subpoena, and he is required to appear for a deposition. Witness 2 has nonetheless refused to schedule or appear for his deposition, or to seek relief from the Court. To be clear, the Government is sympathetic to the fact that Witness 2's father recently passed away and does not mean to minimize that event. The Government would be happy to accommodate Witness 2, for example by finding an agreeable date or by traveling to a convenient location. However, Witness 2's counsel has made clear that he is unwilling to schedule the deposition for any date, or to appear at it. Accordingly, particularly given the upcoming discovery deadline, the Government respectfully requests that the Court issue an order requiring Witness 2 to appear for a deposition, either next week or, if the Court is willing to extend the discovery deadline for this limited purpose, the following week.

Respectfully Submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
U.S. Department of Justice

By: */s/ Rachael Doud*
JENNIFER JUDE
DOMINIKA TARCZYNSKA
RACHAEL DOUD
Assistant U.S. Attorneys
Southern District of New York

        MARGARET A. MOESER
        Chief
        Money Laundering and Asset Recovery
        Section, Criminal Division
        U.S. Department of Justice

        By: /s/ *Joshua L. Sohn*
        JOSHUA L. SOHN
        D. HUNTER SMITH
        Trial Attorneys
        Money Laundering and Asset Recovery
        Section


        JENNIFER KENNEDY GELLIE
        Executive Deputy Chief
        Counterintelligence and Export Control
        Section, National Security Division
        U.S. Department of Justice

        By: /s/ *Yifei Zheng*
        YIFEI ZHENG
        Trial Attorney
        Counterintelligence and Export Control
        Section

cc: Claimants' counsel (by ECF)

Application GRANTED.

As an initial matter, the Court extends its sympathy to Witness 2 as he mourns the loss of his father. The Court also takes seriously Witness 2's fears of retaliatory acts that may be taken against him or his family after he testifies. But the Second Circuit has not recognized fear as an adequate excuse to justify a recalcitrant witness's refusal to comply with a subpoena, and other courts have explicitly held that "fear, by itself, will not legally justify or excuse a witness' refusal to testify in violation of a court order." *United States v. Patrick*, 542 F.2d 381, 388 (7th Cir. 1976) (citing *Piemonte v. United States*, 367 U.S. 556, 559 n.2 (1961). Absent concrete evidence of a threat to Witness 2 and/or his family should he testify, or concrete evidence that Witness 2's father's death is related to Witness 2 being subpoenaed to testify in this case, there is no basis to quash the subpoena or otherwise relieve Witness 2 of his obligation to comply with the valid subpoena.

The Court further notes that, under Federal Rule of Civil Procedure 45(g), a person can be held in contempt if he "fails without adequate excuse to obey [a] subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Therefore, it is hereby **ORDERED** that Witness 2 appear for his deposition **before discovery closes on December 20, 2024**. The Clerk of Court is respectfully directed to terminate ECF No. 300.

The motion to seal at ECF No. 303 is **GRANTED**, and access shall remain limited to the applicable parties. The Clerk of Court is respectfully directed to terminate ECF No. 303. The motion to seal at ECF No. 308 is likewise **GRANTED** with access remaining limited to the applicable parties. The Clerk of Court is respectfully directed to terminate ECF No. 208.

SO ORDERED.

Dated: November 21, 2024  
New York, New York

Dale E. Ho  
United States District Judge