

November 22, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

      This firm represents Claimants in the above-referenced matter. We write to request clarification, or in the alternative reconsideration, of one aspect of the Court's recent November 15, 2024 Memorandum Order ("Order") [ECF No. 312]. More specifically, the Court "advised that, while the Court may, in a summary judgment posture, consider testimony from a witness who has not been deposed, it is not inclined to do so in the context of evidentiary proceedings given the procedural posture of this case." Ord. 14 (citations omitted).

      This language suggests that—in connection with the upcoming hearing—the Court will not consider declarations of any declarant who has not been deposed, regardless of whether such deposition was sought by the government. This would be inconsistent with Rule 56 and the summary judgment standard, which govern the government's Motion to Strike, even once the Court conducts an evidentiary hearing. Claimants have met and conferred with the government regarding the requested relief, and the government opposes. In the alternative, to the extent the Court ruled just last week that it will not consider these declarations, the Court must permit Claimants the time to conduct these depositions before deciding the Motion to Strike.

      Claimants have introduced the declarations of six nonparty witnesses during the briefing on the government's Motion to Strike with the understanding that the standard on a motion to strike is one of summary judgment, and as such the Court must consider these declarations. Indeed, as the Court recently acknowledged, "[t]he Government's Motion to Strike . . . is presented in a summary judgment posture," and "[t]he Court therefore scrutinizes Claimants' ownership claim in 'a manner consistent with the principles of Rule 56 of the Federal Rules of Civil Procedure.'" Ord. 4 (citation omitted).

      Even though the Court has now chosen to proceed with an evidentiary hearing under Supplemental Rule G, the summary judgment standard is still the overarching legal framework that applies to the Court's consideration of whether Claimants can establish standing by a preponderance of the evidence at this stage of the proceedings. The notes to Supplemental Rule G state this explicitly. *See* 2006 adv. comm. n. to Supp. Rule G ("The claimant has the burden to

establish claim standing at a hearing; procedure on a government summary judgment motion reflects this allocation of the burden."). Although it does not appear the Second Circuit has confronted this precise issue, other circuits have consistently recognized that summary judgment is the appropriate standard whether at an evidentiary hearing or on the papers. *See, e.g.*, *United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 61 (1st Cir. 2013) ("[T]hough the burden is on [claimant] Van Bommel to convince us of his standing, it is important to remember that this case comes to us on the government's motion for summary judgment. Thus, facts are viewed in a light most favorable to Van Bommel and all reasonable inferences go in his favor."); *id.* at 58 & n.12 (noting that "[t]his case comes to us . . . following a hearing that the district court ordered specifically to address the issue of standing" but that does not mean "a distinct test should be applied to civil forfeiture actions at the summary judgment phase"); *see also United States v. Real Prop. Located in Los Angeles, California*, No. 220CV06314CASKSX, 2023 WL 3564732, at *3 n.3 (C.D. Cal. Apr. 17, 2023) ("The parties appear to agree that plaintiff's motion may be treated either as a motion for an evidentiary hearing or as a motion for summary judgment and that the applicable legal standard is the summary judgment standard."). Claimants are not aware of any precedent for applying a standard other than the summary judgment standard after an evidentiary hearing on a motion to strike but before trial on the merits.[1]

When the evidentiary hearing on the threshold question of standing is intertwined with the merits, such as it is here, other circuits have further confirmed that summary judgment is the appropriate standard for the government's motion to strike. *See United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1012–14 (8th Cir. 2003) ("The district court proceeded in this manner, quite properly using the evidentiary hearing . . . to help resolve what the government presented as a threshold issue of standing. . . . This [particular standing] issue goes to the merits and therefore must be decided in accordance with Rule 56 standards[.]"); *United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 642 (7th Cir. 2015) ("[I]nsofar as standing is intertwined with legitimate ownership, at the summary judgment stage that issue 'must be decided in accordance with Rule 56 standards, viewing the evidence in the light most favorable to' the non-movant and 'leaving credibility issues to the ultimate finder of fact.'" (quoting *One Lincoln Navigator 1998*, 328 F.3d at 1014)).

As this Court is well aware, Rule 56(c) expressly provides: "A party asserting that a fact . . . is genuinely disputed must support the assertion by: . . . citing to particular parts of materials in the record, including depositions, . . . *affidavits or declarations*, . . . or other materials[.]" Fed.

---

[1] Claimants have identified no case from the Second Circuit where a court has applied a standard other than the summary judgment standard after conducting a hearing on the government's motion to strike. And out-of-circuit district court cases previously cited by the government point in the same direction, i.e., that the summary judgment standard applies even after a court conducts a hearing under Supplemental Rule G. *See United States v. All Assets Held at Bank Julius*, 480 F.Supp.3d 1, 10–11 (D.D.C. 2020); *United States v. $119,030.00 in U.S. Currency*, 955 F. Supp. 2d 569, 575–76 (W.D. Va. 2013) *United States v. 110 Firearms*, No. CV-09-243-PHX-MHB, 2010 WL 1408892, at *4–5 (D. Ariz. Apr. 7, 2010).

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
November 22, 2024
Page 3

R. Civ. P. 56(c)(1)(A) (emphasis added).[2] Failing to consider affidavits during summary judgment can be reversible error. In *$8,440,190.00*, the First Circuit reversed a district court's grant of summary judgment on the government's motion to strike as to one of the two *res* at issue where the district court refused to consider a claimant's affidavit, notwithstanding that the court had ordered an evidentiary hearing. *See* 719 F.3d at 60. The appellate court explained: "Affidavits are of course typically relied on to support or defend against motions for summary judgment." *Id.* at 61 (citing Fed. R. Civ. P. 56 (c)(1)(A)). The Seventh Circuit employed a similar analysis in *$239,400*, where it credited the claimant's affidavit and reversed the district court's grant of summary judgment to the government on its motion to strike where the district court relied on "credibility determinations it made and circumstantial evidence the government presented at the [nonmerits] evidentiary hearing on [a] motion to suppress." *See* 795 F.3d at 641–43.

The case of *Reilly v. Natwest Markets Grp, Inc.*, 181 F.3d 253, 269 (2d Cir. 1999), is readily distinguishable. In *Reilly*, the defendant Natwest refused to produce certain Rule 30(b)(6) corporate representatives for deposition during discovery, notwithstanding plaintiff's attempts to take the depositions. When Natwest later tried to rely on witnesses at trial that it had not made available for depositions, the court excluded such testimony. *See id.* That is not this case. Here, the government has never noticed the depositions of these witnesses, and in fact has not cooperated with Claimants' attempts to take their depositions.

To reiterate the specific relief sought here, Claimants respectfully request that the Court clarify its prior Order and rule that it will consider at the upcoming evidentiary hearing declarations from nonparty witnesses whom the government has not sought to depose. In the alternative, Claimants would request an extension of the current discovery deadline to schedule the deposition of the six witnesses who provided declarations when Claimants were operating under the belief that declarations must be considered in opposing a motion to strike, given that the motion is governed by the summary judgment standard. *Cf.* Fed. R. Civ. P. 56(d) (permitting deferral of motion for summary judgment when certain facts are unavailable to the nonmovant).

We thank the Court for its attention to this matter.

---

[2] Critically, affidavits or declarations do not have to be admissible at trial *themselves* under the Federal Rules of Evidence to be used on summary judgment; instead, they need only "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The declarations at issue here do just that.

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
November 22, 2024
Page 4

                                    Respectfully submitted,

                                    */s/ Adam C. Ford*
                                    Adam C. Ford
                                    Robert S. Landy
                                    Renée L. Jarusinsky
                                    Anjula S. Prasad
                                    Stephen R. Halpin III
                                    Ford O'Brien Landy LLP

                                    *Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.*