

November 27, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

    This firm represents Claimants in the above-referenced matter. In Claimants' November 22, 2024 letter [ECF No. 315], we asked the Court to permit Claimants to rely on declarations from witnesses whom the government *has not* sought to depose in discovery in connection with the upcoming hearing on standing, consistent with the summary judgment standard applicable to the hearing. Even though Claimants believe these declarations must be admitted at the hearing, following the November 15 Order, Claimants sought to arrange for the immediate deposition of each of these four witnesses. Within a week, Claimants had attempted to schedule the voluntary deposition of two of these witnesses during the same week and in the same location as Mr. Khudainatov. Shortly thereafter, Claimants informed the government that the other two witnesses expressed willingness to be deposed in another country that does not have an MLAT with the United States, and one where the government had previously made a request in connection with Mr. Khudainatov's deposition.

    Now the government has asserted that it will not participate in depositions in either location because it would require the government to request permission—even though no MLAT is required and the government had previously told this Court they were acceptable locations—and therefore, these four witnesses cannot be deposed. This letter seeks the specific relief of either: (i) compelling the government to take steps to attend the depositions of these four witnesses in these two locations, or, in the alternative, (ii) finding the government waived its rights to attend and question these witnesses by refusing to seek the approvals (it claims it needs), and permitting Claimants to depose these four witnesses without the government's presence.

    The four witnesses are: (1) Dinar Khalikov – an AV/IT contractor who is discussed in the Amended Complaint, and has submitted a declaration in this case stating his belief that Mr. Kerimov did not purchase the *Amadea* and that the family members were on board pursuant to a charter agreement; (2) EA – a principal assistant to Claimant Eduard Khudainatov, and an individual who has specific knowledge of Mr. Khudainatov's ownership of each vessel the

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
November 27, 2024
Page 2

government claims he does not own, including the Amadea; (3) Witness 1 – an individual who is discussed in the Amended Complaint, who chartered the *Amadea* in 2022 (which according to the government, is evidence that Suleiman Kerimov owns the Amadea), and who has submitted a declaration in this case asserting Mr. Kerimov never purchased or controlled the *Amadea*; and (4) Witness 2 – an individual who has submitted a declaration in this case asserting that the $225 million the government claims was used to purchase the Amadea was in fact a loan to Mr. Kochman, was not for the purchase of the *Amadea*, and had nothing to do with Mr. Kerimov. Claimants are entitled to rely upon the statements of all four witnesses in connection with the upcoming hearing. As such, if the Court is unwilling to consider their declarations at the hearing, it is critical that their depositions take place prior to it (or prior to any decision such that their statements can be part of the record).

After receiving the Court's November 15 Order, Claimants began the process of arranging the depositions of these witnesses. Claimants immediately confirmed to the government that Mr. Khudainatov would agree to be deposed in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, consistent with Your Honor's Order that "the depositions of Khudainatov and the above-referenced third-party witness, shall take place in person in New York, or in a country that: (i) does not require a Mutual Legal Assistance [('MLA')] request, and (ii) was previously offered by the Government as the location for the deposition." [ECF No. 312 at 2, 14]. While the government (baselessly) objected to ▮▮▮▮▮▮, it agreed the ▮▮▮▮▮▮ plainly satisfies this Court's Order. His deposition was duly noticed there for the last week of discovery. In this same correspondence, Claimants noticed the depositions for "the above-referenced third-party witness" (Mr. Khalikov), as well as EA for ▮▮▮▮▮▮ during the same week, so that all three depositions could occur at once and in advance of December 20. Notwithstanding the fact that this country does not require an MLAT request and that it was previously requested by the government—and Mr. Khudainatov is being deposed there—the government refuses to participate in the other two depositions in this location, asserting that to do so would require requesting permission and that it is not required to take any steps to attend these depositions.

The testimony of Witnesses 1 and 2 is urgent only as a function of the December 20 deadline if this Court declines to consider their declarations at the upcoming hearing. If their declarations are considered, their depositions can be set *de bene esse* prior to trial. If, however, their declarations are not admitted into evidence at the upcoming hearing, Claimants must be entitled to their depositions where the witnesses would agree to be deposed. Witnesses 1 and 2 have firsthand knowledge regarding the core of the government's allegations, refuting the allegation that Mr. Kerimov ever owned or controlled the *Amadea*. Both have asserted that ▮▮▮▮▮▮▮▮▮▮▮, is the only location they would agree to be deposed. Critically, ▮▮▮▮▮▮ does not require MLAT requests, and the government previously requested for Mr. Khudainatov to be deposed there, thus satisfying the Court's November 15 Order of acceptable locations. The government has objected, claiming it still must make a request of ▮▮▮▮▮▮, and it will not make this request.

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
November 27, 2024
Page 3

The government has outright refused to attend the depositions of these witnesses in locations the witnesses have agreed to appear. Rather, the government has demanded that the depositions occur in locations where the nonparty witnesses are unwilling or unable to travel. The government has no legal support for its position that, because it must take a step to attend a witness deposition, the witness cannot be deposed there. As a general matter, the Federal Rules of Civil Procedure require the parties to travel *to nonparty witnesses*—not vice versa. *See* Fed. R. Civ. P. 45(c) (setting forth "Place of Compliance" for U.S. nationals or individuals served in the United States).[1] Moreover, "the party noticing [a] deposition," i.e., Claimants in these circumstances, "usually has the right to choose the location," *Buzzeo v. Bd. of Educ.*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citations omitted). While it is true that when the parties cannot agree on a location, "courts retain substantial discretion to determine the site of a deposition," *see e.g.*, *Lewis v. Madej*, 2016 WL 590236, at *3 (S.D.N.Y. Feb. 11, 2016) (citation omitted), those cases deal with depositions of *parties* whom the Court can control. Neither party, nor this Court, can direct a foreign non-party witness to travel to any location to be deposed. As such, this Court cannot compel these witnesses to attend a deposition anywhere they do not agree to go. But Claimants have a right to go to these witnesses to obtain their testimony and use it in this case. The government has a right to attend such depositions and cross examine these witnesses. But the government *does not* have a right to prevent these depositions from occurring by refusing to participate, thereby limiting the record in this case to exclude witnesses who are expected to provide testimony that is inconsistent with the government's claims.

Claimants respectfully request that the Court order the government to undertake efforts to appear for the depositions of Mr. Khalikov and EA in the same location as the deposition of Mr. Khudainatov during the week of December 16, 2024. Claimants believe that, regardless of the Court's decision on the issue of considering declarations, the most efficient approach for all parties and witnesses is to combine these three depositions into one location and one week. Claimants also respectfully request that the Court order the government to undertake efforts to appear for the depositions of Witnesses 1 and 2 in ▮▮▮▮, either before the end of discovery if this Court will not consider their declarations, or prior to trial if it does.[2] In the alternative, the Court should find that the government has knowingly waived its opportunity to attend the depositions of these four witnesses and to ask questions of these individuals, and permit Claimants to depose these witnesses and use such testimony in the hearing.

---

[1] For nonparty witnesses located abroad who are not U.S. nationals, the only mechanism for compulsion of testimony is through a Hague Request or other formal process to the witness's country of residence. Obviously, in such cases, the parties must travel to the nonparty witness's home country and cannot demand that they travel.

[2] At one point, Mr. Khalikov had indicated his willingness to travel to the ▮▮▮▮ for his deposition. Immediately after, however, he learned that it would take three days to travel there, with three layovers, that he could only transit through ▮▮▮▮, and that there are only two flights a week between the destinations. Given the logistical difficulties, and upon learning another deposition was being taken in the ▮▮▮▮, he asked that his deposition occur there.

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
November 27, 2024
Page 4

   We thank the Court for its attention to this matter.

                   Respectfully submitted,

                    /s/ Adam C. Ford
                   Adam C. Ford
                   Robert S. Landy
                   Renée L. Jarusinsky
                   Anjula S. Prasad
                   Stephen R. Halpin III
                   Ford O'Brien Landy LLP

                   *Counsel for Claimants Eduard*
                   *Yurievich Khudainatov and*
                   *Millemarin Investments Ltd.*

   cc: all counsel of record (via ECF)

FORD O'BRIEN LANDY  |  275 Madison Avenue, Fl. 24 NY, NY 10016  |  P: 212.858.0040  |  fordobrien.com