

U.S. Department of Justice

*950 Pennsylvania Avenue NW*
*Washington, D.C. 20530*

December 2, 2024

**VIA CM/ECF**
Hon. Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

Under the guise of a motion for clarification, Claimants seek to admit at the upcoming hearing declarations of witnesses not made available for cross-examination. *See* ECF No. 315. Such out-of-court statements are classic hearsay to which no exception applies. The Court should reject this attempted end run around the Rules of Evidence as well as Claimants' belated request to extend the discovery period to depose these witnesses.

**Background:** With their opposition to the Government's motion to strike, Claimants submitted five witness declarations. *See* ECF Nos. 126-130 (Khudainatov, Pastukhova, Reynard, Zuretti, and Khalikov declarations). During discovery, however, Claimants stated an intention to depose only Khalikov. *Cf.* ECF No. 240.[1] On October 31, 2024, two weeks before the then-scheduled close of discovery, Claimants moved to supplement the record with declarations of three additional witnesses. *See* ECF No. 295 (attaching Gadzhieva, Kerimova and Kochman declarations). Claimants never sought to depose these witnesses and did not list Gadzhieva and Kerimova in response to the Government's interrogatory requiring disclosure of individuals with discoverable information that Claimants "may use to support [their] claims or defenses" until November 11 (four days before the then-scheduled close of discovery). Interrogatory No. 1; Fed. R. Civ. P. 26(a)(1)(A).

Claimants first expressed interest in deposing Kerimova and Gadzhieva after the Court's November 15 Order, stating they wished to do so in a country Claimants know never responded to the Government's requests for permission to take the depositions of Khudainatov and

---

[1] At the Government's initiative, the parties took the deposition of Francois Zuretti.

Khalikov.  The Government objected, and Claimants filed the present motion.

**Claimants Are Not Permitted to Rely on Hearsay Declarations at an Evidentiary Hearing**: Hearsay is an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2).  Declarations or affidavits are classic hearsay. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec*, 528 F. Supp. 3d 219, 231 (S.D.N.Y. 2021). They are inadmissible at any evidentiary hearing, unless an exception or exclusion to the hearsay rule applies.  Fed. R. Evid. 802.  Claimants proffer no such exception.  Rather, they argue that the Court "must consider" out-of-court declarations because an evidentiary hearing on standing in a civil forfeiture action is somehow exempt from the Rules of Evidence and the standard "is one of summary judgment." ECF No. 315 at 1.  There is no merit to this argument.

Supplemental Rule G(8)(c) "identifies three procedures for addressing . . . standing."  Advisory Committee Note, Rule G.  It provides that standing may be addressed (1) on the pleadings, (2) by summary judgment, or (3) "[i]f material facts are disputed, *precluding a grant of summary judgment*, the court may hold an evidentiary hearing." *Id.* (emphasis added).  To establish standing, a claimant "must move forward 'with the manner and degree of evidence required at the successive stages of the litigation.'" *United States v. $960,000 in U.S. Currency*, 307 F. App'x 251, 255 (11th Cir. 2006) (quoting *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992)); *see Carter v. HealthPort Techs.,* 822 F.3d 47, 56 (2d Cir. 2016) ("[T]he showing that must be made in order to withstand a dismissal for lack of standing increases as the suit proceeds.").  Thus, "at the motion to dismiss stage it is enough to allege the elements of standing[;] at the summary judgment stage the party with the burden of demonstrating standing must demonstrate that there is a genuine issue of material fact as to the standing elements, and at trial standing must be proved by a preponderance of the evidence." *United States v. $57,790.00 in United States Currency*, 263 F. Supp. 2d 1239, 1242 (S.D. Cal. 2003) (citing *Lujan*, 504 U.S. at 561).

On a motion for a summary judgment, a court may consider affidavits because the court's inquiry is a threshold one to determine whether there is a "genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a), (d); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  But at an evidentiary hearing or trial, the factfinder must *resolve* disputed facts based on admissible evidence. *Id.* at 248-49 ("a jury or judge [must] resolve the parties' differing versions of the truth[.]"); *see* Fed. R. Evid. 101(a), 1101.

These basic principles are unaltered in civil forfeiture actions, *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 509-10 (5th Cir. 2008), and the Rules of Evidence govern admissibility at an evidentiary hearing on standing, *United States v. 133,420.00 in United States Currency*, No. CV-09-8096, 2010 WL 2594304, at *7-8 (D. Ariz. June 23, 2010) (Supplemental Rule G makes clear that upon proper motion [for an evidentiary hearing], claimants must "produce *evidence* to support their claimed interest in the res.").  Affidavits and declarations are inadmissible hearsay and should not be considered at the hearing—unless the witnesses are presented live for cross-examination in accordance with your Honor's individual practices, *see* Individual Rules & Practices in Civil Cases ¶ 5(e)(i).

The cases cited by Claimants are not to the contrary.  In *United States v. One Lincoln Navigator 1998*, the Eighth Circuit made clear that "[i]f a threshold issue of Article III standing raises

material fact disputes, including credibility issues, the district court may conduct an evidentiary hearing and resolve them." 328 F.3d 1011, 1014 (8th Cir. 2003). That is the question before the Court here. On the issue of *statutory* standing, the court held that summary judgment was inappropriate because credibility determinations had to be left to the ultimate finder of fact and because claimants have "a Seventh Amendment right to a jury trial in federal non-admiralty civil forfeiture cases" the question should be left to the jury. *Id.* at 1014 & n.2. However, this is an admiralty forfeiture case and there is no right to a jury trial. *See* ECF No. 37 ¶ 2; ECF No. 84 at 30-35 (collecting authorities stating no right to jury trial for seizures on navigable waters).

In *United States v. $8,440,190.00 in U.S. Currency*, the Court "ended up deciding the government's motion for summary judgment on the record," 719 F.3d 49, 62 n.14 (1st Cir. 2013), because, while the court scheduled a hearing, "neither side ended up offering factual evidence or testimony." *See id.* at 54. It therefore has no bearing on the proper evidentiary standards for a hearing. Similarly, in *United States v. 110 Firearms*, the Court held a hearing, but determined it could grant the motion to strike on a summary judgment standard because a "reasonable juror could not conclude that Claimant has Article III standing, based upon his contradictory, unsupported, and nonsensical claim of ownership in the firearms." No. CV-09-243, 2010 WL 1408892, at *7 (D. Ariz. Apr. 7, 2010). The case does not stand for the strange proposition that Article III standing must be resolved via summary judgment procedure, despite the clear language of Rule G(8)(c). Claimants' remaining cases are even further afield: in them, the courts did not schedule evidentiary hearings and simply decided standing on summary judgment. *See United States v. Real Prop. Located in Los Angeles, California*, No. 220CV06314, 2023 WL 3564732, at *3 n.3 (C.D. Cal. Apr. 17, 2023); *United States v. All Assets Held at Bank Julius*, 480 F.Supp.3d 1, 10–11 (D.D.C. 2020); *United States v. $119,030.00*, 955 F. Supp. 2d 569, 575-76 (W.D. Va. 2013); *United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 642 (7th Cir. 2015).

Here, the Court declined to decide the Government's motion to strike on summary judgment, noting the existence of "numerous factual disputes," and scheduled an evidentiary hearing to resolve those disputes. *See* ECF 312 at 4. Now, the Court must decide whether Claimants have proven their standing by a preponderance of the evidence, and must do so based on admissible evidence. There is not—and never has been—any reason to believe hearsay declarations of absent witnesses not made available for cross-examination would be admissible at the hearing.

**The Court Should Deny Claimants' Request to Extend Discovery to Take Additional Depositions:** Alternatively, Claimants request an extension of discovery to schedule depositions of the nonparty witnesses who provided declarations but whom they have never sought to depose. The Court should deny this request. The Court recently granted Claimant's request for an extension of discovery through December 20. ECF. No. 312. Claimants made no mention of these additional depositions in their submissions on the requested extension, or at the October 30 conference, and they should not be permitted yet another extension now. Moreover, the fact that Claimants would be required to present evidence regarding their purported standing at an evidentiary hearing should have come as no surprise. Not only does Supplemental Rule G(8) explicitly contemplates that standing will have to be established through such an evidentiary hearing, but this Court also set a tentative date for such a hearing—which was originally to have been held on December 9, 2024—as early as August 13, 2024.

Respectfully Submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
U.S. Department of Justice

By: */s/ Rachael Doud*
JENNIFER JUDE
DOMINIKA TARCZYNSKA
RACHAEL DOUD
Assistant U.S. Attorneys
Southern District of New York

MARGARET A. MOESER
Chief
Money Laundering and Asset Recovery
Section, Criminal Division
U.S. Department of Justice

By: */s/ Joshua L. Sohn*
JOSHUA L. SOHN
D. HUNTER SMITH
Trial Attorneys
Money Laundering and Asset Recovery
Section

JENNIFER KENNEDY GELLIE
Executive Deputy Chief
Counterintelligence and Export Control
Section, National Security Division
U.S. Department of Justice

By: */s/ Yifei Zheng*
YIFEI ZHENG
Trial Attorney
Counterintelligence and Export Control
Section

cc: Claimants' counsel (by ECF)