UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>v.<br><br>The M/Y Amadea, a Motor Yacht Bearing International Maritime Organization No. 1012531,<br><br>                                  Defendant. | 23-CV-9305 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On November 22, 2024, Claimants in the above-captioned matter filed a letter seeking clarification of this Court's Order dated November 15, 2024. ECF No. 315. The Court issued that Order ahead of an evidentiary hearing in this case to adjudicate the Government's Motion to Strike, ECF No. 97. In the Order, the Court stated, *inter alia*, that in the context of this evidentiary proceeding and given the procedural posture of this case, it is not inclined to consider testimony from witnesses who have not been deposed. *See* ECF No. 312. Claimants move for this Court to "rule that it will consider at the upcoming evidentiary hearing declarations from nonparty witnesses whom the government has not sought to depose." ECF No. 315 at 3.

Claimant's motion is **DENIED WITHOUT PREJUDICE**. Rule G(8)(c) describes three different postures for addressing standing in forfeiture actions in rem: on the pleadings; through summary judgment; or, "[i]f material facts are disputed, *precluding a grant of summary judgment*," via "an evidentiary hearing." Advisory Committee Note, Supp. R. G(8)(c). The upcoming evidentiary hearing on standing is for purposes of resolving disputed factual issues, not to determine if summary judgment is appropriate, with respect to Claimants' standing. At an evidentiary hearing, the Court may, with few exceptions, only consider evidence that is admissible

to resolve disputed facts. *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Declarations of the type Claimants seek to enter are not admissible because they are hearsay.

Claimants nevertheless argue that "when [an] evidentiary hearing on the threshold question of standing is intertwined with the merits, . . . summary judgment is the appropriate standard for the government's motion to strike." ECF No. 315 at 2. They cite various cases in support of their position, but these out-of-Circuit cases do not hold that a motion to strike a claim based on lack of standing *must* be resolved in a summary judgment posture. Absent any controlling authority to that effect, the Court will proceed to factfinding through an evidentiary hearing, as Supplemental Rule G(8) permits.

The Court reiterates that it is not inclined to consider a declaration at the evidentiary hearing if the witness is neither presented live for cross-examination nor is made available for deposition (with adversarial testing of the witness's declaration submitted at the hearing via deposition designations). The Court, however, reserves judgment as to whether any of the parties' witnesses properly meet that description.

SO ORDERED.

Dated: December 6, 2024
New York, New York

DALE E. HO
United States District Judge

2