



U.S. Department of Justice

950 Pennsylvania Avenue NW
Washington, D.C. 20530

December 5, 2024

By ECF
The Honorable Dale E. Ho
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re: *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

Pursuant to Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 37(a), the Government respectfully seeks relief with respect to three depositions that Claimants have noticed in the ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**Background:** ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

---

[1] A diplomatic note, or note diplomatique, "is a formal note between governments . . . ." https://fam.state.gov/fam/05fah01/05fah010610.html. Though a formal note, it is less formal and less time-consuming to prepare and transmit than a mutual legal assistance request.

On November 15, 2024, this Court issued an order concerning the Khudainatov and Khalikov depositions, directing that they "shall take place in person in New York, or in a country that: (i) does not require a Mutual Legal Assistance request, and (ii) was previously offered by the Government as the location for the deposition." ECF No. 312 at 2.

**Argument**. This Court should preclude the unauthorized depositions of ▮▮▮▮▮ ▮▮▮▮▮.

First, this Court's November 15, 2024 Order should have put an end to the Government's need to make further requests of foreign governments to accommodate Claimants' ever-shifting demands and preferences about deposition locations. That order directed that the depositions under consideration at the time (which, as noted below, did not even include the ▮▮▮▮▮ ▮▮▮▮▮ depositions) take place "in New York, or in a country that: (i) does not require a Mutual Legal Assistance request, and (ii) was previously offered by the Government as the location for *the* deposition." ECF 312 at 2 (emphasis added). ▮▮▮▮▮



Second, in any event, the Government has not sought or obtained the permission of ▮▮▮▮▮ to participate in other depositions beyond the Khudainatov deposition there, nor is it likely to obtain it by the end of discovery.[3] The Court should not permit Claimants to take the testimony of witnesses in a location where the Government will not be able to cross-examine them. *See In re Shangri-La Nursing Ctr., Inc.*, 31 B.R. 367, 370 (Bankr. E.D.N.Y. 1983); *Bobb v. Mod. Prod., Inc.*, 648 F.2d 1051, 1055 (5th Cir. 1981); *Sanders v. Enter. Offshore Drilling LLC*, No. 4:22-CV-03479, 2023 WL 8715833, at *2 (S.D. Tex. Dec. 18, 2023) (same); Fed. R. Evid. 804(b)(1)(B) (prior testimony exception to hearsay rule available only where opposing party had "opportunity" to cross-examine).

Finally, the Court should prelude any testimony from ▮▮▮▮▮ in any form— whether by deposition or at trial. Claimants did <u>not</u> identify ▮▮▮▮▮ as persons with discoverable information whom Claimants "may use to support [their] claims or defenses," Interrogatory No. 1; Fed. R. Civ. P. 26(a)(1)(A), until November 11, 2024—four days before the then-scheduled end of discovery. Courts preclude the late and prejudicial disclosure of even local witnesses under such circumstances. *See Pal v. New York Univ.*, No. 06CIV.5892PACFM, 2008 WL 2627614, at *6 (S.D.N.Y. June 30, 2008); *Downey v. Adloox Inc.*, No. 16-CV-1689 (JMF), 2018 WL 794592, at *2 (S.D.N.Y. Feb. 8, 2018).

---

[3] There are many reasons such permission is required, among them, that "[a] state may not exercise jurisdiction to enforce in the territory of another state without the consent of the other state," RESTATEMENT (FOURTH) FOREIGN RELATIONS LAW OF THE UNITED STATES § 432 (Am. Law Inst. 2018), which includes "taking depositions and witness statements . . . ." *Id.* Reporters' Note 1; *see also* RESTATEMENT (THIRD) FOREIGN RELATIONS LAW, Part IV, Ch. 7, Introductory Note (1987) (noting the "principle of international law ... that a state may not conduct official activities in the territory of another state without that state's consent, express or implied"). Other reasons, including protecting DOJ lawyers from criminal liability under local laws and maintaining cooperative and respectful relations with other states, are set forth in the two declarations of Jeffrey Olson. *See* ECF 240-1; Ex. A.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney
        Southern District of New York

By: /s/ Dominika Tarczynska
     DOMINIKA TARCZYNSKA
     RACHAEL DOUD
     Assistant United States Attorneys


     MARGARET A. MOESER
     Chief
     Money Laundering and Asset Recovery
     Section, Criminal Division
     U.S. Department of Justice

By: /s/ D. Hunter Smith
     JOSHUA L. SOHN
     D. HUNTER SMITH
     Trial Attorneys

---

The Government's application is **DENIED WITHOUT PREJUDICE**.  While "[a] deposition may not be used against a party who was not present at its taking," *In re Shangri-La Nursing Ctr., Inc.*, 31 B.R. 367, 370 (Bankr. E.D.N.Y. 1983) (citing Fed. R. Civ. P. 32), the Court finds that the Government has not, based on the current record, shown that it is unable to be present at Witness 2 and 3's depositions. Specifically, the Court finds that the Government has not yet shown that it is unable to depose Witnesses 2 and 3 at the location proposed by the Claimants due either to a lack of permission from the host country's government to take these additional depositions or to that government not responding to the Government's request for such permission.  Nor has the Government explained with adequate specificity why it might be unable to seek such permission.  The Government may renew this application on or before **5:00 PM ET on Wednesday, December 11, 2024**.  If a renewed such a renewed application is filed, Claimants may respond by **1:00 PM ET on Thursday, December 12, 2024**.  SO ORDERED.  The Clerk of Court is respectfully directed to terminate ECF No. 340.

Dated: December 9, 2024
New York, New York

DALE E. HO, United States District Judge