UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>The M/Y Amadea, a Motor Yacht Bearing International Maritime Organization No. 1012531,<br><br>        Defendant. | 23-CV-9304 (DEH)<br><br>MEMORANDUM ORDER |

DALE E. HO, United States District Judge:

On December 5, 2024, the Government moved for this Court to issue a protective order precluding the depositions of three witnesses offered by Eduard Khudainatov and Millemarin Investments Ltd. (collectively, "Claimants") to support their claim of interest in defendant *in rem*, the motor yacht *Amadea*. See ECF No. 340. For the reasons explained below, the Government's motion is **DENIED WITHOUT PREJUDICE** with respect to Witness 1 and **GRANTED** with respect to Witnesses 2 and 3.

Based on the parties' representations during a case management conference on December 9, 2024, and based on a letter filed by the Government on the same day, ECF No. 353, the Court understands that the parties have reached an agreement with respect to the date and location of Witness 1's deposition. The protective order is therefore **DENIED WITHOUT PREJUDICE AS MOOT** as to Witness 1.

As to Witnesses 2 and 3, the Court recites the following timeline of events:

- On October 31, 2024, approximately two weeks before the then-scheduled close of discovery, Witnesses 2 and 3 were first identified as witnesses via declarations attached to Claimants' request to supplement the record in connection with their opposition to the Government's motion to strike, ECF No. 97. *See* ECF No. 295.

- On November 11, 2024, approximately four days before the then-scheduled close of discovery, Claimants listed Witnesses 2 and 3 as individuals with discoverable information whom they "may use to support [their] claims or defenses" as required under Fed. R. Civ. P. 26. *See* ECF No. 326.

- On November 15, 2024, this Court issued an Order that, *inter alia*, extended discovery through December 20, 2024, for the limited purpose of completing depositions. *See* ECF No. 312. This extension of discovery followed several previous extensions of the discovery period.

- On November 22, 2024, Claimants informed the Government that they intended to depose Witnesses 2 and 3. *See* ECF No. 326.

- On December 4, 2024, Claimants formally noticed Witness 2 and 3's depositions. *See* ECF No. 340. Claimants noticed these depositions to take place in the same foreign location and during the same week that Mr. Khudainatov was set to be deposed. *See id.* As of that date, the Government had received permission from the relevant foreign authorities to take Mr. Khudainatov's deposition but had neither requested nor received permission to participate in additional depositions in that country. *See id.*

- On December 10, 2024, the parties informed the Court that Mr. Khudainatov's deposition would have to be rescheduled due to his suffering a "medical emergency." *See* ECF Nos. 354 and 355. Claimants subsequently stated that Mr. Khudainatov will not know until December 17, 2024, whether he will be able to travel to the foreign country and sit for his deposition. *See* ECF No. 360.

Several facts regarding Witness 2 and 3's depositions are noteworthy. First, these witnesses were not identified until relatively late in the discovery period; Claimants did not provide Witness 2 and 3's declarations to the Government until two weeks before discovery was set to close, and they did not identify them as individuals with discoverable information until four days before the discovery cutoff. Second, Claimants did not notice Witness 2 and 3's depositions until *after* the Court extended discovery via its November 15 Order. Finally, when Claimants did eventually notice Witness 2 and 3's depositions, they did so in a country where the Government did and does not have permission to participate in those depositions.[1] The Government has

---

[1] As the Court understands it, to participate in a deposition in the location where the Claimants noticed Witness 2 and 3's depositions, the Government must first receive permission from that country's government. The Government previously received such permission from that country

initiated the relevant diplomatic procedures to acquire permission to attend the depositions. *See* ECF No. 359. As of the filing of this Order, however, the record reflect that the Government has not received such permission and does not know when, if ever, it shall.

One additional complication bears mentioning: that of Mr. Khudainatov's illness. Claimant's proposal to hold the depositions of Witnesses 2 and 3 next week was premised on the notion that counsel for the parties would already be present in the same place for Mr. Khudainatov's deposition. But that is no longer the case. According to the Claimants, Mr. Khudainatov will not know if he can travel to sit for his deposition until at least December 17.[2] But given the myriad logistical challenges of arranging these depositions in a far-flung location, the Government must know by today, December 12, whether Mr. Khudainatov will be deposed on or before December 20, when discovery closes.

It is therefore clear to the Court that it is no longer possible for Mr. Khudainatov or Witnesses 2 and 3 to be deposed in the relevant foreign location prior to the close of discovery on December 20, 2024. With respect to Witnesses 2 and 3, the Government has not received the requisite permission to participate in their depositions and, at this point, seems unlikely to receive such permission in time make arrangements for its participation in those depositions to be feasible next week.[3] For that reason, and for the reasons explained above, the Government's motion for a protective order with respect to Witnesses 2 and 3 is **GRANTED**.

---

but only with respect to a single deposition—that of Claimant Khudainatov. To participate in any additional depositions in there, the Government must acquire additional permission from that country's government.

[2] That is, on December 17, counsel for Mr. Khudainatov may inform the Court and the Government that he is unable to travel.

[3] As the Court understands it, the Government needs at least one week to coordinate travel to the foreign country within which the depositions have been noticed given its need for interpreters, court reporters, videographers, and other support staff.

The existing case management plan remains in effect, as do the parties' pre-hearing deadlines set forth at ECF No. 317.

The Court cautions that any future requests for relief from the existing schedule in this case based on facts or circumstances relating to the health of a witness or the authorization of the Government to participate in a deposition abroad must be supported by a declaration from a witness or counsel, and if appropriate, relevant supporting documentation such as medical records.

SO ORDERED.

Dated: December 12, 2024
      New York, New York

                                            DALE E. HO
                                 United States District Judge