

U.S. Department of Justice

*950 Pennsylvania Avenue NW*
*Washington, D.C. 20530*

December 13, 2024

By ECF
The Honorable Dale E. Ho
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

      The Government respectfully move to compel Claimant Eduard Khudainatov's deposition in New York on December 20—the final day of the discovery period.

      On June 6, 2024, the Government noticed Khudainatov's deposition to take place in New York on July 15. Khudainatov did not appear on that date and only afterwards filed a motion for protective order based on alleged hardship of long-distance travel and fear of arrest by the U.S. government. ECF No. 149; *see also* ECF No. 156 (Gov't Opp.). After the Government offered Khudainatov a safe-passage letter, Khudainatov expressed a new concern of reprisal from the Russian government were he to travel to the United States. The Government then undertook extensive efforts to identify countries around the globe where the deposition might take place. Khudainatov eventually insisted that the deposition occur in only one of the countries that the Government had offered ("Country 1"), despite his previous objections to that very country.

      On December 10, the day Government lawyers (and a court reporter, videographer and interpreter) were to depart to Country 1, Khudainatov's counsel informed Government counsel that Khudainatov had had an unspecified medical emergency and his deposition would need to be rescheduled.[1] *See* ECF No. 354. The following day (December 11), Khudainatov's counsel told the Government that Khudainatov had been diagnosed with Covid-19 and that it would be impossible to confirm whether he could travel before Dec. 17. *See* ECF No. 359, 360. At approximately 6:26 pm on December 11, Claimants emailed the Government purported medical records allegedly reflecting the Covid-19 diagnosis. Over the past two days, the Government has

---

[1] Although Government counsel, the court reporter, and videographer received notice of the cancellation before boarding their respective flights to Country 1, the interpreter was already en route to a connecting airport approximately ten hours flying time away. The Government expended approximately $20,000 on flights and non-refundable service and cancellation fees as a result of Claimant's last-minute cancellation.

investigated those records and has concerns about their veracity, which are reflected in the attached declaration of Special Agent Todd McGee.

Regardless of the accuracy of the medical records, the Court should order Khudainatov's deposition to take place before the end of discovery in New York. Even if Khudainatov did contract Covid-19 on the eve of travelling for his deposition, the only reason that diagnosis would prevent his deposition from taking place before the current discovery deadline has been his prolonged refusal to travel to any number of countries around the globe based on concerns that the Court has found "too general and too conclusory." ECF 312 at 11-12. The Government will provide Mr. Khudainatov a safe passage letter for travel to New York and, indeed, is more able to assure safe passage to the United States than to any third-party country. If he were to depart on Dec. 17, he would arrive in New York the same day, have two days to recover from travel, and could sit for deposition on December 20. *See* ECF 312 at 13 (recognizing that "there is authority for ordering a foreign claimant to appear in the district where a forfeiture action takes place"); ECF No. 156 at 1 (citing such authority). As an alternative, the Government would also be amenable to deposing Mr. Khudainatov on December 20 ███████████████████████████████████████████ ███████████████████████.

A Deposition in Country 1 is no longer realistic. Though the Government has made its best efforts, it has been able to locate only a court reporter, but not an interpreter and a videographer, able to travel to Country 1 before December 20.[2] Moreover, given that Mr. Khudainatov will not be able to confirm his travel until December 17, a further deposition in Country 1 could not be confirmed until the day that counsel (and the support staff) would need to depart the United States.

The Government respectfully requests that the Court order Khudainatov to sit for deposition in New York or, alternatively, ████████ on December 20, provided he is not ill on December 17.

Respectfully submitted,
DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: */s/ Dominika Tarczynska*
JENNIFER JUDE
DOMINIKA TARCZYNSKA
RACHAEL DOUD
Assistant United States Attorneys

---

[2] The court reporter's availability is subject to change and may indeed have changed by the time this motion is filed.

MARGARET A. MOESER
Chief
Money Laundering and Asset Recovery
Section, Criminal Division
U.S. Department of Justice

By: /s/ *D. Hunter Smith*
JOSHUA L. SOHN
D. HUNTER SMITH
LINDSAY P. GORMAN
Trial Attorneys
Money Laundering and Asset Recovery
Section

JENNIFER KENNEDY GELLIE
Executive Deputy Chief
Counterintelligence and Export Control
Section, National Security Division
U.S. Department of Justice

By: /s/ *Yifei Zheng*
YIFEI ZHENG
Trial Attorney
Counterintelligence and Export Control
Section

cc: Claimants' counsel (by ECF)