



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**Application GRANTED.** Claimants shall respond to the Government's requests **by Thursday, January 9, 2025**. SO ORDERED. The Clerk of Court is respectfully directed to terminate ECF No. 371.

By ECF
The Honorable Dale E. Ho
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Dated: January 6, 2025
New York, New York

*[signature]*

Dale E. Ho
United States District Judge

Re:   *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

    We write respectfully on behalf of the Government pursuant to Part 4.k of the Court's Individual Rules and Practices to seek an order to compel Claimants to respond to certain of the Government's discovery requests.

    On October 16, 2024, the Government served on Claimants the Government's Third Set of Interrogatories and Requests for Production (the "Interrogatories" and "RFPs"). Those Interrogatories and RFPs, which are attached hereto as Exhibit A, seek, *inter alia*, passwords for certain documents found aboard the *Amadea*, and certain types of documents and certificates that might be expected to—but were not—found aboard the *Amadea*. Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Claimants were required to respond to these requests within 30 days—*i.e.*, by November 15, 2024. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). Claimants did not respond by November 15, 2024, and have not responded to date.[1] Further, the Government sent follow-up emails to Claimants on December 6, 2024, and December 13, 2024, noting their failure to respond and requesting a response, and Claimants did not even respond to those emails. Claimants have not provided any justification for, or even addressed, their failure to respond. Accordingly, the Government seeks an order compelling Claimants to promptly respond to the Government's requests. *See* Fed. R. Civ. P. 37(a)(1).

---

[1] On November 15, 2024, the Court extended the discovery deadline solely for the purpose of completing depositions. ECF No. 312. The Government's Interrogatories and RFPs were served with sufficient time for the 30-day response period to elapse prior to the applicable deadline of November 15, 2024.

We thank the Court for its consideration of this request.

Respectfully submitted,

EDWARD Y. KIM
Acting United States Attorney
Southern District of New York

By: /s/ *Rachael L. Doud*
RACHAEL DOUD
JENNIFER JUDE
DOMINIKA TARCZYNSKA
Assistant United States Attorneys

MARGARET A. MOESER
Acting Chief
Money Laundering and Asset Recovery
Section, Criminal Division
U.S. Department of Justice

By: /s/ *Joshua L. Sohn*
JOSHUA L. SOHN
Trial Attorney
Money Laundering and Asset Recovery
Section

JENNIFER KENNEDY GELLIE
Executive Deputy Chief
Counterintelligence and Export Control
Section, National Security Division
U.S. Department of Justice

By: /s/ *Yifei Zheng*
YIFEI ZHENG
Trial Attorney
Counterintelligence and Export Control
Section

cc: Claimants' counsel (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

      Plaintiff,

      - v. -

THE M/Y *AMADEA*, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531, INCLUDING ALL FIXTURES, FITTINGS, MANUALS, STOCKS, STORES, INVENTORIES, AND EACH LIFEBOAT, TENDER, AND OTHER APPURTENANCE THERETO,

      Defendant-*In-Rem*.

1:23-cv-9304 (DEH)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**THE UNITED STATES' THIRD SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PUTATIVE CLAIMANTS MILLEMARIN INVESTMENTS LTD. AND EDUARD KHUDAINATOV**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.3 and 33.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), plaintiff the United States of America (the "Government") hereby requests that putative claimants Millemarin Investments Ltd. ("Millemarin") and Eduard Khudainatov ("Khudainatov") (together, "Claimants"): (a) answer the following interrogatories and requests for documents separately and fully, in writing, under oath; and (b) produce the requested documents at the United States Attorney's Office, Civil Division, 86 Chambers Street, 3rd Floor, New York, New York 10007, Attention: Rachael Doud, within thirty days after the date of service of this notice. Your answers should include all information known as of the date you serve your responses.

**INSTRUCTIONS**

1.      Each interrogatory and each subpart of each interrogatory shall be accorded a separate answer. Each answer shall first set forth verbatim the interrogatory to which it is responsive. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to an interrogatory or a subpart should not be supplied by referring to the answer to another interrogatory or subpart unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

2.      Each document request requires a written response. Each response should first set forth verbatim the request to which it is responsive. Each response to a document request should identify the documents that are responsive to the request.

3.      In responding to these document requests, Claimants shall produce all responsive documents and tangible things which are in Claimants' possession, custody, or control or in the possession, custody, or control of Claimants' attorneys, agents, accountants, advisors, or other representatives. A document shall be deemed to be within Claimants' control if Claimant has the right to secure the document or a copy of the document from another person having possession or custody of the document, or if the document is deemed to be within Claimants' control under applicable law.

4.      To the extent that Claimants have already produced certain documents responsive to a particular document request with identifying Bates numbers during the parties' pre-complaint negotiations, you do not need to reproduce the documents in response to these document requests.  Instead, you may (i) state that Claimants previously produced documents responsive to the request and (ii) identify the Bates numbers of the previously produced

documents. To the extent that Claimants previously produced some, but not all, of the documents responsive to a particular document request, or produced such documents in redacted form, you must identify the Bates numbers of the previously produced documents and produce the remainder of the responsive documents.

5. Pursuant to the Federal Rules of Civil Procedure, Claimants shall produce documents as they are kept in the usual course of business, or Claimants shall organize and label responsive documents to correspond with the categories in these requests.

6. Each responsive document shall be produced in its entirety, without deletion or exclusion, along with any attachments, drafts and non-identical copies, including copies that differ by virtue of handwritten or other notes or markings. If a document responsive to a particular document request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. All documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact, together with such file folders, loose-leaf binders, or notebooks. All labels identifying such documents, files, folders, or binders shall be copied. All documents that are physically or electronically attached to each other shall be left so attached and produced fully without redaction.

7. In objecting to any discovery request herein, Claimants shall identify the specific grounds for the objection, and shall state which documents or information will be withheld and which documents or information will be produced notwithstanding such objections. If Claimants object to part of any request herein, Claimants shall specify in the objection the part of the request objected to, and shall produce all documents or information responsive to the remainder of the request. If Claimants object to any discovery request on the ground that it seeks

information protected by the attorney-client privilege, work product doctrine, or any other asserted privilege, Claimants must provide all information required by Local Civil Rule 26.2.

8. If in response to a particular discovery request, Claimants state that they are unable to comply with the request for any reason, Claimants must provide a statement (i) affirming that a diligent search and a reasonable inquiry has been made in an effort to comply with the request; (ii) specifying whether the inability to comply is because the requested document or information never existed, has been destroyed, has been lost, misplaced, or stolen, or has been, or is no longer in Claimants' possession, custody, or control; and, with respect to documents, (iii) furnishing a list specifying each such document and setting forth (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the name(s) and address(es) of each person known or believed to have had possession, custody, or control of that document; and (e) the manner in which that documents was disposed of, including the date of disposal, the reason for disposal, the person authorizing the disposal, and the person(s) who disposed of the document.

9. If there are no documents or information responsive to any particular request, Claimants shall so state in writing.

10. Whenever necessary to bring within the scope of any discovery request that which might otherwise be construed to be outside its scope, the use of any verb in any tense shall be construed as the use of that verb in all other tenses.

11. All documents requested herein must be produced in accordance with the Document and ESI Production Specifications served with these document requests. All electronically stored information must be produced in its native electronic format in the manner in which it is ordinarily maintained.

12. Pursuant to Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature. You are thus required to supplement your responses and/or to produce for inspection and copying any documents or things not previously produced which you may from time to time obtain, locate, identify, or acquire the ability to produce. Further, if, at any time after submitting your initial written responses to the interrogatories, you obtain information, knowledge, or documents causing you to believe that the response to any interrogatory was not true, correct, or complete when given, you are required to provide, by way of supplementary responses, the true, correct, and complete answers to the interrogatory. This obligation continues after the close of discovery.

13. Your responses to interrogatories must be based upon all of the knowledge within your possession, custody, or control, including but not limited to knowledge and documents in the possession, custody, or control of your investigators, employees, accountants, consultants, attorneys, or other agents. Where facts set forth in answers or portions thereof are supplied upon information and belief, rather than upon actual knowledge, the answer should so state, and specifically describe or identify the source or sources of such information and belief. If you cannot answer in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

14. Where identification of a document is required, the following shall be separately stated as to each document: its date; its exact title; the general subject matter of the document; the name of its author; and the location where the original and each copy of such document is normally or presently kept.

5

15. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. *See* Fed. R. Civ. P. 33(b)(3).

16. If, in responding to any of these requests, You encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

17. All documents produced in response to these requests should be Bates stamped or otherwise marked in sequential order.

## DEFINITIONS

1. The definitions and rules of construction set forth in Local Civil Rule 26.3 of the Local Rules are incorporated by reference herein.

2. The terms "Claimants," "You," and "Your" mean Khudainatov and/or Millemarin and any officer, employee, agent, representative, or person acting or purporting to act on behalf Khudainatov or Millemarin.

3. "All documents" means, without limitation, any tangible information or electronically stored information including, but not limited to, writings, e-mails with attachments, data, metadata, spreadsheets, instant messages, text messages, drafts, drawings, graphs, charts, photographs, sound or video recordings, images, handwritten matter, reports, correspondence, memoranda, records, interviews, diaries, accounts, contracts, notes, ledgers or other records of original entry, bank statements, checks, archived information and backups of information, including, but not limited to, those from disaster recovery systems and data or data compilations stored in any medium from which information can be obtained and translated, if necessary, by the producing party into reasonably useable form. "All documents" shall include originals (or copies if originals are not available) and non-identical copies (e.g., containing

6

handwritten or typed notes, highlighting or underlining or otherwise) and any translations of any document. All communications transmitted through electronic means are included in "all documents."

4. The term "*Amadea*" means the M/Y *Amadea*, including all fixtures, fitting, manuals, stocks, stores, inventories, and each lifeboat, tender, and other appurtenance thereto, the defendant-*in-rem* in the Action.

5. The term "employee" means any person providing any work or services, whether paid directly, paid indirectly, or unpaid, including but not limited to full-time employees, part-time employees, independent contractors, trainees, day laborers, apprentices, and interns.

6. The terms "and" and "or" have the meaning set forth in Local Civil Rule 26.3(d)(2).

7. The terms "all," "any," and "each" have the meaning set forth in Local Civil Rule 26.3(d)(1).

8. The term "communication" has the meaning set forth in Local Civil Rule 26.3(c)(1).

9. The terms "concerning" and "reflecting" have the meaning set forth in Local Civil Rule 26.3(c)(7).

10. The term "document" has the meaning set forth in Local Civil Rule 26.3(c)(2). The term "document" shall be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). Each draft or non-identical copy is a separate document within the meaning of this term. *See* Local Civil Rule 26.3(c)(2).

11. The terms "including," "includes," and "include" mean those terms, in each case, without limitation.

12. The term "person" has the meaning set forth in Local Civil Rule 26.3(c)(6).

## INTERROGATORIES

1.      Provide the passwords for the following documents found aboard the *Amadea* during Government expert Sean Meagher's inspection of the vessel on July 31-August 1, 2024, and produced to Claimants on September 18, 2024:

   a. AM.SAP S.001 Gangway.docx, USDOJ-0000113511

   b. AM.SAP S.002 Drone Encounter & Avoidance.docx, USDOJ-0000113512

   c. AM.SAP S.003 Crew Brief – Template.pptx, USDOJ-0000113513

   d. AM.SAP S.004 Recce Report.docx, USDOJ-0000113514

   e. AM.SAP S.005 Weekly Security Confidentiality Report.docx, USDOJ-0000113515

   f. AM.SAP S.006 Security Equipment Checklist.docx, USDOJ-0000113516

   g. AM.SAP S.007 Use of Social Media and Publications for Crew.docx, USDOJ-0000113517

   h. AM.SAP S.008 – Handover to External Night Watchman.docx, USDOJ-0000113518

   i. AM.SAP S.009 – Security Role- Non Guest Operatons.docx, USDOJ-0000113519

   j. AM.SAP S.011 Chock Plans.docx, USDOJ-0000113528

   k. AM.SAO S.012 Camera Procedure – Guest on Mode.docx, USDOJ-0000113529

   l. AM.SAP S.013 Camera Cover Locations.docx, USDOJ-0000113530

   m. AM.SAP S.014 Night Watch Security – Guest on Off.docx, USDOJ-0000113531

      n.   AM.SAP S.015 Swimming Ops.docx, USDOJ-0000113532

      o.   AM.SAP S.016 – Con – Ops – Template – Security.pptx, USDOJ-0000113533

      p.   AM.SAP S.017 Security Lockdown Procedures.docx, USDOJ-0000113534

2.      To the extent You are unable to provide passwords for any of the files identified above, please identify all individuals who would have access to passwords for files stored onboard the *Amadea*.

3.      Identify all Ship Security Plans ("SSPs") and Ship Security Assessments ("SSAs") for the *Amadea*, including (i) when the SSP or SSA was generated; (ii) who generated it; (iii) whether it is in Your possession, custody, or control; and (iv) if it is not or is no longer in Your possession, custody, or control, who has possession, custody, or control of it and when it left Your possession, custody, or control.

4.      Identify all Passenger Ship Safety Certificates ("PSSCs") and Passenger Yacht Safety Certificates ("PYSCs") for the *Amadea*, including (i) when the PSSC or PSYC was in effect; (ii) whether it is in Your possession, custody, or control; and (iii) if it is not or is no longer in Your possession, custody, or control, who has possession, custody, or control of it and when it left Your possession, custody, or control.

5.      Identify all Declarations of Private Use for the *Amadea*, including (i) the date of the Declaration of Private Use; (ii) when the Declaration of Private Use was in effect; (iii) whether it is in Your possession, custody, or control; and (iv) if it is not or is no longer in Your possession, custody, or control, who has possession, custody, or control of it and when it left Your possession, custody, or control.

## **DOCUMENT REQUESTS**

1. All Ship Security Plans and Ship Security Assessments for the *Amadea*.

2. All Passenger Ship Safety Certificates and Passenger Yacht Safety Certificates for the *Amadea*.

3. All Certificates of Private Use for the *Amadea*.

Dated: October 16, 2024

                                      DAMIAN WILLIAMS
                                      United States Attorney
                                      Southern District of New York

                                      By: */s/ Rachael Doud*
                                      JENNIFER JUDE
                                      DOMINIKA TARCZYNSKA
                                      RACHAEL DOUD
                                      Assistant United States Attorneys


                                      MARGARET A. MOESER
                                      Acting Chief
                                      Money Laundering and Asset Recovery
                                      Section, Criminal Division
                                      U.S. Department of Justice

                                      By: */s/ Joshua L. Sohn*
                                      JOSHUA L. SOHN
                                      Trial Attorney
                                      Money Laundering and Asset Recovery
                                      Section


                                      JENNIFER KENNEDY GELLIE
                                      Acting Chief
                                      Counterintelligence and Export Control
                                      Section, National Security Division
                                      U.S. Department of Justice

                                      By: */s/ Yifei Zheng*
                                      YIFEI ZHENG
                                      Trial Attorney
                                      Counterintelligence and Export Control
                                      Section

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 16, 2024, a true and complete copy of the foregoing United States' Third Set of Interrogatories and Requests for the Production of Documents was transmitted by Electronic Mail on written consent to:

Adam Ford,
    aford@fordobrien.com

Renee Jarusinsky,
    rjarusinsky@fordobrien.com

FORD O'BRIEN LANDY LLP
*Counsel for Millemarin Investments Ltd. and Eduard Khudainatov*

                                              <u>/s/ *Rachael L. Doud*</u>
                                              Rachael L. Doud
                                              Assistant United States Attorney
                                              U.S. Attorney's Office
                                              Southern District of New York
                                              86 Chambers Street, 3rd Floor
                                              New York, NY 10007
                                              (212) 637-2699