UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>      v.<br><br>The M/Y Amadea, a Motor Yacht Bearing International Maritime Organization No. 1012531,<br><br>        Defendant. | 23 Civ. 9304 (DEH)<br><br>**MEMORANDUM ORDER** |

DALE E. HO, United States District Judge:

  Before the Court is the Government's letter motion to compel the deposition of Claimant Eduard Khudainatov ("Claimant" or Khundainatov," and together with Millemarin Investments, Ltd., "Claimants"). *See* Letter Motion ECF Nos. 363 (under seal), 364 (publicly filed redacted version). The factual background of this case is set forth in the Court's Order dated June 11, 2024, denying the Government's Motion for Interlocutory Sale, *see* ECF No. 121, familiarity with which is presumed. For the reasons stated below, the motion is **GRANTED**.

## BACKGROUND

  The Government noticed Khudainatov's deposition in July 2024. *See* ECF No. 149. After months of motions practice and failed negotiations between the parties, on November 15, 2024, this Court ordered that Khudainatov's deposition take place in either (1) New York or (2) at a location outside of the United States where the Government (a) "can conduct a deposition without [a Mutual Legal Assistance ('MLA')] request" or (b) can otherwise obtain permission to

1

take the deposition. Order, ECF No. 312 (the "November 15 Order") at 13.[1] The Court then extended discovery for approximately five weeks, or through December 20, 2024, to facilitate the logistics of taking the deposition. *See id.* In the November 15 Order, the Court noted that "[t]he party noticing the deposition is generally entitled to choose the location of it," and that "there is authority for ordering a foreign claimant to appear in the district where a forfeiture action takes place," but declined at that time to rule that the deposition "*must* take place in New York." *Id.*

Subsequent to the November 15 Order, the parties agreed to conduct Khudainatov's deposition in a foreign country where the United States had received permission from that country's government to take it. *See, e.g.*, Letter, ECF No. 332 (under seal). Notably, the Government had previously offered to conduct the deposition in that country several months earlier, as early as in August. *See* Letter, ECF No. 192 (under seal); Letter Motion for Protective Order, ECF No. 240 (under seal). Claimants initially rejected this location but subsequently agreed to schedule Khudainatov's deposition to take place there on December 13, 2024.

Then, at around 3:00 A.M. on December 10, 2024, the morning that the Government's legal team was scheduled to travel to the location in question, "counsel for Mr. Khudainatov informed [the Government] that his client's deposition would need to be rescheduled as a result of a 'medical emergency' that ma[de] his client unable to travel." Letter, ECF No. 354. Claimants then sought to reschedule the depositions of two third-party witnesses ("Witnesses 2 and 3") in the same location. *See id.* At the time, those two depositions were subject to a then-pending motion for a protective order seeking to preclude them because, *inter alia*, the witnesses

---

[1] A short summary of the relevant background facts concerning the parties' efforts to schedule that deposition, including the Government's "Herculean efforts" over several months to identity a mutually agreeable location for the parties, is set forth in that Order. Order, ECF No. 312.

were disclosed late in the discovery period,[2] and the Government had not received permission from the anticipated host country to conduct those particular depositions. *See* Mot. for Protective Order, ECF Nos. 340 (under seal) and 341 (publicly filed redacted version). The Court held a conference later that day, *see* Min. Entry 12/10/2024, during which no additional details regarding Claimant's medical condition were provided. The following day, on December 11, counsel for Claimant filed a letter stating that, on "December 19 after not feeling well, Mr. Khudainatov went to a hospital near his home, where he was examined and tested positive for Covid." Letter, ECF No. 360.

The next day, December 12, 2024, the Court issued an Order granting the Government's motion for a protective order with respect to the depositions of Witnesses 2 and 3, based on the Court's determination that it would be infeasible for the Government to obtain the requisite permission from the host country to conduct those depositions and to make arrangements for them within the remaining discovery period, which was set to close eight days later on December 20. *See* Order, ECF No. 361, at 2-3.

The following day, December 13, 2024, the Government filed this motion to compel Khudainatov's deposition in New York. *See* ECF Nos. 363 and 364. In its motion, the Government stated that Claimants had "emailed the Government purported medical records allegedly reflecting the Covid-19 diagnosis," and noted that the Government "ha[d] investigated those records and ha[d] concerns about their veracity, which [we]re reflected in the attached declaration of [FBI] Special Agent Todd McGee." ECF No. 364 at 1-2; *see also* McGee Aff., ECF No. 363-1 (under seal). Claimants subsequently submitted a status letter with additional

---

[2] The witnesses were disclosed on November 11, 2024; at the point, the discovery period was set to close four days later, on November 15. *See* Mot. for Protective Order, ECF Nos. 340 (under seal) and 341 (publicly filed redacted version), at 3.

3

exhibits on December 17, which did not address the assertions in the McGee Affidavit. *See* ECF No. 369 (under seal). The Court held another conference on this issue on December 20, *see* Min. Entry 12/20/2024, during which the Government modified its motion, seeking to take Khudainatov's deposition during the week of January 13, 2025. Claimants thereafter submitted another status letter with additional exhibits on January 3, 2025, which again did not address the assertions in the McGee Affidavit, *see* ECF No. 389 (under seal).

On January 6, 2025, the Government filed a request to submit materials relevant to Claimant's status letters under seal with an "Attorneys' Eyes Only" designation. *See* Letter Motion, ECF No. 397. That day, the Court ordered that those materials be submitted to the Court for *in camera* review. *See* Order ECF No. 401. The Government submitted those materials *ex parte* the following day on January 7, and after reviewing those materials *in camera*, the Court permitted the Government to file them under seal subject to an "Attorneys' Eyes Only" designation and directed it to do so. *See* Order, ECF No. 403. On January 8, 2025, the Government sent the materials to Claimants via email, which the Court found sufficient to comply with its January 7, 2025 Order.

## LEGAL STANDARDS

As a general rule, "[t]he party noticing the deposition usually has the right to choose the location." *Winfield v. City of New York*, No. 15 Civ. 5236, 2018 WL 840085, at *11 (S.D.N.Y. Feb. 12, 2018) (quoting 7 Moore's Federal Practice § 30.20 [1] [b] [ii]); *see also* Fed. R. Civ. P. 30(b)(1) (stating that notice "must state the time and place of the deposition"). The presumption in favor of the noticing party is a "decisional rule 'that facilitates determination when other relevant factors do not favor one side over the other.'" *Viera v. United States*, No. 18 Civ. 9270, 2019 WL 6683556, at *2 (S.D.N.Y. Dec. 6, 2019) (quoting *Mill-Run Tours, Inc. v. Khashoggi*,

124 F.R.D. 547, 550 (S.D.N.Y. 1989)). The presumption in favor of the noticing party may be rebutted with a showing that the circumstances weigh against the designated location. *Robert Smalls Inc. v. Hamilton*, No. 09 Civ. 7171, 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010) (citation omitted). In assessing the relevant circumstances, "[c]ourts apply Federal Rule of Procedure 26(c)'s 'good cause' standard in their analysis, considering cost, convenience, and litigation efficiency." *Viera*, 2019 WL 6683556, at *2 (citations omitted). The same Rule 26(c) good cause standard applies where, as here, the deposition of a foreign claimant is sought in a forfeiture action. *See United States v. Kokko*, No. 06 Civ. 20065, 2007 WL 2209260, at *6–7 (S.D. Fla. July 30, 2007) ("Absent a showing of good cause under Rule 26(c), a foreign claimant in a federal forfeiture proceeding . . . can be required to be deposed in the district where the action is pending."). Ultimately, "courts retain substantial discretion to determine the site of a deposition." *Alpha Capital Anstal v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 178 (S.D.N.Y. 2017) (citations omitted); *see also Packard v. City of New York*, 326 F.R.D. 66, 67–68 (S.D.N.Y. 2018) (same); *Sec. & Exch. Comm'n v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) (same).

## DISCUSSION

There are two issues now before the Court: the timing and the location of Khudainatov's deposition.

As to timing, the Court has carefully reviewed the parties' submissions since Khudainatov's purported "medical emergency" on December 10, 2024. Weighing the evidence before it, the Court ultimately credits the Government's submissions, including the McGee Declaration, ECF No. 363-1 (under seal), undermining the veracity of the records that Claimant submitted concerning his initial Covid-19 diagnosis. While Claimants have made various submissions including exhibits since then, *see, e.g.*, ECF Nos. 369 (under seal) and 389 (under

5

seal), it is telling that they do not address the assertions in the McGee Affidavit.  Moreover, the Government's additional submissions cast further doubt on the notion that Khudainatov's deposition cannot take place before the evidentiary hearing set to begin on January 21, 2025.  Accordingly, the Court finds that Claimants have not submitted credible evidence establishing good cause to postpone Khudainatov's deposition to sometime beyond the week of January 13.

As to the location of the deposition, Khudainatov has not met his burden to rebut the presumption that the United States, as the noticing party, may choose the location of the deposition.  To the extent that Khudainatov continues to request that his deposition be conducted remotely, the Court has already considered and rejected that option for reasons set forth in its November 15 Order, *see* ECF No. 312, and Claimants offer no basis for reconsidering that decision.

In considering whether the deposition should take place in New York or abroad, the Court determines that the relevant factors of cost, convenience, and litigation efficiency are either neutral or favor the deposition taking place in New York.  The cost factor clearly favors New York, as counsel are located in the United States, with at least a plurality, if not a majority, of counsel for both sides based in New York.  It is true that Khudainatov himself would have to travel to New York, but that expense is largely irrelevant under the circumstances, as every location contemplated by the parties for his deposition—even if conducted via remote means—would involve international travel (and quite extensive travel for several of the locations proposed by Claimants).

"The convenience factor involves consideration of the convenience of counsel, where the witnesses are located, and the extent to which travel would disrupt the witnesses' affairs." *Viera*, 2019 WL 6683556, at *2 (citations omitted).  The first of those considerations clearly favors

New York, for the reasons stated above. As to the second and third considerations, the Court has seriously considered Claimant's objections to travel to certain countries, including the United States, and has found them surmountable (e.g., with a safe passage letter) and/or "too conclusory" to support a finding of good cause. *See* Nov. 15 Order at 11-12.

Finally, given the procedural history, litigation efficiency strongly favors taking the deposition in New York. This issue has been the subject of motions practice and negotiations for several months—from August to November 2024. *See id.* at 5-7. The Court finally ordered that the deposition take place in person, but continued to give Claimants some voice in precisely where the deposition would occur—so long as it took place in a country where the Government would have permission from the host country to conduct it. *See id.* at 13. The parties eventually settled on a location that the Government had offered since August. Then, on the day that the Government's counsel was to board a flight to travel there, Claimants canceled the deposition for reasons that the Court now finds are not credible.

In sum, weighing the relevant factors, the Court concludes that Claimants have not established good cause for denying the motion to compel Khudainatov's deposition in the United States during the week of January 13, 2025.[3]

## CONCLUSION

For the reasons stated above, the Government's motion to compel is **GRANTED**, subject to a safe passage letter to be provided by the Government. The Clerk of Court is respectfully directed to terminate ECF Nos. 363 and 364.

SO ORDERED.

Dated: January 8, 2025
New York, New York

                                                                                    _____
                                                                                    DALE E. HO
                                                                                    United States District Judge

---

[3] For the avoidance of doubt, the Court notes that, even if the burden were reversed, that would not change the outcome of its decision here. Given the extensive efforts the Government has undertaken to take the Claimant's deposition at a mutually agreeable location and the circumstances surrounding the cancellation of his previously scheduled deposition abroad, the Court finds that good cause exists for ordering the deposition to take place in New York.