UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>The M/Y Amadea, a Motor Yacht Beating International Maritime Organization No. 1012531,<br><br>                            Defendant. | 23-CV-9304 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

Currently before the Court are several requests to seal letters, motions, and other papers filed by the Government and by Eduard Khudainatov ("Khudainatov") and Millemarin Investments, Ltd. ("Millemarin," and collectively, "Claimants") and in the above-captioned matter.

"[I]t is well established that the public and the press have a qualified First Amendment right . . . to access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).[1] A filing is a "judicial document" on which a presumptive right of public access attaches if it is "relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). That said, such "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* Moreover, "the presumption of access has only modest weight where the document is submitted in connection with discovery motions, motions to compel testimony, and motions to exclude certain deposition

---

[1] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

testimony." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Misc. 2542, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, 2023 WL 3966703 (S.D.N.Y. June 13, 2023).

For the reasons explained below, the Court **GRANTS** the requests at ECF Nos. 319, 325, 331, 339, 362, and 408; **GRANTS IN PART and DENIES IN PART** the requests at ECF Nos. 368 and 388; and **DENIES** without prejudice the request at ECF No. 347.

Several of the sealing requests concern submissions regarding a dispute over the location of various depositions. These submissions contain information implicating U.S. foreign relations. Specifically:

- **ECF No. 319** seeks permanent sealing of ECF No. 320, a letter from Claimants containing references to countries then under consideration as locations for various witness depositions.

- **ECF No. 325** seeks permanent sealing of ECF No. 326, a letter from the Government regarding the same depositions at issue in ECF No. 320.

- **ECF No. 331** seeks permanent sealing of ECF No. 332, a letter from Claimants regarding the same depositions at issue in ECF No. 320.

- **ECF No. 339** seeks permanent sealing of ECF No. 340, a letter from the Government regarding the same depositions at issue in ECF No. 320.

- **ECF No. 362** seeks permanent sealing of ECF No. 363, a motion filed by the Government regarding Mr. Khudainatov's deposition.

The letters subject to these requests have all been filed in redacted form. *See* ECF Nos. 321, 327, 333, 341 and 364. These letters are judicial documents insofar as they were relevant to motions practice regarding discovery. However, the Court agrees with Claimants that "disclosing the identities of the countries [then] under consideration may . . . disclose sensitive information regarding the United States' relations with foreign governments." ECF No. 319 at 1. Therefore, the Court finds that the presumption of public access is superseded by the need to preserve U.S. foreign relations and **GRANTS** permanent sealing of ECF Nos. 320, 326, 332, 340, and 363. *Cf.*

*United States v. Aref*, 533 F.3d 72, 82 (2d Cir. 2008) (approving district court's finding that sealing was appropriate because "disclosure of the information sought would impair identified national interests in substantial ways"); *United States v. Vinas*, No. 08 CR 823, 2017 WL 2462503, at *2 (E.D.N.Y. June 6, 2017) ("Courts have listed a number of qualifying 'higher values' which may justify sealing, including the Government's interest in protecting national security and related information.").

Other sealing requests concern documents containing medical information. Specifically:

- **ECF No. 368** seeks permanent sealing of ECF No. 369, a letter filed by Claimants regarding Mr. Khudainatov's health status.

- **ECF No. 388** seeks permanent sealing of ECF No. 389, a letter filed by Claimants regarding Mr. Khudainatov's health status.

The documents subject to these sealing requests are relevant to a discovery dispute and are therefore judicial documents. The Court credits Claimants' argument that the presumption of public access is superseded by the need to protect medical and residential information from being made public. *See, e.g.*, *McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14 CV 9516, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order."); *Abbey v. 3F Therapeutics, Inc.*, No. 06 CV 409, 2010 WL 11677681, at * 1 (S.D.N.Y. Aug. 3, 2010) (granting motion to seal document containing, *inter alia*, a party's address because "[s]uch information has no bearing on adjudication in this case and implicates important privacy concerns"). These documents, however, contain more than medical information. But they have not been filed in redacted form, and there is no basis for maintaining them entirely under seal. The request to seal ECF Nos. 368 and 388 is therefore **GRANTED IN PART** and **DENIED IN PART**. ECF Nos. 369 and 389 shall remain under seal in unredacted form, but Claimants shall file redacted versions of those documents on the public docket. Any such redactions must be narrowly tailored to protect personal medical and

residential information. *See Lugosch*, 435 F.3d at 124 ("[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.").

One sealing request seeks to protect the privacy of third parties:

- **ECF No. 347** seeks permanent sealing of ECF No. 348, a letter from Claimants regarding various potential witnesses whose depositions were the subject of motions practice between the Government and Claimants.

ECF No. 348 is a judicial document insofar as it was submitted in connection with the Government's motion regarding these allegedly unauthorized depositions, ECF No. 340. Claimants argue that "[d]isclosing the identities of the witnesses under consideration may undermine efforts to obtain approval and scheduling of the depositions." ECF No. 347. But these depositions have not taken place, and discovery in this matter has closed. It is therefore unclear to the Court why the names of these witnesses should remain under seal and redacted from the publicly filed version of this document (or, for that matter, from other documents that have been previously filed). ECF No. 347 is therefore DENIED without prejudice. Claimants may file a renewed motion by January 24, 2025, setting forth with more specificity why the presumption of public access is overcome with respect to the identity of these proposed witnesses.

Finally, one sealing request by the Government is for temporary sealing:

- **ECF No. 408** seeks temporary sealing of ECF No. 409, a notice of deposition, pending a potential request for permanent sealing by Claimants.

This request is GRANTED pending a motion for permanent sealing by Claimants, which must be filed no later than January 24, 2025.

\*   \*   \*

For the foregoing reasons, ECF Nos. 320, 326, 332, 340, 363, 369, and 389 shall remain sealed with access limited to court personnel and the applicable parties. Claimants shall file redacted versions of ECF Nos. 369 and 389 **no later than January 17, 2025**. Finally, ECF Nos. 348 and 409 shall remain temporarily under seal until at least **January 24, 2025**; if any motion(s) for permanent sealing of either or both documents is filed before then, the document(s) subject to such motion(s) shall remain under seal pending resolution of the request for permanent sealing.

The Clerk of Court is respectfully directed to terminate ECF Nos. 319, 325, 331, 339, 362, 368, 388, and 408.

SO ORDERED.

Dated: January 10, 2025
New York, New York

                                        DALE E. HO
                          United States District Judge