

U.S. Department of Justice

*950 Pennsylvania Avenue NW*
*Washington, D.C. 20530*

January 14, 2025

By ECF
The Honorable Dale E. Ho
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. M/Y Amadea*, No. 23-cv-9304 (DEH)

Dear Judge Ho:

In accordance with Local Civil Rule 37.2 and Paragraph 4(k) of this Court's Individual Rules and Practices in Civil Cases, the Government submits this pre-motion conference letter in connection with a motion for sanctions under Fed. R. Civ. P. 37(b)(2) and 37(d) against Claimants for Khudainatov's failure to attend his duly noticed, court-ordered deposition. Relief against both Khudainatov and Millemarin is appropriate, for reasons set forth below. Though the Government believes relief is appropriate on the basis of the current letter motion, the Government is also prepared to submit a memorandum of law in support of this request or to discuss the appropriate form of briefing at a pre-motion conference with the Court.[1]

**Background**: The Government first noticed Khudainatov's deposition on June 6, 2024, to take place in New York on July 15, 2024. Khudainatov did not appear. A party's failure to attend a duly noticed deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order," Fed. R. Civ. P. 37(d)(2). Khudainatov did not have such a pending motion, but instead filed one a week after the deposition date. *See* ECF No. 149 (filed July 22, 2024). In the motion, Khudainatov asserted that the deposition should not take place in New York based on alleged hardship of long-distance travel and fear of arrest by the U.S. government. *Id.*

After the Government offered Khudainatov a safe-passage letter, Khudainatov expressed a new concern of reprisal from the Russian government were he to travel to the United States. Nonetheless, as the Court is aware, although the party taking a deposition typically has the right

---

[1] The Government does not request adjournment of the evidentiary hearing scheduled for January 21, 2025, at which it will put forward evidence showing that Claimants lack standing. The relief that the Government seeks at the evidentiary hearing and through the present motion are alternate, but independently sufficient, grounds for striking Claimants' claim and precluding Claimants' further participation as parties in this case.

to set its location, the Government undertook "Herculean efforts" to identify a location to which Khudainatov was willing to travel for the deposition. Khudainatov objected to each location the Government offered on the basis of security concerns that the Court found were "too general and too conclusory." ECF No. 312 at 12; *see id.* at 5-13 (recounting this procedural history). When the Court ordered that the deposition take place in one of the locations that the Government had offered, Khudainatov insisted that it occur at the most remote location on offer (despite having previously objected to that very location for reasons he never explained) and demanded that it occur on the date he selected (*i.e.*, December 13, 2024).

On December 10, 2024, Claimants' counsel informed the Government that Khudainatov had an unspecified "medical emergency" and would not attend the deposition. ECF No. 354. Claimants later provided alleged medical records concerning that emergency. When the Government raised concerns about those medical records in a motion to compel, *see* ECF No. 363-2, Claimants did not address the concerns, but instead submitted new records suggesting Khudainatov's medical emergency had worsened. *See* ECF No. 369. On January 3, 2025, Claimants submitted further records suggesting that the medical emergency had continued and that Khudainatov would be unable to attend a deposition the week of January 13, 2024. ECF No. 389. On January 8, 2025, the Government shared confidential information to the Court and parties. ECF No. 412.

Later on January 8, this Court ordered Khudainatov to sit for a deposition in the United States the week of January 13, 2025, subject to a safe passage letter to be provided by the Government. ECF No. 407. The Government provided a safe passage letter and noticed the deposition for January 17, 2025. ECF 409. The Government also made logistical arrangements and requested a copy of Khudainatov's passport on four separate occasions to ensure Khudainatov could enter the United States. *Id.* Khudainatov's counsel did not respond to the Government's first three requests; on January 12, 2025, upon receiving a fourth request from the Government, his counsel informed the Government that Khudainatov would not attend the court-ordered deposition.

**Argument:** "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). Such just orders include "(iii) striking pleadings in whole or in part" and "(vi) rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2). In addition, even where the deposition had not been ordered by the court, a court may order sanctions if "a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). The same sanctions are available under Rule 37(d) as are available under Rule 37(b)(2). *See* Fed. R. Civ. P. 37(d)(3).

"[A] district court has wide discretion in sanctioning a party" under Rule 37. *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). Indeed, "there are no specific requirements for the imposition of sanctions under Rule 37." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003). In some instances, however, case dispositive sanctions "are necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). Factors that courts consider before issuing case-dispositive sanctions include: "(1) the willfulness of the noncompliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." *In re Fosamax Prods. Liab. Litig.*, No. 1:08-

CV-04901-JFK, 2009 WL 105502, at *2 (S.D.N.Y. Jan. 12, 2009). These factors "need not each be resolved against the party [facing sanctions]" and a district court may "consider the full record in the case in order to select the appropriate sanction." *S. New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d. Cir. 2010) (quotation marks omitted).

Here, Khudainatov delayed his deposition for over six months based on an ever-shifting and ever flimsier set of justifications: first on the basis of the hardship of travel, next based on security concerns that the Court found "too general and too conclusory," ECF No. 312 at 12 (and also later were proved illusory, when Khudainatov insisted the deposition occur in one of the very countries he had previously objected to), and later based on a supposed medical emergency, which the Court found was "not credible." ECF No. 407 at 7. Then, when ordered to appear in New York, he simply refused. In the meantime, Khudainatov has consumed significant judicial and Government resources (including the time of several ambassadors and other high-ranking officials) and also prevented the Government from cross-examining "perhaps the key witness in this case." ECF No. 312 at 10. He has done this all the while forcing the Government to incur millions of dollars of expenses in maintaining a yacht that he objected to selling via interlocutory sale, despite his alleged attempts to sell the yacht for years before its seizure by the Government.

In these circumstances, an order striking Khudainatov's claim and precluding his further participation in the case is appropriate. *See S.E.C. v. Setteducate*, 419 F. App'x 23, 25 (2d Cir. 2011) (affirming default judgment where party failed to attend deposition); *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989) (same); *In re Sumitomo Copper Litig.*, 204 F.R.D. 58, 60 (S.D.N.Y. 2001) (same, noting that "advertent disregard for a Court order justifies the imposition of a default judgment"); *United States v. All Assets Held at Bank Julius Baer & Co.*, No. 04-CV-798, 2019 WL 6970727, at *6 (D.D.C. Sept. 5, 2019), *adopted*, 2019 WL 6910067 (D.D.C. Dec. 19, 2019) (striking foreign forfeiture claimants' claim for failure to attend deposition).

The same relief is warranted against Millemarin. First, "courts have not hesitated to impose sanctions on a party when a person who is the 'alter ego' of a party . . . fails to appear for deposition." *In re Bear Stearns Companies, Inc. Sec., Derivative, & Erisa Litig.*, 308 F.R.D. 113, 120 (S.D.N.Y. 2015). Millemarin is a shell company with no employees that, according to Claimants, is wholly owned and controlled by Khudainatov. *See* ECF No. 9. It has no role in this case except as Khudainatov's alter ego. *See Flaks v. Koegel*, 504 F.2d 702, 710 n.6 (2d Cir. 1974) (holding corporation and corporation's owner were "alter egos" for purposes of sanctions for failure to attend a deposition). Second, Federal Rule 37 permits sanctions against a corporate party when its "party's officer, director, or managing agent" fails to attend a deposition. Fed. R. Civ. P. 37(b)(2) & (d)(A)(i). Khudainatov claims to own and control Millemarin and is at the very least its "managing agent," as evidenced by the fact that he signed the Verified Claim in this case on Millemarin's behalf. *See* ECF No. 9 at (signed by Khudainatov "as owner of Millemarin Investments Ltd.").[2]

---

[2] In addition, under Rule 37(d), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to attend the deposition. Fed R. Civ. P. 37(d)(3). The Government seeks an order requiring Khudainatov, the attorney advising him, or both, to pay its reasonable expenses in connection with the cancelled December 13 and January 17 depositions, which the Government can submit.

Respectfully submitted,

EDWARD Y. KIM
Acting United States Attorney
Southern District of New York

By: */s/ Dominika Tarczynska*
DOMINIKA TARCZYNSKA
RACHAEL DOUD
Assistant United States Attorneys


MARGARET A. MOESER
Chief
Money Laundering and Asset Recovery
Section, Criminal Division
U.S. Department of Justice

By: */s/ D. Hunter Smith*
JOSHUA L. SOHN
D. HUNTER SMITH
LINDSAY P. GORMAN
Trial Attorneys
Money Laundering and Asset Recovery
Section

cc: Claimants' counsel (by ECF)