UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                      Plaintiff,<br><br>v.<br><br>The M/Y Amadea, a Motor Yacht Beating International Maritime Organization No. 1012531,<br>                      Defendant. | 23-CV-9304 (DEH)<br><br>MEMORANDUM ORDER |

DALE E. HO, United States District Judge:

    Currently before the Court are two motions *in limine* filed by Eduard Khudainatov ("Khudainatov") and Millemarin Investments, Ltd. (collectively, "Claimants") seeking to exclude the testimony of two of the Government's expert witnesses: Anders Aslund ("Aslund"), ECF No. 385, and Sean P. Meagher ("Meagher"), ECF No. 376. Claimants advance arguments attacking, *inter alia*, these experts' qualifications, the evidentiary basis for their expert opinions, and the propriety and usefulness of the experts' opinions. The Government opposes Claimants' motions, arguing that both experts are qualified and that their opinions will help the Court adjudicate the Government's Motion to Strike. ECF No. 390.

    Under the Federal Rules of Evidence, "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" so long as certain criteria are met. Fed. R. Evid. 702 ("Rule 702"). Those criteria include requirements that the expert has sufficient technical knowledge to help the factfinder understand evidence or determine a fact in issue, bases his testimony on sufficient facts or data, uses reliable principles and methods to form his opinions, and forms an opinion that "reflects a reliable application of the principles and methods to the facts of the case." *Id.* at 702(a)-(d). Trial

judges are "assigned . . . the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand" before admitting such evidence. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).[1]

Here, Claimants ask this court to perform its "gatekeeping role," *id.*, by excluding the Government's experts' testimony. However, upon careful review of Claimants' submissions, the Court finds that Claimants' arguments go to the weight, and not the admissibility, of the Government's experts' statements. Disagreements over the strength of an expert's credentials, faults in the expert's methodology, or the "lack of textual authority" for the expert's opinion, "go to the weight, not the admissibility, of his testimony." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995). "Similarly, assertions that an expert witness's testimony is based upon unfounded assumptions go to the weight, not the admissibility, of the testimony." *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, No. 04 Civ. 9651, 1022 WL 3586063, at *1 (S.D.N.Y. Aug. 8, 2011). Claimants make arguments of this nature in their motions *in limine*. And such arguments are not enough to overcome the fact that the Government's experts' testimony facially meets the criteria outlined in Rule 702. To the extent that Claimants wish to challenge the reliability of the Government's experts, they may do so via, *inter alia*, "vigorous cross-examination" and by "present[ing] contrary evidence." *Daubert*, 509 U.S. at 596.

One additional factor supporting the Court's decision on Claimants' motions *in limine* with respect to these expert witnesses bears mention. The proceeding for which Claimants seek to exclude these experts' testimony is an evidentiary hearing to resolve the Government's motion to strike for lack of standing. In this proceeding, the Court will be the factfinder; there is no jury. It

---

[1] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

is well established that, in such a proceeding, the trial court's gatekeeping role is relaxed, and expert evidence should generally be admitted subject to a later finding by the court that the evidence is not reliable under Rule 702. *See, e.g.*, *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18 Civ. 5075, 2022 WL 2757643, at *2 (S.D.N.Y July 14, 2022) ("When the gatekeeper and the trier of fact are the same, the court may admit evidence subject to the ability later to exclude it or disregard it, if the evidence turns out to not meet the standard of reliability under Rule 702."); *cf. Victoria's Secret Stores Brand Mgmt., Inc. v. Sexy Hair Concepts, LLC*, No. 07 Civ. 5804, 2009 WL 959775, at *6 n.3 (S.D.N.Y. Apr. 8, 2009) ("[W]here a bench trial is in prospect, resolving *Daubert* questions at a pretrial stage is generally less efficient than simply hearing the evidence."). At this point, however, the Court will reserve judgment on the substance of the arguments raised in Claimants' motions *in limine* with respect to the Government's experts.

For the reasons explained above, Claimants' motions *in limine* with respect to Mr. Aslund and Capt. Meagher are **DENIED WITHOUT PREJUDICE**. Claimants' may renew these motions during or at the conclusion of the upcoming evidentiary hearing. The Clerk of Court is respectfully directed to terminate ECF Nos. 372 and 376.

SO ORDERED.

Dated: January 15, 2025
   New York, New York

_____
DALE E. HO
United States District Judge