

January 15, 2025

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

This firm represents Claimants in the above-referenced matter. We write in response to the government's submission yesterday requesting dispositive, case-ending relief on a discovery issue through letter motion. [ECF No. 422]. The government's request should be rejected without prejudice, but out of hand. If the Court is to consider the government's request, which it ambiguously refers to both as a "pre-motion conference letter" as well as a "letter motion," the Court should first conduct a conference and set a full briefing schedule, a point the government acknowledges but does not concede.

The government's request should have no impact on the upcoming hearing on standing, as Mr. Khudainatov will not be a live witness. Moreover, in Claimants' Proposed Findings of Fact and Conclusions of Law, there is not a single statement of fact that is supported exclusively by Mr. Khudainatov's declaration. Indeed, as the Court will see in Claimants' evidence (as well as the government's), Mr. Khudainatov is not a particularly important fact witness, even though the entire financial burden of the case and any decision lands at his feet.

Moreover, by jumping immediately to a request to end the case by default, the government runs directly afoul of the United States Supreme Court's unanimous 2017 decision in *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017). In the decision, Justice Kagan reiterated the clear rule that a sanction "may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.* at 108 (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994)). The Supreme Court ruled that even conduct that rose to a "truly egregious level" would not permit a Court to impose a sanction beyond providing a remedy for any harm case by the conduct. *Id.* at 112–13.

The Supreme Court's guidance that sanctions should be tailored to remedy a harm and not be punitive must be considered if the Court addresses any appropriate remedy by considering: "(1) the willfulness of the noncompliant party, (2) the efficacy of lesser sanctions, (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had

been warned of the consequences of noncompliance." *Bateman v. Permanent Mission of Chad to the United Nations in New York*, No. 18-CV-00416 (PMH), 2021 WL 964272, at *2 (S.D.N.Y. Mar. 15, 2021) (cleaned up). Even ignoring the question of willfulness, which is the subject of dispute here, lesser sanctions could be effective, noncompliance has not even happened yet, and this Court, to date, has only stated in the several conferences at which the deposition has been discussed that a potential outcome of the deposition not proceeding would be Claimants being denied the ability to rely on Mr. Khudainatov's declaration. Under the applicable standards, Claimants clearly do not need Mr. Khudainatov's testimony at all to establish the "colorable interest" that confers standing, and next week's hearing will show this.

In addition, the government fails to advise the Court that as a general rule circuit precedent precludes district courts from deciding dispositive motions by letter motion. For example, in *International Code Council, Inc. v. UpCodes Inc.*, the Second Circuit reversed where "the [district] court *granted* . . . a dispositive motion; the pre-motion letters were limited to three pages; and . . . [the nonmovant's] arguments against dismissal did not clearly lack merit." 43 F.4th 46, 54 (2d Cir. 2022). The court of appeals continued: "by relying solely on three-page pre-motion letters, the district court denied the 'non-moving party the opportunity to present its best arguments in opposition.'" *Id.* (quoting *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988)). This Court should decline the government's invitation to follow the path to reversal outlined in *International Code Council*.[1]

The government also omits from its purported recitation of the recent communications between the parties that counsel for Claimants advised the government they would be moving for reconsideration of the Court's January 8, 2025 order instructing Mr. Khudainatov to appear for an in-person deposition in New York on a week's notice [ECF No. 407], which the Court entered the same day the government filed unverified, uncorroborated hearsay under seal on which the Court based its ruling and before Claimants had an opportunity to respond.[2]

Even if the government's requested relief were properly presented, it should be denied, which Claimants would demonstrate at length through the course of ordinary briefing. Stated

---

[1] Moreover, Local Rule 7.1(e) provides:

> Letter-motions. Applications for extensions or adjournments, applications for a premotion conference, *and similar non-dispositive matters* may be brought by letter-motion. Other motions cannot be brought by letter-motion unless authorized by the judge's individual practices or order issued in a particular case.

(emphasis added). Claimants respectfully submit that Your Honor's Individual do not authorize dispositive motions by letter motion.

[2] The government submitted those materials to the Court for *in camera review* on January 6, 2025, and filed the materials *ex parte* the next day on January 7, 2025. Again, the materials were not provided to Claimants until January 8, 2025, and Claimants were afforded no opportunity to respond before the Court's ruling.

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
January 15, 2025
Page 3

simply, there is a "well-settled preference in this Circuit for courts to resolve litigation disputes on their merits rather than through discovery sanctions." *E.g.*, *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 123 (S.D.N.Y. 2018). Striking a party's pleading "is a drastic remedy generally to be used only when the district judge has considered lesser alternatives . . . and it is only appropriate if failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sanctioned." *Id.* (citation omitted).

      Here, none of the relevant considerations that would counsel in favor of dismissal are present. There is no evidence that, were the Court to find a discovery sanction appropriate, lesser alternatives short of dismissal of both Claimants from the entire case would be insufficient.[3] More important, no sanction would be appropriate, as Claimants will make clear in their Motion for Reconsideration that will be filed with the Court in short order. There has been no willfulness, bad faith, or fault on the part of Mr. Khudainatov.

      We thank the Court for its attention to this matter.

Respectfully submitted,

 /s/ *Robert S. Landy*
Robert S. Landy
Adam C. Ford
Renée L. Jarusinsky
Anjula S. Prasad
Stephen R. Halpin III
Ford O'Brien Landy LLP

*Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.*

---

[3] The government also tosses around the terms "shell company" and "alter ego" to describe Claimant Millemarin with no support. The record evidence shows that Millemarin is a legally distinct entity with a director whom the government deposed in this case.