UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>   Plaintiff, <br><br> v. <br><br> THE M/Y AMADEA, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531, <br><br>   Defendant. | 23-CV-9304 (DEH) <br><br> MEMORANDUM ORDER |

DALE E. HO, United States District Judge:

Currently before the Court is a motion *in limine* filed by Eduard Khudainatov ("Khudainatov") and Millemarin Investments, Ltd. (collectively, "Claimants") regarding the testimony of Alisa Gadzhieva and Gulnara Kerimova. *See* ECF No. 373. Specifically, Claimants move for the Court: (1) to extend discovery for the limited purpose of conducting Ms. Gadzhieva's and Ms. Kerimova's depositions, (2) to allow Ms. Gadzhieva and Ms. Kerimova to testify remotely or by declaration at the upcoming evidentiary hearing, or (3) to preclude the Government from introducing its evidence concerning Ms. Gadzhieva and Ms. Kerimova at the upcoming evidentiary hearing. *See id.* at 15-17. For its part, the Government cross-moves to preclude the declarations of these witnesses as inadmissible hearsay. *See* ECF Nos. 375 (under seal), 378 (publicly filed redacted version), and 379 (Mem. in Support, publicly filed redacted version) at 25-26. For the reasons explained below, Claimants' motion, ECF No. 373, is **DENIED**, and the Government's motion, ECF Nos. 375 and 378, is **GRANTED** as to these two witnesses.

1. **Claimants' request to extend discovery for the purpose of conducting Ms. Gadzhieva's and Ms. Kerimova's depositions.**

Claimants have not shown good cause as to why discovery should be reopened—and extended for a fifth time—for the purpose of conducting Ms. Gadzhieva's and Ms. Kerimova's depositions. The parties' familiarity with the protracted dispute over these witnesses' depositions is presumed.[1] But a brief summary is helpful here. The fact discovery period in this case has been extended four times and has lasted more than eleven months—or more than twice as long as the parties' initial request of 150 days.[2] Claimants did not seek to rely on the testimony of Ms. Gadzhieva and Ms. Kerimova until discovery had already been extended three times: on October 31, 2024, Claimants first identified Ms. Gadzhieva and Ms. Kerimova as witnesses in this case by submitting their declarations in connection with a motion to supplement the record on the Government's Motion to Strike.[3] *See* ECF No. 361 at 1-2. This was approximately two weeks

---

[1] The Court's Memorandum Order dated December 12, 2024, includes a lengthier recitation of the facts concerning Ms. Gadzhieva's and Ms. Kerimova's depositions. *See* Order, ECF No. 361. In its December 12 Order, the Court refers to Ms. Gadzhieva and Ms. Kerimova as "Witnesses 2 and 3" because the parties' public filings to that point redacted these witnesses' identities. The parties have identified these witnesses in subsequent filings. *See, e.g.*, ECF Nos. 373 (Claimants' motion *in limine*) and 387 (Governments' opposition to Claimants' motion *in limine*). Throughout this Memorandum Order, the Court cites to documents where Ms. Gadzhieva and Ms. Kerimova are referred to as Witnesses 2 and 3.

[2] Initially, the parties jointly proposed a fact discovery period of 150 days (or approximately five months), to commence after the initial pretrial conference in this case. *See* Proposed Case Management Plan, ECF No. 12-1. That conference was held on January 17, 2024. *See* Min. Entry 01/17/2024. The Court subsequently set the fact discovery cutoff at June 24, 2024. *See* Order, ECF No. 17. On May 24, 2024, the Court extended the fact discovery deadline by approximately two months, to August 30, 2024. *See* Order, ECF No. 104. On July 26, 2024, the Court extended the fact discovery deadline a second time, for an additional one-a-half months, to October 18, 2024. *See* Order, ECF No. 159. Then, on September 19, 2024, the Court extended the fact discovery deadline a third time, for an additional month, to November 15, 2024. *See* Order, ECF No. 255. Finally, On November 15, 2024, the Court extended the fact discovery deadline a fourth time (this time, solely for the purpose of completing certain depositions), an additional five weeks, until December 20, 2024.

[3] The Government filed a letter stating its intention to file a Motion to Strike on April 8, 2024, *see* Letter, ECF No. 79, and the motion was filed on May 17, 2024, *see* ECF No. 97. The parties

before the November 15 fact discovery deadline in place at the time. Given the difficulties that the parties have had in coming to an agreement as to the location of depositions of certain Russian witnesses—namely, Claimants' unwillingness to offer such witnesses for depositions in locations where the Government is authorized to take them, *see* ECF No. 312—it is implausible that the depositions of these two witnesses could have been arranged before the scheduled close of fact discovery on November 15.

This Court subsequently extended fact discovery (the fourth such extension) to December 20, 2024, for the specific purpose of completing certain depositions that were the subject of ongoing disputes among the parties: those of the two Claimants and that of a particular third-party witness. *See* Order, ECF No. 312 at 13 (extending discovery "[i]n light of the additional time necessary to complete *these* depositions" (emphasis added)). In doing so, the Court admonished the parties that, for purposes of the upcoming evidentiary hearing on the Government's Motion to Strike, the Court is not inclined to consider the testimony of any witnesses who have not been made available for deposition. *See id.* at 14.

That Order did not extend discovery for any other purposes. Nevertheless, approximately three weeks later, on December 4, 2024, Claimants noticed Ms. Gadzhieva's and Ms. Kerimova's depositions. They did so with little time remaining before the final fact discovery cutoff of December 20—and noticed them to take place in a foreign country where the Government did not

engaged in extended motions practice with respect to this motion: the Government filed its opening brief on May 17; Claimants filed their opposition on June 12, ECF No. 23; the Government filed its reply on June 27, ECF No. 137; Claimants filed a sur reply on July 12, ECF No. 147; the Government filed a supplemental memorandum of law on August 28, ECF No. 197; and Claimants filed an opposition to the Government's supplemental memorandum of law on September 6, ECF No. 216.

have permission to participate in any depositions besides that of Mr. Khudainatov.[4] After motions practice, it became it became clear to the Court that it was not feasible for the Government to obtain said permission and then make arrangements to attend the depositions of these witnesses within the remaining discovery period.[5] Ultimately, on December 12, 2024, this Court issued an Order granting the Government's motion for a protective order with respect to the depositions of Ms. Gadzhieva and Ms. Kerimova. *See* Order, ECF No. 361 at 2-3.

Now, Claimants ask this Court to reopen discovery yet again, but even now they offer no realistic plan (i.e., a location where the Government has authorization to conduct a deposition and where Ms. Gadzhieva and Ms. Kerimova are willing and able to be deposed) to ensure that Ms. Gadzhieva and Ms. Kerimova would actually be deposed if this Court were to grant their request to extend discovery. The Court declines to do so. The thrice-extended general fact discovery cutoff date (November 15) has come and gone, as has the further-extended deadline (December 20) for particular depositions. For reasons that are largely attributable to Claimants, the

---

[4] The Government had permission from the foreign country solely to participate in Mr. Khudainatov's deposition. *See* ECF No. 341. When the Government filed its motion for a protective order with respect to Ms. Gadzhieva and Ms. Kerimova, the Court initially denied that request without prejudice because it found "that the Government ha[d] not . . . shown that it is unable to depose Witnesses 2 and 3 at the location proposed by the Claimants due either to a lack of permission from the host country's government to take these additional depositions or to that government not responding to the Government's request for such permission." *See* Order, ECF No. 351. But the Court ultimately granted the Government's motion for a protective order after the Government sought — but did not timely receive — permission to participate in the depositions of Ms. Gadzhieva and Ms. Kerimova prior to the discovery cutoff of December 20, 2024. *See* Order, ECF No. 361.

[5] Based on prior filings, the Court understood that the Government needed at least one week to coordinate travel to the foreign country given the time necessary to coordinate interpreters, court reporters, videographers, and other support staff. *See* Order, ECF No. 361 at 3 n.3. By December 12, it was clear to the Court that it was likely impossible for Ms. Gadzhieva and Ms. Kerimova to be deposed in the foreign country before discovery ended on December 20.

Government was never in a position to take the depositions of Ms. Gadzhieva and Ms. Kerimova in a timely manner. Discovery shall not be reopened and extended for a fifth time.

2. **Claimants' request to allow Ms. Gadzhieva and Ms. Kerimova to testify remotely or by declaration at the upcoming evidentiary hearing.**

The Court denies Claimants' request to allow Ms. Gadzhieva and Ms. Kerimova to testify remotely or by declaration at the upcoming evidentiary hearing. In reaching this decision, the Court considers whether these witnesses were timely disclosed and could thus be deposed before the upcoming evidentiary hearing.

As explained above, Ms. Gadzhieva and Ms. Kerimova were disclosed as witnesses late in the discovery period—after discovery had already been extended three times, and with approximately two weeks left for fact discovery. Given the logistical challenges of deposing these foreign witnesses, it was implausible that Ms. Gadzhieva and Ms. Kerimova would have been deposed before the then-operative fact discovery deadline of November 15. The Court then extended discovery for a fourth time—this time, for an additional five weeks—for the purpose of completing certain other depositions. *See* Order, ECF No. 312 at 14. As explained, *supra*, the Court's final Order extending the discovery period did so only for the purposes of taking the depositions of the witnesses discussed in that Order. In any event, when Claimants noticed the depositions of the two witnesses at issue here, they did so at a time and in a manner that made it impossible for the Government to participate in the depositions before the December 20, 2024 final discovery cutoff.

In view of the forgoing, the Court holds that the testimony of Ms. Gadzhieva and Ms. Kerimova should be precluded. "The district court has wide discretion in punishing failure to conform to the rules of discovery." *Brandon v. Royce*, 102 F.4th 47, 58 (2d Cir. 2024). In exercising its discretion to preclude a witness's testimony, a court must consider: "(1) the party's

5

explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997); *see also Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (same). "None of these factors are dispositive and each factor is to be balanced against the others in making the determination." *In re Bear Stearns Cos., Inc. Sec., Derivative, and ERISA Litig.*, 263 F. Supp. 3d 446, 452 (S.D.N.Y. 2017).

The first factor weighs in favor of preclusion. On September 19, 2024, the Court extended fact discovery until November 15, 2024. *See* ECF No. 255. It did so in response to a number of outstanding discovery issues identified by Claimants, none of which involved the witnesses at issue here. *See* ECF No. 246. But Ms. Gadzhieva and Ms. Kerimova were not identified as witnesses until more than a month later, on October 31—two weeks before the then-operative discovery deadline of November 15, when it was implausible that their depositions could have been completed in a timely manner. Again, while the Court did subsequently extend the discovery period until December 20, it did so only for the purpose of taking certain other depositions. *See* Order, ECF No. 312 at 13. And in doing so, the Court made clear to the parties that it was unlikely to consider testimony at the upcoming evidentiary hearing from witnesses who were not made available for deposition. *See id.* at 14. Notwithstanding the absence of any authority to take the depositions of Ms. Gadzhieva and Ms. Kerimova, Claimants went ahead and noticed them anyway. But once again, they did so at a time and in a manner that effectively precluded the Government from participating in them. That is why the Court granted the Government's motion for a protective order as to those depositions. *See* Order, ECF No. 361. Claimants offer no explanation for their failure to make these witnesses available for depositions within the discovery period.

6

Claimants seem to argue that the Government was long aware that Ms. Gadzhieva and Ms. Kerimova were individuals who might have relevant, discoverable information because they were "central characters in the government's Amended Complaint and Motion to Strike," such that the Government's "assertions of surprise as to these witnesses" are "frivolous." ECF 348 at 2. But that is irrelevant. *Cf. Raymond v. Mid-Bronx Haulage Corp.*, No. 15 Civ. 5803, 2017 WL 1251137, at *9 (S.D.N.Y. Mar. 31, 2017) ("The law is clear that a party's mere knowledge of the existence of a witness does not satisfy" a party's disclosure obligations under Rule 26). What matters is that, on October 31, Claimants indicated that they sought to rely on these witnesses' testimony; it was only at that time that the Government had "fair warning" as to the need to take discovery with respect to these witnesses. *Downey v. Adloox Inc.*, No. 16 Civ. 1689, 2018 WL 794592, at *1 (S.D.N.Y. Feb. 8, 2018). But at that point, it was already effectively impossible for the Government to take their depositions before the November 15 fact discovery cutoff. And notably, Claimants still have not offered to make these witnesses available in any meaningful sense by offering them in a location where the Government has authorization to conduct a deposition.

The second factor weighs slightly against preclusion. On the one hand, Ms. Gadzhieva's and Ms. Kerimova's testimony may be important, as Claimants argue that they will refute the Government's theory that Claimants sold the *Amadea*. On the other hand, Claimants argue in their Opposition to the Government's motion *in limine* that the testimony of these two witnesses is "corroborated" by multiple other witnesses, *see* ECF No. 393 at 20, which suggests that their testimony may be cumulative. *Cf. Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 97 (S.D.N.Y. 2001) (excluding cumulative expert testimony). Ultimately, in a hearing on whether Claimants can challenge the Government's seizure of the vessel, testimony about the individuals and/or entities that owned the *Amadea* at the time of its seizure is important. This factor, thus, weighs slightly in Claimants' favor and against preclusion.

7

The third factor—prejudice to the party to whom disclosure was not made—favors preclusion. Claimants seek to rely on testimony from Ms. Gadzhieva and Ms. Kerimova, but the Government has had no opportunity to depose these witnesses. It should be self-evident that fundamental fairness generally requires that a party in civil litigation be permitted to take depositions of the other side's witnesses. *Cf. Merlite Industries, Inc. v. Valassis Inserts, Inc.*, 12 F.3d 373, 377 (2d Cir. 1993) (affirming district court's exclusion of a witness from testifying at trial under Rule 26 because the party "faile[d] to provide adequate time for pretrial deposition[]"); *Peterson v. Pan Am Railways, Inc.*, No. 12 Civ. 1857, 2015 WL 2451227, at * 4-5 (N.D.N.Y. May 21, 2015) (where plaintiff "was unable to depose" witness in question, prohibiting defendants from "calling any witness who was mentioned in the course of discovery, but not deposed").

And to the extent that Claimants seek to rely solely on the out-of-court declarations of Ms. Gadzhieva and Ms. Kerimova, they are classic hearsay and excludable on that basis. *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 232 (2d Cir. 1999), *as amended on reh'g* (Sept. 29, 1999) ("The hearsay rule ordinarily prohibits the admission of out-of-court statements by declarants on the theory that cross-examination can help test for . . . error, thus allowing the fact-finder to weigh the evidence properly and to discount any that is too unreliable."). Claimants contend that the declarations should be admitted under the residual exception as reliable because they were sworn under penalty of perjury, corroborate one another, and—according to Claimants—are more probative than other evidence that will be offered in this case. *See* ECF No. 392 at 19-21. "The residual exception should be invoked sparingly." *Robinson v. Shapiro*, 646 F.2d 734, 742 (2d Cir. 1981). The fact that a party offers more than one sworn hearsay declaration does not, by itself, constitute a basis for admitting them under the residual exception. Claimants cite *Common Cause/New York v. Brehm*, 432 F. Supp. 3d 285, 289 n.1 (S.D.N.Y. 2020), for the proposition that a hearsay declaration should be admitted where the declarant is unavailable (there, due to death)

8

and the opposing party "expressly declined" to depose the declarant. But that is not the case here, where the two witnesses at issue were disclosed at a time and in a manner that made taking their depositions in a timely way all but impossible. Ultimately, considering the "totality of the circumstances," *see* Federal Rule of Evidence 807(a)(1), the Court determines that the declarations should not be admitted under the residual exception.

The final factor also weighs in favor of preclusion. As already noted, discovery in this matter has been extended four times, and the evidentiary hearing originally scheduled for December has been adjourned once—to January 21, 2025. Claimants "should not be permitted to upset a discovery schedule which was extremely liberal and to which [their] adversary adhered." *Pal v. N.Y. Univ.*, No. 06 Civ. 5892, 2008 WL 2627614, at *50 (S.D.N.Y. June 30, 2008). Moreover, in light of the ongoing maintenance costs for the *Amadea* (more than $700,000 monthly, *see* ECF No. 121 at 3), reopening discovery would clearly "cause needless expense and delay." *Fleisig v. ED&F Man Cap. Mkts., Inc.*, No. 19 Civ. 8217, 2021 WL 2494889, at *2 (S.D.N.Y. June 28, 2021). More fundamentally, given that Claimants still have not offered Ms. Gadzhieva's and Ms. Kerimova's depositions in a location where the Government may take them, re-opening discovery would be futile, as explained above. Thus, this factor clearly weighs in the Government's favor.

Taken together, the four relevant factors weigh in favor of preclusion of Ms. Gadzhieva's and Ms. Kerimova's testimony. The Court has considered less drastic sanctions, but none would be more appropriate. Therefore, Ms. Gadzhieva and Ms. Kerimova may not testify at the upcoming evidentiary hearing, and their declarations are not admissible. And because the Court has reached this result, the issue of whether these witnesses should be allowed to testify remotely is moot.

**3. Claimants' alternative request to preclude the Government from introducing evidence regarding Gadzhieva and Ms. Kerimova.**

In the alternative to the requests above, Claimants also move for the Court to preclude the Government from introducing its evidence concerning Ms. Gadzhieva and Ms. Kerimova at the upcoming evidentiary hearing. Claimants argue that if this Court refuses to consider Ms. Gadzhieva's and Ms. Kerimova's testimony, allowing the Government to introduce "any evidence" about these witnesses would be "unfair." ECF No. 373. But Claimants identify no cases, and this Court is unaware of any cases, standing for that broad proposition.

This Court is committed to holding a hearing that is fundamentally fair. If, during the hearing, Claimants have a specific objection to a piece of evidence the Government seeks to introduce, Claimants may raise that objection and the Court will consider it. But for now, the Court will not prohibit the Government from introducing *any* evidence regarding Ms. Gadzhieva and Ms. Kerimova. *Cf. Raskin v. Wyatt Co.*, 125 F.3d 55, 64 (2d Cir. 1997) ("The district court has broad discretion in choosing whether to admit evidence.").

For the foregoing reasons, Claimants' motion *in limine* regarding the testimony of Alisa Gadzhieva and Gulnara Kerimova is **DENIED**. The Government's motion *in limine* to preclude those witnesses' declarations is **GRANTED**. The Clerk of Court is respectfully directed to terminate ECF No. 373.

SO ORDERED.

Dated: January 15, 2025
      New York, New York

                                                             DALE E. HO
                                             United States District Judge