

December 17, 2024

**VIA ECF**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

This firm represents Claimants in the above-referenced matter. We write in response to the Court's Order dated December 16, 2024 (Dkt. 365), to provide a status update regarding Mr. Khudainatov's deposition scheduling, and in opposition to the government's motion to compel Mr. Khudainatov's deposition (Dkt. 364).

■■■ Pursuant to the Court's Order referenced above, filed with this letter is the Declaration of Adam C. Ford, ■■■ Nor is it possible to provide the Court with a confirmed date for when he will be able to sit for a deposition. Mr. Khudainatov, however, remains willing to sit for a deposition ■■■ Indeed, he has no motivation to avoid his deposition, as he has made every effort to regain his property since April 2022 when it was wrongfully seized in Fiji and fully intends to continue to take all necessary steps to secure that outcome, including sitting for a deposition. Given all the time and money he has spent over the course of more than two and a half years, he has no intention of abandoning these efforts now.

■■■ should have no effect on the evidentiary hearing on standing scheduled to begin on January 21. Based on the documents, deposition testimony, and declarations submitted to date, Mr. Khudainatov has overwhelmingly satisfied his burden of proving that he has a colorable claim to the *Amadea*. Indeed, Mr. Khudainatov's assistant testified this past weekend as to the authenticity of hundreds of records from his family office demonstrating his ownership not just of the *Amadea* but also the *Crescent* and *Scheherazade*, as well as her personal knowledge as to this ownership, as it was part of her job duties to oversee the all three of these yacht projects, by, among other things, drafting and/or reviewing the relevant contracts, facilitating the incorporation of the holding companies for these vessels, reviewing and maintaining the relevant corporate documents, and arranging for the payments for

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
December 17, 2024
Page 2

these vessels. She further testified that the transfer of Millemarin's shares to Errigal never took place, which is corroborated by an email she wrote on March 30, 2022 that the transaction was on "stand-by," and by her testimony that the Errigal transaction was most definitely terminated by the time the management agreement was entered into on April 4, 2022 between Millemarin and Imperial Yachts. Claimants stand prepared to demonstrate "a colorable claim" to the *Amadea* by a preponderance of the evidence based on her testimony alone. But Claimants now also have the testimony of Dinar Khalikov, the individual the government alleges to be Mr. Kerimov's right-hand-man, who testified that Mr. Kerimov never purchased the *Amadea*, that his daughter chartered it, and that this fact is confirmed not just by his testimony, but by documentary evidence corroborating Mr. Kerimov's disinterest in purchasing the *Amadea*. The testimony of these two key witnesses is supported by no fewer than a dozen other witnesses, all of whom testified that Mr. Khudainatov owns and has always owned the *Amadea*, and many of whom testified that the Errigal transaction never closed.

      As Claimants have noted in the context of other deposition disputes, we expect the upcoming hearing on standing to last at least two weeks of actual court time. Currently, Claimants have no sense of the Court's intentions in terms setting consecutive days starting January 21 and continuing until complete or whether there will be days set aside over the coming month. Even if the hearing were to continue for two weeks straight, it is unlikely to be complete until February 4. As such, Claimants propose that the Court permit the parties an opportunity to find another date to depose Mr. Khudainatov [redacted] at a time prior to the conclusion of the evidentiary hearing or prior to the start of the trial in this matter, should the Court deny the government's motion to strike, which Claimants are confident the Court will do based on the evidentiary record demonstrating Claimants' standing.[1]

      It bears emphasizing that the postponement of Mr. Khudainatov's deposition is through no fault of his own. [redacted] Given the value of the asset at stake, it should be obvious that Mr. Khudainatov is more than motivated to and willing to testify as soon as possible.

      Claimants stand prepared to provide an additional update [redacted] at any time the Court requests.

---

[1] Mr. Khudainatov remains willing to be deposed remotely and, given the current record, we respectfully request that the Court reconsider its prior ruling declining to permit his deposition to proceed in that manner.

FORD O'BRIEN LANDY | 275 Madison Avenue, Fl. 24 NY, NY 10016 | P: 212.858.0040 | fordobrien.com

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
December 17, 2024
Page 3

                                          Respectfully submitted,

                                          */s/ Adam C. Ford*
                                          Adam C. Ford
                                          Robert S. Landy
                                          Renée L. Jarusinsky
                                          Anjula S. Prasad
                                          Stephen R. Halpin III
                                          Ford O'Brien Landy LLP

                                          *Counsel for Claimants Eduard*
                                          *Yurievich Khudainatov and*
                                          *Millemarin Investments Ltd.*