UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>     v.<br><br>THE M/Y AMADEA, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531,<br>       Defendant. | 23-CV-9304 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

  Before the Court are several requests to seal documents filed in connection with the above-captioned matter. The requests have been made by Eduard Khudainatov and Millemarin Investments, Ltd. (collectively, "Claimants"). For the reasons explained below, the Court issues the following rulings and respectfully directs the Clerk of Court to take the following actions:

  **ECF No. 328**, which seeks permanent sealing of ECF No. 329, is **GRANTED IN PART AND DENIED IN PART**. ECF No. 329 is a letter from Claimants asking this Court to "So Order" a safe passage letter provided to Mr. Khudainatov by the Government. Claimants' letter itself does not contain information that cannot be disclosed on the public docket. But the exhibit attached to their letter—the safe passage letter itself—contains sensitive information relating to the United States' relationship with foreign nations. The Court finds that the presumption of public access is superseded by the need to preserve U.S. foreign relations and **GRANTS** permanent sealing of ECF No. 329-1. *Cf. United States v. Aref*, 533 F.3d 72, 82 (2d Cir. 2008) (approving district court's finding that sealing was appropriate because "disclosure of the information sought would impair identified national interests in substantial ways"); *United States v. Vinas*, No. 08 CR 823, 2017 WL 2462503, at *2 (E.D.N.Y. June 6, 2017) ("Courts have listed a number of qualifying 'higher

values' which may justify sealing, including the Government's interest in protecting national security and related information."). Accordingly, ECF No. 329 shall be unsealed. **The Clerk of Court is respectfully directed to make ECF No. 329 accessible to the public and to keep ECF No. 329-1 under seal with access limited to the applicable parties.**

**ECF No. 337**, which seeks permanent sealing of ECF No. 338, is **DENIED**. ECF No. 338 is a letter from Claimants regarding their request that this Court "So Order" the aforementioned safe passage letter. After careful review, the Court finds that this letter does not contain information that cannot be disclosed on the public docket. Therefore, permanent sealing is not warranted, and **the Clerk of Court is respectfully directed to make ECF No. 338 accessible to the public**.

**ECF No. 347**, which seeks permanent sealing of ECF No. 348, is **DENIED**. ECF No. 348 is a letter from Claimants that references two potential witnesses whose depositions were the subject of motions practice between the Government and Claimants. Discovery has closed, these witnesses were never deposed, and their identities have since been made public. Therefore, in an Order dated January 10, 2025, this Court denied Claimants' request at ECF No. 347 without prejudice, stating that Claimants could file a renewed motion by January 24, 2025, setting forth the reasons why the presumption of public access is overcome with respect to the identities of these witnesses. Claimants filed no such motion. Therefore, permanent sealing is not warranted, and **the Clerk of Court is respectfully directed to make ECF No. 348 accessible to the public**.

**ECF No. 436** is a letter from Claimants informing the Court that Claimants filed redacted versions of two documents under seal per the Court's Order dated January 10, 2025, ECF No. 420. The documents referenced in that Order (ECF Nos. 369 & 389) and shall remain under seal with access limited to the applicable parties for the reasons stated at ECF No. 420.

For the reasons stated above, the Clerk of Court is respectfully directed to terminate ECF Nos. 328, 337, 347, and 436.

SO ORDERED.

Dated: January 29, 2025
New York, New York

DALE E. HO
United States District Judge