

February 6, 2025

**<u>VIA ECF</u>**
The Honorable Dale E. Ho
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: <u>United States v. M/Y Amadea</u>, No. 23-cv-9304 (DEH)

Dear Judge Ho:

      This firm represents Claimants in the above-referenced matter. We write to update the Court with respect to three buckets of exhibits, the first having to do with the government's exhibits and the latter two having to do with Claimants' exhibits. With respect to all three categories, we seek to address issues raised last week when the parties exchanged objections and the government filed a motion *in limine*.

      *First*, we note that the government highlighted in orange portions of statements by Claimants it seeks to admit into evidence at GX-701-H, GX-702-H, GX-704, GX-705. As noted in Claimants' objections to the government's exhibits, we do not object to admission of the government's designations of these exhibits, subject to admission of additional material in the exhibits, which we have highlighted in red, under the rule of completeness. *See* ECF No. 454 at 11; Fed. R. Evid. 106. We previously provided the government with copies of our red highlighting in response on these exhibits, and we are providing these exhibits electronically to the Court today with filenames GX-701-H-C, GX-702-H-C, GX-704-H-C, and GX-705-H.

      *Second*, the government observed in its January 27, 2025 motion *in limine* that certain documents produced by Millemarin and marked as exhibits by Claimants appeared to be missing pages. *See* ECF No. 445. These exhibits were scans of hard-copy documents that Millemarin's current Director and corporate representative was only able to obtain from the entity's former Director on December 24, 2024, after extensive efforts. *See* ECF No. 447 at 1-3. After the government raised the issue of potentially missing pages, we immediately contacted Millemarin's current corporate representative, obtained corrected scans of the hard-copy documents that include the missing pages, and produced the documents to the government. Based on the newly received scans that were produced to the government, today we are transmitting the following replacement exhibits to the government and the Court: CX-674, CX-675, CX-676, and CX-677.

      *Finally*, the government—in the objections it sent Claimants on January 27, 2025—objected to many of Claimants' Russian-language exhibits on the basis that a certified translation

Hon. Dale E. Ho, U.S.D.J.
Case No. 23-cv-9304 (DEH)
February 6, 2025
Page 2

had not been produced. There had been previous discussions about translations provided by Claimants, including in open court, *see* Jan. 22, 2025 Tr. 82:13-83:7, but Claimants were not aware until January 27, 2025, that the government would insist on certified translations (which are costly and time consuming)—rather than vendor-provided machine translations Claimants previously provided—for purposes of this threshold hearing on standing. To be clear, Claimants do not expect any issue of substance to turn on any difference in translation that may emerge. Nonetheless, upon receiving the government's objections on January 27, Claimants engaged a third-party vendor on an expedited basis to complete certified translations of the exhibits in question, which we are transmitting to the government and the Court today.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

      */s/ Adam C. Ford*
      Adam C. Ford
      Robert S. Landy
      Renée L. Jarusinsky
      Anjula S. Prasad
      Stephen R. Halpin III
      Christine Isaacs
      Ford O'Brien Landy LLP

      *Counsel for Claimants Eduard Yurievich Khudainatov and Millemarin Investments Ltd.*