UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    Plaintiff,

    - v. -

THE M/Y AMADEA, A MOTOR YACHT
BEARING INTERNATIONAL MARITIME
ORGANIZATION NO. 1012531, INCLUDING
ALL FIXTURES, FITTINGS, MANUALS,
STOCKS, STORES, INVENTORIES, AND
EACH LIFEBOAT, TENDER, AND OTHER
APPURTENANCE THERETO,

    Defendant-*in-rem.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JUDGMENT OF FORFEITURE

23 Civ. 9304 (DEH)

        WHEREAS, on or about October 23, 2023, the United States commenced an *in rem* forfeiture action seeking the forfeiture of the Defendant-*in-rem*, by the filing of a Verified Complaint for Forfeiture (the "Verified Complaint"). The Verified Complaint alleged that the Defendant-*in-rem* is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C);

        WHEREAS, notice of the Verified Complaint against the Defendant-*in-rem* was posted on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, beginning on October 25, 2023 through November 23, 2023, and proof of such publication was filed with the Clerk of this Court on March 14, 2025 (D.E. 470);

        WHEREAS, as set forth in Rule G(4)(a)(ii) and Rule G(5)(a)(ii), the notice of forfeiture specified the Defendant-*in-rem* and the intent of the United States to forfeit and dispose of the Defendant-*in-rem*, thereby notifying all third parties of their right to file a claim to adjudicate

the validity of their alleged legal interest in the Defendant-*in-rem*, within sixty days from the first day of publication of the Notice on the official government internet site;

WHEREAS, on or about October 25, 2023, the Verified Complaint was sent by email to the following:

> Eduard Khudainatov
> Millemarin Investments Ltd.
> c/o Adam C. Ford, Esq. and Renee Jasurinsky, Esq.
> Ford O'Brien Landy LLP
> 275 Madison Avenue, Floor 24
> New York, NY 10016
> Email: aford@fordobrien.com & rjarusinsky@fordobrien.com
>
> Evgeniy Kochman
> c/o Robert Henoch
> Robert Henoch LLC
> 1967 Wehrle Drive, Suite 1-086
> Buffalo, NY 14221
> Email: robert@rhenochlaw.com
>
> Suleiman Kerimov
> Gulnara Kerimova
> Errigal Marine Limited
> c/o Rachel G. Talay, Esq.
> H Street Law
> 1616 H Street, NW, 7th Floor
> Washington, D.C., 20006
> Email: rtalay@hstreetlaw.com
>
> Norina Edelman
> Dockside Management
> 5 Royal Palm Drive Unit 1 A, Orange Grove St. Maarten
> Email: norina@docksidemanagement.net

(the "First Noticed Parties");

WHEREAS, on or about November 17, 2023, the Verified Complaint was sent by email to the following:

> Suleiman Kerimov
> Errigal Marine Limited

3

        c/o Jacqueline Laffont
        Haik & Associés
        27 Boulevard Saint-Michel
        75005 Paris, France
        Email: contact@cabinethaik.com

(the "Second Noticed Parties");

WHEREAS, on or about November 28, 2023, a claim was filed by Eduard Yurievich Khudainatov and Millemarin Investments Ltd. (together, the "Claimants") asserting an interest in the Defendant-*in-rem* (the "Claim") (D.E. 9);

WHEREAS, on February 16, 2024, the Government filed a First Amended Verified Complaint for Forfeiture (D.E. 37);

WHEREAS, on or about February 22, 2024, the Government sent a request to the Russian government for assistance in providing notice of the forfeiture complaint to Suleiman Kerimov, but the Russian government denied the request;

WHEREAS, on or about May 17, 2024, the Government filed a motion to strike the Claim on the ground that Claimants lack standing (D.E. 97), and subsequently filed a motion for case-dispositive discovery sanctions under seal via email (together, the "Motions");

WHEREAS, on January 21-22, 24, 27, 2025 and February 7, 2025, the Court held an evidentiary hearing in this matter on the motion to strike;

WHEREAS, on March 10, 2025, the Court entered a Memorandum Order granting the Motions and striking the Claim (D.E. 466);

WHEREAS, on or about March 11, 2025, the Clerk of the Court issued a Default Judgment (D.E. 469);

WHEREAS, no other claims, other than the Claim, have been filed or made in this action and no other parties have appeared to contest the action, and the requisite time periods

4

in which to do so, as set forth in Title 18, United States Code, Section 983(a)(4)(A) and Rule G of the Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims, have expired;

        IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

        1.        The Defendant-*in-rem* shall be, and the same hereby is, forfeited to the Plaintiff United States of America, for the reasons set forth in the First Amended Complaint for Forfeiture.

        2.        The United States Marshal Service (or its designee) shall dispose of the Defendant-*in-rem* according to law.

        3.        The Clerk of Court is respectfully directed to close ECF No. 471 and to terminate this case.

        SO ORDERED:

_____
DALE E. HO
UNITED STATES DISTRICT JUDGE
DATED: MARCH 18, 2025
 NEW YORK, NEW YORK