

May 20, 2025

**VIA ECF**
The Honorable Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    United States of America v. The M/Y *Amadea*, et al., Docket No. 1:23-cv-09304

Dear Judge Ho:

      We represent Eduard Yurievich Khudainatov and Millemarin Investments Ltd. (collectively, "Claimants") in the above-referenced forfeiture matter. We write in response to the government's letter requesting an additional five pages to respond to Claimants' opposition to the government's motion for a bond. (ECF No. 492). As we informed the government prior to involving the Court, we do not oppose the request but believe that if the government is entitled to additional pages so too should the Claimants.

      In its letter, the government requests an additional five pages for its reply brief on its motion for a bond based on the erroneous assertion that Claimants' memorandum of law in opposition to the government's motion for a bond (ECF No. 491) "effectively opposes" the government's motion for a bond as well as the government's motion for taxable costs (ECF No. 477-2). That is not accurate. The latter motion (ECF No. 477-2) was rejected by the Clerk of Court as premature. Pursuant to Local Civil Rule 54.1(a), once a notice of appeal is filed (as was done here), such a motion cannot be made in the district court until after the Second Circuit issues its mandate, and even when it is, such a motion is initially decided by the Clerk of the Court. As such, the government's motion for taxable costs is not currently pending before either the Clerk of the Court or this Court at this time.

      In its motion for a bond, the government is asking the Court to require Claimants to post a bond representing past and future costs, the vast majority of which constitute the government's costs to maintain the Amadea. In order to effectively oppose that motion, Claimants made the readily apparent argument that a bond is not appropriate here because its underlying basis – the maintenance costs – does not constitute a category of costs that are permitted to be taxed in a governmental civil forfeiture matter.

      Claimants refute the government's basis for its request for additional pages. Claimants' opposition only opposes the government's motion for a bond, and not the government's motion for taxable costs, which would be premature at this time. However, if the Court is inclined to grant the government's request for the additional pages, Claimants respectfully request that the Court grant Claimants the opportunity to submit a sur-reply for the same number of additional pages.

The Honorable Dale E. Ho
May 20, 2025
Page 2

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

Renée L. Jarusinsky

cc: All counsel of record by ECF