UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                      Plaintiff,<br>v.<br>THE M/Y AMADEA, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531,<br>                      Defendant. | 23 Civ. 9304 (DEH)<br><br>**OPINION AND ORDER** |

DALE E. HO, United States District Judge:

This is a civil asset forfeiture action brought by the United States of America against Defendant-in-rem the M/Y *Amadea*, a 348-foot luxury superyacht purportedly owned by a Russian national subject to economic sanctions, Suleiman Kerimov. Am. Compl. ¶¶ 5-6, ECF No. 37. After the Government seized the *Amadea*, a different Russian national, Eduard Khudainatov, filed a verified claim of interest, asserting that through his ownership of Millemarin Investments Ltd. ("Millemarin") he was the *Amadea*'s ultimate beneficial owner. *See* Verified Claim ¶ 1, ECF No. 9. The Government subsequently moved to strike the claim, arguing that Khudainatov and Millemarin (collectively, "Claimants") lacked standing to contest forfeiture because they were mere straw owners of the *Amadea*. *See* Mot. to Strike, ECF No. 97; Mem. of L. Supp. Gov't Mot. to Strike, ECF No. 98. After full briefing and an evidentiary hearing, the Court granted the Government's motion to strike. *See* Findings of Fact & Conclusion of Law, ECF No. 467. Separately, the Court granted the Government's motion for case-dispositive discovery sanctions. *See* Mar. 10, 2025 Opinion and Order, ECF No. 468. The Court then entered judgment against and ordered forfeiture of the *Amadea*. *See* J. of Forfeiture, ECF No. 473.

Claimants subsequently appealed several of this Court's orders, including the Judgment of Forfeiture and Order striking the claim. *See* Notice of Appeal, ECF No. 474. Claimants also moved for a stay pending appeal, which the Court denied. *See* June 6, 2025 Opinion and Order, ECF No. 499.

The Government has separately moved for a cost bond for the *Amadea*'s past and future taxable costs pending the resolution of Claimants' appeal. *See* Mot. for Cost Bond, ECF No. 482. For the reasons explained below, the Government's Motion is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

Familiarity with the facts of this case, which are set forth in detail in the Court's Findings of Fact and Conclusions of Law and its Opinion and Order granting the Government's motion for sanctions, is assumed. The Court briefly recounts only those facts directly relevant to this Motion. Since seizing the *Amadea*, the Government has spent approximately $32 million on, *inter alia*, transporting, maintaining, and storing the vessel. *See* Gov't Mem. L. Opp'n Claimants' Mot. Stay & Supp. Gov't Mot. Cost Bond at 2 ("Gov't Mem."), ECF No. 483. The Government contends that, of those costs, approximately $25.6 million is taxable. *Id.* at 3. The Government expects to incur over $10 million in additional taxable costs during the pendency of Claimants' appeal, which it expects will take approximately one year. *Id.* at 3, 9 n.5. In response to Claimants' motion for relief under 28 U.S.C. § 1355(c), *see* ECF No. 478,[1] the Government offered to "consent to a stay of judgment if Claimants posted a bond of $10,370,000, the anticipated taxable costs the

---

[1] Pursuant Section 1355(c), Claimants sought either for this Court to issue a stay pending appeal or to require the Government to post a bond. *See* Claimants' Apr. 11, 2025 Letter Mot., ECF No. 478. Claimants alternatively requested that the Court "order the Government not to sell the *Amadea* for less than its previously appraised value, i.e., $230 million, while Claimants' appeal is pending." *Id.* at 4.

2

Government would incur pending an appeal." Gov't Mem. at 3. The Court ultimately issued an Order denying Claimants' Section 1355 motion, rendering moot the Government's consent-for-bond proposition. *See* ECF No. 499. The Government, however, still seeks bond for the $25.6 million in costs that it has incurred to date that it claims are taxable.

## DISCUSSION

The parties dispute the governing authority in civil asset forfeiture bond motions. The Government brings its Motion pursuant to Rule 54.2 of the Local Civil Rules of the Southern and Eastern Districts of New York ("Local Rule 54.2") and Federal Rule of Appellate Procedure 7 ("FRAP 7"),[2] both of which govern the imposition of bonds in civil cases generally.[3] *See* Gov't Mem. at 10 (citing Rule 54.2 and Fed. R. App. P. 7). Claimants contend that these authorities are inapposite here, arguing that "28 U.S.C. § 1355(c) is the exclusive authority for bonds in civil forfeiture appeals" because that statute is singularly and "expressly designed to address the unique allocation of risks" in such appeals. Claimants' Mem. L. Opp'n Gov't Mot. Bond ("Claimants' Opp'n") at 3-4, ECF No. 491. Unlike Local Rule 54.2 which permits a court to order "*any party* to file an original bond for costs or additional security for costs," and unlike FRAP 7, which allows a court to "require *an appellant* to file a bond," Fed. R. App. P. 7, Section 1355 states that a bond may be imposed on "the *prevailing* party" in a civil asset forfeiture case, 28 U.S.C. § 1355(c). In essence, Claimants' argument proceeds as follows: (1) a court's authority to impose bond pending

---

[2] All references to Rules are to the Federal Rules of Appellate Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[3] Local Rule 54.2 states, in relevant part, that "[t]he Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." FRAP 7 states that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule."

3

appeal in a civil asset forfeiture case is limited by the terms of Section 1355, which (2) permits the imposition of a bond only on a prevailing party (which the Claimants obviously are not). *See* Claimants' Opp'n at 3. If Claimants' argument is correct, the Court would be statutorily prohibited from granting the Government the relief it requests.

Unsurprisingly, the Government disagrees with Claimants' contention that Section 1355 controls here. It notes that Claimants "point[] to no authority for their novel proposition that 28 U.S.C. § 1355(c) supersedes" Local Rule 54.2 and FRAP 7 "when an appeal arises out of a civil forfeiture action," and it argues that there is no conflict between the three authorities because "they apply in different situations and protect the interests of different parties." Reply Mem. L. Supp. Mot. Cost Bond, ECF No. 496. Claimants respond to this argument by insisting that the Government's "concept of dueling bonds cannot be right." Surreply Mem. L. Opp'n Gov't Mot. Bond at 1, ECF No. 497.

This issue appears to be one of first impression, and neither the parties nor this Court have been able to find a case squarely addressing whether Section 1355 is the exclusive bond authority in civil asset forfeiture appeals. But the Court need not resolve this issue today; even assuming, *arguendo*, the Government is correct that this Court may impose a bond on Claimants pursuant to Local Rule 54.2 and/or FRAP 7, the Court nonetheless declines to exercise its discretion to do so.

"Courts have broad discretion in deciding whether a party should be required to post . . . a bond" pursuant to Local Rule 54.2.[4] *Beautiful Jewellers Priv. Ltd. v. Tiffany & Co.*, No. 06 Civ. 3085, 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008) (citing *Selletti v. Carey*, 173 F.3d 104, 110-11 (2d Cir. 1999)). "[T]here are no set guidelines for applying Rule 54.2." *RLS Assoc., LLC*

---

[4] The Court notes that the language of the rule itself contains permissive rather than mandatory language. *See* Local Rule 54.2 ("The Court . . . *may* order any party to file an original bond . . . ." (emphasis added))

4

*v. United Bank of Kuwait PLC*, No. 01 Civ. 1290, 2005 WL 578917, at *1 (S.D.N.Y. Mar. 11, 2005). Instead, "[u]nder Local Rule 54.2, an individual determination is made by the court on the facts of [the] case," and a court will "generally consider" several factors, such as "the merits of the underlying claims" and "compliance with past court orders." *Selletti*, 173 F.R.D. 96, 100-101 (S.D.N.Y. 1997); *see also Rice v. Musee Lingerie, LLC*, No. 18 Civ. 9130, 2019 WL 2865210, at *1 (S.D.N.Y. July 3, 2019) (Nathan, J.) (noting that each of the Local Rule 54.2 factors "does not need to be considered in every case.").

To be sure, the factors courts typically consider in adjudicating motions under Local Rule 54.2 generally counsel *in favor* of imposing a bond on Claimants. The Court struck Claimants' claim on standing after an evidentiary hearing and also as a sanction for repeated violations of court orders. Claimants have made no effort to demonstrate that they have a likelihood of success on appeal on either issue, which undermines any assertion as to the strength of the merits of their underlying claim. And Claimants' pattern of violating court orders also weighs in favor of bond.

Nonetheless, the Court declines to impose a multimillion dollar bond on Claimants under Local Rule 52.4 at this time, for several reasons. First, "the primary purpose of [Local Rule 52.4's] bond requirement," which "is to insure that whatever assets a party does possess will not have been dissipated or otherwise have become unreachable by the time such costs actually are awarded," *Selletti*, 173 F.3d at 112, will not be advanced by granting the Government's Motion. Whatever difficulties may arise for the Government in collecting taxable costs, if any, from Claimants if taxable costs are ultimately awarded, there is no evidence before the Court that Claimants will be insolvent or otherwise unable to pay these costs at that time. To the extent that the Government asserts that collecting costs against Claimants will be difficult generally, there is no reason to think that collecting costs now (in the form of a bond) will be less difficult than collecting taxable costs in the future.

Second, this Court's denial of Claimant's stay motion appears to moot the Government's offer to consent to a stay on condition of a bond to pay for the *Amadea*'s estimated *future* maintenance costs. But to the extent that the Government still seeks a bond in that amount, it appears that any future maintenance costs will be incurred regardless of the length of appellate proceedings. The Court entered the Judgment of Forfeiture on March 18, 2025, *see* ECF No. 473, and denied Claimants' motion for a stay, *see* June 6, 2025 Opinion. The Government is now free to sell the *Amadea*; at this point, absent a stay pending appeal, any future costs of maintaining the *Amadea* during an appeal will not be the result of the appeal itself, but rather a function of how long it takes the Government to dispose of the vessel. *Cf. Pfizer, Inc. v. Y2K Shipping & Trading, Inc.*, 207 F.R.D. 23, 26 (E.D.N.Y. 2001) (explaining that a court, in deciding a Local Rule 54.2 bond motion filed by a plaintiff, must be mindful that the costs sought "are often largely within the plaintiff's ability to control").

Finally, the equities in this circumstance do not counsel in favor of the imposition of a bond. To put it mildly, Claimants have not conducted themselves well during this litigation. But they remain entitled to appeal this Court's decisions. To the extent the Government seeks to deter Claimants from appealing, the Court declines in its discretion to impose bond on that basis. Allowing a litigant to use a Local Rule 54.2 bond to impede their adversary from having their day in court[5] would "transform[] . . . this tool into a potentially formidable weapon for forcing [that party] into submission," a "situation the court must guard against." *Id.*

For similar reasons, the Court also declines to impose a bond on Claimants pursuant to FRAP 7. As under Local Rule 54.2, courts enjoy discretion with respect to imposing bonds under FRAP 7. *See* Fed. R. App. P. 7 ("[T]he district court *may* require an appellant to file a bond . . . .");

---

[5] To be clear, the Court does not intend to suggest in any way that the Government is acting improperly or in bad faith in seeking the relief it requests.

*Sharbat v. Iovance Biotherapeutics, Inc.*, No. 20 Civ. 1391, 2024 WL 2078390, at *9 (S.D.N.Y. May 9, 2024) ("Ultimately, whether to impose a bond [under FRAP 7] is within the discretion of the district court."). Critically, "a district court must not create an impermissible barrier to appeal" in setting a FRAP 7 bond, and the "requirements of security for an appeal to protect appellees must be 'reasonably tailored to achieve these ends and uniformly and nondiscriminatorily applied." *In re Gen. Elec. Co. Sec. Litig.*, 998 F. Supp. 2d 145, 151 (S.D.N.Y. 2014) (quoting *Adsani v. Miller*, 139 F.3d 67, 78 (2d Cir. 1998)).[6] Of course, the imposition of a $25.6 million bond on Khudainatov, a self-described billionaire who claims to have commissioned the construction of several yachts collectively worth over $1 billion, *see* Findings of Fact ¶ 20.b., should not be an insurmountable barrier to appeal. But for the reasons explained *supra*, the Court declines to impose a bond on Claimants under FRAP 7.

---

[6] Courts also consider a list of non-exhaustive factors in determining whether to impose bonds under FRAP 7. As the Government notes, these factors are largely the same as those considered in a Local Rule 54.2 bond motion. *See* Gov't Mem. at 12.

## CONCLUSION

For the reasons explained above, the Court declines to impose a bond on Claimants at this time. The Government's Motion is, therefore, **DENIED WITHOUT PREJUDICE**. Claimants' request for oral argument, ECF No. 498, is **DENIED** as moot.

Nothing in this Order shall be construed as a statement as to the merits of the Government's anticipated bill of costs.

The Clerk of Court is respectfully requested to terminate ECF Nos. 482 and 498.

SO ORDERED.

Dated: July 16, 2025

New York, New York

DALE E. HO<br>
United States District Judge