UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>v.<br><br>THE M/Y AMADEA, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531,<br><br>                        Defendant. | 23 Civ. 9304 (DEH)<br><br>**OPINION AND ORDER** |

DALE E. HO, United States District Judge:

    Before the Court is the Government's Motion for Reconsideration of this Court's Opinion and Order, ECF No. 500, denying the imposition of a bond pending appeal on Claimants Eduard Khudainatov and Millemarin Investments Ltd. ("Millemarin" and collectively, "Claimants"). ECF No. 501. Familiarity with the facts of this case, which are set forth in detail in the Court's Findings of Fact and Conclusions of Law regarding standing, ECF No. 467, and its Opinion and Order granting the Government's motion for sanctions, ECF No. 468, is assumed. The substance of the Government's motion to impose bond pending appeal is recounted in the Court's Opinion and Order denying the imposition of bond. *See* July 16, 2025 Opinion and Order (the "Bond Order"), ECF No. 500. For the reasons stated below, the Government's Motion for Reconsideration is **DENIED**.

## LEGAL STANDARD

    "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van*

*Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).[1] "[T]he . . . standard for a district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022). Courts also grant reconsideration to "correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014). That said, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

## DISCUSSION

The Government does not claim that the Court "failed to consider evidence or binding authority." *Van Buskirk*, 935 F.3d at 54. Nor does the Government argue that the Court "overlooked" a "controlling decision or data" that reasonably could have "alter[ed] the conclusion" it reached. *Smith*, 2022 WL 3022526, at *1. Instead, the basis for the Government's Motion is for the Court to "correct a clear error or prevent manifest injustice." Gov't Mem. L. Supp. Mot. for Recons. ("Gov't Mem.") at 9, ECF No. 501 (quoting *Schoolcraft*, 298 F.R.D. at 136). Therefore, the questions before the Court are (I) whether denying the imposition of a bond pending appeal constituted clear error and/or (II) whether manifest injustice will result from the Court's decision not to impose a bond pending appeal on Claimants.

---

[1] All references to Rules, unless otherwise stated, are to the Local Civil Rules of the Southern and Eastern Districts of New York. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

I.  **Clear Error**

The gravamen of the Government's argument is that the Court committed a "legal error" by denying its motion of a cost bond despite the applicable legal factors "overwhelmingly favor[ing] such a bond." Gov't Mem. at 4. The Court understands this to be a "clear error" argument. The "legal factors" to which the Government refers are those by which courts in this District determine whether to impose bonds pursuant to Rule 54.2 of the Local Civil Rules of the Southern and Eastern Districts of New York ("Local Rule 54.2").

The Government argues that the Court committed clear error by "fail[ing] to consider," or deviating from, "relevant factors" in denying its bond motion. Gov't Mem. at 4 (quoting *L. & J.G. Stickley, Inc. v. Canal Dover Furniture Co.*, 79 F.3d 258, 262 (2d Cir. 1996)). "A district court commits clear error when a reviewing court would be 'left with the definite and firm conviction that a mistake has been committed.'" *Eckhart v. Fox News Network, LLC*, No. 20 Civ. 5593, 2022 WL 4579121, at *1 (S.D.N.Y. Sep. 29, 2022) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). Here, as the Court noted in the Bond Order, "there are no set guidelines for applying Rule 54.2." *RLS Assocs. v. United Bank of Kuwait PLC*, No. 1 Civ. 1290, 2005 WL 578917, at *1 (S.D.N.Y. Mar. 11, 2005). While courts "generally consider" several factors in determining whether a bond should be imposed pursuant to Local Rule 54.2, *Selletti v. Carey*, 173 F.R.D. 96, 100 (S.D.N.Y. 1997), "[e]ach factor does not need to be considered in every case," *Rice v. Musee Lingerie, LLC*, No. 18 Civ. 9130, 2019 WL 2865210, at *1 (S.D.N.Y. July 3, 2019) (Nathan, J.). And ultimately, "[c]ourts have broad discretion in deciding whether a party should be required to post . . . a bond pursuant to Local Rule 54.2." *Beautiful Jewellers Priv. Ltd. v. Tiffany & Co.*, No. 6 Civ. 3085, 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008) (citing *Selletti v. Carey*, 173 F.3d 104, 110-11 (2d Cir. 1999)). Indeed, the text of the Rule itself makes plain its discretionary nature; Local Rule 54.2 states that "[t]he court, on motion or on its own initiative,

3

*may* order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate" (emphasis added). The Government points to no authority standing for the proposition that, on a Local Rule 54.2 motion, a court would commit "clear error" by failing to consider, or considering and deviating from, the discretionary factors that courts generally consider under the rule.[2] The decision not to assign dispositive weight to entirely discretionary factors on such a motion does not appear to be a mistake at all, let alone one so egregious as to result in a "definite and firm conviction that a mistake has been committed."

Additionally, to the extent the Government's argues the Court "failed to consider" relevant factors, it is incorrect as a factual matter. In the Bond Order, the Court *did* consider the discretionary factors relevant in a Local Rule 54.2 analysis. The Court described the standard for imposing bond under Local Rule 54.2, and it explicitly noted that "the factors courts typically consider in adjudicating motions under Local Rule 54.2 generally counsel *in favor* of imposing a bond on Claimants." Bond Order at 4-5. The Court addressed factors relating to Claimants' ability to pay the bond, the merits of Claimant's claim, and Claimants' (lack of) compliance with past court orders. *Id.* at 5. Then, the Court addressed why, "for several reasons," it nonetheless "decline[d] to impose a multimillion dollar bond on Claimants under Local Rule 54.2 at th[at] time." *Id.* Those reasons included the Court's conclusion that imposing a bond would not advance Local Rule 52.4's primary purpose, *id.*, and the Court's concern that imposing a bond might prevent appellate review of its decision striking the claim, *see id.* at 6. The Government may

---

[2] The case the Government cites for the proposition that a court abuses its discretion when it "fail[s] to consider relevant factors" is inapposite. Gov't Mem. at 4 (quoting *L. & J.G. Stickley*, 79 F.3d at 262. That case concerned a district court's granting of a motion for a preliminary injunction. *See L. & J.G. Stickley*, 79 F.3d at 262. But the factors a party must demonstrate and that a court must find before imposing a preliminary injunction are mandatory, not discretionary like the Local Rule 54.2 factors. *See id.* at 261 ("In order to receive a preliminary injunction, a party *must* demonstrate . . . ." (emphasis added)).

disagree with the Court's reasoning and its conclusion, but the Court did consider the discretionary Local Rule 54.2 factors in deciding that a bond should not be imposed. It simply decided, under the facts of this case, not to afford them dispositive weight, which is not clear error.

## II.    Manifest Injustice

The Government also argues that reconsideration of the Bond Order is necessary to "prevent manifest injustice." Gov't Mem. at 9 (quoting *Schoolcraft*, 298 F.R.D. at 136). "In the context of a motion for reconsideration, 'manifest injustice' is defined as an error committed by the trial court that is direct, obvious, and observable." *Idowu v. Middleton*, No. 12 Civ. 1238, 2013 WL 371657, at *1 n.1 (S.D.N.Y. Jan. 31, 2013). Put differently, reconsideration to prevent "manifest injustice" "is not warranted unless the prior decision is dead wrong." *In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*, No. 2 Civ. 3143, 2007 WL 4563485, at *1 n.1 (S.D.N.Y. Dec. 18, 2007). As explained *supra*, it does not appear that the Court's decision to consider, but ultimately deviate from, the discretionary factors courts use in Local Rule 54.2 motions was either a "direct, obvious, observable" error or "dead wrong." The Government's substantive disagreements with the Court's reasoning do not establish manifest injustice. The Government points to no authority, and the Court has not independently found any binding authority compelling the conclusion that the Court was "dead wrong" when it exercised its "broad discretion" to decline to impose a cost bond on Claimants.

## CONCLUSION

For the reasons explained above, the Government's Motion for Reconsideration, ECF No. 501, is **DENIED**. The Clerk of Court is respectfully requested to terminate ECF No. 501.

SO ORDERED.

Dated: November 20, 2025

New York, New York

_____
DALE E. HO
United States District Judge
