**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

-v-

THE M/Y AMADEA, A MOTOR YACHT BEARING INTERNATIONAL MARITIME ORGANIZATION NO. 1012531, INCLUDING ALL FIXTURES, FITTINGS, MANUALS, STOCKS, STORES, INVENTORIES, AND EACH LIFEBOAT, TENDER, AND OTHER APPURTENANCE THERETO,

Defendant-*In-Rem*,

and

EDUARD YURIEVICH KHUDAINATOV, MILLEMARIN INVESTMENTS LTD.,

Claimants.

23 Civ. 9304 (DEH)

**REPLY IN SUPPORT OF GOVERNMENT'S NOTICE OF TAXATION OF COSTS**

# TABLE OF CONTENTS

**PAGE**

I. Losing Claimants Are Properly Taxed with Costs in Civil Forfeiture Cases ......................1

II. The *Amadea*'s Maintenance Costs Qualify as Taxable Costs ............................................5

## TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

*Avignone v. United States*,
12 F.2d 509 (2d Cir. 1926)............................................................................................. 7

*Hill v. Whitlock Oil Servs., Inc.*,
450 F.2d 170 (10th Cir. 1971) ...................................................................................... 8, 9

*Langbord v. United States Dep't of the Treasury*,
2017 WL 3953954 (E.D. Pa. July 10, 2017)................................................................. 2, 7

*Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*,
924 F.2d 633 (7th Cir. 1991) .............................................................................................. 5

*United States v. $35,835.00 in U.S. Currency*,
2023 WL 8603002 (E.D.N.C. Dec. 12, 2023) ........................................................ 1, 7, 10

*United States v. $114,700.00 in United States Currency*,
2021 WL 3675168 (D. Colo. Aug. 19, 2021) ............................................................... 2, 4

*United States v. 480 Empty Half Barrels*,
36 F.2d 772 (2d Cir. 1929)................................................................................................. 7

*United States v. $9,041,598.68*,
976 F. Supp. 642 (S.D. Tex. 1997) ............................................................................. 2, 10

*United States v. All That Tract & Parcel of Land: 2306 N. Eiffel Ct.*,
602 F. Supp. 307 (N.D. Ga. 1985) ..................................................................................... 2

*United States v. One 1938 Model Ford*,
77 F. Supp. 294 (W.D.S.C. 1948)...................................................................................... 5

*United States v. One 1949 G.M.C. Truck*,
104 F. Supp. 34 (E.D. Va. 1950) ....................................................................................... 5

*United States v. One Parcel of Real Prop.*,
1990 WL 84565 (D. Or. June 12, 1990) ....................................................................... 2, 7

*United States v. Rose*,
2022 WL 3083582 (E.D. Cal. Aug. 3, 2022)...................................................................... 3

*United States v. Various Gambling Devices*,
368 F. Supp. 661 (N.D. Miss. 1973)................................................................................... 5

*United States v. Various Slot Machines on Guam*,
658 F.2d 697 (9th Cir. 1981) ........ 5

*United States v. Various Tracts of Land*,
98 F.3d 1350 (10th Cir. 1996) ........ 5

*Univ. of Texas Sw. Med. Ctr. v. Nassar*,
570 U.S. 338 (2013) ........ 7

**STATUTES**

21 U.S.C. § 673 ........ 7

28 U.S.C. § 1920 ........ 4, 5

28 U.S.C. § 1921(a)(1)(A-B) ........ 7

28 U.S.C. § 1921(a)(1)(B) ........ 10

28 U.S.C. § 1921(a)(1)(E) ........ 4, 5

28 U.S.C. § 1921(a)(2) ........ 8

28 U.S.C. § 1921(c)(1) ........ 6, 8, 9

Claimants make two core arguments against the Government's Notice of Taxation of Costs. First, Claimants argue that the Government cannot tax losing claimants with any costs in civil forfeiture cases. Second, Claimants argue that maintenance costs for the Defendant property are not a valid type of taxable cost. As discussed below, both arguments are meritless.

## I. Losing Claimants Are Properly Taxed with Costs in Civil Forfeiture Cases

Rule 54(d) of the Federal Rules of Civil Procedure explicitly provides for costs to the prevailing party. Here, there is no dispute that the Government prevailed in this case. Claimants nonetheless argue that the Government cannot recover taxable costs *from Claimants* but instead can only recover its costs from the sales proceeds of the forfeited asset. But Claimants' argument necessarily means that the Government is never entitled to taxable costs in civil forfeiture cases. After all, in every civil forfeiture case where the Government prevails, there will be a forfeited *res*. Claimants' position that the Government must recover its costs from the *res* is tantamount to asserting that the Government cannot recover costs at all. For example, if the Government wins a contested case forfeiting $100,000 in cash and accrues $5,000 in taxable costs, according to Claimants' position the Government must deduct its $5,000 in costs from the $100,000 *res*, leaving the Government with the same overall amount of money ($100,000) as if no costs had been awarded at all.

Claimants' argument cannot be correct and is not correct. Nothing in Rule 54(d) exempts the Government from the class of prevailing parties who are entitled to costs,[1] and there is copious authority holding that losing claimants may be taxed with costs in civil forfeiture cases. *See, e.g., United States v. $35,835.00 in U.S. Currency*, No. 5:20-CV-508-BO, 2023 WL 8603002 (E.D.N.C.

---

[1] *See* 10 FED. PRAC. & PROC. CIV. § 2672 (4th ed.) ("Costs are awarded in favor of the United States or a government officer or agency as in the case of other prevailing parties unless the court directs otherwise.").

Dec. 12, 2023) (taxing costs against losing claimant in civil forfeiture case); *United States v. $114,700.00 in United States Currency*, No. 17-CV-00452, 2021 WL 3675168, *3 (D. Colo. Aug. 19, 2021) (same); *United States v. $98,699.60 in United States Currency*, No. 5:13-CV-585-D, 2017 U.S. Dist. LEXIS 113858 (E.D.N.C. July 21, 2017) (same); *Langbord v. United States Dep't of the Treasury*, No. CV 06-5315, 2017 WL 3953954 (E.D. Pa. July 10, 2017) (same);[2] *United States v. One Parcel of Real Prop.*, No. CIV. 88-1366, 1990 WL 84565 (D. Or. June 12, 1990) (same); *see also United States v. $9,041,598.68*, 976 F. Supp. 642, 654 (S.D. Tex. 1997) (recognizing that the Government is presumptively entitled to costs from the losing claimant in a civil forfeiture case, though declining to award costs given the unusual equities of that particular case). The cases cited in Section II of this brief, which specifically taxed *maintenance* costs against losing claimants in civil forfeiture cases, provide further support for this principle.

Neither of the two cases relied upon by Claimants supports their position that losing claimants cannot be taxed with costs in civil forfeiture cases. Claimants' lead case, *United States v. All That Tract & Parcel of Land: 2306 N. Eiffel Ct.*, 602 F. Supp. 307 (N.D. Ga. 1985), is easily distinguishable because the court's decision that costs should be recovered from the forfeiture proceeds was premised on the fact that there was a mixed disposition and the Government was not the sole prevailing party. Specifically, the Court held that two individual claimants "have lost their right to contest the condemnation and forfeiture of the defendant property" by not filing timely claims. *Id.* at 312. However, "the court d[id] not enter default judgment for the Government as to the property interest which these claimants allegedly held (i.e., declare that interest forfeited to the

---

[2] While *Langbord* did not begin as a civil forfeiture case, it became one by the time of judgment. The *Langbord* court had "directed the Government to initiate a judicial forfeiture proceeding," *id.* at *1, and the Government did so by filing a civil forfeiture complaint within the existing *Langbord* case. *See* Ex. B. The *Langbord* judgment was a civil forfeiture judgment. *See* Ex. C.

Government).” *Id.* In fact, the court upheld another lienholder’s interest against the Government’s forfeiture claims, while also stating that this upheld lienholder’s interest was “intertwined” with the struck claimants. *Id.* at 312-13. Given this mixed disposition, the Court ordered the Government’s costs to be recovered from the sales proceeds of the property. *Id.* at 314. *2306 N. Eiffel Ct.* is thus markedly dissimilar to this case, in which the Government won a complete victory against both affiliated Claimants (Khudainatov and Millemarin).

Claimants’ other cited case, *United States v. Rose*, No. 1:21-cr-112, 2022 WL 3083582 (E.D. Cal. Aug. 3, 2022), is even more inapposite. In *Rose*, there was no final judgment (the case involved an interlocutory sale), and thus no prevailing or losing party, so whether the losing party is generally obligated to pay costs was irrelevant. Even if there were a final judgment, *Rose* was a criminal case, so Rule 54(d) would not have applied. It speaks volumes that *Rose* and *2306 N. Eiffel Ct.* are the two “best” cases Claimants can cite for their position that costs cannot be taxed against losing claimants in civil forfeiture cases. Neither case supports Claimants’ position at all.

Claimants next argue that the Government cannot recover costs from claimants who are *struck* from a forfeiture case, as opposed to claimants who lose the forfeiture case on the merits. Opp. at 7. But Claimants cite no legal authority for this position, and their only justification for this distinction is that “a stricken claimant who lacks standing ‘is simply a stranger to the litigation.’” *Id.* The Government agrees that struck claimants become strangers to the litigation *after they are struck*, and there is a plausible argument that struck claimants should not be taxed with any costs that accrued after such claimants exited the case. But here, Claimants participated in this case throughout; the Court struck them contemporaneously with the Court granting

forfeiture and awarding final judgment in March 2025.[3] Thus, Claimants are properly charged with taxable costs throughout the life of this case. There is no authority or logic suggesting that Claimants should be granted the windfall of avoiding costs just because they were struck (on two separate grounds) instead of losing the case on the merits.

Finally, Claimants argue that "the Civil Asset Forfeiture Reform Act . . . is entirely silent on who bears costs when the government prevails" and "[w]hile CAFRA addresses costs in civil forfeiture proceedings, it only does so from the perspective of a prevailing claimant." Opp. at 9. It is true that CAFRA's costs provision does not address what should happen when the Government prevails, but the Government does not rely on CAFRA for its costs here. The Government relies instead on Rule 54(d) and the types of costs allowed under that rule (which include maintenance costs under 28 U.S.C. § 1921(a)(1)(E), *see infra*). The Government is not aware of any case that has ever held that CAFRA *sub silentio* rescinds the Government's ability to recover costs like any other litigant under Rule 54(d), and courts have continued to award the Government taxable costs in civil forfeiture cases after CAFRA was enacted. *See supra*; *see also $114,700.00*, 2021 WL 3675168 at *4 (expressly rejecting the argument that CAFRA blocks the Government from recovering costs under Rule 54(d)).

## II. The *Amadea*'s Maintenance Costs Qualify as Taxable Costs

Claimants' next core argument is that the *Amadea*'s maintenance costs are not a proper type of taxable cost, on the theory that maintenance costs are not taxable in civil forfeiture cases. Yet under 28 U.S.C. § 1921(a)(1)(E), "a court may tax as costs [U.S. Marshal's] fees for . . . [t]he keeping of attached property (including boats, vessels, or other property attached or libeled)

[3] The Government is not seeking costs (such as maintenance costs) that accrued after the date of judgment.

. . . ." Every court to have considered the issue has held that this provision allows a court to tax losing civil forfeiture claimants with the Marshals Service's costs for storing and maintaining the Defendant asset. *See, e.g., United States v. Various Slot Machines on Guam*, 658 F.2d 697, 701 (9th Cir. 1981) ("The court awarded, as costs, the amount paid by the Marshal for storage of the machines. This is provided for by 28 U.S.C. ss 1920 and 1921. There was no error."); *United States v. Various Gambling Devices*, 368 F. Supp. 661, 668 (N.D. Miss. 1973) (citing Section 1921 to tax unsuccessful claimants with storage costs of defendant property); *United States v. One 1949 G.M.C. Truck*, 104 F. Supp. 34, 39 (E.D. Va. 1950) ("The cost of the proceeding, together with storage charges from the date of attachment by the Marshal under process will be taxed and assessed against the claimant.") (citing Section 1921); *United States v. One 1938 Model Ford*, 77 F. Supp. 294, 295 (W.D.S.C. 1948) (taxing unsuccessful claimant with storage costs for defendant car); *see also United States v. Various Tracts of Land*, Nos. 95-7154, 95-7155, 95-7166, 1996 U.S. App. LEXIS 25385, at *8 (10th Cir. Sep. 27, 1996) ("[T]he government could tax as costs the Marshals Service fees for maintaining the livestock under 28 U.S.C. § 1921(a)(1)(E)."); *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 644 n. 14 (7th Cir. 1991) (noting that "Section 1921 . . . specifically provides for the recovery of storage costs in seizure cases"); H. B. Chermside, Jr., Annotation, *Storage or similar caretaking charges as taxable costs in proceeding to forfeit personal property,* 60 A.L.R.2d 813 (1958) (collecting cases allowing storage or similar caretaking charges as taxable costs in proceedings to forfeit personal property).

Claimants' position—that maintenance costs are *not* taxable against losing claimants in civil forfeiture cases—posits that all of these cases got the law wrong. And Claimants do not cite any case holding that maintenance costs are not taxable against losing claimants in civil

forfeiture cases. Thus, Claimants apparently ask this Court to pronounce a rule that no court has ever adopted and that contradicts every court to ever address the issue.

The text and structure of Section 1921 also refute Claimants' position. Claimants posit that "Section 1921 only applies to private litigants" and "Section 1921 is inapplicable to civil forfeiture matters." Opp. at 11. Yet Section 1921(c)(1) allows the Marshals Service to recover commissions on seized property that is later sold, while stating that "[t]his subsection shall not apply to any seizure, forfeiture, sale, or other disposition of property pursuant to the applicable provisions of law amended by the Comprehensive Forfeiture Act of 1984 [addressing certain drug forfeitures]." This suggests that Section 1921(c)(1) *does* apply to *other* forfeitures, refuting Claimants' position that Section 1921 "is inapplicable to civil forfeiture matters."

Claimants have no meaningful rebuttal to the above points. Claimants first cite a Marshals Service Policy Directive requiring an "advance deposit" from private litigants for storing property. Opp. at 10 (citing ECF No. 509-4 at 25). But this says nothing about whether forfeiture claimants can be taxed with storage costs. Claimants next cite another Marshals Service Policy Directive stating that "out-of-pocket" Marshals costs, including "storage," are "recoverable items of expenses from private litigants." Opp. at 10 (citing ECF No. 509-4 at 3). At best, this Directive is neutral on the current dispute. It arguably supports the Government, by suggesting that the Marshals can recoup storage fees from private litigants (such as Claimants here).

Claimants next cite a U.S. Comptroller General memo from 1983 that addressed an intra-government dispute between the Marshals Service and the U.S. Department of Agriculture about which agency should bear the storage costs for tons of meat that were the subject of an unsuccessful forfeiture case. ECF No. 509-7. The situation addressed by the memo, involving

costs in an *unsuccessful* forfeiture case, is not parallel to that at issue here, involving the recoverability of storage costs after a *successful* forfeiture case. But in any event, the memo (if anything) supports the Government's position in the current dispute, as it states that the storage costs for the meat would have been properly taxed against the claimant had the Government prevailed in the case. ECF No. 509-7 at 6. To be sure, forfeiture cases against meat are subject to a bespoke statute (21 U.S.C. § 673) that covers cost-shifting (*see* § 673(a)(3)), but that specific statute is consistent with the general rule that losing claimants may be taxed with storage costs in forfeiture cases. This rule is longstanding and well-accepted, as shown by the American Law Reports treatise the Government cited (60 A.L.R.2d 813) as well as older, undisturbed civil forfeiture cases that taxed losing claimants with storage costs. *See, e.g., United States v. 480 Empty Half Barrels*, 36 F.2d 772, 772-73 (2d Cir. 1929); *Avignone v. United States*, 12 F.2d 509, 511 (2d Cir. 1926).

Thus, if there were any ambiguity as to whether Section 1921 allows courts to tax losing claimants with storage costs, such doubt should be resolved in favor of holding that the statute allows it. Congress legislates against the backdrop of the common law and settled practice, and courts should not infer major deviations from the common law or settled practice without clear statutory language. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 347 (2013). Given the long practice of taxing losing claimants with storage costs in civil forfeiture cases, the Court should not infer that Section 1921 abrogates such practice absent clear language to that effect.

*$35,835.00, Langbord,* and *One Parcel of Real Prop.*, which are cited in Section I, *supra*, are of particular note. Those cases did not just tax costs against losing claimants in civil forfeiture cases, they specifically taxed Marshals Service fees for serving process, which is a

type of taxable cost under Section 1921(a)(1)(A)-(B). *See $35,835.00*, 2023 WL 8603002 at *2; [4] *Langbord*, 2017 WL 3953954 at *2; *One Parcel of Real Prop.*, 1990 WL 84565 at *1. Thus, these cases refute Claimants' position that Section 1921 only applies to Marshals Service fees for private litigants. Rather, Section 1921 also applies to Marshals Service fees paid by the Government in civil forfeiture cases. Such fees can be taxed against losing claimants.

Claimants next argue that "[t]he statutory text confirms that Section 1921 is inapplicable to civil forfeiture matters" (Opp. at 11), but the statutory text does no such thing. As the Government explained above, Section 1921(c)(1) indicates that the statute *does* apply to civil forfeiture cases, by delineating one specific type of forfeiture case (certain drug forfeitures) for which the Marshals Service may not charge a commission. Claimants also again point to the fact that the Marshals Service requires "advance deposits" from "all private litigants," quoting Section 1921(a)(2). Opp. at 11. But Claimants do not explain why that specific provision of Section 1921 would specify that advance deposits are required from "all *private* litigants" if the statute as a whole were limited to private litigants. The word "private" would be superfluous in that situation; the statute could have simply said "all litigants." Thus, the text of Section 1921(a)(2) cuts against Claimants' position that Section 1921 is limited to private litigants.

Claimants next include a short string-cite of cases for the proposition that "Section 1921(a) is intended to reimburse the government for services rendered to private litigants." Opp. at 13. But none of these cases were civil forfeiture cases and none addressed whether civil forfeiture claimants can be taxed with storage costs, or indeed whether such claimants can be taxed with any Marshals Service costs. Thus, these cases have little if any applicability. The cases that actually

---

[4] Technically, *$35,835.00* accepted the taxability of these costs in principle and asked the Government to clarify how much was actually spent serving process.

address the question at hand have universally found that unsuccessful civil forfeiture claimants can be taxed with storage costs, as cited above.

Not only do Claimants' cited cases fail to address the matter at hand, but they have other weaknesses as well. For example, Claimants' lead case (*Hill v. Whitlock Oil Servs., Inc.*) addressed the question of whether the U.S. Marshal was entitled, pursuant to Section 1921(c)(1), to tax as costs his commission on the mortgage foreclosure sale of land, where the provision referred to "seizing and levying" property and the parties disputed whether this language encompassed judicial sales. *See* 450 F.2d 170 (10th Cir. 1971). While the court stated that the applicable provisions of Section 1921 were intended "to reimburse the federal government for services rendered to private litigants by United States marshals," *id.* at 174, the case did not address the question of whether costs incurred by the Government could be taxed as costs. Moreover, *Hill* was decided before Congress explicitly carved out a subset of forfeiture cases for which the Marshals Service could not obtain a commission, *see supra*, suggesting that Section 1921(c)(1) applies to forfeiture cases unless otherwise specified. In any event, neither *Hill* nor any of the other cases in Claimants' string-cite state that Section 1921(c)(1) is *limited* to private litigation, even if compensating the Government for services provided to private litigants was the main purpose of that statutory subsection.

Shorn of its inapposite citations, the nub of Claimants' argument is that the Marshals Service charges fees to private litigants. Those litigants pay money. Thus, they can recover this money as taxable costs at the end of the case, as "fees of the Marshal" under Sections 1920 and 1921. By contrast, Claimants argue, the Marshals Service does not charge the Government for equivalent service and the Government does not pay any money. Thus, there are no equivalent "fees of the Marshal" to tax at the end of a forfeiture case when the Government prevails.

This argument, however, rests on a mistaken presumption that the Marshals Service provides its services to the Government for free. In fact, the Marshals Service regularly charges fees to other Government components. That was the case in all of the storage cases cited above. And that is the case here, where the Marshals Service (through its contractor National Maritime Services) billed the Government nearly a million dollars per month to maintain the *Amadea*. Crane Decl. at ¶¶ 2-3, ECF No. 508-2. Those are fees of the Marshal. The Government paid this money. The Government is entitled to recover this money as taxable costs at the end of the case.

Claimants next make a "policy" argument that taxing them with costs would have a chilling effect on other forfeiture claimants, particularly poor and under-resourced claimants. Opp. at 14. This argument fails as well. Courts have discretion to waive costs when taxing costs would impose a heavy burden on an under-resourced claimant, or for other equitable reasons. *See, e.g., $9,041,598.68*, 976 F. Supp. at 654. That discretion is enough to prevent the specter of costs from having an undue chilling effect on claimants writ large. In this case, however, there are no such equitable concerns. Claimants are an alleged multi-billionaire (Khudainatov) and his shell company. Claimants do not argue that taxing them with costs would cause significant hardship.

The Government makes two final points. First, besides their flawed legal arguments on cost entitlement, Claimants do not contest the *amount* of costs. Next, Claimants do not contest that they are responsible for these costs being incurred, by delaying forfeiture and filing a claim despite their lack of standing, blocking interlocutory sale, and engaging in protracted litigation before the *Amadea* could be forfeited and sold. Thus, the equities (like the law) squarely support the Government's requested costs award.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York

U.S. Department of Justice

By: *\/s/ Jennifer Jude*
JENNIFER JUDE
DOMINIKA TARCZYNSKA
RACHAEL DOUD
Assistant United States Attorneys

MARGARET A. MOESER
Chief
Money Laundering, Narcotics and Forfeiture
Section, Criminal Division
U.S. Department of Justice

By: */s/ Joshua L. Sohn*
JOSHUA L. SOHN
LINDSAY P. GORMAN
Trial Attorneys

## Certificate of Compliance

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 3,292 words.